**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| NEONODE SMARTPHONE LLC, | |
| Plaintiff, | |
| | Civil Action No. 6:20-cv-00507-ADA |
| v. | |
| SAMSUNG ELECTRONICS CO. LTD, and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
CLAIMS OF WILLFUL INFRINGEMENT AS TO BOTH PATENTS-IN-SUIT AND
PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT AND DIRECT
INFRINGEMENT AS TO U.S. PATENT NO. 8,812,993**

# <u>TABLE OF CONTENTS</u>

I.      Introduction ..................................................................................................1

II.     Legal Standard ............................................................................................1

III.    Argument ......................................................................................................2

    **A.**   Neonode's Willful Infringement Claims Should Be Dismissed ...........................2

        **1.**   Neonode's Allegations of Pre-Suit Knowledge Are Insufficient ...............2

        **2.**   No "Egregious" Conduct Is Alleged ................................................4

    **B.**   The '993 Patent Indirect Infringement Claim Should Be Dismissed ....................6

        **1.**   Neonode's Pre-Suit Knowledge Allegations Fail to Plausibly State a Claim of Indirect Infringement ................................................6

        **2.**   Neonode Also Fails to Plead Specific Intent to Cause Infringement...........7

    **C.**   Neonode's '993 Patent Direct Infringement Claim Should Be Dismissed............8

        **1.**   Neonode's Allegations of Direct Infringement Are Insufficient ...............8

        **2.**   Neonode Thus Fails to Plausibly State a Claim of Direct Infringement......9

IV.     Conclusion ....................................................................................................10

# TABLE OF AUTHORITIES

CASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................6, 7

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ........................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................................1

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v.
Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) .............................9

*Bean v. John Wiley & Sons, Inc.*,
No. CV 11-08028-PCT-FJM, 2012 WL 1078662 (D. Ariz. Mar. 30, 2012)............4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...........................................................................................1, 5

*Bos. Sci. Corp. v. Nevro Corp.*,
415 F. Supp. 3d 482 (D. Del. 2019)........................................................................9

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)............................................................................................6

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
No. CV 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020)........................3

*Finjan, Inc. v. Juniper Networks, Inc.*,
No. C 17-05659 WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018)......................4

*Fluidigm Corp. v. IONpath, Inc.*,
No. C 19-05639 WHA, 2020 WL 408988 (N.D. Cal. Jan. 24, 2020)......................3

*Google LLC v. Princeps Interface Techs. LLC*,
No. 19-CV-06566-EMC, 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020)................5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016)........................................................................................2, 5

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
No. 1:14-cv-134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015)...........................7

*M&C Innovations, LLC v. Igloo Prods. Corp.*,
    No. 4:17-cv-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ............................................5

*Med. Components, Inc. v. Osiris Med., Inc.*,
    No. 15-cv-305, 2016 WL 7638155 (W.D. Tex. July 12, 2016) ................................................1

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1:18-cv-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ...........................................5

*Memory Integrity LLC v. Intel Corp.*,
    144 F. Supp. 3d 1185 (D. Or. 2015) ........................................................................................8

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005) ..................................................................................................................8

*Michigan Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
    No. 19-10485, 2020 WL 3964969 (E.D. Mich. July 13, 2020) .......................................2, 3, 8

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) .........................................................................................7

*Novitaz, Inc. v. inMarket Media, LLC*,
    No. 16-cv-06795, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ............................................9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) .............................2

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
    No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) .......................................1, 9

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ............................................................................................2, 4

*Videx, Inc. v. TriTeq Lock & Sec., LLC*,
    No. 6:11-cv-6384, 2014 WL 2040745 (D. Or. May 8, 2014) ...................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 84 ...............................................................................................................................1

Federal Rule of Civil Procedure 8 .....................................................................................................1

## I.      INTRODUCTION

The Complaint filed by Plaintiff Neonode Smartphone LLC ("Neonode") fails to plead

facts that plausibly allege willful infringement by Samsung Electronics Co., Ltd. and Samsung

Electronics America, Inc. (collectively, "Samsung") as to both asserted patents – U.S. Patent No.

