IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>       Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD, and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>       Defendants. | Civil Action No. 6:20-cv-00507-ADA<br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1
II. ARGUMENT ........................................................................................................................ 1
    A. Neonode's Willful Infringement Allegations Are Insufficient .............................. 1
    B. Neonode Fails to Adequately Allege Indirect Infringement of the '993 Patent .................................................................................................................... 6
    C. Neonode Fails to Adequately Allege Direct Infringement of the '993 Patent .................................................................................................................... 7
III. CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMS, LLC v. Muzzy, LLC*,
   No. 18-CV-583-WMC, 2019 WL 1435844 (W.D. Wis. Mar. 29, 2019) ..................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................6, 8

*Bean v. John Wiley & Sons, Inc.*,
   No. CV 11-08028-PCT-FJM, 2012 WL 1078662 (D. Ariz. Mar. 30, 2012) .........................3, 4

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
   No. 2:18-CV-00546-JRG, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) ...............................6

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
   No. 2:18-CV-00546-JRG, Dkt. No. 22 (First. Am. Compl. ) (E.D. Tex. Apr.
   25, 2019) ...................................................................................................................................6

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ................................................................................................8

*Dresser, LLC v. VRG Controls, LLC*,
   No. 18 C 1957, 2018 WL 10426611 (N.D. Ill. Nov. 28, 2018) .................................................5

*Ferrer v. Chevron Corp.*,
   484 F.3d 776 (5th Cir. 2007) ....................................................................................................3

*Finjan, Inc. v. Juniper Networks, Inc.*,
   No. C 17-05659 WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ......................................4

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
   No. 7:19-cv-00026-DC, 2019 WL 3818049 (W.D. Tex. June 13, 2019) .................................3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ..............................................................................................................3

*IpVenture, Inc. v. Cellco P'ship.*,
   No. C 10–04755, 2011 WL 207978 (N.D. Cal. Jan.21, 2011) .................................................4

*Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*,
   No. 16-cv-11458-DJC, 2017 WL 3795769 (D. Mass. Aug. 30, 2017) .....................................5

*McKnight, Inc. v. United Indus. Corp.*,
   273 F. Supp. 3d 874 (W.D. Tenn. 2017) ...................................................................................3

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1:18-cv-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ........................................5, 6

*Michigan Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
   No. 19-10485, 2020 WL 3964969 (E.D. Mich. July 13, 2020) ..................................................3

*Motiva Patents, LLC v. Sony Corp.*,
   408 F. Supp. 3d 819, Dkt. No. 1 (Compl. ) (E.D. Tex. Oct. 3, 2018) ........................................7

*OnAsset Intelligence, Inc. v. 7PSolutions, LLC*,
   No. 3:12-CV-3709-N, 2013 WL 12125993 (N.D. Tex. Aug. 21, 2013) ...............................3, 6

*Panoptis Patent Mgmt., LLC v. Blackberry Corp.*,
   No. 216CV00059JRGRSP, 2017 WL 780885 (E.D. Tex. Feb. 10, 2017),
   *report and recommendation adopted*, No. 216CV00059JRGRSP, 2017 WL
   780880 (E.D. Tex. Feb. 28, 2017) ..............................................................................................7

*Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*,
   No. 219CV00834GMNBNW, 2020 WL 569880 (D. Nev. Feb. 5, 2020) .................................8

*Valinge Innovation AB v. Halstead New England Corp.*,
   No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ........................................5

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
   No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .....................................3, 6

*ZitoVault, LLC v. International Bus. Mach. Corp.*,
   No. 3:16-cv-0962-M, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018) ........................................4

WEST\229483353.2
347155-000061

WEST\292159716.6

**I.     INTRODUCTION**

Neonode's opposition does nothing more than repackage the deficient allegations Samsung thoroughly addressed in its motion, which fail to establish a plausible allegation of willful infringement by Samsung as to both asserted patents.  Indeed, Neonode fails to allege any fact that establishes that Samsung <u>actually knew of the '879 and '993 patents and that it infringes—each a critical omission for a claim of willful infringement</u>.  In addition, Neonode's willful infringement claims also fail because Neonode admits that it has not alleged any "egregious" conduct required for a claim of willful infringement.

Neonode's indirect infringement claim also is deficient.  Again, Neonode has not presented facts supporting its claim that Samsung had knowledge of the '993 patent prior to filing its Complaint.  Moreover, regarding the requirement to plead specific intent, Neonode's allegations simply point to insufficient boilerplate allegations that fail to establish a plausible claim of indirect infringement.

Finally, Neonode's opposition confirms that the opened padlock graphic in paragraph 61 of its Complaint is Neonode's sole allegation as to how the accused products satisfy the claimed "edge" or "strip" limitations of claim 1 of the '993 patent.  However, Neonode's accusations do not identify how this graphic satisfies these limitations, including not even mentioning the words "edge" or "strip" in its Complaint.  Neonode has not provided Samsung fair notice as to these allegations because the Complaint fails to state a claim for relief that is plausible on its face.

