**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| NEONODE SMARTPHONE LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 6:20-cv-00507-ADA |
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF NEONODE SMARTPHONE LLC'S MOTION FOR ISSUANCE OF
LETTER OF REQUEST TO EXAMINE PERSONS, INSPECT DOCUMENTS AND
INSPECT PROPERTY PURSUANT TO THE HAGUE CONVENTION ON THE
<u>TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

Plaintiff Neonode Smartphone LLC ("Neonode") hereby moves for issuance of a Letter of Request for International Judicial Assistance ("Letter of Request") to compel the attendance at deposition of, and production of documents and physical evidence by, two witnesses residing in Sweden: Magnus Goertz, the inventor named on the two patents in suit, and Björn Thomas Eriksson ("Thomas Eriksson"), the co-founder (with Mr. Goertz) of the Swedish company that developed and commercialized the technology claimed in the patents.

Neonode requests issuance of the Letter of Request pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1781, and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C. § 1781 ("Hague Evidence Convention"), which is in force between the

United States and Sweden.  A proposed Letter of Request is attached hereto as Exhibit A, following the model set out in the Hague Evidence Convention.

## MEMORANDUM OF POINTS AND AUTHORITIES

Neonode brings the present application because it believes that Magnus Goertz and Thomas Eriksson possess information relevant to this litigation involving both Samsung and Apple.[1]  Mr. Goertz is the inventor of the patents at issue in this litigation – U.S. Patent Nos. 8,095,879 ("the '879 Patent") and 8,812,993 ("the '993 Patent;" collectively, "the Patents in Suit"). Mr. Goertz co-founded, with Mr. Eriksson, a company in Sweden in 2000, which was later renamed Neonode AB, to develop and commercialize a mobile phone that would integrate an innovative gestural user interface with touch screen technology.  Messrs. Goertz and Eriksson referred to this user interface as the "Neno" technology, and it is the subject of the Patents in Suit. Mr. Eriksson co-founded this company with Mr. Goertz, worked with him to commercialize the technology, and presented a prototype of what later became the Neonode N1 mobile phone at a trade show in Germany in March 2002 – evidence that Mr. Goertz had conceived of and had diligently worked to reduce the patented technology to practice long before he filed the application to which the Patents in Suit claim priority, on December 10, 2002.

This evidence is relevant to the validity of the Patents in Suit.  Samsung and Apple have petitioned the Patent Trial and Appeal Board ("PTAB") for inter parties review of the asserted claims of the Patents in Suit, alleging that they are obvious in light of a variety of references, including references claiming priority to 2001 and 2002.  Neonode has reason to believe that Mr.

---

[1] The Court has coordinated this action, Case No. 6:20-cv-00507, with Neonode Smartphone LLC's action alleging infringement of the Patents in Suit by Apple Inc., Case No. 6:20-cv-00505.  Accordingly, Neonode seeks the testimony and documents requested pursuant to the attached Letter of Request for use in both of the coordinated actions.

Goertz conceived of the inventions claimed in his patents by no later than the year 2000, and diligently worked to reduce his inventions to practice thereafter, which would entitle the Patents in Suit to priority over at least two of the references relied on by defendants in their IPR petitions. *E.g., ATI Technologies ULC v. Iancu*, 920 F.3d 1362, 1369-75 (Fed. Cir. 2019).  Accordingly, evidence such as the testimony of Messrs. Goertz and Eriksson on the topics identified in Attachment A to the Letter of Request, and documents and physical evidence (i.e., prototypes of the Neonode mobile phone that were demonstrated at marketing events prior to the priority date of the Patents in Suit) concerning the development of the user interface of the Neonode mobile phone and their work on commercializing the phone as specified in Attachment B to the Letter of Request, is relevant to the validity of the Patents in Suit.

In addition, Neonode believes that Mr. Goertz and Mr. Eriksson possess knowledge pertinent to secondary considerations of nonobviousness, such as the commercial success of the Neonode N1, N1m and N2 mobile phones that incorporated the patented Neno user interface, and industry praise for the patented Neno user interface.  Moreover, Mr. Goertz and Mr, Eriksson possess knowledge concerning a (now expired) license agreement that Neonode Sweden AB entered into with Samsung Electronics Co., Ltd., on or about July 13, 2005, and that Mr. Goertz signed on behalf of Neonode Sweden AB, pursuant to which Samsung was licensed under the patent application that later matured into the '879 Patent and to which the '993 Patent claims priority.  (Dkt. #1, ¶ 17)  Their knowledge concerning their discussions and negotiation with Samsung concerning this license of the application to which the Patents in Suit claim priority is relevant to, e.g., the value of a reasonable royalty for infringement of the patents.

