# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>            Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>            Defendants. | Civil Action No. 6:20-cv-00507-ADA<br><br>**JURY TRIAL DEMANDED** |

**TO THE APPROPRIATE AUTHORITY IN SWEDEN:**

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE <u>ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

The United States District Court for the Western District of Texas presents its compliments to the Ministry of Justice and has the honor of requesting its assistance in obtaining evidence for use at trial in a civil proceeding now pending before this court in the above-captioned matter.

The Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance that is requested is that the Ministry of Justice, Division for Criminal and International Judicial Cooperation, compel the testimony of and production of documents and physical evidence by the persons named below. Based on the Plaintiff's allegations and Defendant's responses, the evidence and information provided to this Court, and the information set forth in Sections 7 and 8 below, this Court finds there are sufficient grounds to obtain testimony and evidence sought through this Letter of Request, that is highly relevant to the issues in dispute.

| 1. | Sender | Office of the Clerk<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue, Room 301<br>Waco, Texas 76701<br>United States of America<br>Phone: (254) 750-1510 |
|---|---|---|
| 2. | Central Authority of the Requested State | Division for Criminal Cases and International Judicial Co-operation<br>Ministry of Justice<br>SE-103 33 Stockholm, Sweden<br>Telephone: +46 8 405 45 00<br>Facsimile: +46 8 405 46 76<br>Email: ju.birs@gov.se |
| 3. | Persons to whom the executed request is to be returned | Philip J. Graves (CA State Bar No. 153441)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>301 North Lake Avenue, Suite 920<br>Pasadena, CA 91101<br>Telephone: (213) 330-7147<br>Facsimile: (213) 330-7152<br>Email: philipg@hbsslaw.com |

|   |   |   |
|---|---|---|
|   |   | **On Behalf Of**:<br><br>Office of the Clerk<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue, Room 301<br>Waco, Texas 76701<br>United States of America<br>Phone: (254) 750-1510 |
| 4. | Date by which the requesting authority requires receipt of the response to the Letter of Request: | Plaintiff requests that the requested materials be produced and the testimony be provided by April 30, 2021, because the materials and testimony are relevant to an expedited proceeding that the defendants have filed in the United States Patent and Trademark Office seeking cancellation of certain claims of the Patents in Suit (defined below). |
| In conformity with Article 3 of the Convention, the undersigned applicant, the United States District Court for the Western District of Texas, respectfully submits the following request: |||
| 5. | a. Requesting judicial authority (article 3, a) | United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue, Room 301<br>Waco, Texas 76701<br>United States of America<br>Phone: (254) 750-1510 |
|   | b. To the competent authority of Sweden (article 3, a) | Division for Criminal Cases and International Judicial Co-operation<br>Ministry of Justice<br>SE-103 33 Stockholm, Sweden<br>Telephone: +46 8 405 45 00<br>Facsimile: +46 8 405 46 76<br>Email: ju.birs@gov.se |
|   | c. Name of the case and any identifying number | *Neonode Smartphone LLC v. Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.* Civil Action File Number 6:20-cv-507-ADA |
| 6. | Name and addresses of the parties and their representatives (including representatives in the requested state) |   |
|   | Plaintiff | Neonode Smartphone LLC<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 |
|   | Representatives | Philip J. Graves (CA State Bar No. 153441)<br>HAGENS BERMAN SOBOL SHAPIRO LLP |

