# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| NEONODE SMARTPHONE LLC, <br><br>                        Plaintiff, <br><br>       v. <br><br> SAMSUNG ELECTRONICS CO. LTD., <br> and SAMSUNG ELECTRONICS <br> AMERICA, INC., <br><br>                     Defendant. | Civil Action No. 6:20-cv-00507-ADA <br><br> **JURY TRIAL DEMANDED** |

**TO THE APPROPRIATE AUTHORITY IN SWEDEN:**

**SAMSUNG ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE <u>ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

The United States District Court for the Western District of Texas respectfully requests the assistance described herein as necessary in the interests of justice.

| 1. | Sender | Office of the Clerk<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue, Room 301<br>Waco, Texas 76701<br>United States of America<br>Phone: (254) 750-1510 |
|---|---|---|
| 2. | Central Authority of the Requested State | Division for Criminal Cases and International Judicial Co-operation<br>Ministry of Justice<br>SE-103 33 Stockholm, Sweden<br>Telephone: +46 8 405 45 00<br>Facsimile: +46 8 405 46 76<br>ju.birs@gov.se |
| 3. | Persons to whom the executed request is to be returned | John M. Guaragna<br>DLA PIPER LLP (US)<br>401 Congress Avenue, Suite 2500<br>Austin, TX  78701-3799<br>Tel: 512.457.7125<br>Fax: 512.457.7001<br>john.guaragna@dlapiper.com<br><br>**On Behalf Of**:<br><br>Office of the Clerk<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue, Room 301<br>Waco, Texas 76701<br>United States of America<br>Phone: (254) 750-1510 |
| 4. | Date by which the requesting authority requires receipt of the response to the Letter of Request: | As soon as reasonably practicable. |
| In conformity with Article 3 of the Convention, the United States District Court for the Western District of Texas, Waco Division, honorably submits the following request: | | |

| 5. | a.      Requesting judicial authority (article 3, a) | United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue, Room 301<br>Waco, Texas 76701<br>United States of America<br>Phone: (254) 750-1510 |
|---|---|---|
|  | b.  To the competent authority of Sweden (article 3, a) | Division for Criminal Cases and International Judicial Co-operation<br>Ministry of Justice<br>SE-103 33 Stockholm, Sweden<br>Telephone: +46 8 405 45 00<br>Facsimile: +46 8 405 46 76<br>ju.birs@gov.se |
|  | c.  Name of the case and any identifying number | *Neonode Smartphone LLC v. Samsung Electronics Co. Ltd., et al.,* Civil Action File Number 6:20-cv-507-ADA |
| 6. | Name and addresses of the parties and their representatives (including representatives in the requested state) |  |
|  | Plaintiff | Neonode Smartphone LLC<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 |
| a. | Representatives | Philip J. Graves (CA State Bar No. 153441)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>301 North Lake Avenue, Suite 920<br>Pasadena, CA 91101<br>Telephone: (213) 330-7147<br>Facsimile: (213) 330-7152<br>Email: philipg@hbsslaw.com<br><br>Jakob Falkman<br>Advokatfirman Hammarskiöld & Co<br>Skeppsbron 42, P.O. Box 2278,<br>103 17 Stockholm<br>Phone +46 8 578 450 26<br>Mobile +46 708 145 481<br>jakob.falkman@hammarskiold.se |
| b. | Defendant | Samsung Electronics Co. Ltd.<br>129 Samsung-Ro, Maetan-3dong,<br>Yeongtong-gu, Suwon, 443-742, South Korea |

