

**Government Offices of Sweden**

**RECEIVED**
April 05, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____ lad _____
DEPUTY

05 April 2022
JuBC2021/00287

**Ministry of Justice Sweden**
Division for Criminal Cases and
International Judicial Co-operation
Central Authority
Desk Officer Sofia Börjesson (Ms.)
Phone: +46-8-405 50 65
E-mail: sofia.borjesson@gov.se

United States District Court for the
Western District of Texas
Waco Division
800 Franklin Avenue, Room 301
Waco, Texas 76701
United States of America

copy to:
TXWDml_LawClerks_JudgeAlbright@t
xwd.uscourts.gov

## Request for legal assistance in a civil matter

Dear Madam/Sir,

With reference to your request in Civil action No. 6:20-cv-00507-ADA and
Civil action 6:20-cv-00505-ADA, the Ministry of Justice hereby has the
honour to forward the attached letter from Stockholm District Court.

Yours faithfully,

Sofia Börjesson

Telephone: +46 8 405 10 00
Fax: +46 8 20 27 34
Web: www.regeringen.se

Postal address: SE 103 33 Stockholm
Visitors' address: Jakobsgatan 24
Email: ju.birs@gov.se



 STOCKHOLMS TINGSRÄTT
*STOCKHOLM DISTRICT COURT*      2022-03-31
Avdelning 4
*(Department 4)*

Aktbilaga 3
*(File appendix 3)*
Mål nr T 4313-22
*(Case no. T 4313-22)*

The Honorable Judge Alan D Albright *through*
United States District Court for the
Western District of Texas
Waco Division
800 Franklin Avenue
Waco, Texas 76701
U.S.A.

Justitiedepartementet
Enheten för brottmålsärenden
och internationellt rättsligt
samarbete
BIRS
103 33 Stockholm

*Your case numbers*
*6:20-cv-00505-ADA*
*6:20-cv-00507-ADA*

**Dear Judge Alan D Albright,**

In may 2021, Stockholm District Court ("the District Court") received, through the
Ministry of Justice, the following letters of request for international judicial assistance
from United States District Court for the Western District of Texas ("the Requesting
Court"):

- Request from Neonode Smartphone LLC (related to Civil Action No 6:20- cv-
  00505-ADA)
- Request from Apple Inc. (related to Civil Action No 6:20-cv-00505-ADA)
- Request from Samsung Electronics Co. Ltd and Samsung Electronics America,
  Inc. (related to Civil Action No. 6:20-cv-00507-ADA)

By decision of 22 December 2021, Stockholm District Court rejected the Requesting
Court`s request for international judicial assistance in its entirety. After Neonode
Smartphone LLC ("Neonode") appealed the District Court's decision through its Swedish
representatives, Svea Court of Appeal annulled the District Court's decision in so far as it
concerned the evidence requested by Neonode and referred the case in this part back to
the District Court (see Svea Court of Appeal's decision of 4 March 2022 in case no. Ö
703-22 in file appendix 1).

The District Court currently only handle the request for international judicial assistance so
far as it concerns the evidence requested by Neonode. The District Court has begun to
process the request in that part in the most urgent way possible and is aiming to obtain
the written and oral evidence within a short time (see Stockholm District Court's decision
of 29 March 2022 in case no. T 4313-22 in file appendix 2).

For the reasons mentioned above, the District Court is not able to handle the request
when it comes to the evidence requested by Apple Inc. ("Apple") and Samsung

Sida 1 (av 2)

| **Besöksadress** | **Öppettider** | **Postadress** | **E-post** |
|---|---|---|---|
| Scheelegatan 7 | måndag–fredag | Box 8307 | stockholms.tingsratt.avdelning4@dom.se |
| **Telefon** | 08:00–16:00 | 104 20 Stockholm | **Webbplats** |
| 08-561 654 10 | | | www.stockholmstingsratt.se |

Dok.Id 2523585

STOCKHOLMS TINGSRÄTT
STOCKHOLM DISTRICT COURT

Mål T 4313-22
*(Case no. T 4313-22)*

Electronics Co. Ltd and Samsung Electronics America Inc. ("Samsung Electronics" and "Samsung Electronics America"). For the District Court to do so the Requesting Court must make a request about this to the District Court. In the case the Requesting Court wish to make such a request, the request can be done in the simplest possible way (e-mail or letter in English), that is, no further documents are required for the District Court to start to process the request regarding the parts that concerns the evidence requested by Apple and Samsung Electronics/Samsung Electronics America.

The District Court is looking forward to hearing from you.

Sincerely,

Jakob Hedenmo, Senior Judge



Contact person: Johan Mattsson, Drafting Lawyer
+ 468 561 65 435 | johan.mattsson@dom.se

Attached appendices: file no 1-2

*The appendices are in Swedish.*

Sid 1 (4)



SVEA HOVRÄTT
Avdelning 02
Rotel 020110

**PROTOKOLL**
2022-03-04
Föredragning i
Stockholm

Aktbilaga 9
Mål nr Ö 703-22

STOCKHOLMS TINGSRÄTT
INKOM:   2022-03-16
MÅLNR:   T 4313-22
AKTBIL:  1

**RÄTTEN**
Hovrättsråden Ulrika Ihrfelt, Göran Söderström och Eva Edwardsson, referent

**FÖREDRAGANDE OCH PROTOKOLLFÖRARE**
Specialistföredraganden Christian Ekmer

**KLAGANDE**
Neonode Smartphone LLC
Adress hos ombud

Ombud: Advokaterna Bengt Bolin och David Ackebo
Advokatfirman Lindahl KB
Box 5898
102 40 Stockholm

**SAKEN**
Bevisupptagning på begäran av utländsk domstol

**ÖVERKLAGAT AVGÖRANDE**
Stockholms tingsrätts beslut 2021-12-22 i mål nr T 7468-21

———————————

Den amerikanska domstolen United States District Court of Texas Waco Division (den
sökande domstolen) ansökte om rättslig hjälp enligt 1970 års Haagkonvention om
bevisupptagning i utlandet i mål och ärenden av civil eller kommersiell natur
(Haagkonventionen). Ansökan om rättslig hjälp grundar sig på framställningar från
Neonode Smartphone LLC (Neonode), Samsung Electronics Co Ltd. och Apple Inc.
(Apple). Neonodes framställan avser förhör med Thomas Eriksson och Magnus Goertz
samt en begäran om att Magnus Goertz ska föreläggas att förete vissa handlingar.

Tingsrätten avslog ansökan. I skälen angav tingsrätten att det inte var tillräckligt
tydligt vilka konkreta omständigheter som bevisupptagningen avsåg att styrka samt att
det kunde vara fråga om ett sådant "pre-trial discovery"-förfarande som är främmande
för svensk rätt.

Neonode har yrkat att hovrätten i första hand ska bifalla framställan om bevisupp-
tagning i den del som avser bevisning som efterfrågats av Neonode. I andra hand har

Dok.Id 1800545

| Postadress | Besöksadress | Telefon | Telefax | Expeditionstid |
|---|---|---|---|---|
| Box 2290 | Birger Jarls Torg 16 | 08-561 670 00 | | måndag – fredag |
| 103 17 Stockholm | | 08-561 675 00 | | 09:00–16:30 |
| | | E-post: svea.hovratt@dom.se | | |
| | | www.svea.se | | |

SVEA HOVRÄTT            **PROTOKOLL**            Sid 2
Avdelning 02                                           Ö 703-22

Neonode yrkat att hovrätten ska undanröja tingsrättens beslut i den delen och återförvisa målet till tingsrätten för erforderlig handläggning.

Neonode har i hovrätten anfört att det inte är fråga om "pre-trial discovery" i Haagkonventionens mening utan om bevisupptagning i en civilrättslig patenttvist i den sökande domstolen. Bolaget har vidare anfört att den sökande domstolen bedömt att bevisningen är relevant, att begäran om handlingar motsvarar en begäran om edition samt att vittnesförhören av praktiska skäl ska tas upp utom huvudförhandling, vilket inte på något sätt är oförenligt med svensk lag.

Efter föredragning fattar hovrätten följande

**BESLUT** (att meddelas 2022-03-16)

1. Hovrätten ger prövningstillstånd.

2. Hovrätten upphäver tingsrättens beslut såvitt avser bevisning som efterfrågats av Neonode Smartphone LLC samt återförvisar målet i denna del till tingsrätten för fortsatt handläggning.

*Skälen för beslutet*

Hovrätten konstaterar inledningsvis att tingsrättens beslut får anses ha gått Neonode emot på ett sådant sätt att bolaget har rätt att överklaga detta.

När det gäller frågan om det finns förutsättningar för den bevisupptagning som begärts för Neonodes räkning gör hovrätten följande bedömning.

Av 8 § lagen (1946:816) om bevisupptagning åt utländsk domstol framgår att en framställan enligt Haagkonventionen ska efterkommas såvida den begärda åtgärden inte är oförenlig med svensk lag och det begärda förfarandet inte heller är omöjligt att tillämpa på grund av ordningen för bevisupptagning vid svensk domstol eller i praktiken omöjlig att genomföra på ett riktigt sätt.

SVEA HOVRÄTT
Avdelning 02

**PROTOKOLL**

Sid 3
Ö 703-22

Som tingsrätten angett har Sverige i enlighet med artikel 23 i Haagkonventionen
avgivit en förklaring att Sverige inte efterkommer framställningar avseende det i
Common Law-stater tillämpade förfarandet "pre-trial discovery of documents". Som
tingsrätten också konstaterat har Sverige försett förklaringen med följande tillägg (SÖ
1980:28): Med "framställning om bevisupptagning som avser pre-trial discovery of
documents" förstås en framställning enligt vilken någon ska åläggas att (a) uppge vilka
skriftliga handlingar av betydelse för det i framställningen angivna förfarandet som
han innehar eller har innehaft, eller (b) att förete andra skriftliga handlingar som än
sådana som angetts särskilt i framställningen och som han på sannolika skäl kan antas
inneha.

