**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NEONODE SMARTPHONE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 6:20-cv-00507-ADA |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD, and | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | **JURY TRIAL DEMANDED** |
| INC., | § | |
| Defendant. | § | |

**DEFENDANTS' MOTION TO STAY CASE
PENDING APPEAL OF *INTER PARTES* REVIEW FINAL WRITTEN DECISIONS**

# TABLE OF CONTENTS

**Page**

I.      PROCEDURAL AND FACTUAL BACKGROUND.........................................................2

II.     LEGAL STANDARD.................................................................................................4

III.    ARGUMENT .............................................................................................................4

      A.      The Simplification of Issues Favors a Stay.............................................5

      B.      The Stage of Proceedings Favors a Stay.................................................6

      C.      There is No Undue Prejudice to Neonode. .............................................7

IV.     CONCLUSION.........................................................................................................8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
  No. 1:20-CV-611-LY, 2022 WL 1447948 (W.D. Tex. Feb. 7, 2022)...................................7, 8

*EchoStar Techs. Corp. v. TiVo, Inc.*,
  No. 5:05-CV-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ...............................................4

*Evolutionary Intel., LLC v. Millennial Media, Inc.*,
  No. 5:13-CV-4206, 2014 WL 2738501 (N.D. Cal. June 11, 2014)...........................................4

*Express Mobile, Inc. v. Expedia, Inc., and HomeAway.com, Inc.*,
  No. 1:21-cv-1141-RP, Dkt. 81 (W.D. Tex. April 12, 2022)......................................................7

*Flash-Control LLC v. Intel Corp.*,
  No. 6:20-cv-00360-ADA, Dkt. No. 14 (W.D. Tex. Aug. 20, 2020)..........................................5

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983)................................................................................................4

*Kirsch Research and Dev., LLC v. IKO Induss., Inc.*,
  6:20-cv-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 4, 2021) ..............................4, 5, 6

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...................................4, 5, 6

*Stingray Music USA, Inc. v. Music Choice*,
  No. 2:16-CV-00586-JRG-RSP, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017)......................8

*Symantec Corp. v. Zscaler, Inc.*,
  No. 17-CV-04426-JST, 2018 WL 3539267 (N.D. Cal. July 23, 2018)....................................8

*U.S. Well Servs., Inc. v. Halliburton Co.*,
  No. 6:21-cv-367-ADA-DTG, Dkt. 285 (W.D. Tex. Jan. 24, 2023)..........................................4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014)................................................................................................8

**Other Authorities**

*Median Time to Disposition in Cases Terminated After Hearing or Submission*
  (Sept. 30, 2022)........................................................................................................................6

WEST/301622569

Samsung respectfully moves for a stay pending appeal of the Final Written Decisions of the two asserted patents in this case, one of which was found invalid by the PTAB.

Plaintiff Neonode Smartphone LLC ("Neonode") is asserting two patents: U.S. Patent Nos. 8,812,993 ("the '993 Patent") and 8,095,879 ("the '879 Patent").  On June 15, 2022, the Patent Trial and Appeal Board ("PTAB") issued a final written decision finding **all claims** of the '993 Patent unpatentable.  On December 1, 2022 and January 11, 2023, the PTAB issued final written decisions in two *inter partes* review proceedings finding that claims of the '879 patent had not been shown to be unpatentable—one petition filed by defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") and Apple Inc. and the other petition filed by non-party Google LLC.

Neonode is appealing the PTAB's decision on the '993 Patent, which expired on December 10, 2022, and Samsung is appealing the PTAB's decision on its petition regarding the '879 Patent.  Because the continued litigation of both of these patents in this Court during these appeals is a wasteful and unnecessary exercise, Samsung respectfully moves to stay this case.

The Court previously stayed this case pending IPRs in August 2021 based on agreement of the parties.  Dkt. No. 51.  A further stay of this case pending appeal would conserve judicial and party resources and give the Court clarity on what claims, if any, remain valid.  In all likelihood, the Federal Circuit will affirm the invalidity of the '993 Patent claims, and may find the claims of the related and similar '879 Patent invalid as well.  Following the Federal Circuit decisions, the Court can proceed with clarity, and continue proceedings for any claims that survive appeal.

Here, the facts supporting a stay pending appeal are compelling.  The PTAB has already found all eight claims of the '993 Patent unpatentable.  The case also is in its infancy, having

1

been previously stayed before invalidity contentions, fact discovery and claim construction.  Nor will Neonode face undue prejudice by the stay.  Rather, the requested stay will rightly conserve party and judicial resources.  Simply put, continuing litigation of Neonode's claims during appeal—including those already found unpatentable—is a wasteful exercise for all involved.