8,812,993 ("'993 patent") and U.S. Patent No. 8,095,879 ("'879 patent").  Similarly, Neonode's

allegations fail to state a claim for indirect infringement of the '993 patent.  In addition, Neonode

fails to sufficiently plead direct infringement of the '993 patent because the Complaint does not

address the following required limitation of claim 1: "an otherwise-activatable graphic is present

in a strip along at least one edge of the display screen."

## II.     LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To satisfy the plausibility standard, a plaintiff

must plead facts that allow "the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Id*.  In addition, courts "are not bound to accept as true a legal

conclusion couched as a factual allegation."  *Id.*  While Form 18 of Fed. R. Civ. P. 84 previously

governed pleading requirements for allegations of direct infringement in patent cases, that rule

was abrogated on December 1, 2015 "in favor of the more stringent pleading requirements of

Federal Rule of Civil Procedure 8."  *Med. Components, Inc. v. Osiris Med., Inc.*, No. 15-cv-305,

2016 WL 7638155, at *3 (W.D. Tex. July 12, 2016).  Accordingly, *Twombly* and *Iqbal* now

apply to a plaintiff's infringement claims.  *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-

cv-1955, 2016 WL 3542430, at *2-3 (E.D. Tex. June 28, 2016).

## III.   ARGUMENT

### A.   Neonode's Willful Infringement Claims Should Be Dismissed

#### 1.   Neonode's Allegations of Pre-Suit Knowledge Are Insufficient

"To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

Neonode does not point to facts sufficient to allege pre-suit knowledge of the '879 and '993 patents, let alone that Samsung knew that any of its conduct infringed (or could infringe) the '879 and '993 patents.  Indeed, nowhere does Neonode's Complaint allege any facts demonstrating that Samsung actually knew of either asserted patent before this case was filed. Instead, Neonode cobbles together random facts from which it speculates that Samsung had such knowledge.  However, speculation and conjecture by Neonode do not satisfy the burden to plead pre-suit knowledge sufficient for willful infringement.  *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, a patent must exist and one must have knowledge of it."); *Michigan Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, No. 19-10485, 2020 WL 3964969, at *5 (E.D. Mich. July 13, 2020) (dismissing willful infringement claim based on "purely conclusory" factual allegation "devoid of further factual enhancement") (citations omitted).

As discussed below, a second independent ground for dismissal is that Neonode's allegations also offer no support for any conclusion that Samsung knew or should have known that any of its conduct amounted to infringement of the asserted patents.  Absent knowledge of the alleged infringement, there can be no willful infringement.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*,

2

136 S. Ct. 1923, 1926 (2016) (a plaintiff must allege infringement was "intentional or knowing" to adequately plead willful infringement); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, No. CV 19-1239-CFC, 2020 WL 4365809, at \*5 (D. Del. July 30, 2020) ("To state a claim for enhanced damages based on willful infringement, however, Dynamic Data must allege not only that Dynamic Data had knowledge of the asserted patents, but also that Amlogic had knowledge of its infringement of the asserted patents."); *Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 408988, at \*5 (N.D. Cal. Jan. 24, 2020) ("Patent owners did allegedly notify defendant of the '104 patent. But, notably, the complaint never alleges that the letter accused defendant of infringement, much less detailed how defendants allegedly infringed . . . .").  Here, Neonode alleges no ***facts*** showing that Samsung had any knowledge of any alleged infringement. Rather, Neonode only offers the barest conclusory allegation in this regard, which is insufficient. *Michigan Motor Techs. LLC*, 2020 WL 3964969, at \*5.

Neonode fails to sufficiently plead willful infringement regarding the '879 patent.  ***First***, the development agreement Neonode claims provided notice of the '879 patent was entered on July 31, 2005 and terminated "by no later than early 2009."  Compl., ¶ 17.  But the '879 patent did not issue until January 10, 2012—years after the agreement terminated.