**II.    ARGUMENT**

  **A.    Neonode's Willful Infringement Allegations Are Insufficient**

Neonode's opposition fails to establish the basic facts required to plead willful infringement as to both asserted patents.

1

*First*, Neonode's opposition does not point to a single fact sufficient to allege pre-suit knowledge of either the '879 or '993 patents. Neonode tacitly concedes this point and instead improperly asks the Court to credit its pure speculation and inferences as to Samsung's pre-suit knowledge, including the following:

- "It is reasonable to infer that Samsung took a license to the '250 Application because it was interested in using, and it ultimately did use, the user interface technology disclosed in that application and claimed in patents that directly or indirectly issued from the '250 Application." Opp. at 2-3 (emphasis added);

- "[I]t may reasonably be inferred (and Neonode alleged on information and belief) that Samsung and/or its litigation counsel, on an ongoing basis from at least February 2012 forward, regularly monitored industry press relating to the subject matter of the litigation against Apple and undertook substantial research and investigative efforts to obtain information pertinent to the subject matter of the litigation against Apple." *Id.* at 3 (emphasis added) (citation omitted);

- "It is reasonable to infer that Quinn Emanuel brought the '879 Patent to the attention of its other client, Samsung, around this time for potential use to defend Samsung in the *Apple* case." *Id.* at 4 (emphasis added);

- "Given Samsung's familiarity with Neonode's technology, stemming from its license to the '250 Application, and given Samsung's motivation to defend itself against Apple's claims using Neonode's technology as prior art, it is reasonable to infer the Samsung was monitoring Neonode's patent activity at least during the latter half of 2011 and into the first half of 2012." *Id.* at 5 (emphasis added);

- "Given Samsung's reliance upon the Neonode guide as prior art against Apple's patent, and the alleged facts discussed above, it is reasonable to infer that Samsung at this time was aware of both the '879 Patent and the published application that would later issue as the '993 Patent." *Id.* (emphasis added);

- "It is reasonable to infer that, if it was not already aware of the '879 and '993 Patents by that time, Samsung during that month became aware of the '879 and '993 Patents in the process of assessing Neonode's portfolio." *Id.* (emphasis added).

*See also id.* at 3-4.

All of Neonode's "reasonable inferences" are based on purely conclusory allegations, not on actual facts establishing that Samsung had actual knowledge of the asserted patents prior to the filing of the Complaint. Neonode likewise relies on pure speculation to argue that Samsung had knowledge of infringement, a separate requirement of willful infringement. *Id.* at 13-14.

2

Such conclusory allegations cannot form the basis of a plausible claim of willful infringement. *See, e.g.*, *Michigan Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, No. 19-10485, 2020 WL 3964969, at *5 (E.D. Mich. July 13, 2020) (dismissing willful infringement claim based on "purely conclusory" factual allegation "devoid of further factual enhancement") (citations omitted); *McKnight, Inc. v. United Indus. Corp.*, 273 F. Supp. 3d 874, 882 (W.D. Tenn. 2017) (dismissing willful infringement claim because the plaintiff provided "little more than conclusory allegations of knowledge and infringement . . . , which are not enough to plausibly allege the level of 'egregious[ness]' required under *Halo*") (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1936 (2016)); *see also OnAsset Intelligence, Inc. v. 7PSolutions, LLC*, No. 3:12-CV-3709-N, 2013 WL 12125993, at *7 (N.D. Tex. Aug. 21, 2013) (a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions") (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *4 (N.D. Cal. May 18, 2012) (holding that "a conclusory assertion of 'willful infringement,' without supporting facts, does not pass muster").

Moreover, each of Neonode's speculative allegations, including knowledge of a patent application, "monitored industry press," or a law firm's knowledge of a fact[1] have all been held insufficient to sufficiently plead willful infringement. *See Michigan Motor Techs. LLC*, 2020 WL 3964969, at *5; *Bean v. John Wiley & Sons, Inc.*, No. CV 11-08028-PCT-FJM, 2012 WL

---

[1] Neonode's citation to *Frac Shack Inc. v. AFD Petroleum (Texas) Inc.* in support of its pre-suit knowledge allegations is distinguishable. There, the "Plaintiff and at least one Defendant [had] an extensive history of patent litigation concerning the same technology and allegedly infringing device," where the court reasoned "[p]atent counsel were involved on all sides who most certainly were monitoring the actions of the opposing parties (or were likely to have been doing so)." No. 7:19-cv-00026-DC, 2019 WL 3818049, at *5 (W.D. Tex. June 13, 2019). There is no such extensive history of patent litigation between Neonode and Samsung.