Moreover, Mr. Eriksson was involved in discussions with Samsung and its counsel over the course of several years concerning the Neno user interface, the technology for which was

3

asserted by Samsung against Apple's "swipe to unlock" patent in the Apple v. Samsung litigation. (Dkt. #1, ¶¶ 18, 25-26)  Among other things, Mr. Eriksson signed at least one affidavit and one "statement" concerning the Neno user interface technology at the request of Samsung in that litigation.  Mr. Eriksson's knowledge concerning his communications with Samsung and its counsel are relevant to Samsung's knowledge of the Patents in Suit, and therefore to Samsung's potential liability for indirect infringement as well as willfulness.

Since the requested discovery is pertinent to the priority dates of the Patents in Suit, it is pertinent to the issues to be addressed in the next few months in two Petitions for Inter Parties Review, one against each of the Patents in Suit, recently filed jointly by Apple and Samsung. Sweden has filed a declaration under the Hague Evidence Convention stating that "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries will not be executed," and has clarified that such document requests include any that seek broad categorical discovery of the type common in U.S. litigation. https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=560&disp=resdn.  Accordingly, it may be necessary to serially pursue multiple Letters of Request, identifying particular documents as they become known through deposition testimony.  Given the likely need for multiple round trips and the importance of this evidence to the IPRs filed against the Patents in Suit, Neonode requests that the Court permit the requested discovery to go forward at this time.

Although the Court has stayed this action pending the resolution of Apple's motion to transfer this action to the Northern District of California, (Case No. 6:20-cv-00505, Dkt. #40) there is no reason to delay taking this discovery.  The Court's OGP – Patent Case, v. 3.2, provides that "the Court will permit limited discovery by agreement of the parties, or upon request, where

exceptional circumstances warrant. For example, if discovery outside the United States is contemplated, the Court will be inclined to allow such discovery to commence before the *Markman* hearing." This is exactly such discovery.

Accordingly, the Court should grant Neonode's motion and issue the attached Letter of Request pursuant to the Hague Convention. In the event the Court grants the instant application, Neonode requests that the Court execute the Letter of Request with the Court's signature and seal and provide an original of the executed Letter of Request to Neonode's undersigned counsel for forwarding to the appropriate authority in the Netherlands. Neonode will then transmit the executed Letter of Request to the Swedish authority for execution.

DATED: February 12, 2021

Respectfully submitted,

By: */s/ Philip Graves*

| | |
|---|---|
| Craig D. Cherry (State Bar No. 24012419) | Philip J. Graves (CA State Bar No. 153441) |
| Email: craig@swclaw.com | Telephone: (213) 330-7147 |
| Justin W. Allen (State Bar No. 24081977) | Email: philipg@hbsslaw.com |
| Email: justin@swclaw.com | Greer N. Shaw (CA State Bar No. 197960) |
| STECKLER, WAYNE, COCHRANE | Telephone: (213) 330-7145 |
| CHERRY, PLLC | Email: greers@hbsslaw.com |
| 100 N. Ritchie Road, Suite 200 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| Waco, Texas 76712 | 301 North Lake Avenue, Suite 920 |
| 913 Franklin Ave., Suite 201 | Pasadena, CA 91101 |
| Waco, Texas 76701 | Facsimile: (213) 330-7152 |
| Telephone: (254) 776-3336 | |
| Facsimile: (254) 776-6823 | |

*Counsel for Plaintiff Neonode Smartphone LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*/s/ Philip Graves*
Philip Graves

John Michael Guaragna
DLA Piper LLP
401 Congress Suite 2500
Austin, TX 78701
(512) 457-7125
Fax: 512/457-7001
John.Guaragna@dlapiper.com

Benjamin Mueller
DLA Piper LLP
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-4000
Fax: (312) 236-7516
Benjamin.Mueller@dlapiper.com

Mark D. Fowler
Erik R. Fuehrer
DLA Piper LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
(650) 833-2000
Fax: (650) 833-2001
Mark.Fowler@dlapiper.com
Erik.Fuehrer@dlapiper.com

Susan Acquista
Tiffany C. Miller
DLA Piper LLP
401 B Street, Suite 1700
San Diego , CA 92101
(619) 699-2700
Fax: (619) 699-2701
Susan.Acquista@dlapiper.com
tiffany.miller@dlapiper.com

*Attorneys for Defendants*
*Samsung Electronics Co. Ltd. and*
*Samsung Electronics America, Inc.*