3

|   |   |   |
|---|---|---|
|   |   | 301 North Lake Avenue, Suite 920<br>Pasadena, CA 91101<br>Telephone: (213) 330-7147<br>Facsimile: (213) 330-7152<br>Email: philipg@hbsslaw.com<br><br>Jakob Falkman<br>Advokatfirman Hammarskiöld & Co<br>Skeppsbron 42, P.O. Box 2278,<br>103 17 Stockholm<br>Phone +46 8 578 450 26<br>Mobile +46 708 145 481<br>Email: jakob.falkman@hammarskiold.se |
|   | Defendant | Samsung Electronics Co. Ltd.<br>129 Samsung-Ro, Yeongtong-Gu<br>Suwon, Gyeonggi, 16677<br>Republic Of Korea<br><br>Samsung Electronics America, Inc.<br>85 Challenger Rd<br>FL 7<br>Ridgefield Park, NJ, 07660-2118 |
|   | Representatives | John Michael Guaragna<br>DLA Piper LLP<br>401 Congress Suite 2500<br>Austin, TX 78701<br>(512) 457-7125<br>Fax: (512) 457-7001<br>Email: John.Guaragna@dlapiper.com |
| 7. | a. Nature of the proceedings (article 3, c) | The nature of the litigation from which the Requests stem is a complaint of patent infringement involving U.S. Patent Nos. 8,095,879 and 8,812,993 ("the Patents in Suit"). |
|   | b. Summary of complaint | The complaint alleges that Samsung has infringed and continues to infringe the Patents in Suit by making, using, selling, offering for sale and importing into the United States Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices. Plaintiff seeks an award of damages sufficient to compensate for Samsung's infringement, attorneys' fees, and additional remedies. |
| 8. | a. Evidence to be obtained or other judicial act to be performed (article 3, d) | The nature of the proceeding being requested at this time is (1) a Request to Compel Testimony from Magnus Goertz on the topics set forth in Attachment A, (2) a Request for Production of Documents and Physical Evidence by Magnus Goertz as set forth in |

4

| | | |
|---|---|---|
| | | Attachment B, (3) a Request to Compel Testimony from Björn Thomas Eriksson on the topics set forth in Attachment A; and (4) a Request for Production of Documents and Physical Evidence by Björn Thomas Eriksson as set forth in Attachment B. |
| | b. Purpose of the judicial act sought | The evidence sought is requested in the interests of justice, since the testimony of Magnus Goertz and Björn Thomas Eriksson and the documents in their possession that are requested to be produced are relevant evidence for the claims by Plaintiff against Defendant. <br><br> Magnus Goertz is the inventor of the patents at issue in this litigation, U.S. Patent Nos. 8,095,879 and 8,812,993 ("the Patents in Suit"). Mr. Goertz and Mr. Eriksson founded and managed several related companies in Sweden, beginning in the year 2000, to develop and commercialize a mobile phone that would integrate an innovative gestural user interface with touch screen technology. Messrs. Goertz and Eriksson referred to this user interface as the "Neno" user interface, and it is the subject of the Patents in Suit. They succeeded in developing and marketing a mobile phone under the brand "Neonode" during the 2000's, which incorporated the Neno user interface technology. By early 2002 Messrs. Goertz and Eriksson had developed a prototype of the Neonode mobile phone that incorporated the Neno user interface technology claimed by the Patents in Suit. Mr. Eriksson demonstrated the prototype, and distributed product literature describing the Neno user interface, at the March 2002 CeBit trade show in Germany. <br><br> After the CeBit trade show, Messrs. Goertz and Eriksson continued their work on the Neonode mobile phone. They unveiled a more fully developed version of their phone – the Neonode N1 – at a press conference in Stockholm in December 2002. <br><br> This is evidence that Mr. Goertz had conceived of and had diligently worked to reduce the patented technology to practice long before he filed the application to which the Patents in Suit claim priority, on December 10, 2002. This evidence will show that the Patents in Suit are entitled to priority over at least |

one of the "prior art" references that Samsung contends render the Patents in Suit invalid.

In more detail, Mr. Goertz and Mr. Eriksson have knowledge and documents in their possession that are relevant to material evidentiary issues in the above-referenced litigation, including (i) the dates on which Mr. Goertz conceived of the inventions claimed in the patents, and his efforts to diligently reduce his invention to practice; (ii) the activities of Mr. Goertz and Mr. Eriksson in connection with the March 2002 CeBit trade show in Germany, at which a prototype of a Neonode mobile phone was displayed; (iii) the activities of Messrs. Goertz and Eriksson in connection with the December 2002 press conference in Stockholm, at which a more fully developed prototype of the Neonode mobile phone was demonstrated; (iv) secondary considerations of nonobviousness tending to prove that the Patents in Suit are not invalid, such as (a) sales of the Neonode mobile phone, including the large number of pre-orders for the device, (b) industry praise for the groundbreaking Neonode mobile phone incorporating the patented technology, or (c) an unmet need in the industry for a mobile phone with the functionality of the Neno user interface; (v) communications between Mr. Goertz and Mr. Eriksson, on the one hand, and Defendant Samsung, on the other, concerning the patented technology and the patents in suit, which will show that Defendant knew of the Patents in Suit yet proceeded to infringe despite this knowledge, thereby entitling Plaintiff to recover for a broader scope of infringing conduct and to greater damages; (vi) communications between Mr. Goertz and Mr. Eriksson, on the one hand, and Samsung Electronics Col, Ltd. and its affiliates, on the other, concerning the patented technology and the patents in suit, which will help to establish the value of the Patents in Suit for the purpose of determining a reasonably royalty for Defendant's infringement; (vii) the July 13, 2005 Research & Development and License Agreement between Neonode Sweden AB and Samsung Electronics Co., Ltd., which will help to establish the value of the Patents in Suit for the purpose of determining a reasonably royalty for Defendant's infringement; and (viii) the business entities that Mr. Goertz and Mr. Eriksson established to facilitate their