3

|  |  | Samsung Electronics America, Inc.<br>85 Challenger Rd.<br>Ridgefield Park, NJ 07660 |
|---|---|---|
|  | Representatives | John M. Guaragna<br>DLA PIPER LLP (US)<br>401 Congress Avenue, Suite 2500<br>Austin, TX  78701-3799<br>Tel: 512.457.7125<br>Fax: 512.457.7001<br>john.guaragna@dlapiper.com<br><br>Karl-Oscar Dalin<br>Advokatfirma DLA Piper Sweden KB<br>Sveavägen 4<br>PO Box 7315<br>SE - 103 90<br>Stockholm<br>Sweden<br>+46 8 701 78 00<br>Karl-Oscar.Dalin@se.dlapiper.com |
| 7. | a.      Nature      of      the proceedings (article 3, c) | The nature of the litigation from which the Requests stem is a complaint of patent infringement in the Western District of Texas involving U.S. Patent Nos. 8,095,879 and 8,812,993 ("the Patents-in-Suit"). |
|  | b.  Summary of complaint | The complaint alleges that Samsung has infringed and continues to infringe the Patents in Suit by making, using, selling, offering for sale and importing into the United States certain mobile devices including certain user interface elements. |
|  | c.  Summary of defense | Samsung's defenses include that the alleged invention of the Patents-in-Suit was not conceived or reduced to practice prior to the filing date of each patent, and inequitable conduct on behalf of the applicant of the Patents-in-Suit due to failure to disclose proper inventorship of the Patents-in-Suit. |
| 8. | a.  Evidence to be obtained or other judicial act to be performed (article 3, d) | The nature of the proceeding being requested at this time is<br>(1) a Request to Compel Testimony from Magnus Goertz on the topics set forth in Attachment A,<br>(2) a Request for Production of Documents and Physical Evidence by Magnus Goertz as set forth in Attachment |

4

| | | B,<br>(3) a Request to Compel Testimony from Björn Thomas Eriksson on the topics set forth in Attachment A; and<br>(4) a Request for Production of Documents and Physical Evidence by Björn Thomas Eriksson as set forth in Attachment B. |
| --- | --- | --- |
| | b.  Purpose of the judicial act sought | The evidence sought is requested in the interests of justice, to establish at trial information in the possession of the witnesses relating to (i) the conception and reduction to practice of the alleged inventions claimed in the Patents-in-Suit, (ii) inventorship and prosecution of the Patents-in-Suit, (iii) ownership of the Patents-in-Suit, (iv) commercialization of products that allegedly embody certain aspects of the alleged inventions claimed in the Patents-in-Suit, (v) the development of Neno user interface technology, and (vi) communications and licensing concerning Plaintiff, Defendants, and/or their related entities.<br><br>By way of background, the earliest priority date for the Patents-in-Suit that is supported on the face of the patents is December 10, 2002.  Neonode Smartphone has asserted that both Patents-in-Suit are entitled to a prior date of May 5, 2000.  Magnus Goertz is a co-founder of Neonode Inc. and the sole named inventor of the patents at issue in this litigation, U.S. Patent Nos. 8,095,879 and 8,812,993 ("the Patents-in-Suit").  Björn Thomas Eriksson, a co-founder of Neonode Inc., may also have information relevant to conception and reduction to practice, inventorship of the Patents-in-Suit, as well as commercialization efforts before December 10, 2002 of Neonode Inc. products that allegedly embody certain aspects of the claimed subject matter of the Patents-in-Suit. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Magnus Goertz<br>Personal id. No. 690626-0077<br>Valhallavägen 5<br>Lidingö<br>181 32  SWEDEN<br><br>Björn Thomas Eriksson<br>Personal id. No. 700414-0054<br>Narvavägen 20<br>Stockholm |