Av framställan om rättslig hjälp framgår att det pågår en rättegång mellan Neonode
och Apple angående intrång i två amerikanska patent. Det anges att Thomas Eriksson
och Magnus Goertz varit delaktiga i utvecklingen av de uppfinningar som avses i
patenten och att Neonode vill påvisa bl.a. att utvecklingsarbete skett vid en tidpunkt
som medför prioritet i förhållande till mothåll som Apple åberopat till stöd för en
invändning att patenten är ogiltiga. Vidare framgår att förhören ska avse bl.a.
utvecklingsarbetet och att begäran om handlingar avser bl.a. ritningar till en prototyp
av en viss mobiltelefon.

Hovrätten konstaterar att den efterfrågade bevisningen avser att styrka konkreta
sakomständigheter i den pågående rättegången. Vad gäller begäran om handlingar är
de identifierade på ett sådant sätt som kan godtas för en begäran om edition enligt
38 kap. 2 § rättegångsbalken (se NJA 1998 s. 590). Även när det gäller vittnes-
förhören ska dessa, som framgått, avse sakomständigheter som måste antas ha
betydelse i rättegången.

Av det anförda följer att det inte föreligger något hinder mot att genomföra de
efterfrågade förhören av de skäl som tingsrätten har anfört. Vad gäller begäran om
handlingar kan framställan prövas som en begäran om edition. Det bör ankomma på
tingsrätten att göra denna prövning som första instans.

Sid 4

SVEA HOVRÄTT                    **PROTOKOLL**                    Ö 703-22
Avdelning 02

Tingsrättens beslut ska på grund av det anförda upphävas i överklagad del och målet
återförvisas till tingsrätten för fortsatt handläggning.

Beslutet under punkten 1 får inte överklagas.

**HUR MAN ÖVERKLAGAR** beslutet under punkten 2, se bilaga A

Överklagande senast 2022-04-13

Christian Ekmer

Protokollet uppvisat/

Bilaga A

**SVERIGES DOMSTOLAR**
www.domstol.se

Bilaga

# Hur man överklagar hovrättens avgörande

Den som vill överklaga hovrättens avgörande ska göra det genom att skriva till Högsta domstolen. Överklagandet ska dock skickas eller lämnas till hovrätten.

## Senaste tid för att överklaga

Överklagandet ska ha kommit in till hovrätten senast den dag som anges i slutet av hovrättens avgörande.

Beslut om häktning, restriktioner enligt 24 kap. 5 a § rättegångsbalken eller reseförbud får överklagas utan tidsbegränsning.

Om överklagandet har kommit in i rätt tid, skickar hovrätten överklagandet och alla handlingar i målet vidare till Högsta domstolen.

## Prövningstillstånd i Högsta domstolen

Det krävs prövningstillstånd för att Högsta domstolen ska pröva ett överklagande. Högsta domstolen får meddela prövningstillstånd endast om

1. det är av vikt för ledning av rättstillämpningen att överklagandet prövas av Högsta domstolen eller om

2. det finns synnerliga skäl till sådan prövning, så som att det finns grund för resning, att domvilla förekommit eller att målets utgång i hovrätten uppenbarligen beror på grovt förbiseende eller grovt misstag.

## Överklagandets innehåll

Överklagandet ska innehålla uppgifter om

1. klagandens namn, adress och telefonnummer,

2. det avgörande som överklagas (hovrättens namn och avdelning samt dag för avgörandet och målnummer),

3. den ändring i avgörandet som klaganden begär,

4. de skäl som klaganden vill ange för att avgörandet ska ändras,

5. de skäl som klaganden vill ange för att prövningstillstånd ska meddelas, samt

6. de bevis som klaganden åberopar och vad som ska bevisas med varje bevis.

## Förenklad delgivning

Om målet överklagas kan Högsta domstolen använda förenklad delgivning vid utskick av handlingar i målet, under förutsättning att mottagaren där eller i någon tidigare instans har fått information om sådan delgivning.

## Mer information

För information om rättegången i Högsta domstolen, se www.hogstadomstolen.se

Anvisning för överklagande HR, avgörande, med pt • Producerat av Domstolsverket • 2017-07

Sid 1 (4)



STOCKHOLMS TINGSRÄTT      **PROTOKOLL**              Aktbilaga 2
Avdelning 4                                2022-03-29                Mål nr
                                           Handläggning i            T 4313-22
                                           Stockholm


Handläggning i parternas utevaro

**RÄTTEN**
Rådmannen Jakob Hedenmo

**PROTOKOLLFÖRARE**
Beredningsjuristen Johan Mattsson

**PARTER**

**Sökande**
United States District Court of Texas Waco Division
800 Franklin Avenue
Waco, Texas 76701
U.S.A.

**Motparter**
1. Thomas Eriksson, 19700414-0054
Tynningövägen 32
134 92 Tynningö

2. Magnus Goertz, 19690626-0077
Valhallavägen 5
181 51 Lidingö

**SAKEN**
Bevisupptagning åt utländsk domstol; nu fråga om yttrande över begäran om edition
m.m.

———————————

Följande antecknas.


United States District Court of Texas Waco Division (den sökande domstolen) inkom i
mars 2021 med en ansökan om rättslig hjälp till Justitiedepartementet. I maj samma år
översändes ansökan till Stockholms tingsrätt för vidare handläggning och handlades
där under målnummer T 7468-21.

Dok.Id 2519700

| **Postadress** | **Besöksadress** | **Telefon** | **Telefax** | **Expeditionstid** |
|---|---|---|---|---|
| Box 8307 | Scheelegatan 7 | 08-561 654 10 | | måndag – fredag |
| 104 20 Stockholm | | E-post: | | 08:00–16:00 |
| | | stockholms.tingsratt.avdelning4@dom.se | | |
| | | www.stockholmstingsratt.se | | |

STOCKHOLMS TINGSRÄTT                    **PROTOKOLL**                    Sid 2
                                        2022-03-29                       T 4313-22

Av ansökningshandlingarna framgick bl.a. att det vid den sökande domstolen pågår dels en patenträttslig tvist mellan Neonode Smartphone LLC ("Neonode") och Apple Inc. ("Apple"), dels en patenträttslig tvist mellan Neonode och Samsung Electronics Co. Ltd. ("Samsung"). Den sökande domstolens ansökan om rättslig hjälp innehöll tre separata framställningar från dessa bolag.

Neonodes och Samsungs respektive framställan avsåg förhör med Thomas Eriksson och Magnus Goertz samt en begäran att Thomas Eriksson och Magnus Goertz skulle föreläggas att utge vissa handlingar. Apples framställan avsåg förhör med Magnus Goertz samt en begäran att Magnus Goertz skulle föreläggas att utge vissa handlingar.

Tingsrätten mottog i september 2021 en komplettering av ansökan såvitt avsåg Neonodes framställan. I kompletteringen reviderades ansökan på så sätt att det inte längre gjordes gällande att Thomas Eriksson skulle utge handlingar samt att begäran om handlingar från Magnus Goertz begränsades.

Genom beslut den 22 december 2021 avslog tingsrätten den sökande domstolens ansökan om rättslig hjälp i dess helhet. Sedan Neonode överklagat tingsrättens beslutet via sina svenska ombud upphävde hovrätten tingsrättens beslut såvitt avsåg den bevisning som efterfrågats av Neonode samt återförvisade målet i denna del till tingsrätten (Se Svea hovrätts beslut den 4 mars 2022 i mål nr Ö 703-22).

Den återförvisade delen av målet handläggs nu under förevarande målnummer **(T 4313-22)**.

Tingsrätten meddelar följande

STOCKHOLMS TINGSRÄTT  **PROTOKOLL**  Sid 3
2022-03-29  T 4313-22

### BESLUT

Den sökande domstolens ansökan om rättslig hjälp såvitt avser Neonodes framställan får – i den del som nu är av intresse – anses omfattas av de svenska reglerna om edition i 38 kap. rättegångsbalken.

Magnus Goertz föreläggs därför att senast **den 12 april 2022** yttra sig över den sökande domstolens ansökan om rättslig hjälp i ovan nämnda del. Av yttrandet ska framgå:

- Magnus Goertz inställning till att utge de handlingar som anges i bilaga 1 och 2 till detta beslut.

Magnus Goertz erinras om att Neonodes framställan har reviderats i fråga om vilka handlingar som begärs (se under rubriken *The Request for Production of Documents has been Significantly Narrowed* på s. 6 i bilaga 2 till detta beslut).

Beslutet får inte överklagas särskilt.

_____

### MÅLETS FORTSATTA HANDLÄGGNING

Tingsrätten kommer inom kort att sätta ut målet till sammanträde för bevisupptagning i syfte att ta upp de av Neonode begärda förhören med Thomas Eriksson och Magnus Goertz (se *Attachment A* i bilaga 1 till detta beslut). Vid bokningen av detta sammanträde kommer tingsrätten att ta kontakt med Neonodes, Apples och Samsungs ombud.

Tingsrätten har vidare för avsikt att efterhöra med den sökande domstolen om den påkallar ett genomförande av bevisupptagningen avseende den bevisning som efterfrågas av Apple och Samsung.