## I.       PROCEDURAL AND FACTUAL BACKGROUND

Neonode filed this lawsuit in June 2020 asserting the two patents against Samsung.  Dkt. No. 1.  On November 6, 2020, Apple Inc. ("Apple") and Samsung (collectively, "Petitioners") jointly filed IPR2021-00144 against the '879 Patent and IPR2021-00145 against the '993 Patent. On June 14, 2021, Google LLC filed IPR2021-01041 against the '879 Patent.  *See* Dkt. Nos. 62, 63.

On August 11, 2021, Neonode and Samsung filed a Stipulation to Stay Case Pending Final Written Decisions in Certain *Inter Partes* Review Proceedings.  Dkt. No. 51.  Pursuant to this filing, Neonode and Samsung stipulated to stay this case, with the exception of any work related to discovery in Sweden, pending the final written decision in IPR2021-00145 and, if rehearing was granted in IPR2021-00144, a final written decision in IPR2021-00144.  *Id.* Subsequently, the Patent Trial and Appeal Board ("PTAB") granted rehearing in IPR2021-00144.

On April 22, 2022, this Court entered an order granting the parties' stipulation and staying this case "pending the final written decision in IPR2021-00145 and, if rehearing is granted in IPR2021-00144, a final written decision in IPR2021-00144."  Dkt. No. 55.  The Court ordered that "[t]he parties shall file a joint motion to lift the stay within one week of the stay condition becoming fulfilled."  *Id.*

On June 15, 2022, the PTAB issued a final written decision in IPR2021-00145, finding that Apple and Samsung had shown that claims 1-8 of the '993 Patent are unpatentable.  Ex. A.

Neonode filed a Notice of Appeal from that decision on August 15, 2022.  IPR2021-00145, Paper No. 74.

On December 1, 2022, the PTAB issued a final written decision in IPR2021-00144, finding that "claims 1–6 and 12–17 of the '879 patent have not been shown to be unpatentable." Ex. B.  Samsung and Apple filed a Notice of Appeal from that decision on January 31, 2023. IPR2021-00144, Paper No. 61.

On December 9, 2022, the parties filed a Joint Status Report Regarding IPR Proceedings in which they informed the Court of the final written decisions issued by the PTAB.  Dkt. No. 62.  The parties also informed the Court of the second IPR filed by non-party Google LLC ("Google") against the '879 Patent, IPR2021-01041, and that a final written decision was due to be issued in that proceeding by no later than January 13, 2023.  *Id.*  The parties jointly requested that the Court extend the stay through issuance of a final written decision in IPR2021-01041.  *Id.* On January 11, 2023, the PTAB issued a final written decision in IPR2021-01041, finding that petitioner Google had failed to show that any claims of the '879 Patent are unpatentable.  Ex. C.

Because final written decisions had been issued in IPR2021-00144, IPR2021-00145, and IPR2021-01041, the Court's stay conditions being satisfied for that stay, the parties filed their Joint Motion to Lift Stay Pursuant to This Court's August 11, 2021 Order.  Dkt. No. 63. Samsung notified the Court of its intent to file this motion to continue the stay during the appeals to the Federal Circuit of the final written decisions.  *Id.*

The Court issued a Scheduling Order on January 27, 2023.  Dkt. No. 65.  The *Markman* Hearing is scheduled for June 23, 2023.  Fact discovery is not scheduled to close until January 26, 2024, and trial is not scheduled until June 28, 2024.

## II.      LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings pending *inter partes* review of a patent.  *Kirsch Research and Dev., LLC v. IKO Induss., Inc*., 6:20-cv-00317-ADA, 2021 WL 4555610, at *1 (W.D. Tex. Oct. 4, 2021).  A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues."  *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing, *inter alia, Gould v. Control Laser Corp*., 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also U.S. Well Servs., Inc. v. Halliburton Co.*, No. 6:21-cv-367-ADA-DTG, Dkt. 285 (W.D. Tex. Jan. 24, 2023) (order staying counts pending final resolution of any appeals in three IPR proceedings); *Evolutionary Intel., LLC v. Millennial Media, Inc*., No. 5:13-CV-4206, 2014 WL 2738501, at *2, *6 (N.D. Cal. June 11, 2014) (staying action in its entirety pending final exhaustion of the relevant review proceedings, including any appeals).