***Second***, Neonode's allegation that Samsung "monitored industry press" and thus was aware of the three articles cited by Neonode is speculative and conclusory.  Compl., ¶¶ 20-22 *Vasudevan*, 2012 WL 1831543, at \*4; *Michigan Motor Techs. LLC*, 2020 WL 3964969, at \*5.

***Third***, Neonode's bare allegation that a law firm that represented a *different* party (Motorola) in a lawsuit in which Samsung was *not* a party asked a Neonode witness about the '879 patent during a deposition provides no factual basis on which to conclude that *Samsung* had knowledge of the patent because Samsung was represented by that same *law firm* in a *different*

3

lawsuit.  Compl., ¶ 23.  In this regard, Neonode cites no authority that knowledge that a *law firm* obtains in a matter in which it represents one client may be imputed to any client, much less to a second client that is not represented by the law firm in that matter.  *See, e.g.*, *Bean v. John Wiley & Sons, Inc.*, No. CV 11-08028-PCT-FJM, 2012 WL 1078662, at *3 (D. Ariz. Mar. 30, 2012) (no imputation of counsel's knowledge of defendant to new plaintiff client in unrelated matter).

*Fourth*, Neonode's allegation that Samsung was aware of the "Neonode N1 Quickstart Guide," which presumably is a product technical manual, does not establish that Samsung was aware of the '879 patent as that patent is not referenced in the document.  Compl., ¶ 25.

*Lastly*, Samsung's alleged *lack* of interest in potentially licensing Neonode's entire patent portfolio certainly does not establish knowledge of any individual patent, let alone the asserted patents in this case.  Compl., ¶ 28.  *See Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018).

Regarding allegations related to the '993 patent, Neonode's sparse allegations of pre-suit knowledge of the '993 patent fall even further short of the required pleading requirements.  *First*, the '993 patent did not issue until August 19, 2014, a year after the July 8, 2013 Quickstart Guide allegation upon which Neonode relies.  Compl., ¶ 25.  Samsung cannot willfully infringe patents that did not exist at the time of the alleged knowledge.  *See State Indus., Inc.*, 751 F.2d at 1236.  *Second*, as with the '879 patent noted above, the alleged *lack* of interest in Neonode's patent portfolio does not amount to knowledge of these asserted patents.  Compl., ¶ 28.

Accordingly, Neonode's allegations of Samsung's pre-suit knowledge of (1) the asserted patents and (2) Samsung's alleged infringement each fail to meet the plausibility standard.

## 2.    No "Egregious" Conduct Is Alleged

A claim of willful infringement also requires that the plaintiff show that a defendant's infringement is an "egregious case[ ] of culpable behavior," conduct that has been described as

"willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932.

Neonode does not allege egregious conduct.  Indeed, none of Neonode's allegations establish that Samsung ever was made aware—by Neonode or anyone else—that Samsung *infringed* the '879 and '993 patents.  Rather, Neonode's willfulness claim is limited to its dual assertions that Samsung knew of the asserted patents (discussed above) and that Samsung is a sophisticated company that "knew or should have known" that it allegedly was infringing.  Compl., ¶¶ 52, 70.  Because Neonode fails to allege any egregious conduct, this is precisely the situation where willful infringement should *not* be found.  "Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo*, 136 S. Ct. at 1932; *see also Google LLC v. Princeps Interface Techs. LLC*, No. 19-CV-06566-EMC, 2020 WL 1478352, at *3 (N.D. Cal. Mar. 26, 2020) (dismissing willful infringement claim where defendant "alleged no particular facts establishing egregious conduct"). Accordingly, because Neonode's willfulness allegations are wholly inadequate, Neonode has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Moreover, when an accused infringer learns of the patent post-suit, and then merely continues to manufacture allegedly infringing products, that is "the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness." *M&C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (dismissing willful infringement claim based on failure to articulate an allegation of egregiousness).  This is precisely the situation here and Neonode's willful infringement claims

should therefore be dismissed.