3

1078662, at *3 (D. Ariz. Mar. 30, 2012)[2]; *IpVenture, Inc. v. Cellco P'ship.*, No. C 10–04755, 2011 WL 207978, at *2 (N.D. Cal. Jan.21, 2011) (granting motion to dismiss willful infringement claim where plaintiff plead allegations of mere knowledge of a patent application, but "no facts to support the claim that Defendants actually had knowledge of the issued patent").

In attempting to distinguish Samsung's reliance on *Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018), Neonode argues that this case is different from *Finjan* because the allegations in *Finjan* related to knowledge of a patent portfolio, not the asserted patents. Opp. at 10, n.3. But, in the very next sentence, Neonode acknowledges that it does not allege actual pre-suit knowledge of the asserted patents, only "inferences that may be drawn" from allegations unrelated to the specific asserted patents. *Id.* As such, Neonode's Complaint fails to adequately allege any pre-suit knowledge of the patents by Samsung and, on this basis alone, the Court should dismiss Neonode's willful infringement allegations.

As to Neonode's claim that it has at least adequately plead post-complaint knowledge to establish a willful infringement claim, Neonode also is incorrect. Neonode's quotation of *ZitoVault, LLC v. International Bus. Mach. Corp.* is misleading and inapposite because it excludes the following important text: "***The parties do not dispute that*** the Complaint states a claim for direct and indirect infringement." No. 3:16-cv-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) (emphasis added). In this case, Samsung disputes the adequacy of Neonode's direct and indirect infringement claims of the '993 patent.

---

[2] Neonode's attempt to distinguish *Bean v. John Wiley & Sons, Inc.* further illustrates that the allegations are deficient by noting that "it is *reasonable to infer* that Quinn Emanuel informed Samsung of information pertinent to Samsung's defense of the *Apple* case." Opp. at 9, n.1. This statement is pure speculation and does not establish Samsung's knowledge.

*Second*, Neonode's willful infringement allegations also fail because Neonode fails to allege any "egregious conduct" by Samsung.  Neonode admits in its opposition that egregious conduct is a requirement of a willful infringement claim, but argues that it need not plead such conduct to maintain its claim at this stage of the case.  Opp. at 11.  Neonode again is incorrect.

The cases Neonode cites do not support its argument that it need not plead "egregious" conduct for its willful infringement claims to survive a motion to dismiss.  *Id*. at 11-12.  Moreover, *Dresser, LLC v. VRG Controls, LLC*, No. 18 C 1957, 2018 WL 10426611 (N.D. Ill. Nov. 28, 2018), *Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, No. 16-cv-11458-DJC, 2017 WL 3795769 (D. Mass. Aug. 30, 2017), and *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) are orders from other district courts outside of this District as opposed to Samsung's reliance on Judge Yeakel's decision in *Meetrix IP, LLC v. Cisco Systems, Inc.*, which dismissed a complaint's willful infringement allegations based upon the plaintiff's failure to allege "egregious" conduct.  *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018).  Also, none of those three cases excuse a plaintiff from establishing knowledge of the asserted patent as a requirement of a willful infringement claim, which Neonode has failed to do in this case.

Neonode attempts to explain away *Meetrix* by stating that Neonode has "sufficiently alleged pre-suit knowledge" whereas the plaintiff in *Meetrix* "failed to allege defendant's pre-suit knowledge of the patents."  Opp. at 12-13, n.4.  However, Neonode's pre-suit knowledge allegations are as "fatally deficient" as those in *Meetrix*, which hinged upon USPTO prosecution activities by defendant's patent-holding subsidiary, examiner citations of plaintiff's parent application of all the asserted patents during the prosecution of defendant's own patents, and the

5

listing of the parent application in the "References Cited" section on the face of the defendant's resulting patents. *Id*. at 13, n.4; *Meetrix*, 2018 WL 8261315, at *2-4. Such fatally deficient allegations are arguably *more* directly related to pre-suit knowledge than Neonode's similarly deficient allegations that Samsung monitored industry press, became aware of the '879 patent through counsel, and Samsung's lack of interest in Neonode's entire patent portfolio. Because Neonode's willful infringement allegations are precisely the type against which *Iqbal* warns, they should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted); *OnAsset*, 2013 WL 12125993, at *7; *Vasudevan*, 2012 WL 1831543, at *4.

**B.   Neonode Fails to Adequately Allege Indirect Infringement of the '993 Patent**

Neonode's conclusory allegations of indirect infringement also are insufficient. First, pre-suit knowledge of the asserted patents is a requirement of an indirect infringement claim and, as discussed above, Neonode's conclusory allegations of knowledge are insufficient. *See* Section II.A. For this reason alone, the Court should dismiss Neonode's indirect infringement claim.