| | | |
|---|---|---|
| | | efforts to commercialize the patented technology, and the assignments of rights in the Patents in Suit to and among those entities, which establishes the chain of title to ownership of the Patents in Suit.<br><br>Plaintiff requests that the documents be produced in their native or original format, including metadata indicating the author and dates of creation and modification, because such metadata is necessary evidence proving the identity of the author of the document and the dates the document was created and last modified. Such evidence shows the time period in which Mr. Goertz and Mr. Eriksson developed the Neno user interface, and the Neonode mobile phone that incorporated the Neno technology claimed in the Patents in Suit.<br><br>The knowledge and information and the documents in the possession of Mr. Goertz and Mr. Eriksson are unavailable from other sources. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Magnus Goertz<br>Personal id. No. 690626-0077<br>Valhallavägen 5<br>Lidingö<br>181 32  SWEDEN<br><br>Björn Thomas Eriksson<br>Personal id. No. 700414-0054<br>Narvavägen 20<br>Stockholm<br>115 22 SWEDEN |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | See Attachment A |
| 11. | Documents or other property to be inspected (Article 3, (g)) | See Attachment B |
| 12. | Requirement that the Evidence be Given on Oath or Affirmation (Art. 3(h)) | The witnesses should be examined under oath or affirmation as permissible under Swedish law. |
| 13. | Special methods or procedure to be followed (Art. 3(i) and 9) | This Letter of Request includes the following requests: |

- That this Letter of Request be granted and the evidence-taking proceeding be performed;
- That attorneys for the Plaintiff be permitted to ask the witness questions set forth in Attachment A including additional questions that are related to the subject matter set forth in Attachment A;
- That representatives of the parties be permitted to examine and/or cross-examine the witness;
- That the testimony be taken remotely via video link via a videoconferencing application, and recorded;
- That the testimony shall be transcribed and recorded by whatever method is permissible under Swedish law and the transcribed testimony be returned to the representatives of the parties;
- That an authorized interpreter for each side be present for the examination who shall translate the questions and oral testimony between Swedish and English;
- That the examinations take place as soon as possible at dates and times as may be determined in accordance with Swedish law with advance notice to the parties representatives identified in Section 6 above;
- That the competent judicial authority apply the appropriate measures of compulsion if any of the witnesses fails to appear or fails to provide the requested documents; and
- That, to the extent that multiple examination dates are necessary to complete the taking of evidence sought in Attachment A, the examinations are scheduled on consecutive days or as close to each other as reasonably practicable.

In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law. To the extent any request in this section is deemed incompatible with Swedish principles of procedural law, it is to be disregarded.

Plaintiff has engaged the following counsel to assist with this process, and the relevant authorities in Sweden are authorized and requested to communicate directly with them concerning this process:

Jakob Falkman

8

| | | |
|---|---|---|
| | | Advokatfirman Hammarskiöld & Co<br>Skeppsbron 42, P.O. Box 2278,<br>103 17 Stockholm<br>Phone +46 8 578 450 26<br>Mobile +46 708 145 481<br>Email: jakob.falkman@hammarskiold.se |
| 14. | Request for information of time and place for the execution of the Request pursuant to Article 7 of the Convention | It is requested that United States counsel for the Plaintiff at the address set forth in paragraph 6 above, should be contacted for any information relating to the execution of this Letter of Request. |
| 15. | Request for Attendance of Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request (Art. 8) | No attendance of judicial personnel is requested. |
| 16. | Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Art. 11 (b)) | The privilege or duty of the witness(es) to refuse to give evidence shall, in addition to what follows from the Swedish Procedural Code (*Rättegångsbalken*), include the right to withhold evidence if giving such evidence would (1) subject them to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between them and their respective attorneys. |
| 17. | Fees and costs (Art. 14 and 26) | Plaintiff and, if the parties jointly request the issuance of a Letter of Request, Defendant shall bear any fees and costs within the scope of Articles 14 and 26. |