WEST\292978371.6

| | | 115 22 SWEDEN |
|---|---|---|
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | See Attachment A |
| 11. | Documents or other property to be inspected (Article 3, (g)) | See Attachment B |
| 12. | Requirement that the Evidence be Given on Oath or Affirmation (Art. 3(h)) | The witnesses should be examined under oath or affirmation as permissible under Swedish law. |
| 13. | Special methods or procedure to be followed (Art. 3(i) and 9) | This Letter of Request includes the following requests:<br><br>• That this Letter of Request be granted and the evidence-taking proceeding be performed;<br>• That copies of the documents and materials requested in Attachment B be provided to the representatives of the parties prior to scheduling the examination of the requested witnesses;<br>• That attorneys for the Defendant be permitted to ask the witness questions set forth in Attachment A including additional questions that are related to the subject matter set forth in Attachment A;<br>• That representatives of the parties be permitted to examine and/or cross-examine the witness;<br>• That the testimony be taken remotely via video link via a videoconferencing application, and recorded as allowed under Swedish law;<br>• That an authorized shorthand writer/court reporter shall attend the examination who shall record the oral testimony spoken in English verbatim (in English) and prepare a transcript of the evidence;<br>• That an authorized shorthand writer/court reporter attend the examination who shall record the oral testimony spoken in Swedish verbatim (in Swedish) and prepare a transcript of the evidence;<br>• That an authorized interpreter for each side be present for the examination who shall translate the questions and oral testimony between Swedish and English; and<br>• That the examinations take place at dates and times as may be agreed upon between the witness and counsel for the parties; and<br>• That, to the extent that multiple hearing dates are necessary to complete the taking of evidence sought in |

6

|  |  | Attachment A and the additional questions related to the subject matter set forth in Attachment A, the hearings are scheduled on consecutive days or as close to each other as reasonably practicable. |
|  |  | In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law. To the extent any request in this section is deemed incompatible with Swedish principles of procedural law, it is to be disregarded. |
|  |  | Defendants have engaged the following counsel to assist with this process, and the relevant authorities in Sweden are authorized and requested to communicate directly with them concerning this process:<br><br>Karl-Oscar Dalin<br>Advokatfirma DLA Piper Sweden KB<br>Sveavägen 4<br>PO Box 7315<br>SE - 103 90<br>Stockholm<br>Sweden<br>+46 8 701 78 00<br>Karl-Oscar.Dalin@se.dlapiper.com |
| 14. | Request for information of time and place for the execution of the Request pursuant to Article 7 of the Convention | It is requested that United States counsel for the Defendants at the address set forth in paragraph 6 above, should be contacted for any information relating to the execution of this Letter of Request. |
| 15. | Request for Attendance of Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request (Art. 8) | No attendance of judicial personnel is requested. |
| 16. | Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Art. 11 (b)) | The privilege or duty of the witness(es) to refuse to give evidence shall, in addition to what follows from the Swedish Procedural Code (*Rättegångsbalken*), include the right to withhold evidence if giving such evidence would (1) subject them to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between them and their respective attorneys. |

7

| | | |
|---|---|---|
| 17. | Fees and costs (Art. 14 and 26) | Plaintiff and Defendant shall bear any fees and costs within the scope of Articles 14 and 26. |

DATE OF REQUEST      _____ 2021


_____
United States District Court
Western District of Texas
800 Franklin Avenue, Room 301
Waco, Texas 76701

(signature and seal)

8

# ATTACHMENT A

# REQUEST TO COMPEL TESTIMONY

## DEFINITIONS

1.      The Local Rules for the United States District Court of the Western District of Texas are hereby incorporated by reference.

2.      "Neonode" means, individually and collectively, the companies named Neonode Smartphone LLC, Neo5 AB, Neonode AB, Neonode Sweden AB, Neonode Inc., and Neonode Technologies AB. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Neonode, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

3.      The "Patents-in-Suit" means U.S. Patent No. 8,095,879 and U.S. Patent No. 8,812,993.

4.      The "'879 patent" means U.S. Patent No. 8,095,879 and U.S. Patent Application No. 10/315,250.

5.      The "'993 patent" means U.S. Patent No. 8,812,993 and U.S. Patent Application No. 10/315,250.

6.      "Prior Art" means all publications, patents, physical devices, prototypes, public product descriptions, or products concerning the subject matter of the Patents-in-Suit existing and publicly available prior to December 10, 2002.

7.      "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity, including governmental bodies and agencies.

8.      "Entity" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity, including governmental bodies and agencies.

9.      "Communication" means any written, oral, telephonic or other inquiries, and all  other documents evidencing any verbal or nonverbal interaction between Persons and entities.