STOCKHOLMS TINGSRÄTT          **PROTOKOLL**                    Sid 4
                              2022-03-29                       T 4313-22

Johan Mattsson                              /Protokollet uppvisat

STOCKHOLMS TINGSRÄTT
Registrering och kassan

Ink   2021 -05- 0 6

Akt........T 7468-21.......

Aktbil........2........................

Bilaga 1 (1)
3 (1)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| STOCKHOLMS TINGSRÄTT |
| Avdelning 4 |
| INKOM:  2021-05-06 |
| MÅLNR:  T 7468-21 |
| AKTBIL:  2 |

NEONODE SMARTPHONE LLC,

                                    Plaintiff,

            v.

APPLE INC.,

                                    Defendant.

Civil Action No. 6:20-cv-00505-ADA

**JURY TRIAL DEMANDED**

**PLAINTIFF NEONODE SMARTPHONE LLC'S MOTION FOR ISSUANCE OF**
**LETTER OF REQUEST TO EXAMINE PERSONS, INSPECT DOCUMENTS AND**
**INSPECT PROPERTY PURSUANT TO THE HAGUE CONVENTION ON THE**
**TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

Plaintiff Neonode Smartphone LLC ("Neonode") hereby moves for issuance of a Letter of

Request for International Judicial Assistance ("Letter of Request") to compel the attendance at

deposition of, and production of documents and physical evidence by, two witnesses residing in

Sweden:  Magnus Goertz, the inventor named on the two patents in suit, and Björn Thomas

Eriksson ("Thomas Eriksson"), the co-founder (with Mr. Goertz) of the Swedish company that

developed and commercialized the technology claimed in the patents.

Neonode requests issuance of the Letter of Request pursuant to Rule 28(b) of the Federal

Rules of Civil Procedure, 28 U.S.C. § 1781, and the Hague Convention of 18 March 1970 on the

Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555,

reprinted in 28 U.S.C. § 1781 ("Hague Evidence Convention"), which is in force between the

United States and Sweden.  A proposed Letter of Request is attached hereto as Exhibit A, following

the model set out in the Hague Evidence Convention.

## MEMORANDUM OF POINTS AND AUTHORITIES

Neonode brings the present application because it believes that Magnus Goertz and Thomas Eriksson possess information relevant to this litigation involving both Apple and Samsung.[1] Mr. Goertz is the inventor of the patents at issue in this litigation – U.S. Patent Nos. 8,095,879 ("the '879 Patent") and 8,812,993 ("the '993 Patent;" collectively, "the Patents in Suit"). Mr. Goertz co-founded, with Mr. Eriksson, a company in Sweden in 2000, which was later renamed Neonode AB, to develop and commercialize a mobile phone that would integrate an innovative gestural user interface with touch screen technology. Messrs. Goertz and Eriksson referred to this user interface as the "Neno" technology, and it is the subject of the Patents in Suit. Mr. Eriksson co-founded this company with Mr. Goertz, worked with him to commercialize the technology, and presented a prototype of what later became the Neonode N1 mobile phone at a trade show in Germany in March 2002 – evidence that Mr. Goertz had conceived of and had diligently worked to reduce the patented technology to practice long before he filed the application to which the Patents in Suit claim priority, on December 10, 2002.

This evidence is relevant to the validity of the Patents in Suit. Apple alleges in its Answer that the Patents in Suit are invalid for failure to comply with the requirements of, e.g., 35 U.S.C. §§ 102 and 103. (Dkt. # 14, at 33) In addition, Apple and Samsung have petitioned the Patent Trial and Appeal Board ("PTAB") for inter parties review of the asserted claims of the Patents in Suit, alleging that they are obvious in light of a variety of references, including references claiming priority to 2001 and 2002. Neonode has reason to believe that Mr. Goertz conceived of the

---

[1] The Court has coordinated this action, Case No. 6:20-cv-00505, with Neonode Smartphone LLC's action alleging infringement of the Patents in Suit by Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc., Case No. 6:20-cv-00507. Accordingly, Neonode seeks the testimony and documents requested pursuant to the attached Letter of Request for use in both of the coordinated actions.

inventions claimed in his patents by no later than the year 2000, and diligently worked to reduce his inventions to practice thereafter, which would entitle the Patents in Suit to priority over at least two of the references relied on by defendants in their IPR petitions. *E.g., ATI Technologies ULC v. Iancu*, 920 F.3d 1362, 1369-75 (Fed. Cir. 2019).  Accordingly, evidence such as the testimony of Messrs. Goertz and Eriksson on the topics identified in Attachment A to the Letter of Request, and documents and physical evidence (i.e., prototypes of the Neonode mobile phone that were demonstrated at marketing events prior to the priority date of the Patents in Suit) concerning the development of the user interface of the Neonode mobile phone and their work on commercializing the phone as specified in Attachment B to the Letter of Request, is relevant to the validity of the Patents in Suit.

In addition, Neonode believes that Mr. Goertz and Mr. Eriksson possess knowledge pertinent to secondary considerations of nonobviousness, such as the commercial success of the Neonode N1, N1m and N2 mobile phones that incorporated the patented Neno user interface, and industry praise for the patented Neno user interface.  Moreover, Mr. Goertz and Mr. Eriksson possess knowledge concerning a (now expired) license agreement that Neonode Sweden AB entered into with Samsung Electronics Co., Ltd., on or about July 13, 2005, and that Mr. Goertz signed on behalf of Neonode Sweden AB, pursuant to which Samsung was licensed under the patent application that later matured into the '879 Patent and to which the '993 Patent claims priority. (Case No. 6:20-cv-00507, Dkt. #1, ¶ 17)  Their knowledge concerning their discussions and negotiation with Samsung concerning this license of the application to which the Patents in Suit claim priority is relevant to, e.g., the value of a reasonable royalty for infringement of the patents.

3

Moreover, Mr. Eriksson was involved in discussions with Samsung and its counsel over the course of several years concerning the Neno user interface, the technology for which was asserted by Samsung against Apple's "swipe to unlock" patent in the Apple v. Samsung litigation. (Case No. 6:20-cv-00507, Dkt. #1, ¶¶ 18, 25-26) Among other things, Mr. Eriksson signed at least one affidavit and one "statement" concerning the Neno user interface technology at the request of Samsung in that litigation. Mr. Eriksson's knowledge concerning his communications with Samsung and its counsel are relevant to Samsung's knowledge of the Patents in Suit, and therefore to Samsung's potential liability for indirect infringement as well as willfulness.

Since the requested discovery is pertinent to the priority dates of the Patents in Suit, it is pertinent to the issues to be addressed in the next few months in two Petitions for Inter Partes Review, one against each of the Patents in Suit, recently filed jointly by Apple and Samsung. Sweden has filed a declaration under the Hague Evidence Convention stating that "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries will not be executed," and has clarified that such document requests include any that seek broad categorical discovery of the type common in U.S. litigation. https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=560&disp=resdn. Accordingly, it may be necessary to serially pursue multiple Letters of Request, identifying particular documents as they become known through deposition testimony. Given the likely need for multiple round trips and the importance of this evidence to the IPRs filed against the Patents in Suit, Neonode requests that the Court permit the requested discovery to go forward at this time.

Although the Court has vacated all non-venue deadlines in this action pending the resolution of Apple's motion to transfer this action to the Northern District of California, (Dkt.

4

#40) there is no reason to delay taking this discovery. The Court's OGP – Patent Case, v. 3.2, provides that "the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant. For example, if discovery outside the United States is contemplated, the Court will be inclined to allow such discovery to commence before the *Markman* hearing." This is exactly such discovery.

Accordingly, the Court should grant Neonode's motion and issue the attached Letter of Request pursuant to the Hague Convention. In the event the Court grants the instant application, Neonode requests that the Court execute the Letter of Request with the Court's signature and seal and provide an original of the executed Letter of Request to Neonode's undersigned counsel for forwarding to the appropriate authority in the Netherlands. Neonode will then transmit the executed Letter of Request to the Swedish authority for execution.

DATED: February 9, 2021

Respectfully submitted,

By: */s/ Philip Graves*

Craig D. Cherry (State Bar No. 24012419)
Email: craig@swclaw.com
Justin W. Allen (State Bar No. 24081977)
Email: justin@swclaw.com
STECKLER, WAYNE, COCHRANE
CHERRY, PLLC
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
913 Franklin Ave., Suite 201
Waco, Texas 76701
Telephone: (254) 776-3336
Facsimile: (254) 776-6823

Philip J. Graves (CA State Bar No. 153441)
Telephone: (213) 330-7147
Email: philipg@hbsslaw.com
Greer N. Shaw (CA State Bar No. 197960)
Telephone: (213) 330-7145
Email: greers@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Facsimile: (213) 330-7152

*Counsel for Plaintiff Neonode Smartphone LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

/s/ Philip Graves
Philip Graves

Betty H. Chen
Fish & Richardson PC
111 Congress Avenue, Suite 810
Austin, TX 78701
(512) 472-5070
Fax: 512/320-8935
Email: Bchen@fr.com

Benjamin C. Elacqua
Kathryn A. Quisenberry
Fish and Richardson PC
1221 McKinney Street Suite 2800
Houston, TX 77010
713-654-5300
Fax: 713-652-0109
Email: Elacqua@fr.com
Email: Quisenberry@fr.com

Jared A. Smith
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
(858) 678-5070
Fax: (878) 678-5099
Email: Jasmith@fr.com

Aamir A. Kazi
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 90309
(404) 892-5005
Fax: (404) 892-5002
Email: kazi@fr.com

*Attorneys for Defendant Apple Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>                              Plaintiff,<br><br>          v.<br><br>APPLE INC.,<br><br>                              Defendant. | Civil Action No. 6:20-cv-00505-ADA<br><br>**JURY TRIAL DEMANDED** |

**ORDER GRANTING PLAINTIFF NEONODE SMARTPHONE LLC'S MOTION FOR
ISSUANCE OF LETTER OF REQUEST TO EXAMINE PERSONS AND INSPECT
DOCUMENTS PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF
EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

Having considered Plaintiff Neonode Smartphone LLC's ("Plaintiff's") Motion for

Issuance of a Letter of Request to Examine Persons and Inspect Documents Pursuant to Hague

Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the Court

GRANTS the Motion. Accordingly, the Court will execute the submitted Request for International

Judicial Assistance with an original signature, to which the clerk will affix an original seal. The

Court will then transmit the executed Request to counsel for Plaintiff who will transmit the Request

to the appropriate authorities.