In determining whether a stay pending *inter partes* review of a patent-in-suit is proper, a district court will consider three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court."  *Kirsch Research*, 2021 WL 4555610, at *2.  "[C]ourts determine whether the benefits of a stay outweigh the inherent costs based on these factors."  *EchoStar Techs. Corp. v. TiVo, Inc*., No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

## III.     ARGUMENT

In this case, all factors favor a stay of all claims through the resolution of the appeals of the Final Written Decisions.

4

### A.      The Simplification of Issues Favors a Stay

The most important factor in determining whether to grant a stay is whether the

proceeding will result in simplification of issues before the Court.  *Kirsch Research*, 2021 WL

4555610, at *3.  Here, because the PTAB has determined that the asserted claims of the '993

Patent are unpatentable, the issues before the Court are likely to be simplified to a substantial

degree following appeal.  *Id*. ("It is undoubtedly true that, were the PTAB to invalidate the '482

patent via the Owens Corning IPR, and were the Federal Circuit uphold that decision on any

potential appeal, this case would be simplified."); *NFC Tech*., 2015 WL 1069111 at *4; *see also*

*Flash-Control LLC v. Intel Corp.*, No. 6:20-cv-00360-ADA, Dkt. No. 14 (W.D. Tex. Aug. 20,

2020) (motion and text order granting joint motion to stay pending appeal to Federal Circuit of

district court decision invalidating two patents from which the two asserted patents continued).

The Court will save substantial judicial and party resources if the Federal Circuit affirms the

invalidity of the '993 Patent and stays this case in the interim.

In addition, the '879 Patent is closely related to the '993 Patent.  *Compare* Dkt. No. 1-1 at

1:6-6:42 *with* Dkt. No. 1-2 at 1:15-6:49.  The '993 Patent's application is a continuation of the

'879 Patent's application, and both patents share the same specification.  There remains a

possibility that the Federal Circuit will reverse the PTAB's finding that the '879 Patent's claims

were not proven unpatentable in either or both of IPR2021-01041 and IPR2021-00144.  As such,

there is therefore a likelihood that the Federal Circuit decisions regarding these IPRs could

entirely dispose of this case.

Moreover, should the Federal Circuit affirm the PTAB's decisions, appeals of the '879

Patent decisions may also result in Federal Circuit guidance on critical claim construction issues.

*See* Ex. C at 10-11, 17-29 (noting and analyzing parties' claim construction dispute over

WEST/301622569

"gliding . . . away" claim term); Ex. B at 11 (noting parties' claim construction dispute over "gliding" claim term).  Such guidance would further conserve judicial resources.

No matter the Federal Circuit's specific decisions on appeal, it is likely the Court and parties will benefit from avoiding wasted litigation on the related patents-at-issue.  Lifting a stay following the appeals process safeguards against such waste and avoids speculation as to the Federal Circuit's rulings.  Moreover, a stay pending the Federal Circuit's decisions on these IPRs also would streamline trial.  If the Federal Circuit affirms the final written decisions, the case would proceed on a single patent as opposed to two, significantly reducing the complexity of trial.  Waiting until the appeals conclude also avoids inconsistent judgments.  Recent Federal Circuit data shows that the median time to disposition of Patent and Trademark Office appeals is 13.5 months.  Ex. D, Fed. Cir., *Median Time to Disposition in Cases Terminated After Hearing or Submission* (Sept. 30, 2022).  It is therefore likely that the Federal Circuit will issue decisions in the IPR appeals ahead of the current June 2024 trial date.

The simplification-of-issues factor—the most important factor in the Court's analysis—therefore strongly favors stay.

### B.    The Stage of Proceedings Favors a Stay

Although the simplification-of-issues factor alone "overwhelms" the remaining factors. the other two factors also favor a further stay of this case.  *Kirsch Research*, 2021 WL 4555610, at *3.  The stage of the proceedings favors a stay because fact discovery and claim construction have not even begun and trial is 17 months away.  Considerable work remains, including invalidity contentions, claim construction briefing, the Markman hearing, and then the trial itself.  As such, the bulk of the expenses of pretrial work and trial preparation has yet to occur.  *NFC Tech. LLC*, 2015 WL 1069111, at *3.

6

Indeed, this Court has stayed cases pending the outcome of IPRs in other cases that were further advanced in their schedules than this case where the parties had yet to complete a substantial amount of discovery—including depositions—and claim construction *had* been completed. *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.,* No. 1:20-CV-611-LY, 2022 WL 1447948, at \*2 (W.D. Tex. Feb. 7, 2022) (order granting motion to stay); *see also Express Mobile, Inc. v. Expedia, Inc., and HomeAway.com, Inc.*, No. 1:21-cv-1141-RP, Dkt. 81, at 3-4 (W.D. Tex. April 12, 2022) (order granting stay pending IPR where claim construction was briefed but no Markman hearing had occurred, and initial infringement and invalidity contentions were exchanged).