### B.    The '993 Patent Indirect Infringement Claim Should Be Dismissed

Neonode's indirect infringement claim against the '993 patent fails for reasons similar to those discussed above.[1]  Neonode fails to allege that Samsung had pre-suit knowledge of either the '993 patent or the alleged infringement of the '993 patent.  In addition, Neonode fails to plead facts plausibly supporting a conclusion that Samsung had the required "specific intent" to induce infringement.  Thus, Neonode's indirect infringement allegations cannot stand.

### 1.    Neonode's Pre-Suit Knowledge Allegations Fail to Plausibly State a Claim of Indirect Infringement

Claims for contributory and induced infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).  "To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents." *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citing *Commil*, 135 S. Ct. at 1926). Similarly, "[t]o state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (citing *Commil*, 135 S. Ct. at 1926).

As described above, Neonode's allegation of Samsung's pre-suit knowledge of the '993 patent is based on Samsung's (1) alleged knowledge of the Neonode N1 Quickstart Guide and (2) Samsung's *lack* of interest in the Neonode patent portfolio.  But these two alleged facts are insufficient to constitute the required pre-suit knowledge of either the '993 patent or the alleged infringement of the '993 patent.  In this regard, actual knowledge—not constructive knowledge—

---

[1] Neonode's Complaint does not allege indirect infringement as to the '879 patent.

is required to state a plausible claim of indirect infringement. *See MONEC Holding AG v. Motorola Mobility, Inc*., 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("[A]ctual (not constructive) knowledge of the patent-in-suit is necessary to state a claim for indirect infringement under the Supreme Court's decision in *Global–Tech*, unless the patentee is claiming willful blindness.") (citation omitted). Here, at best, Neonode pleads actual knowledge in conclusory fashion, which does not support a plausible indirect infringement claim.

## 2. Neonode Also Fails to Plead Specific Intent to Cause Infringement

"To properly state a claim for induced infringement, a complaint must plead facts that plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constitute infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-134, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015). "[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement." *Addiction & Detoxification Inst.*, 620 F. App'x at 938.

The Complaint repeats the accused functionality of Samsung's products without reciting any specific facts that can plausibly show the required specific intent to cause infringement:

> Samsung has induced and continues to induce users of Samsung devices to use products that infringe the '993 Patent by, among other things, prompting and encouraging users of Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices to enable facial recognition security, and setting "Stay on Lock screen" as enabled by default. For example, Samsung's website, at https://www.samsung.com/us/support/answer/ANS00062630/ and https://www.samsung.com/us/support/answer/ANS00083151/, provides detailed instructions to users of Infringing '993 Devices concerning how to enable facial recognition security and unlock their devices using facial recognition security.

Compl., ¶ 65. None of these assertions suggests that Samsung specifically intended to cause a third party to infringe the '993 patent. Rather, these unsupported, limited assertions are the very type of general boilerplate statements courts have found insufficient to plead the specific intent

required for inducing infringement.  "Where defendants have not touted the benefits of the accused products in ways that track the asserted patents, courts generally do not infer specific intent." *Memory Integrity LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1195 (D. Or. 2015).  In this regard, the law against induced infringement is not intended to prohibit "ordinary acts incident to product distribution, such as offering customers technical support or product updates."  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005); *see also Michigan Motor Techs. LLC*, 2020 WL 3964969, at *6.  Accordingly, Neonode's induced infringement claim must be dismissed because it fails to identify any post-knowledge actions that demonstrate specific intent to induce infringement.

### C.    Neonode's '993 Patent Direct Infringement Claim Should Be Dismissed

Neonode's direct infringement claim on the '993 patent should be dismissed because it fails to show how the patent is infringed.  Specifically, Neonode's allegations do not address how Samsung may infringe the "strip" and "edge" limitations of claim 1 of the '993 patent.