Second, Neonode also fails to adequately plead the "specific intent" by Samsung to infringe, which is improperly based on two Samsung webpages. *See* Opp. at 17-18; Compl. at ¶ 65. However, the mere citation to two pieces of instructional marketing material does not establish active intent to induce infringement. Notably, the cases that Neonode cites in support of allegations on this point involved plaintiffs that plead *more facts* than Neonode provided in its own Complaint. *See Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-00546-JRG, Dkt. No. 22 (First. Am. Compl. at ¶¶ 76-87) (E.D. Tex. Apr. 25, 2019); *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) (plaintiff identified product user guide, product quick start guide, three blog posts, a product webpage, and allegations that defendants "creat[ed] and disseminat[ed] promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to such

6

products with knowledge and the specific intent that their efforts will result in the direct infringement"); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, Dkt. No. 1 (Compl. at ¶68) (E.D. Tex. Oct. 3, 2018) (plaintiff plead defendant "took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes . . . . Such steps by Defendant included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner"); *Panoptis Patent Mgmt., LLC v. Blackberry Corp.*, No. 216CV00059JRGRSP, 2017 WL 780885, at *5 (E.D. Tex. Feb. 10, 2017), *report and recommendation adopted*, No. 216CV00059JRGRSP, 2017 WL 780880 (E.D. Tex. Feb. 28, 2017) (plaintiff plead defendant "provide[d] manuals and support to resellers and end-use customers regarding the use and operation of [the accused] products," including "through its website . . . by telephone, and through other means of communication") (citation omitted).

Here, Neonode has failed to plead either facts sufficient to support Samsung's pre-suit knowledge of the asserted patents or any specific intent by Samsung to infringe any claim of the '993 patent, and its baseless claims should be dismissed.

### C. Neonode Fails to Adequately Allege Direct Infringement of the '993 Patent

Neonode's direct infringement allegations of claim 1 of the '993 patent fail because Neonode does not allege the accused products have the required "strip along at least one edge of the display screen," or that the "opened padlock graphic" is located within such a strip. Neonode's opposition acknowledges that "the opened padlock graphic" in paragraph 61 of its Complaint is the sole source of its allegations as to the "edge" and "strip" allegations. Opp. at 18-19. However, Neonode's claim that this graphic is sufficient to put Samsung on notice of

7

Neonode's allegations is incorrect.  Neonode's Complaint never once uses the words "strip" or "edge" and fails to identify how the graphic in paragraph 61 satisfies those limitations in claim 1. *See generally* Compl.  This does not constitute fair notice of the allegations as required under *Iqbal*.

Neonode's reliance on *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) does not excuse Neonode's failure to adequately plead the "strip" and "edge" limitations.  As other courts have recognized, "*Disc Disease* 'doesn't set a floor for the level of detail required to plead direct patent infringement. It's simply one example of where pleadings were sufficient.'"  *Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*, No. 219CV00834GMNBNW, 2020 WL 569880, at *3 (D. Nev. Feb. 5, 2020) (citations omitted).  Moreover, courts have dismissed direct infringement claims where a plaintiff has specifically identified its allegations as to certain claim limitations, but has remained silent as to other limitations.  *See, e.g.*, *AMS, LLC v. Muzzy, LLC*, No. 18-CV-583-WMC, 2019 WL 1435844, at *1-2 (W.D. Wis. Mar. 29, 2019) (dismissing direct infringement claim where claim element "conspicuously absent" from complaint without "any affirmative assertion" by plaintiff, even when product photographs were plead).

Indeed, this is not a case, as Neonode suggests, where the parties have a disagreement as to claim scope that will be addressed by the Court during claim construction, but a total failure of Neonode to identify its allegations as to how the accused products perform the "strip" and "edge" limitations of claim 1 of the '993 patent.  Having failed to meet its burden in pleading this claim, the proper course is to dismiss Neonode's direct infringement allegation as to the '993 patent.

## III. CONCLUSION

For the reasons stated in its Motion and herein, Samsung respectfully requests that the Court dismiss Neonode's willful infringement claims as to both asserted patents, along with its claims of indirect and direct infringement as to the '993 patent.

Dated:  November 6, 2020                    Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@dlapiper.com

Mark D. Fowler (*Pro Hac Vice*)
Erik Fuehrer (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
2000 University Ave.
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Tiffany Miller (*Pro Hac Vice*)
Susan Acquista (*Pro Hac Vice*)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel:  619.699.2700
Fax: 619.699.2701

Benjamin Mueller *(Pro Hac Vice)*
**DLA PIPER LLP (US)**
444 West Lake Street, Ste. 900
Chicago, IL 60606
Tel: 312.368.4000
Fax: 312.236.7516

ATTORNEYS FOR SAMSUNG ELECTRONICS CO. LTD, and SAMSUNG ELECTRONICS AMERICA, INC.

9

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 6th day of November 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                              */s/  John M. Guaragna*
                              John M. Guaragna