DATE OF REQUEST             _____ 2021


_____

United States District Court
Western District of Texas
800 Franklin Avenue, Room 301
Waco, Texas 76701

(signature and seal)

9

# ATTACHMENT A

# REQUEST TO COMPEL TESTIMONY

## DEFINITIONS

1. "Neonode" means, individually and collectively, the companies named Neo5 AB, Neonode AB, Neonode Sweden AB, Neonode Inc., and Neonode Technologies AB.

2. The "Patents in Suit" means U.S. Patent No. 8,095,879 and U.S. Patent No. 8,812,993.

## INSTRUCTIONS

1. The examination shall be conducted before a court reporter or other officer as designated or provided by the Central Authority of the Requested State.

2. Representatives of the parties shall be permitted to examine and/or cross-examine the witness.

3. The testimony shall be taken remotely via video link via a videoconferencing application, and recorded.

4. The testimony shall be transcribed and recorded by whatever method is permissible under Swedish law and the transcribed testimony be returned to the representatives of the parties.

5. An authorized interpreter for each side shall be present for the examination and shall translate the questions and oral testimony between Swedish and English.

6. The examinations shall take place at dates and times as may be determined in accordance with Swedish law.

7. To the extent that multiple examination dates are necessary to complete the taking of evidence sought in Attachment A, the examinations shall be scheduled on consecutive days or as close to each other as reasonably practicable.

# TOPICS OF TESTIMONY

### A. The Development of the Patented Neno User Interface Technology (Letter of Request, § 8(b), Items (i)-(iv))

1. The creation, purpose, use and any other facts pertaining to the documents attached hereto as Exhibits 1-3.

2. Magnus Goertz's invention and development of the Neno user interface during the period January 1, 2000 to and including December 10, 2002.

3. Magnus Goertz's invention and development of the inventions claimed in the Patents in Suit during the period January 1, 2000 to and including December 10, 2002.

4. Magnus Goertz's and Thomas Eriksson's efforts with respect to the development of the Neonode mobile phone during the period January 1, 2000 to and including December 10, 2002.

5. The identities of, and work performed by, Neonode employees, consultants, contractors, and vendors, and others working with, for or under the direction of Mr. Goertz or Mr. Eriksson, with respect to the development of the Neonode mobile phone during the period January 1, 2000 to and including December 10, 2002.

6. The development of a prototype of the Neonode mobile phone, during the period January 1, 2000 to and including December 10, 2002, including the prototypes demonstrated at the CeBit event in March 2002 and at the Stockholm press conference in December 2002.

7. Work performed by the company No Picnic AB in connection with the design of the Neonode mobile phone during the period January 1, 2000 to and including December 10, 2002.

8.　　Work performed by Note AB in connection with the development of the Neonode mobile phone, during the period January 1, 2000 to and including December 10, 2002.

9.　　Mr. Goertz and Mr. Eriksson's efforts to publicize and market the Neonode mobile phone at the March 2002 CeBit event in Germany, including by handing out product literature describing the Neno user interface and by demonstration of a prototype of the Neonode mobile phone at the event.

10.　　Mr. Goertz and Mr. Eriksson's efforts to publicize and market the Neonode mobile phone at the December 2002 press conference in Stockholm, Sweden, including by handing out product literature describing the Neno user interface and by demonstration of a prototype of the Neonode mobile phone at the event.

11.　　Sales and pre-orders of the Neonode mobile phone incorporating the Neno user interface during the period January 1, 2002 to and including December 31, 2008.

12.　　Recognition and praise, in trade journals and other publications, of the Neonode mobile phone incorporating the Neno user interface.

13.　　The unmet need, prior to December 10, 2002 for a user interface with the functionality of the Neno user interface.

B. **Damages for Infringement of the Patents in Suit (Letter of Request, § 8(b), Items (v)-(vii))**

14.　　The negotiations concerning the July 13, 2005 Research & Development and License Agreement between Neonode Sweden AB and Samsung Electronics Co., Ltd.