10.     "Thing(s)" is used in the broadest sense to include everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

11.     "Include" and "including" shall mean including without limitation.

12.     Use of the singular form of a word also includes the plural form of the word and vice-versa.

13.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

14.     The word "all" means "any and all" and the word including" means "including without limitation," as necessary, to bring within the scope of these requests Documents  or  Things that might otherwise be beyond their scope.

15.     Any pronoun shall be construed to refer to the masculine, feminine, or gender neutral as in each case is most appropriate.

16.     The Requested State means Sweden.

## **TOPICS OF TESTIMONY**

### A. **The Alleged Conception and Reduction to Practice of the Alleged Inventions Claimed in the Patents-in-Suit (Letter of Request, § 8(b), Item (i))**

1.      The scope and content of the subject matter described and claimed in the Patents-in-Suit.

2

2.      The conception of the subject matter claimed in the Patents-in-Suit, including, but not limited to, the conception date(s), the circumstances of conception including the identity of each Person who contributed to the conception and the specific contribution(s) made by each such Person, the specific contributions to conception made by Björn Thomas Eriksson, the date and content of the first written description or depiction of the claimed subject matter in a printed publication and/or drawings; Documents relating to any of the foregoing; the types and locations of Documents relating to any of the foregoing; and the identities of Persons in possession of Documents relating to any of the foregoing.

3.      Diligence in the reduction to practice of the subject matter claimed in the Patents-in-Suit, including, but not limited to, the date(s) of such diligence from the period of alleged conception and up to the filing date of the patent, the circumstances of such diligence including the identity and role of each Person who participated in or has knowledge of such diligence, Björn Thomas Eriksson's participation or knowledge of such diligence; Documents relating to any of the foregoing; the types and locations of Documents relating to any of the foregoing; and the identities of Persons in possession of Documents relating to any of the foregoing.

4.      The first manufacture, first demonstration, first disclosure, first written description, first publication, first prototype, first use, first public use, first offer for sale, first sale, and first importation into the United States of the subject matter claimed in the Patents-in-Suit.

5.      Any perceived advantages or disadvantages, problems, features, or improvements over the Prior Art of any invention claimed in the Patents-in-Suit.

6.      Any long-felt but unmet need for the alleged inventions claimed in the Patents-in-Suit, failure by others to develop the alleged inventions claimed in the Patents-in-Suit, skepticism by others of the alleged inventions claimed in the Patents-in-Suit, commercial success of the

3

alleged inventions claimed in the Patents-in-Suit, awards or industry recognition based on any alleged inventions claimed by the Patents-in-Suit, copying by others of the alleged inventions claimed in the Patents-in-Suit, or unexpected results of the alleged inventions claimed in the Patents-in-Suit.

**B.  Inventorship and Prosecution of the Patents-in-Suit (Letter of Request, § 8(b), Item (ii))**

7.      Any difficulty or challenge in implementing the alleged inventions claimed in the Patents-in-Suit including any specific contribution of Björn Thomas Eriksson, Magnus Goertz, or any other party to overcome any such difficulty or challenge.

8.      The decision to seek patent protection for the alleged inventions claimed in the Patents-in-Suit.

9.      The decision to identify Magnus Goertz as the only inventor for the Patents-in-Suit.

10.     Thomas Eriksson's contribution to the technology described in the Patents-in-Suit and the inventions claimed in the Patents-in-Suit.

11.     Any investigation into the inventorship of the Patents-in-Suit.

12.     Any agreement between Magnus Goertz, Thomas Eriksson, and/or Neonode related to the naming of Magnus Goertz as the sole inventor of the Patents-in-Suit.

13.     The circumstances surrounding the Inventors Declaration For Patent Application document, which includes a signature allegedly by Magnus Goertz, dated March 5, 2003, for a patent application filed December 10, 2002.