To the extent that leave is necessary, the parties are hereby granted leave to take discovery

as requested in the Letter of Request.

**IT IS SO ORDERED.**

Dated: March 9, 2021

_____
Honorable  Alan D Albright
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

NEONODE SMARTPHONE LLC,

                      Plaintiff,

          v.

APPLE INC.,

                    Defendant.

Civil Action No. 6:20-cv-00505-ADA

**JURY TRIAL DEMANDED**

**TO THE APPROPRIATE AUTHORITY IN SWEDEN:**

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE
HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE
<u>ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

The United States District Court for the Western District of Texas presents its compliments to the Ministry of Justice and has the honor of requesting its assistance in obtaining evidence for use at trial in a civil proceeding now pending before this court in the above-captioned matter.

The Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance that is requested is that the Ministry of Justice, Division for Criminal and International Judicial Cooperation, compel the testimony of and production of documents and physical evidence by the persons named below. Based on the Plaintiff's allegations and Defendant's responses, the evidence and information provided to this Court, and the information set forth in Sections 7 and 8 below, this Court finds there are sufficient grounds to obtain testimony and evidence sought through this Letter of Request, that is highly relevant to the issues in dispute.

| 1. | Sender | Office of the Clerk United States District Court for the Western District of Texas, Waco Division 800 Franklin Avenue, Room 301 Waco, Texas 76701 United States of America Phone: (254) 750-1510 |
|---|---|---|
| 2. | Central Authority of the Requested State | Division for Criminal Cases and International Judicial Co-operation Ministry of Justice SE-103 33 Stockholm, Sweden Telephone: +46 8 405 45 00 Facsimile: +46 8 405 46 76 ju.birs@gov.se |
| 3. | Persons to whom the executed request is to be returned | Philip J. Graves (CA State Bar No. 153441) HAGENS BERMAN SOBOL SHAPIRO LLP 301 North Lake Avenue, Suite 920 Pasadena, CA 91101 Telephone: (213) 330-7147 Facsimile: (213) 330-7152 Email: philipg@hbsslaw.com |

| | | **On Behalf Of:**<br><br>Office of the Clerk<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue, Room 301<br>Waco, Texas 76701<br>United States of America<br>Phone: (254) 750-1510 |
|---|---|---|
| 4. | Date by which the requesting authority requires receipt of the response to the Letter of Request: | Plaintiff requests that the requested materials be produced and the testimony be provided by April 30, 2021, because the materials and testimony are relevant to an expedited proceeding that the defendants have filed in the United States Patent and Trademark Office seeking cancellation of certain claims of the Patents in Suit (defined below). |
| In conformity with Article 3 of the Convention, the undersigned applicant, the United States District Court for the Western District of Texas, respectfully submits the following request: | | |
| 5. | a.  Requesting judicial authority (article 3, a) | United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue, Room 301<br>Waco, Texas 76701<br>United States of America<br>Phone: (254) 750-1510 |
| | b.  To the competent authority of Sweden (article 3, a) | Division for Criminal Cases and International Judicial Co-operation<br>Ministry of Justice<br>SE-103 33 Stockholm, Sweden<br>Telephone: +46 8 405 45 00<br>Facsimile: +46 8 405 46 76<br>ju.birs@gov.se |
| | c.  Name of the case and any identifying number | *Neonode Smartphone LLC v. Apple Inc.* Civil Action File Number 6:20-cv-505-ADA |
| 6. | Name and addresses of the parties and their representatives (including representatives in the requested state) | |
| | Plaintiff | Neonode Smartphone LLC<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 |
| | Representatives | Philip J. Graves (CA State Bar No. 153441)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>301 North Lake Avenue, Suite 920<br>Pasadena, CA 91101 |

| | | |
|---|---|---|
| | | Telephone: (213) 330-7147<br>Facsimile: (213) 330-7152<br>Email: philipg@hbsslaw.com<br><br>Jakob Falkman<br>Advokatfirman Hammarskiöld & Co<br>Skeppsbron 42, P.O. Box 2278,<br>103 17 Stockholm<br>Phone +46 8 578 450 26<br>Mobile +46 708 145 481<br>jakob.falkman@hammarskiold.se |
| | Defendant | Apple Inc.<br>One Infinite Loop<br>Cupertino, CA 95014 |
| | Representatives | Betty H. Chen<br>Fish & Richardson PC<br>111 Congress Avenue, Suite 810<br>Austin, TX 78701<br>Telephone: (512) 472-5070<br>Fax: (512) 320-8935<br>Email: Bchen@fr.com |
| 7. | a. Nature of the proceedings (article 3, c) | The nature of the litigation from which the Requests stem is a complaint of patent infringement involving U.S. Patent Nos. 8,095,879 and 8,812,993 ("the Patents in Suit"). |
| | b. Summary of complaint | The complaint alleges that Apple has infringed and continues to infringe the Patents in Suit by making, using, selling, offering for sale and importing into the United States iPhones and iPads (a) presenting a user interface that includes the Home Bar or Control Bar, or (b) running iOS 13 and later versions of iOS, or (c) running iOS 8 and later versions of iOS as well as a third party keyboard application offering swipe-typing functionality. Plaintiff seeks an award of damages sufficient to compensate for Apple's infringement, attorneys' fees, and additional remedies. |
| 8. | a. Evidence to be obtained or other judicial act to be performed (article 3, d) | The nature of the proceeding being requested at this time is (1) a Request to Compel Testimony from Magnus Goertz on the topics set forth in Attachment A, (2) a Request for Production of Documents and Physical Evidence by Magnus Goertz as set forth in Attachment B, (3) a Request to Compel Testimony from Björn Thomas Eriksson on the topics set forth in Attachment A; and (4) a Request for Production of Documents and Physical Evidence by Björn Thomas Eriksson as set forth in Attachment B. |

| b. Purpose of the judicial act sought | The evidence sought is requested in the interests of justice, since the testimony of Magnus Goertz and Björn Thomas Eriksson and the documents in their possession that are requested to be produced are relevant evidence for the claims by Plaintiff against Defendant. |
| --- | --- |
| | Magnus Goertz is the inventor of the patents at issue in this litigation, U.S. Patent Nos. 8,095,879 and 8,812,993 ("the Patents in Suit"). Mr. Goertz and Mr. Eriksson founded and managed several related companies in Sweden, beginning in the year 2000, to develop and commercialize a mobile phone that would integrate an innovative gestural user interface with touch screen technology. Messrs. Goertz and Eriksson referred to this user interface as the "Neno" user interface, and it is the subject of the Patents in Suit. They succeeded in developing and marketing a mobile phone under the brand "Neonode" during the 2000's, which incorporated the Neno user interface technology. By early 2002 Messrs. Goertz and Eriksson had developed a prototype of the Neonode mobile phone that incorporated the Neno user interface technology claimed by the Patents in Suit. Mr. Eriksson demonstrated the prototype, and distributed product literature describing the Neno user interface, at the March 2002 CeBit trade show in Germany. |
| | After the CeBit trade show, Messrs. Goertz and Eriksson continued their work on the Neonode mobile phone. They unveiled a more fully developed version of their phone – the Neonode N1 – at a press conference in Stockholm in December 2002. |
| | This is evidence that Mr. Goertz had conceived of and had diligently worked to reduce the patented technology to practice long before he filed the application to which the Patents in Suit claim priority, on December 10, 2002. This evidence will show that the Patents in Suit are entitled to priority over at least one of the "prior art" references that Apple contends render the Patents in Suit invalid. |
| | In more detail, Mr. Goertz and Mr. Eriksson have knowledge and documents in their possession that are relevant to material evidentiary issues in the above- |

referenced litigation, including (i) the dates on which Mr. Goertz conceived of the inventions claimed in the patents, and his efforts to diligently reduce his invention to practice; (ii) the activities of Mr. Goertz and Mr. Eriksson in connection with the March 2002 CeBit trade show in Germany, at which a prototype of a Neonode mobile phone was displayed; (iii) the activities of Messrs. Goertz and Eriksson in connection with the December 2002 press conference in Stockholm, at which a more fully developed prototype of the Neonode mobile phone was demonstrated; (iv) secondary considerations of nonobviousness tending to prove that the Patents in Suit are not invalid, such as (a) sales of the Neonode mobile phone, including the large number of pre-orders for the device, (b) industry praise for the groundbreaking Neonode mobile phone incorporating the patented technology, or (c) an unmet need in the industry for a mobile phone with the functionality of the Neno user interface; (v) communications between Mr. Goertz and Mr. Eriksson, on the one hand, and Defendant Apple, on the other, concerning the patented technology and the patents in suit, which will show that Defendant knew of the Patents in Suit yet proceeded to infringe despite this knowledge, thereby entitling Plaintiff to recover for a broader scope of infringing conduct and to greater damages; (vi) communications between Mr. Goertz and Mr. Eriksson, on the one hand, and Samsung Electronics Col, Ltd. and its affiliates, on the other, concerning the patented technology and the patents in suit, which will help to establish the value of the Patents in Suit for the purpose of determining a reasonably royalty for Defendant's infringement; (vii) the July 13, 2005 Research & Development and License Agreement between Neonode Sweden AB and Samsung Electronics Co., Ltd., which will help to establish the value of the Patents in Suit for the purpose of determining a reasonably royalty for Defendant's infringement; and (viii) the business entities that Mr. Goertz and Mr. Eriksson established to facilitate their efforts to commercialize the patented technology, and the assignments of rights in the Patents in Suit to and among those entities, which establishes the chain of title to ownership of the Patents in Suit.