Samsung moved quickly in filing its IPR petitions, and did not delay in filing the present motion—it did so the week following the Court's lifting of the original stay.  Staying Neonode's claims under the presently unpatentable '993 Patent will result in substantial savings of resources for the Court and parties, and staying claims related to the '879 Patent retains the potential for further savings if the Federal Circuit deems those claims unpatentable.

### C.      There is No Undue Prejudice to Neonode.

Lastly, Neonode will not suffer any undue prejudice if this case is stayed pending appeal. Indeed, Neonode agreed to two prior stays in this litigation, and Neonode's case is based, at least in part, on claims of one patent that the PTAB has found to be not patentable.

Neonode cannot credibly claim prejudice based on a further delay of this case because it has already agreed to stay this case on two occasions.  Neonode did not oppose Samsung's first motion to stay the case pending a decision on Apple's motion to transfer (Dkt. No. 36), and later joined Samsung in the stipulation to stay the case pending final written decisions in the IPR proceedings (Dkt. No. 51).  Neonode's actions in this case belie any claims that it will be unduly prejudiced by an additional stay pending appeal of the IPRs.

Furthermore, "[a] stay will not diminish the monetary damages to which [the plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1318 (Fed. Cir. 2014). Additionally, Neonode did not move for a preliminary injunction in this case, which "weighs against prejudice because it suggests that money damages would compensate any loss." *Symantec Corp. v. Zscaler, Inc*., No. 17-CV-04426-JST, 2018 WL 3539267, at \*3 (N.D. Cal. July 23, 2018); *Stingray Music USA, Inc. v. Music Choice*, No. 2:16-CV-00586-JRG-RSP, 2017 WL 9885167, at \*2 (E.D. Tex. Dec. 12, 2017) (noting that plaintiff's failure to move for a preliminary injunction "contradicts [its] assertion it cannot wait for a decision on infringement"). Rather, Neonode is a non-practicing entity. Though it makes mention of the Neonode N1 and N2 mobile phones in its Complaint, *see, e.g.*, Dkt. No. 1 at ¶¶ 12, 20, the N1 was introduced to the market in or around July 2004. *Id.* at ¶ 20. Neonode makes no showing in its Complaint to substantiate current production or selling of relevant Neonode products, let alone products that would demonstrate competition with Samsung. The lack of competition between the parties is a further indication that Neonode would not be unduly prejudiced by a further stay. *Bell Semiconductor*, 2022 WL 1447948, at \*1-2 ("Because Bell Semic does not produce products on its patents or otherwise compete with NXP, a stay will not unduly prejudice Bell Semic's interests.").

## IV.   CONCLUSION

Samsung respectfully requests that this Court stay the case in its entirety pending resolution of any appeals of the final written decisions in IPR2021-01041, IPR2021-00144, and IPR2021-00145.

WEST/301622569

Date:  February 3, 2023

Respectfully submitted,

DLA PIPER LLP (US)

By:   */s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
303 Colorado Street, Suite 3000
Austin, TX 78701-4653
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@dlapiper.com

Mark K. Fowler *(Pro hac vice)*
Bar No. 124235
mark.fowler@dlapiper.com
Erik Fuehrer *(Pro hac vice)*
Bar No. 252578
Erik.fuehrer@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:   650.833.2000
Fax:  650.833.2001

Tiffany Miller *(Pro hac vice)*
Tiffany.miller@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Zachary Loney *(Pro hac vice)*
**DLA Piper LLP (US)**
303 Colorado St., Suite 3000
Austin, TX 78701
Tel: 512.457.7000
Zachary.loney@us.dlapiper.com

Benjamin Mueller *(Pro hac vice)*
Benjamin.mueller@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368.4000
Fax: 312.236.7516

9

*ATTORNEYS FOR SAMSUNG*
*ELECTRONICS CO. LTD. and SAMSUNG*
*ELECTRONICS AMERICA, INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above document was served on February 3, 2023 to all counsel of record via ECF.

*/s/ John M. Guaragna*
JOHN M. GUARAGNA

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Defendants' counsel met-and-conferred with Plaintiff's counsel on January 17 and 18, 2023 and Plaintiff's counsel indicated that it would oppose this Motion.

*/s/ John M. Guaragna*
JOHN M. GUARAGNA

10