#### 1.    Neonode's Allegations of Direct Infringement Are Insufficient

Neonode's Complaint alleges that Samsung products directly infringe at least claim 1 of the '993 patent.  *See* Compl., ¶¶ 56-63.  Claim 1 of the '993 patent reads in relevant part:

> (b) a tap-absent state, wherein tap-activatable icons are absent but ***an otherwise-activatable graphic is present in a strip along at least one edge of the display screen*** for transitioning the user interface from the tap-absent state to the tap-present state in response to a multi-step user gesture ***comprising*** (i) ***an object touching the display screen within the strip***, and (ii) the object gliding on the display screen ***away from and out of the strip.***

*Id.*, Ex. B at claim 1 (emphases added).

Neonode defines "the Infringing '993 Devices" as "the Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices that include or included code for enabling the device to stay on the Lock Screen following use of facial recognition security."  *Id.*, ¶ 22.  Neonode alleges

direct infringement based upon its assertion that the accused devices' user interfaces include "a Lock Screen in which tap-activatable icons are absent, but in which at least one otherwise-activatable graphic is present, consisting of an 'opened padlock' graphic in the upper center of the display." *Id.*, ¶ 24. Neonode further alleges the "user touches the location where the 'opened padlock' graphic is presented and glides downward on the display." *Id.*, ¶¶ 25-26. Noticeably absent from these allegations, however, is any assertion that the padlock is located, as is expressly required by claim 1, "in a strip along at least one edge of the display screen." Indeed, the Complaint instead alleges that the padlock is located "in the upper center of the display." *Id.*, ¶ 24. This fatal concession likely explains why there is no mention of the claimed "strip" or "edge" anywhere in Neonode's direct infringement allegations concerning the '993 patent.

### 2.     Neonode Thus Fails to Plausibly State a Claim of Direct Infringement

To "state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Ruby Sands*, 2016 WL 3542430, at *2 (*quoting* 35 U.S.C. § 271(a)). This includes alleging facts showing that all claim limitations of at least one claim of the claimed invention are practiced by the accused products. *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795, 2017 WL 2311407, at *3-4 (N.D. Cal. May 26, 2017); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 774 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017). In this regard, defendants are not required to guess what components are accused and how those components allegedly infringe. *See Videx, Inc. v. TriTeq Lock & Sec., LLC*, No. 6:11-cv-6384, 2014 WL 2040745, at *2, *4–5 (D. Or. May 8, 2014) (dismissing complaint that "does not specify the manner in which TriTeq products embody or practice specific claims of the '600 Patent"); *see also Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 490 (D. Del. 2019) (dismissing direct

9

infringement claims where defendant "ma[de] no attempt to connect specific components of the accused systems to elements of the asserted claims").

Here, to plausibly state a claim that Samsung's products infringe the '993 patent, Neonode must allege facts that, if true, would show that the claim limitation "an otherwise-activatable graphic is present in a ***strip*** along at least one ***edge*** of the display screen" is met. Neonode's Complaint wholly fails to do so as there is no allegation concerning the claimed "edge" or "strip," much less any allegation showing that the claimed "*graphic is present in a strip along at least one edge of the display screen.*"  Indeed, the image of the opened padlock "in the upper center of the display" as Neonode alleges is contrary to this express claim requirement.



Compl., ¶ 65.  Because the Complaint fails to allege facts plausibly demonstrating how any accused product practices claim 1, it fails to state a claim of direct infringement.

## IV.    CONCLUSION

For the foregoing reasons Neonode's willful infringement claims as to both asserted patents should be dismissed, along with its claims of indirect and direct infringement as to the '993 patent.

Dated:  September 25, 2020                Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@dlapiper.com

ATTORNEY FOR SAMSUNG
ELECTRONICS CO. LTD, and
SAMSUNG ELECTRONICS
AMERICA, INC.

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 25th day of September 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/  John M. Guaragna*
                    John M. Guaragna