15.　　Communications between Mr. Goertz or Mr. Eriksson, on the one hand, and Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc., on the other, concerning the Patents in Suit or the Neno user interface technology.

### C. Ownership of the Patents in Suit (Letter of Request, § 8(b), Item (viii))

16. Business entities set up or registered by or for Magnus Goertz or Thomas Eriksson in connection with their efforts to develop, reduce to practice or commercialize the Neonode mobile phone, including Neo5 AB, Neonode AB, Neonode Sweden AB, and Neonode Inc.

17. The corrected and uncorrected assignments of the Patents in Suit from Mr. Goertz to Neonode Sweden AB, dated on or about December 2, 2004.

18. The assignment of rights in the Patents in Suit from Neonode Sweden AB to Neonode AB, dated on or about July 4, 2006.

19. The assignment of rights in the Patents in Suit from Neonode AB to Neonode Inc., dated on or about December 5, 2008.

# ATTACHMENT B

# REQUEST FOR PRODUCTION OF DOCUMENTS AND PHYSICAL EVIDENCE

## DEFINITIONS

1. "Neonode" means, individually and collectively, the companies named Neo5 AB, Neonode AB, Neonode Sweden AB, Neonode Inc., and Neonode Technologies AB.

2. The "Patents in Suit" means U.S. Patent No. 8,095,879 and U.S. Patent No. 8,812,993.

## INSTRUCTIONS

1. Each document requested herein is requested to be produced in its entirety and without deletion or excisions. If the witness redacts any portion of a document, pursuant to a privilege or for any other reason, they should stamp the word "redacted" on each page of the document that has been redacted.

2. Each document requested herein is requested to be produced in its native or original format, including metadata indicating the author and dates of creation and modification.

3. Each document requested herein includes documents in any format, including electronic files and hard copy (such as paper).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

A. **The Development of the Patented Neno User Interface Technology (Letter of Request, § 8(b), Items (i)-(iv))**

1. The documents attached hereto as Exhibits 1-3, in their native or original format, including metadata indicating author and dates of creation and modification.

2. The prior and subsequent drafts, including additional "Rev." numbers, of the document attached hereto as Exhibit 3.

3. The drawings, schematics, design documents and technical descriptions created by or provided to Mr. Goertz or Mr. Eriksson evidencing the development of the prototype of the Neonode mobile phone that was demonstrated by Thomas Eriksson at the March 2002 CeBit event in Germany.

4. The purchase orders, vendor invoices, statements of work and commercial contracts generated by or provided to Mr. Goertz or Mr. Eriksson evidencing the development of the prototype of the Neonode mobile phone that was demonstrated by Mr. Eriksson at the March 2002 CeBit event in Germany.

5. The product literature describing the Neonode mobile phone distributed by Mr. Eriksson at the March 2002 CeBit event in Germany.

6. The Neonode mobile phone demonstrated at the March 2002 CeBit event in Germany.

7. Emails between Magnus Goertz and Mr. Eriksson concerning the preparations and planning for the March 2002 CeBit event in Germany.

8. Emails between Mr. Goertz and Mr. Eriksson concerning the development of the prototype of the Neonode mobile phone that was demonstrated by Mr. Eriksson at the March 2002 CeBit event in Germany.

9. The drawings, schematics, design documents and technical descriptions created by or provided to Mr. Goertz or Mr. Eriksson evidencing the development of the version of the Neonode mobile phone that was demonstrated by Mr. Goertz and Mr. Eriksson at the December 2002 Stockholm press conference.

10. The purchase orders, vendor invoices, statements of work and commercial contracts generated by or provided to Mr. Goertz or Mr. Eriksson evidencing the development of

the version of the Neonode mobile phone that was demonstrated by Mr. Goertz and Mr. Eriksson at the December 2002 Stockholm press conference.

11.     The product literature describing the Neonode mobile phone distributed by Mr. Goertz and Mr. Eriksson at the December 2002 Stockholm press conference.

12.     The Neonode mobile phone demonstrated at the December 2002 Stockholm press conference.

13.     Emails between Mr. Goertz and Mr. Eriksson concerning the preparations and planning for the December 2002 Stockholm press conference.

14.     Emails between Mr. Goertz and Mr. Eriksson concerning the development of the version of the Neonode mobile phone that was demonstrated by Mr. Goertz and Mr. Eriksson at the December 2002 Stockholm press conference.