14.     Magnus Goertz and Thomas Eriksson's involvement in the preparation, submission, and prosecution of the '879 Patent and the '993 Patent, including, without limitation, any and all parent applications, divisionals, continuations, continuations-in-part, foreign equivalents, and applications claiming the benefit of the filing date of any of the foregoing

4

(whether abandoned or not), including, but not limited to, the identity of the Persons who drafted, revised, contributed to, or were otherwise involved in the prosecution of said patent applications and the decision about what Prior Art to disclose or not disclose to the PTO; the types and locations of Documents relating to any of the foregoing; and the identities of Persons in possession of Documents relating to any of the foregoing.

15.     The prosecution of all patents and patent applications related to the Patents-in-Suit, including but not limited to the identity of the Persons who drafted, revised, contributed to, or were otherwise involved in the prosecution of said patents or patent applications and the decision about what Prior Art to disclose or not disclose to the PTO or other patent office or agency; the types and locations of Documents relating to any of the foregoing; and the identities of Persons in possession of Documents relating to any of the foregoing.

16.     Any and all knowledge of Prior Art by Mr. Goertz, Mr. Eriksson, or any Persons having duty under 37 C.F.R. § 1.56 during prosecutions of any of the Patents-in-Suit.

17.     All writings, publications, abstracts, papers, presentations, memoranda, reports, or speeches (whether published or not) authored or given, in whole or in part, by Mr. Goertz, Mr. Eriksson, Neonode Inc., or its predecessors or successors, and that relate, in whole or in part, to the subject matter disclosed or claimed in the Patents-in-Suit; the identities of Persons involved in the generation of such writings, publications, abstracts, papers, presentations, memoranda, reports, or speeches; the types and locations of Documents relating to any of the foregoing; and the identities of the Persons in possession of Documents relating to any of the foregoing.

18.     The Prior Art Magnus Goertz and/or Thomas Eriksson are aware of that relates to the general subject matter of any claim of the Patents-in-Suit, and how and when Magnus Goertz and/or Thomas Eriksson first became aware of the Prior Art.

5

19.     Any studies, investigations, searches, analyses, or reports concerning the Patents-in-Suit, including, without limitation, those regarding the actual or alleged infringement, patentability, invalidity, validity, enforceability, unenforceability, or scope of any claim of the Patents-in-Suit; the identities of Persons involved in generating any such studies, investigations, searches, analyses, or reports concerning the Patents-in-Suit; the types and locations of Documents relating to any of the foregoing; and the identities of Persons in possession of Documents relating to any of the foregoing.  This includes, without limitation, any analyses, investigations, studies, reports, opinions, or contentions regarding the Patents-in-Suit, and any assertion by any Person that any of the Patents-in-Suit is valid, invalid, enforceable, unenforceable, and/or infringed or not infringed.

**C.**   **Ownership of the Patents-in-Suit (Letter of Request, § 8(b), Item (iii))**

20.     Any past or current relationship between Magnus Goertz and/or Thomas Eriksson and Neonode Smartphone, Neo5 AB, Neonode AB, Neonode Sweden AB, Neonode Inc., or Aequitas, or any affiliates thereof, including the terms of any contract or consulting arrangement.

21.     The formation of Neo5 AB, Neonode AB, Neonode Sweden AB, and Neonode, Inc. and/or any affiliates thereof or entities related thereto.

22.     The assignments of rights in the Patents-in-Suit from Magnus Goertz to Neonode Sweden AB, dated on or about December 2, 2004, including any compensation arrangements related to any such assignment of rights.

23.     The assignment of rights in the Patents-in-Suit from Neonode Sweden AB to Neonode AB, dated on or about July 4, 2006, including any compensation arrangements related to any such assignment of rights.

6

24.     The assignment of rights in the Patents-in-Suit from Neonode AB to Neonode Inc., dated on or about December 5, 2008, including any compensation arrangements related to any such assignment of rights.

25.     Any payments or other forms of compensation or remuneration made to Magnus Goertz or Thomas Eriksson in connection with the Patents-in-Suit, including, without limitation, the form of such payment, the amount of such payment, the date such payment was made; the identity of each Person with knowledge of such payment, the reason for such payment; the types and locations of Documents relating to any of the foregoing; and the identities of persons in possession of Documents relating to any of the foregoing.