| | | |
|---|---|---|
| | | Plaintiff requests that the documents be produced in their native or original format, including metadata indicating the author and dates of creation and modification, because such metadata is necessary evidence proving the identity of the author of the document and the dates the document was created and last modified.  Such evidence shows the time period in which Mr. Goertz and Mr. Eriksson developed the Neno user interface, and the Neonode mobile phone that incorporated the Neno technology claimed in the Patents in Suit.<br><br>The knowledge and information and the documents in the possession of Mr. Goertz and Mr. Eriksson are unavailable from other sources. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Magnus Goertz<br>Personal id. No. 690626-0077<br>Valhallavägen 5<br>Lidingö<br>181 32  SWEDEN<br><br>Björn Thomas Eriksson<br>Personal id. No. 700414-0054<br>Narvavägen 20<br>Stockholm<br>115 22 SWEDEN |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | See Attachment A |
| 11. | Documents or other property to be inspected (Article 3, (g)) | See Attachment B |
| 12. | Requirement that the Evidence be Given on Oath or Affirmation (Art. 3(h)) | The witnesses should be examined under oath or affirmation as permissible under Swedish law. |
| 13. | Special methods or procedure to be followed (Art. 3(i) and 9) | This Letter of Request includes the following requests:<br><br>• That this Letter of Request be granted and the evidence-taking proceeding be performed;<br>• That attorneys for the Plaintiff be permitted to ask the witness questions set forth in Attachment A including additional questions that are related to the subject matter set forth in Attachment A; |

- That representatives of the parties be permitted to examine and/or cross-examine the witness;
- That the testimony be taken remotely via video link via a videoconferencing application, and recorded;
- That the testimony shall be transcribed and recorded by whatever method is permissible under Swedish law and the transcribed testimony be returned to the representatives of the parties;
- That an authorized interpreter for each side be present for the examination who shall translate the questions and oral testimony between Swedish and English;
- That the examinations take place as soon as possible at dates and times as may be determined in accordance with Swedish law with advance notice to the parties representatives identified in Section 6 above;
- That the competent judicial authority apply the appropriate measures of compulsion if any of the witnesses fails to appear or fails to provide the requested documents; and
- That, to the extent that multiple examination dates are necessary to complete the taking of evidence sought in Attachment A, the examinations are scheduled on consecutive days or as close to each other as reasonably practicable.

In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law. To the extent any request in this section is deemed incompatible with Swedish principles of procedural law, it is to be disregarded.

Plaintiff has engaged the following counsel to assist with this process, and the relevant authorities in Sweden are authorized and requested to communicate directly with them concerning this process:

Jakob Falkman
Advokatfirman Hammarskiöld & Co
Skeppsbron 42, P.O. Box 2278,
103 17 Stockholm
Phone +46 8 578 450 26
Mobile +46 708 145 481
jakob.falkman@hammarskiold.se

8

| 14. | Request for information of time and place for the execution of the Request pursuant to Article 7 of the Convention | It is requested that United States counsel for the Plaintiff at the address set forth in paragraph 6 above, should be contacted for any information relating to the execution of this Letter of Request. |
|-----|-----|-----|
| 15. | Request for Attendance of Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request (Art. 8) | No attendance of judicial personnel is requested. |
| 16. | Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Art. 11 (b)) | The privilege or duty of the witness(es) to refuse to give evidence shall, in addition to what follows from the Swedish Procedural Code (*Rättegångsbalken*), include the right to withhold evidence if giving such evidence would (1) subject them to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between them and their respective attorneys. |
| 17. | Fees and costs (Art. 14 and 26) | Plaintiff and, if the parties jointly request the issuance of a Letter of Request, Defendant shall bear any fees and costs within the scope of Articles 14 and 26. |

DATE OF REQUEST      _March 10_, 2021

United States District Court
Western District of Texas
800 Franklin Avenue, Room 301
Waco, Texas 76701

(signature and seal)

9

# ATTACHMENT A

## REQUEST TO COMPEL TESTIMONY

### DEFINITIONS

1.      "Neonode" means, individually and collectively, the companies named Neo5 AB, Neonode AB, Neonode Sweden AB, Neonode Inc., and Neonode Technologies AB.

2.      The "Patents in Suit" means U.S. Patent No. 8,095,879 and U.S. Patent No. 8,812,993.

### INSTRUCTIONS

1.      The examination shall be conducted before a court reporter or other officer as designated or provided by the Central Authority of the Requested State.

2.      Representatives of the parties shall be permitted to examine and/or cross-examine the witness.

3.      The testimony shall be taken remotely via video link via a videoconferencing application, and recorded.

4.      The testimony shall be transcribed and recorded by whatever method is permissible under Swedish law and the transcribed testimony be returned to the representatives of the parties.

5.      An authorized interpreter for each side shall be present for the examination and shall translate the questions and oral testimony between Swedish and English.

6.      The examinations shall take place at dates and times as may be determined in accordance with Swedish law.

7.      To the extent that multiple examination dates are necessary to complete the taking of evidence sought in Attachment A, the examinations shall be scheduled on consecutive days or as close to each other as reasonably practicable.

## TOPICS OF TESTIMONY

**A.  The Development of the Patented Neno User Interface Technology (Letter of Request, § 8(b), Items (i)-(iv))**

1.  The creation, purpose, use and any other facts pertaining to the documents attached hereto as Exhibits 1-3.

2.  Magnus Goertz's invention and development of the Neno user interface during the period January 1, 2000 to and including December 10, 2002.

3.  Magnus Goertz's invention and development of the inventions claimed in the Patents in Suit during the period January 1, 2000 to and including December 10, 2002.

4.  Magnus Goertz's and Thomas Eriksson's efforts with respect to the development of the Neonode mobile phone during the period January 1, 2000 to and including December 10, 2002.

5.  The identities of, and work performed by, Neonode employees, consultants, contractors, and vendors, and others working with, for or under the direction of Mr. Goertz or Mr. Eriksson, with respect to the development of the Neonode mobile phone during the period January 1, 2000 to and including December 10, 2002.

6.  The development of a prototype of the Neonode mobile phone, during the period January 1, 2000 to and including December 10, 2002, including the prototypes demonstrated at the CeBit event in March 2002 and at the Stockholm press conference in December 2002.

7.  Work performed by the company No Picnic AB in connection with the design of the Neonode mobile phone during the period January 1, 2000 to and including December 10, 2002.

2

8.     Work performed by Note AB in connection with the development of the Neonode mobile phone, during the period January 1, 2000 to and including December 10, 2002.

9.     Mr. Goertz and Mr. Eriksson's efforts to publicize and market the Neonode mobile phone at the March 2002 CeBit event in Germany, including by handing out product literature describing the Neno user interface and by demonstration of a prototype of the Neonode mobile phone at the event.

10.    Mr. Goertz and Mr. Eriksson's efforts to publicize and market the Neonode mobile phone at the December 2002 press conference in Stockholm, Sweden, including by handing out product literature describing the Neno user interface and by demonstration of a prototype of the Neonode mobile phone at the event.

11.    Sales and pre-orders of the Neonode mobile phone incorporating the Neno user interface during the period January 1, 2002 to and including December 31, 2008.

12.    Recognition and praise, in trade journals and other publications, of the Neonode mobile phone incorporating the Neno user interface.

13.    The unmet need, prior to December 10, 2002 for a user interface with the functionality of the Neno user interface.

**B.  Damages for Infringement of the Patents in Suit (Letter of Request, § 8(b), Items (v)-(vii))**

14.    The negotiations concerning the July 13, 2005 Research & Development and License Agreement between Neonode Sweden AB and Samsung Electronics Co., Ltd.

15.    Communications between Mr. Goertz or Mr. Eriksson, on the one hand, and Apple Inc., on the other, concerning the Patents in Suit or the Neno user interface technology.

3

16.     Communications between Mr. Goertz or Mr. Eriksson, on the one hand, and Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc., on the other, concerning the Patents in Suit or the Neno user interface technology.

### C. Ownership of the Patents in Suit (Letter of Request, § 8(b), Item (viii))

17.     Business entities set up or registered by or for Magnus Goertz or Thomas Eriksson in connection with their efforts to develop, reduce to practice or commercialize the Neonode mobile phone, including Neo5 AB, Neonode AB, Neonode Sweden AB, and Neonode Inc.

18.     The corrected and uncorrected assignments of the Patents in Suit from Mr. Goertz to Neonode Sweden AB, dated on or about December 2, 2004.

19.     The assignment of rights in the Patents in Suit from Neonode Sweden AB to Neonode AB, dated on or about July 4, 2006.

20.     The assignment of rights in the Patents in Suit from Neonode AB to Neonode Inc., dated on or about December 5, 2008.