**D.  Commercialization of Products That Allegedly Embody Certain Aspects of the Alleged Inventions Claimed in the Patents-in-Suit (Letter of Request, § 8(b), Item (iv))**

26.     The design and development of the Neonode N1, N1m, and N2 mobile phones, including, without limitation, development of requirements, specifications, and prototypes the Neonode N1, N1m, and N2 mobile phones including the specific contributions of Björn Thomas Eriksson.

27.     The commercialization and marketing of the Neonode N1, N1m, and N2 mobile phones, including, without limitation, dissemination of product literature and demonstration of prototypes, including such activities at press conferences, industry conferences, and trade shows.

**E.  The Development of Neno User Interface Technology (Letter of Request, § 8(b), Item (v))**

28.     Magnus Goertz and Thomas Eriksson's development of the Neno user interface during the period January 1, 2000 up to and including December 10, 2002.

29.     The identities of, and work performed by, Neonode employees, consultants, contractors, and vendors, and others working with, for, or under the direction of Magnus Goertz

7

and/or Thomas Eriksson, with respect to the development of the Neonode mobile phone incorporating the Neno user interface during the period January 1, 2000 up to and including December 10, 2002.

30.     The development of any prototype of the Neno user interface or Neonode mobile phone incorporating the Neno user interface, during the period January 1, 2000 up to and including December 10, 2002.

31.     The use, display, demonstration, sale, offers for sale, or publication, of the Neno interface or Neonode Phone or its prototypes that incorporated the Neno user interface during the period January 1, 2000 up to and including December 10, 2002.

32.     Identity of and work performed by third parties regarding the design and development of the Neno user interface or Neonode mobile phone incorporating the Neno user interface during the period of January 1, 2000 until December 10, 2002.

33.     Magnus Goertz and/or Thomas Eriksson's activities and communications regarding the Neonode products incorporating the Neno user interface purportedly demonstrated at the March 2002 CeBit event in Germany.

34.     Magnus Goertz and/or Thomas Eriksson's activities and communications regarding the Neonode products incorporating the Neno user interface purportedly demonstrated at the December 2002 press conference in Stockholm, Sweden.

35.     Sales and preorders of the Neonode mobile phone incorporating the Neno user interface during the period January 1, 2000 up to and including December 10, 2002.

WEST\292978371.6

**F.**  **Communications and Licensing Concerning Plaintiff, Defendants, and/or Their Related Entities (Letter of Request, § 8(b), Item (vi))**

36.     Magnus Goertz's and/or Thomas Eriksson's knowledge regarding the July 13, 2005 Research & Development and License Agreement between Neonode Sweden AB and Samsung Electronics Co., Ltd.

37.     Communications between Magnus Goertz and/or Thomas Eriksson and Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc. concerning the Patents-in-Suit, the patent applications from which the Patents-in-Suit issued, or the Neno user interface technology.

38.     Communications or negotiations between Magnus Goertz and/or Thomas Eriksson and any of Neo5 AB, Neonode AB, Neonode Sweden AB, Neonode Inc., or Aequitas, or any affiliates thereof relating to the Patents-in-Suit.

39.     Communications between Magnus Goertz or Thomas Eriksson and any attorney representing Neonode including in-house or outside Neonode counsel.

40.     Communications between Magnus Goertz and Thomas Eriksson concerning the Patents-in-Suit, the Neno user interface technology, or development or patenting of the alleged inventions claimed in the Patents-in-Suit, including but not limited to the inventorship of the Patents-in-Suit.

41.     Any topic raised by another party during the examination of Magnus Goertz or Thomas Eriksson.

# ATTACHMENT B

## REQUEST FOR PRODUCTION OF DOCUMENTS AND PHYSICAL EVIDENCE

## DEFINITIONS

1.     The Local Rules for the United States District Court of the Western District of Texas are hereby incorporated by reference.