# ATTACHMENT B

## REQUEST FOR PRODUCTION OF DOCUMENTS AND PHYSICAL EVIDENCE

### DEFINITIONS

1.      "Neonode" means, individually and collectively, the companies named Neo5 AB, Neonode AB, Neonode Sweden AB, Neonode Inc., and Neonode Technologies AB.

2.      The "Patents in Suit" means U.S. Patent No. 8,095,879 and U.S. Patent No. 8,812,993.

### INSTRUCTIONS

1.      Each document requested herein is requested to be produced in its entirety and without deletion or excisions.  If the witness redacts any portion of a document, pursuant to a privilege or for any other reason, they should stamp the word "redacted" on each page of the document that has been redacted.

2.      Each document requested herein is requested to be produced in its native or original format, including metadata indicating the author and dates of creation and modification.

3.      Each document requested herein includes documents in any format, including electronic files and hard copy (such as paper).

### REQUESTS FOR PRODUCTION OF DOCUMENTS

A.   **The Development of the Patented Neno User Interface Technology (Letter of Request, § 8(b), Items (i)-(iv))**

1.      The documents attached hereto as Exhibits 1-3, in their native or original format, including metadata indicating author and dates of creation and modification.

2.      The prior and subsequent drafts, including additional "Rev." numbers, of the document attached hereto as Exhibit 3.

3.     The drawings, schematics, design documents and technical descriptions created by or provided to Mr. Goertz or Mr. Eriksson evidencing the development of the prototype of the Neonode mobile phone that was demonstrated by Thomas Eriksson at the March 2002 CeBit event in Germany.

4.     The purchase orders, vendor invoices, statements of work and commercial contracts generated by or provided to Mr. Goertz or Mr. Eriksson evidencing the development of the prototype of the Neonode mobile phone that was demonstrated by Mr. Eriksson at the March 2002 CeBit event in Germany.

5.     The product literature describing the Neonode mobile phone distributed by Mr. Eriksson at the March 2002 CeBit event in Germany.

6.     The Neonode mobile phone demonstrated at the March 2002 CeBit event in Germany.

7.     Emails between Magnus Goertz and Mr. Eriksson concerning the preparations and planning for the March 2002 CeBit event in Germany.

8.     Emails between Mr. Goertz and Mr. Eriksson concerning the development of the prototype of the Neonode mobile phone that was demonstrated by Mr. Eriksson at the March 2002 CeBit event in Germany.

9.     The drawings, schematics, design documents and technical descriptions created by or provided to Mr. Goertz or Mr. Eriksson evidencing the development of the version of the Neonode mobile phone that was demonstrated by Mr. Goertz and Mr. Eriksson at the December 2002 Stockholm press conference.

10.     The purchase orders, vendor invoices, statements of work and commercial contracts generated by or provided to Mr. Goertz or Mr. Eriksson evidencing the development of

2

the version of the Neonode mobile phone that was demonstrated by Mr. Goertz and Mr. Eriksson at the December 2002 Stockholm press conference.

11.     The product literature describing the Neonode mobile phone distributed by Mr. Goertz and Mr. Eriksson at the December 2002 Stockholm press conference.

12.     The Neonode mobile phone demonstrated at the December 2002 Stockholm press conference.

13.     Emails between Mr. Goertz and Mr. Eriksson concerning the preparations and planning for the December 2002 Stockholm press conference.

14.     Emails between Mr. Goertz and Mr. Eriksson concerning the development of the version of the Neonode mobile phone that was demonstrated by Mr. Goertz and Mr. Eriksson at the December 2002 Stockholm press conference.

3

Bilaga 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| STOCKHOLMS TINGSRÄTT Avdelning 4 |
| --- |
| INKOM: 2021-09-28 <br> MÅLNR: T 7468-21 <br> AKTBIL: 9 |

NEONODE SMARTPHONE LLC,

        Plaintiff,

    v.

APPLE INC.,

        Defendant.

Civil Action No. 6:20-cv-00505-ADA

**JURY TRIAL DEMANDED**

**AMENDED LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING
OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS, AND RESPONSE
TO THE STOCKHOLM DISTRICT COURT'S ADVISORY LETTER**

### RESPONSE TO THE STOCKHOLM DISTRICT COURT'S ADVISORY LETTER

The United States District Court for the Western District of Texas presents its compliments to the Ministry of Justice and has the honor of responding to the Advisory Letter from the Stockholm District Court dated June 30, 2021 ("the Advisory Letter"), regarding this Court's request for assistance in obtaining evidence for use at trial in the above-captioned matter.

On March 10, 2021, this Court issued a Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("the Convention"), signed by this Court and dated March 10, 2021 in a civil matter venued before it, entitled Neonode Smartphone LLC v. Apple Inc., Case No. 20-cv-005505-ADA ("the Request").

On or about June 30, 2021, this Court received the Advisory Letter, informing this Court that the Stockholm District Court's initial assessment of the Request was that it was "issued for the purpose of obtaining pre-trial discovery of documents, as defined in the Swedish Government's declaration pursuant to article 23 of the Convention."

Neonode Smartphone LLC ("Neonode"), the plaintiff in the proceedings before this Court, has provided this Court with the amendments and clarifications set forth herein concerning the document production as to which assistance is sought by this Court. This Court hereby clarifies and substantially narrows the requested scope of document production sought in the Request accordingly. Among other things, Neonode has withdrawn all requests for production of documents directed to Thomas Eriksson, and has withdrawn most of the requests for production of documents directed to Magnus Goertz and narrowed those few (three) that remain. The narrowed scope of documents sought by this Court is reflected in an Amended Request set forth below and in Attachments A and B attached hereto.

Neonode stresses the urgency of obtaining the requested testimony and documents due to the pendency of an Inter Partes Review proceeding in the United States Patent and Trademark Office to cancel the claims of the '879 and '993 patents, which has a deadline for submission of evidence obtained in Sweden of January 12, 2022. This Court respectfully asks that the Stockholm District Court handle this matter in as expeditious a fashion as possible.

This Court respectfully responds to the opportunity from the District Court of Stockholm to address the issue, as follows:

## I.   TESTIMONY

The Request and Amended Request, as indicated in Sections 8(a)(1) and (3), includes a Request to Compel Testimony from Mr. Goertz and from Mr. Eriksson, set out in Attachment B to the Request. The Advisory Letter from the District Court of Stockholm does not identify any issues with the testimony from Mr. Goertz and Mr. Eriksson in relation to pre-trial discovery of documents, or otherwise.

To clarify, the testimony requested concerning the issues referenced in Section 8(c) of the Request and Amended Request should be seen as testimony given outside of the main hearing. It is necessary due to practical problems in having and enforcing the two witnesses (Mr. Goertz and Mr. Eriksson) to appear in a court in the United States, in particular during the ongoing disruptions resulting from the COVID-19 pandemic.

The topics for as to which testimony is sought have been set out, as per Article 3(f) of the Convention, in Section 8 and Exhibit A of the Request and Amended Request. The facts and circumstances sought to be proven by the testimony sought from Mr. Goertz and Mr. Eriksson have been set out in detail in section 8(b) of the Request and Amended Request. These facts and

3

circumstances are relevant to potentially dispositive issues in the proceedings before this Court, including the validity of the patents asserted in this proceeding.

As per the final subsection of Section 8 in the Request and Amended Request, this Court has found that the information sought by the testimony of Mr. Goertz and Mr. Eriksson, such as information concerning Mr. Goertz's conception and development of the inventions claimed in the patents at issue in the proceeding before this Court, is unavailable from other sources. This Court seeks assistance compelling the testimony of Mr. Goertz and Mr. Eriksson for use at trial, and also for use at trial in the pending Inter Partes Review proceeding in the United States Patent and Trademark Office to cancel the claims of the '879 and '993 patents, which has a deadline for submission of evidence obtained in Sweden of January 12, 2022.

## II. THE PRODUCTION OF DOCUMENTS

The Request, as indicated in Sections 8(a)(2) and (4), includes a Request for Production of Documents and Physical Evidence by Mr. Goertz and Mr. Eriksson as set forth in Attachment B. The Amended Request, as indicated below, retains a Request for Production of Documents by Mr. Goertz, but withdraws the Request for Production of Documents by Mr. Eriksson.

The Convention states in Article 1 that the requesting authority by means of a Letter of Request may request the competent authority in the other state "to obtain evidence, or to perform some other judicial act". The Swedish translation of the corresponding quote says "*upptagande av bevis eller annan till rättegången hörande åtgärd*".

Article 3(d) and (g) of the Convention provides that the request shall specify "the evidence to be obtained or other judicial act to be performed" and "the documents or other property, real or personal, to be inspected". The Swedish translation of the corresponding quote says "*den åtgärd som ska vidtas*" and "*den handling eller egendom i övrigt, fast eller lös, som skall granskas*".

4

To produce a document or other physical evidence (real or personal property) within an ongoing trial are methods well within the Swedish Code of Judicial Procedure, see in particular Chapter 38 § 2 and Chapter 39 § 1 therein. Any such production outside of the main hearing is governed inter alia in Chapter 38 § 6 and Chapter 39 § 2 of the said Code.

As per the final subsection of Section 8 in the Request and Amended Request, this Court has found that the documents sought from Mr. Goertz and Mr. Eriksson, such as those evidencing Mr. Goertz's conception and development of the inventions claimed in the patents at issue in the proceeding before this Court, are unavailable from other sources.

When Sweden accepted the 1970 Hague convention, it expressly exempted "Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries". According to Swedish background legislative materials, by that Sweden meant to exclude "proceedings under which a party **before the initiation of the proceedings** may get access to documents held by the counter party"[1] (emphasis added).