2.     "Neonode" means, individually and collectively, the companies named Neonode Smartphone LLC, Neo5 AB, Neonode AB, Neonode Sweden AB, Neonode Inc., and Neonode Technologies AB. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Neonode, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

3.     The "Patents-in-Suit" means U.S. Patent No. 8,095,879 and U.S. Patent No. 8,812,993.

4.     The "'879 patent" means U.S. Patent No. 8,095,879 and U.S. Patent Application No. 10/315,250.

5.     The "'993 patent" means U.S. Patent No. 8,812,993 and U.S. Patent Application No. 10/315,250.

6.     "Aequitas" means Aequitas Technologies LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Neonode, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

7.      "Prior Art" means all publications, patents, physical devices, prototypes, public product descriptions, or products concerning the subject matter of the Patents-in-Suit existing and publicly available prior to December 10, 2002.

8.      "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity, including governmental bodies and agencies.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      All Documents produced or otherwise provided by Magnus Goertz and Thomas Eriksson to Neonode's legal counsel.

2.      A copy of Mr. Goertz's most recent resume and/or curriculum vitae, and a copy of Mr. Eriksson's most recent resume and/or curriculum vitae.

3.      The purchase orders, vendor invoices, statements of work, and commercial contracts generated by or provided to Magnus Goertz and/or Thomas Eriksson relating to the Neonode mobile phone incorporating the Neno interface before December 10, 2001.

4.      The product literature describing the Neonode mobile phone incorporating the Neno interface distributed before December 10, 2002.

5.      The Neonode mobile phone incorporating the Neno interface purportedly demonstrated at the March 2002 CeBit event in Germany.

6.      The Neonode mobile phone incorporating the Neno interface purportedly demonstrated at the December 2002 Stockholm press conference.

7.      Communications before December 10, 2001 between Magnus Goertz or Thomas Eriksson relating to the Neonode mobile phone incorporating the Neno interface or implementation of the alleged inventions claimed in the Patents-in-Suit.

2

8.      All Documents and communications related to the preparation, submission, and prosecution of the applications for the Patents-in-Suit.

9.      All Prior Art of which Magnus Goertz or Thomas Eriksson are or were aware that relates to the general subject matter of any claim of the Patents-in-Suit, including all Documents or events whether or not it was deemed prior art at the time.

10.     All Documents and/or communications regarding any advantages or disadvantages, problems, features, or improvements over the prior art of any invention claimed in the Patents-in-Suit.

11.     All Documents and/or communications regarding the use, display, sales, offers for sale, or making available to the public, the Neonode mobile phone incorporating the Neno interface prior to December 10, 2002.

12.     All Documents and communications related to efforts by Mr. Goertz or Mr. Eriksson, or on their behalf, to commercialize any of the inventions of the Patents-in-Suit.

13.     Communications between Mr. Goertz or Mr. Eriksson and Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc. concerning the '879 Patent, the '993 Patent, or the Neno user interface technology.

14.     Communications between Mr. Goertz or Mr. Eriksson and any attorney representing Neonode or Aequitas including in-house or outside Neonode counsel.

15.     Communications between Magnus Goertz and Thomas Eriksson concerning the Patents-in-Suit or the Neno user interface technology.

16.     Documents sufficient to show the creation or registration of any legal business entities by or for Magnus Goertz or Thomas Eriksson in connection with their efforts to develop

3

or commercialize the Neonode mobile phone incorporating the Neno interface, including Neo5 AB, Neonode AB, Neonode Sweden AB, and Neonode Inc.

17.     All Documents and Communications between Magnus Goertz and/or Thomas Eriksson and any other Person, including, without limitation, Neonode Smartphone or its attorneys, Neonode Inc. or its attorneys, or Aequitas or its attorneys, that refer or relate to any compensation, both monetary and nonmonetary, that Magnus Goertz, Thomas Eriksson, Neonode Inc., or any other Person paid or received in connection with the invention, assignment, license, sale, or transfer of any rights in or to the Patents-in-Suit.

18.     Documents provided to all other parties related to the current litigation.

WEST\292978371.6