This exemption could not create any problems here, since the Request and Amended Request are made within the on-going proceedings before this Court, as stated in the Request and above.

In 1980,[2] Sweden made an additional declaration to its earlier exemption and stated, as quoted in the statement from the District Court of Stockholm, that it excluded Letters of Request which require a person:

- To state what documents relevant to the proceedings to which the Letter of Request are, or have been, in his possession, custody or power, or

---

[1] Prop 197:95, mid:*e:*page 78.
[2] Swedish agreements with foreign powers, SÖ 1980:28.

- To produce any documents other than particular documents specified in the Letter of Request, which are likely to be in his possession, custody or power.

The Request and Amended Request do not, in Attachment B, require either Mr. Goertz or Mr. Eriksson to state what documents are, or have been, in their respective possession, custody or power. The first part of Sweden's 1980 exemption therefore does not preclude the Request from being granted.

### A. The Request for Production of Documents has been Significantly Narrowed

At Neonode's request, this Court hereby clarifies and narrows the requested items as indicated in Attachment B hereto, to only three items (Items 1-3). First, this Court withdraws all requests for documents addressed to Thomas Eriksson. In that regard, this Court withdraws item 8(a)(4) of the Request. Second, with respect to requests directed to Magnus Goertz, the table below outlines the changes from original Attachment B to the current Attachment B attached hereto:

| Item (Original Attachment B) | Change | New Item (Current Attachment B) |
|---|---|---|
| No. 1 | Narrowed to omit Exhibit 3. | No. 1 |
| No. 2 | Withdrawn. | |
| No. 3 | Narrowed to omit schematics and design documents, and to otherwise clarify and simplify the request. | No. 2 |
| No. 4 | Withdrawn. | |
| No. 5 | Withdrawn. | |

| No. 6 | Withdrawn. | |
|-------|------------|---|
| No. 7 | Withdrawn. | |
| No. 8 | Withdrawn. | |
| No. 9 | Narrowed to omit schematics and design documents, and to otherwise clarify and simplify the request. | No. 3 |
| No. 10 | Withdrawn. | |
| No. 11 | Withdrawn. | |
| No. 12 | Withdrawn. | |
| No. 13 | Withdrawn. | |
| No. 14 | Withdrawn. | |

### B. Particular Documents

The documents referred to in Item 1 are defined with specificity.  Exemplars of the documents sought in Item 1 are attached to this Amended Request (as Exhibits 1-2 to Attachment B).  Item 1 of Attachment B is therefore permissible under the wording of the second part of the 1980 exemption (and to the rules governing documentary evidence production in Chapter 38 of the Swedish Code of Judicial Procedure.

Guidance under Swedish law for Items 2-3 of Attachment B hereto is given in the Swedish Supreme court case NJA 1998 sid 590 (I).  In that case the Supreme Court of Sweden stated "the documents in the bank's credit file should prove that the credit was repaid at the alleged point in time", further clarified as "the credit file with content" (office translation and emphasis added).

7

The Supreme Court concluded that there should be no difficulties to determine which documents that are included in "the bank's credit file."

Based on the guidance above from the Supreme Court of Sweden, this Court hereby narrows and clarifies the scope of the requested documents so as to more plainly satisfy the requirements of Swedish law and the statements of the Supreme Court of Sweden.

The documents sought in Items 2-3 of Attachment B (revised from Item 9 of Attachment B to the original Request) are clearly specified in line with the Swedish Supreme Court case NJA 1998 sid 590. Thereby the first requirement under i) the applicable Hague Convention, as specified in the 1980 exemption, and ii) the ordinary procedural rules in Sweden concerning document production ("edition" as per Chapter 38 § 2 under the Swedish Judicial Code) are fulfilled. The additional requirements are that the evidence on issue has significance as evidence and is likely to be in the target for the request's possession, custody or power. In Attachment B, evidential themes proving the evidential significance for each evidence have been expressly set out. The significance as evidence is clear. With regard to the likelihood for possession, custody or power, the following can be said.

### C.  Likelihood of Possession

Under the Swedish Supreme Court Case NJA 2020 s 664, Section 10, it is enough for possession that a person in a physical or comparable way has access, in order for something to be in the possession, custody or power of that person. Similar access to electronic documents or information shall normally be considered possession.

Mr. Goertz certainly has possession of the documents recited in Item 1 because, per the representation of counsel for Neonode Smartphone LLC, he provided Exhibits 1-2 to a Neonode representative, indicating that they were stored on his computer. Mr. Goertz likely has the

documents recited in Items 2-3 because he has already indicated that he kept these types of documents as shown by Exhibits 1-2 of Item 1.

The Request is allowable under US law. The request should not be seen as seeking "pre-trial discovery" within the meaning of Sweden's exemption, since the proceedings have begun and are ongoing.

### D. Conclusion

As per the Swedish Code (1946:816) on evidence taking for foreign courts, § 8 section 2, any request from a foreign state court shall be accepted if the request is not incompatible with Swedish law and would not be impossible to grant due to the order for evidence taking at Swedish courts or for practical reasons impossible to carry out correctly.[3] These exemptions are not at issue for the Amended Request, as clarified in this Response.

### SUMMARY

First, this Court requests that the Stockholm District Court enforce the request for testimony contained in Attachment A to the Amended Request (duplicated in its original form as Attachment A hereto). Attachment A contains a request for testimony only. The Advisory Letter does not express any objection regarding enforceability of Attachment A.

Second, this Court requests that the Stockholm District Court enforce the requests for production of documents contained in Attachment B hereto, and as clarified and narrowed by this Court, since they are of the same kind as requests for production of documentary evidence under Swedish law (See "Edition" as per Chapter 38 § 2 (and Chapter 39 § 2) of the Swedish Code of Judicial Procedure.

---

[3] Reference also to the [illegible] page 86 and forward and 117 and forward.

### CHANGE OF SWEDISH COUNSEL

At Sections 6 and 13 of the Request, Neonode identified Swedish counsel to communicate with the Swedish authorities regarding this matter. Neonode has informed this Court that it has changed Swedish counsel. This Court hereby identifies Neonode's current Swedish counsel:

Bengt Bolin, Advokatfirman Lindahl, PO Box 1203, SE-751 42 Uppsala Sweden. E-mail address: bengt.bolin@lindahl.se, phone: +46 708 161874.

### AMENDED LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

To facilitate the review process for the Swedish authority, this Court provides below an Amended Request, including Attachments A and B and Exhibits 1-3 thereto. The Amended Request differs from the original Request only in (i) the date set forth in Section 4 for the requested testimony and production of documents, (ii) identification of Neonode's Swedish counsel in Sections 6 and 13, and (iii) withdrawal of the document production request directed to Mr. Eriksson in Section 8(a).

| 1. | Sender | Office of the Clerk<br>United States District Court for the Western District of Texas, Waco Division<br>800 Franklin Avenue, Room 301<br>Waco, Texas 76701<br>United States of America<br>Phone: (254) 750-1510 |
|---|---|---|
| 2. | Central Authority of the Requested State | Division for Criminal Cases and International Judicial Co-operation<br>Ministry of Justice<br>SE-103 33 Stockholm, Sweden<br>Telephone: +46 8 405 45 00<br>Facsimile: +46 8 405 46 76<br>Email: ju.birs@gov.se |
| 3. | Persons to whom the executed request is to be returned | Philip J. Graves (CA State Bar No. 153441)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>301 North Lake Avenue, Suite 920 |

10

| | | Pasadena, CA 91101 |
|---|---|---|
| | | Telephone: (213) 330-7147 |
| | | Facsimile: (213) 330-7152 |
| | | Email: philipg@hbsslaw.com |
| | | |
| | | **On Behalf Of:** |
| | | |
| | | Office of the Clerk |
| | | United States District Court for the Western District of Texas, Waco Division |
| | | 800 Franklin Avenue, Room 301 |
| | | Waco, Texas 76701 |
| | | United States of America |
| | | Phone: (254) 750-1510 |
| 4. | Date by which the requesting authority requires receipt of the response to the Letter of Request: | Plaintiff requests that the requested materials be produced and the testimony be provided by November 30, 2021, because the materials and testimony are relevant to an expedited proceeding that the defendants have filed in the United States Patent and Trademark Office seeking cancellation of certain claims of the Patents in Suit (defined below). |
| In conformity with Article 3 of the Convention, the undersigned applicant, the United States District Court for the Western District of Texas, respectfully submits the following request: | | |
| 5. | a.  Requesting judicial authority (article 3, a) | United States District Court for the Western District of Texas, Waco Division |
| | | 800 Franklin Avenue, Room 301 |
| | | Waco, Texas 76701 |
| | | United States of America |
| | | Phone: (254) 750-1510 |
| | b.  To the competent authority of Sweden (article 3, a) | Division for Criminal Cases and International Judicial Co-operation |
| | | Ministry of Justice |
| | | SE-103 33 Stockholm, Sweden |
| | | Telephone: +46 8 405 45 00 |
| | | Facsimile: +46 8 405 46 76 |
| | | ju.birs@gov.se |
| | c.  Name of the case and any identifying number | *Neonode Smartphone LLC v. Apple Inc.* Civil Action File Number 6:20-cv-505-ADA |
| 6. | Name and addresses of the parties and their representatives (including representatives in the requested state) | |
| | Plaintiff | Neonode Smartphone LLC |
| | | 30 N. Gould Street, Suite R |
| | | Sheridan, WY 82801 |

| | Representatives | Philip J. Graves (CA State Bar No. 153441) HAGENS BERMAN SOBOL SHAPIRO LLP 301 North Lake Avenue, Suite 920 Pasadena, CA 91101 Telephone: (213) 330-7147 Facsimile: (213) 330-7152 Email: philipg@hbsslaw.com <br><br> Bengt Bolin Advokatfirman Lindahl PO Box 1203 SE-751 42 Uppsala Sweden E-mail: bengt.bolin@lindahl.se Phone: +46 708 161874 |
| | Defendant | Apple Inc. One Infinite Loop Cupertino, CA 95014 |
| | Representatives | Betty H. Chen Fish & Richardson PC 111 Congress Avenue, Suite 810 Austin, TX 78701 Telephone: (512) 472-5070 Fax: (512) 320-8935 Email: Bchen@fr.com |
| 7. | a. Nature of the proceedings (article 3, c) | The nature of the litigation from which the Requests stem is a complaint of patent infringement involving U.S. Patent Nos. 8,095,879 and 8,812,993 ("the Patents in Suit"). |
| | b. Summary of complaint | The complaint alleges that Apple has infringed and continues to infringe the Patents in Suit by making, using, selling, offering for sale and importing into the United States iPhones and iPads (a) presenting a user interface that includes the Home Bar or Control Bar, or (b) running iOS 13 and later versions of iOS, or (c) running iOS 8 and later versions of iOS as well as a third party keyboard application offering swipe-typing functionality. Plaintiff seeks an award of damages sufficient to compensate for Apple's infringement, attorneys' fees, and additional remedies. |
| 8. | a. Evidence to be obtained or other judicial act to be performed (article 3, d) | The nature of the proceeding being requested at this time is (1) a Request to Compel Testimony from Magnus Goertz on the topics set forth in Attachment A, (2) a Request for Production of Documents and Physical Evidence by Magnus Goertz as set forth in Attachment B, and (3) a Request to Compel Testimony from Björn Thomas Eriksson on the topics set forth in |

| | | Attachment A. |
|---|---|---|
| b.  Purpose of the judicial act sought | | The evidence sought is requested in the interests of justice, since the testimony of Magnus Goertz and Björn Thomas Eriksson and the documents in their possession that are requested to be produced are relevant evidence for the claims by Plaintiff against Defendant.<br><br>Magnus Goertz is the inventor of the patents at issue in this litigation, U.S. Patent Nos. 8,095,879 and 8,812,993 ("the Patents in Suit").  Mr. Goertz and Mr. Eriksson founded and managed several related companies in Sweden, beginning in the year 2000, to develop and commercialize a mobile phone that would integrate an innovative gestural user interface with touch screen technology.  Messrs. Goertz and Eriksson referred to this user interface as the "Neno" user interface, and it is the subject of the Patents in Suit. They succeeded in developing and marketing a mobile phone under the brand "Neonode" during the 2000's, which incorporated the Neno user interface technology. By early 2002 Messrs. Goertz and Eriksson had developed a prototype of the Neonode mobile phone that incorporated the Neno user interface technology claimed by the Patents in Suit.  Mr. Eriksson demonstrated the prototype, and distributed product literature describing the Neno user interface, at the March 2002 CeBit trade show in Germany.<br><br>After the CeBit trade show, Messrs. Goertz and Eriksson continued their work on the Neonode mobile phone.  They unveiled a more fully developed version of their phone – the Neonode N1 – at a press conference in Stockholm in December 2002.<br><br>This is evidence that Mr. Goertz had conceived of and had diligently worked to reduce the patented technology to practice long before he filed the application to which the Patents in Suit claim priority, on December 10, 2002.  This evidence will show that the Patents in Suit are entitled to priority over at least one of the "prior art" references that Apple contends render the Patents in Suit invalid.<br><br>In more detail, Mr. Goertz and Mr. Eriksson have knowledge  and documents in their possession that are |

edit

relevant to material evidentiary issues in the above-referenced litigation, including (i) the dates on which Mr. Goertz conceived of the inventions claimed in the patents, and his efforts to diligently reduce his invention to practice; (ii) the activities of Mr. Goertz and Mr. Eriksson in connection with the March 2002 CeBit trade show in Germany, at which a prototype of a Neonode mobile phone was displayed; (iii) the activities of Messrs. Goertz and Eriksson in connection with the December 2002 press conference in Stockholm, at which a more fully developed prototype of the Neonode mobile phone was demonstrated; (iv) secondary considerations of nonobviousness tending to prove that the Patents in Suit are not invalid, such as (a) sales of the Neonode mobile phone, including the large number of pre-orders for the device, (b) industry praise for the groundbreaking Neonode mobile phone incorporating the patented technology, or (c) an unmet need in the industry for a mobile phone with the functionality of the Neno user interface; (v) communications between Mr. Goertz and Mr. Eriksson, on the one hand, and Defendant Apple, on the other, concerning the patented technology and the patents in suit, which will show that Defendant knew of the Patents in Suit yet proceeded to infringe despite this knowledge, thereby entitling Plaintiff to recover for a broader scope of infringing conduct and to greater damages: (vi) communications between Mr. Goertz and Mr. Eriksson, on the one hand, and Samsung Electronics Col, Ltd. and its affiliates, on the other, concerning the patented technology and the patents in suit, which will help to establish the value of the Patents in Suit for the purpose of determining a reasonably royalty for Defendant's infringement; (vii) the July 13, 2005 Research & Development and License Agreement between Neonode Sweden AB and Samsung Electronics Co., Ltd., which will help to establish the value of the Patents in Suit for the purpose of determining a reasonably royalty for Defendant's infringement; and (viii) the business entities that Mr. Goertz and Mr. Eriksson established to facilitate their efforts to commercialize the patented technology, and the assignments of rights in the Patents in Suit to and among those entities, which establishes the chain of title to ownership of the Patents in Suit.

|   |   |   |
|---|---|---|
|   |   | Plaintiff requests that the documents be produced in their native or original format, including metadata indicating the author and dates of creation and modification, because such metadata is necessary evidence proving the identity of the author of the document and the dates the document was created and last modified.  Such evidence shows the time period in which Mr. Goertz and Mr. Eriksson developed the Neno user interface, and the Neonode mobile phone that incorporated the Neno technology claimed in the Patents in Suit.<br><br>The knowledge and information and the documents in the possession of Mr. Goertz and Mr. Eriksson are unavailable from other sources. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Magnus Goertz<br>Personal id. No. 690626-0077<br>Valhallavägen 5<br>Lidingö<br>181 32  SWEDEN<br><br>Björn Thomas Eriksson<br>Personal id. No. 700414-0054<br>Narvavägen 20<br>Stockholm<br>115 22 SWEDEN |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | See Attachment A |
| 11. | Documents or other property to be inspected (Article 3, (g)) | See Attachment B |
| 12. | Requirement that the Evidence be Given on Oath or Affirmation (Art. 3(h)) | The witnesses should be examined under oath or affirmation as permissible under Swedish law. |
| 13. | Special methods or procedure to be followed (Art. 3(i) and 9) | This Letter of Request includes the following requests:<br><br>• That this Letter of Request be granted and the evidence-taking proceeding be performed;<br>• That attorneys for the Plaintiff be permitted to ask the witness questions set forth in Attachment A including additional questions that are related to the subject matter set forth in Attachment A; |

|  |  | •     That representatives of the parties be permitted to examine and/or cross-examine the witness;<br>•     That the testimony be taken remotely via video link via a videoconferencing application, and recorded;<br>•     That the testimony shall be transcribed and recorded by whatever method is permissible under Swedish law and the transcribed testimony be returned to the representatives of the parties;<br>•     That an authorized interpreter for each side be present for the examination who shall translate the questions and oral testimony between Swedish and English;<br>•     That the examinations take place as soon as possible at dates and times as may be determined in accordance with Swedish law with advance notice to the parties representatives identified in Section 6 above;<br>•     That the competent judicial authority apply the appropriate measures of compulsion if any of the witnesses fails to appear or fails to provide the requested documents; and<br>•     That, to the extent that multiple examination dates are necessary to complete the taking of evidence sought in Attachment A, the examinations are scheduled on consecutive days or as close to each other as reasonably practicable.<br><br>In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law. To the extent any request in this section is deemed incompatible with Swedish principles of procedural law, it is to be disregarded.<br><br>Plaintiff has engaged the following counsel to assist with this process, and the relevant authorities in Sweden are authorized and requested to communicate directly with them concerning this process:<br><br>Bengt Bolin<br>Advokatfirman Lindahl<br>PO Box 1203<br>SE-751 42 Uppsala Sweden<br>E-mail: bengt.bolin@lindahl.se<br>Phone: +46 708 161874 |
|--|--|--|

| 14. | Request for information of time and place for the execution of the Request pursuant to Article 7 of the Convention | It is requested that United States counsel for the Plaintiff at the address set forth in paragraph 6 above, should be contacted for any information relating to the execution of this Letter of Request. |
|---|---|---|
| 15. | Request for Attendance of Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request (Art. 8) | No attendance of judicial personnel is requested. |
| 16. | Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Art. 11 (b)) | The privilege or duty of the witness(es) to refuse to give evidence shall, in addition to what follows from the Swedish Procedural Code (*Rättegångsbalken*), include the right to withhold evidence if giving such evidence would (1) subject them to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between them and their respective attorneys. |
| 17. | Fees and costs (Art. 14 and 26) | Plaintiff and, if the parties jointly request the issuance of a Letter of Request, Defendant shall bear any fees and costs within the scope of Articles 14 and 26. |

DATE OF REQUEST

September 22, 2021

United States District Court
Western District of Texas
800 Franklin Avenue, Room 301
Waco, Texas 76701

(signature and seal)

17