**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NEONODE SMARTPHONE LLC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-cv-00507-ADA |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD. | § | JURY TRIAL DEMANDED |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| *Defendants*. | § | |

**NEONODE SMARTPHONE LLC'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING APPEAL OF *INTER PARTES* REVIEW FINAL WRITTEN DECISIONS**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

    A. Legal Standard ............................................................................................................... 2

    B. Samsung Fails to Show Good Cause to Enter Another Stay ............................................... 2

        1. Reimposition of a Stay Will Unduly Prejudice Neonode ................................................. 3

        2. The Stage of the Proceedings Does Not Favor a Stay ...................................................... 6

        3. Reimposition of a Stay Will Not be Likely to Further Simplify the Issues ..................... 8

III. CONCLUSION ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acqis, LLC v. EMC Corp.*,
  2016 WL 4250245, at *2 (D. Mass. Aug. 10, 2016)......................................................4,5,9,10

*Allvoice Developments US, LLC v. Microsoft Corp.*,
  2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010).................................................................3,6

*Anascape, Ltd. v. Microsoft Corp.*,
  475 F. Supp. 2d 612, 617 (E.D. Tex. 2007)..............................................................................6

*In re Apple Inc.*,
  979 F.3d 1332, 1337 (Fed. Cir. 2020)......................................................................................4

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
  2022 WL 1447948 (W.D. Tex. Feb. 7, 2022).........................................................................6

*Dermafocus LLC v. Ulthera, Inc.*,
  ., 2018 WL 5113960, *3 (D. Del. Oct. 19, 2018) ...................................................................5,9

*Elm 3DS Innovations, LLC v. Samsung Electronics Co., Ltd.*,
  2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018) ...................................................................5,9

*Flash-Control LLC v. Intel Corp.*,
  No. 6:20-cv-00360-ADA, Dkt. No. 14 (W.D. Tex. Aug. 20, 2020).........................................9

*Intellectual Ventures I LLC v. HCC Insurance Holdings Inc.*,
  2018 WL 11176495, at *2 (E.D. Tex. June 26, 2018)..............................................1,2,3,5,8,9

*Intellectual Ventures II LLC v. BITCO General Insurance Corp.*,
  2018 WL 9596640, at *3 (E.D. Tex. June 21, 2018)..............................................................8,9

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  2020 WL 6270776, at *4 (Oct. 26, 2020).................................................................2,4,5,9,10

*Kirsch Research and Dev., LLC v. IKO Induss., Inc.*,
  2021 WL 4555610 (W.D. Tex. Oct. 4, 2021).........................................................................9

*Milwaukee Electric Tool Corporation v. Hilti, Inc.*,
  2016 WL 7495808, at *2 (E.D. Wis. Dec. 30, 2016)..............................................................9

*Network-I Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*,
  2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015)..........................................................2,3,9

*NFC Tech. LLC v. HTC Am., Inc.*,
  2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...................................................................9

*Papst Licensing GmbH & Co., KG v. Apple, Inc.*,
  2018 WL 3656491, at *6 (Aug. 1, 2018)..........................................................................8

*Personal Audio LLC v. Google, Inc.*,
  230 F. Supp. 3d 623, 627-28 (E.D. Tex. 2017)...................................................3,5,6,9

*Ravgen, Inc. v. Lab. Corp. of America Holdings*,
  2022 WL 4240937, at *1 (W.D. Tex. Aug. 16, 2022) ........................................................2

*Realtime Data LLC v. Hewlett Packard Enterprise Co.*,
  2018 WL 3608544, at *3 (E.D. Tex. July 27, 2018)..........................................................1,5,9

*Sonrai Memory Limited v. LG Electronics Inc.*,
  2022 WL 2307475, at *2 (W.D. Tex. June 27, 2022)........................................................6,8

*Stingray Music USA, Inc. v. Music Choice*,
  2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017)...........................................................6

*Symantec Corp. v. Zscaler, Inc.*,
  2018 WL 3539267, at *3 (N.D. Cal. July 23, 2018)...........................................................6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307, 1318 (Fed. Cir. 2014)................................................................................6

*Zoll Medical Corporation v. Respironics, Inc.*,
  2015 WL 4126741, at *1, n.2 (July 8, 2015 D. Del.). .....................................................10

I.      **INTRODUCTION**

In this action, Neonode Smartphone LLC ("Neonode") sued Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") for infringing two patents, U.S. Patent No. 8,095,879 ("the '879 Patent") and U.S. Patent No. 8,812,993 ("the '993 Patent"). Samsung petitioned for *inter partes* review of both patents, after which the parties stipulated to stay the case pending resolution of those two IPRs. The Patent Trial and Appeal Board ("PTAB") subsequently found the claims of the '993 Patent unpatentable, but found that Samsung had failed to prove the claims of the '879 Patent unpatentable, in a Final Written Decision issued December 1, 2022. A few weeks later, on January 11, 2023, the PTAB found in a separate IPR filed by Google that Google had likewise failed to prove the claims of the '879 Patent unpatentable. The Court then lifted the stay in this action and entered a case management order.

Samsung now moves to reimpose a stay pending the resolution of the parties' respective appeals from the Final Written Decisions entered by the PTAB in the three IPRs. The Court should deny Samsung's motion. First, Neonode would be unduly prejudiced by the reimposition of a stay. This case has already been stayed for ***over two years***, and the stay requested by Samsung would likely result in at least an ***additional*** 15 months of delay. Courts have repeatedly recognized that additional delay resulting from a stay pending appeal has "considerable weight," even where the plaintiff does not compete with the defendant. *E.g., Intellectual Ventures I LLC v. HCC Insurance Holdings, Inc.*, 2018 WL 11176495, at *2 (E.D. Tex. June 26, 2018). This factor disfavors a stay.

Second, considerable discovery has been taken by the parties, which disfavors the reimposition of a stay. *E.g., Realtime Data LLC v. Hewlett Packard Enterprise Co.*, 2018 WL 3608544, at *3 (E.D. Tex. July 27, 2018).

1

Third, reimposition of a stay pending resolution of the appeals will not be likely to simplify the issues. Simplification has already been accomplished by the PTAB in the three IPRs filed against Neonode's patents, finding the claims of one of them unpatentable and confirming the validity of all of the claims of the other. As courts addressing this issue have concluded, the mere possibility that the Federal Circuit might reverse the PTAB's determination that the claims were not proven invalid is too speculative to support a stay. *E.g., Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015).

Accordingly, there is no good reason to impose another stay. The Court should deny Samsung's motion.

**II.    ARGUMENT**

**A.   Legal Standard**

"The party seeking a stay bears the burden of showing that a stay is appropriate." *Ravgen, Inc. v. Lab. Corp. of America Holdings*, 2022 WL 4240937, at *1 (W.D. Tex. Aug. 16, 2022) (Albright, J.) (citation omitted); *see also* Fed. R. Civ. P. 16(b)(4). The factors applicable to a stay pending appeal from an IPR final written decision are the same as those applicable to a stay pending IPR, i.e., "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court.." *Intellectual Ventures I*, 2018 WL 11176495, at *1.

**B.   Samsung Fails to Show Good Cause to Enter Another Stay**

"[T]he case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay." *IOENGINE, LLC v.*

2

*PayPal Holdings, Inc*., 2020 WL 6270776, at *4 (Oct. 26, 2020) (Bryson, J.) (collecting cases). Samsung provides no reason to depart from this caselaw here.

### 1.  Reimposition of a Stay Will Unduly Prejudice Neonode

Reimposition of a stay pending the resolution of the parties' appeals will unduly prejudice Neonode in at least two ways.  First, Neonode has an interest in the timely enforcement of its patent rights, which will be further undermined by the additional stay requested by Samsung. *Personal Audio LLC v. Google, Inc*., 230 F. Supp. 3d at 627 ("This court routinely upholds a plaintiff's interest in timely enforcement of its patent rights."); *Network-1 Security*, 2015 WL 11439060, at *3; *Intellectual Ventures I*, 2018 WL 11176495, at *3.

Samsung's requested stay would unquestionably materially impair Neonode's enforcement of its patent rights.  Samsung's own evidence indicates that the median time to disposition in Federal Circuit appeals from the Patent and Trademark Office is 15 months,[1] Dkt. 66-4, and of course there is no guarantee that the appeals at issue here would not extend longer than that. Moreover, Samsung's requested stay would encompass any appeal that Google might file from the adverse final written decision in IPR2021-01041.  The deadline for Google to file a notice of appeal in that proceeding is March 15, 2023.  So, were Samsung's stay to be entered, and assuming that the appeals lasted no longer than the median, this action would be stayed for ***more than sixteen months*** from the date of Samsung's motion.  Courts have found such a delay to disfavor a stay. *Allvoice Developments US, LLC v. Microsoft Corp*., 2010 WL 11469800, at *4 (ten months).

---

[1] Samsung represents that "[r]ecent Federal Circuit data shows that the median time to disposition of Patent and Trademark Office appeals is 13.5 months," Dkt. 66, p. 6, but this is incorrect.  Samsung's "recent" data aggregates the median time to disposition for the past ten years.  The data for the most recent fiscal year, per Samsung's own exhibit, shows a median time to disposition of 15 months.

3

The prejudice to Neonode would be compounded by the fact that it would have no definite duration. The parties' appeals to the Federal Circuit are not constrained by statutory deadlines. Also, if the Federal Circuit were to vacate one or more of the FWDs and send them back to the PTAB for further proceedings, that could result in yet more delay. This disfavors reimposition of a stay. *IOENGINE,* 2020 WL 6270776, at *7; *Acqis, LLC v. EMC Corp.*, 2016 WL 4250245, at *2 (D. Mass. Aug. 10, 2016).

Moreover, the prejudice to Neonode from such a stay would be further compounded as it would follow on two stays previously entered in this action pursuant to which this case was stayed for a total of **over 25 months**. Samsung first moved to stay this case pending resolution of Apple's motion to transfer venue in the parallel litigation against Apple, so as to keep the two coordinated cases on the same schedule. Dkt. 36. Neonode did not oppose Samsung's motion, in light of then-recent guidance from the Federal Circuit, *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020), and the Court granted the motion on December 11, 2020. Ex. 1. The Court denied Apple's transfer motion on July 19, 2021. Ex. 2.

In the meantime, the PTAB had instituted trial in IPR2021-00145, concerning the '993 Patent, and had denied institution in IPR2021-00144, concerning the '879 Patent. Shortly thereafter, Samsung moved for rehearing of the Board's denial of institution in IPR2021-00144. In light of the PTAB's decision to institute one of the IPRs, on August 11, 2021, Neonode and Samsung stipulated to a second stay pending the final written decision in IPR2021-00145 and, if rehearing were granted in IPR2021-00144, a final written decision in IPR2021-00144. Dkt. 51. At that time, a final written decision in IPR2021-00145 was scheduled for ten months later, in mid-June 2022, and that was the length of stay reasonably anticipated by Neonode. However, nearly four months later, the PTAB granted rehearing in IPR2021-00144, resetting the schedule such that

4

a final written decision would not be issued until December 2022, nearly six months after the date that Neonode initially expected the stay to conclude.

On April 11, 2022, the Court granted the stipulation. Dkt. 55. Notably, the Court added language requiring that the parties "file a joint motion to lift the stay within one week of the stay condition becoming fulfilled." Dkt. 55. The Court's added language reflects the Court's expectation, aligned with Neonode's expectation, that the stay would be lifted following the issuance of the final written decisions in the two IPRs.

So, Samsung's request for a stay would, if granted, likely result in this case having been stayed for a total of at least **_nearly 3 ½ years_**. The parties agreed to stay this case pending resolution of the two indicated IPRs. Those proceedings have now concluded. Neonode should not be forced to wait any longer to pursue its claims. *Realtime Data*, 2018 WL 3608544, at *2 (following a stay pending IPR of seventeen months, "[t]he additional prejudice that would be suffered if this case were to remain stayed on the patents that were affirmed by the PTAB in final written decisions is considerable."); *Intellectual Ventures I*, 2018 WL 11176495, at *3 (following a stay pending IPR of nineteen months, "the additional delay pending appeal is considerable and holds weight."); *Personal Audio*, 230 F. Supp. 3d at 627 ("The [previously-entered] thirteen-month stay, plus delay that will result from appeals, would unduly deprive Personal Audio of timely enforcement of its rights."); *IOENGINE,* 2020 WL 6270776, at *3, 6.

While Samsung makes much of the fact that Neonode is a non-practicing entity and does not compete with Samsung, this fact is given less weight where (as here) the PTAB has already spoken concerning the validity of the patents in suit. *Dermafocus LLC v. Ulthera, Inc.*, 2018 WL 5113960, *3 (D. Del. Oct. 19, 2018); *Acqis,* 2016 WL 4250245, at *3; *Elm 3DS Innovations, LLC v. Samsung Electronics Co., Ltd.*, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018). None of

Samsung's cited cases[2] provide useful guidance, because they address only an *initial* stay pending resolution of an IPR or Covered Business Method Patents review, not an *additional* stay for the pendency of an appeal.

In addition, a stay risks the loss of testimonial and documentary evidence potentially valuable to Neonode's case. *Personal Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 627-28 (E.D. Tex. 2017) (delay of eleven months would unduly prejudice the patentee—"[t]here is no requirement that Personal Audio allege specific instances of lost evidence."); *Allvoice Developments US, LLC v. Microsoft Corp.*, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (stay of ten months would prejudice plaintiff); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (holding that delay also risks making witnesses harder to find).

Accordingly, for multiple reasons, this factor disfavors the reimposition of a stay.

## 2. The Stage of the Proceedings Does Not Favor a Stay

"[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *Sonrai Memory Limited v. LG Electronics Inc.*, 2022 WL 2307475, at *3 (W.D. Tex. June 27, 2022) (denying motion to stay pending resolution of IPRs) (Albright, J.). Although it is true that the parties have not yet commenced claim construction briefing, there has been considerable pre-Markman discovery in this matter.

At the case management conference held in both this case and the Apple case on October 23, 2020, Samsung's counsel requested leave to commence foreign discovery prior to the opening

---

[2] *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (CBM); *Symantec Corp. v. Zscaler, Inc.*, 2018 WL 3539267, at *3 (N.D. Cal. July 23, 2018) (IPR); *Stingray Music USA, Inc. v. Music Choice*, 2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017) (IPR); *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, 2022 WL 1447948 (W.D. Tex. Feb. 7, 2022) (IPR).

6

of general fact discovery.  Graves Decl. ¶2; Ex. 3, 4:10 – 5:7.  The Court granted them leave to take foreign discovery.  Graves Decl. ¶2.; Ex. 3, 6:6-16.  Similarly, Apple's counsel asked for leave to take discovery from third party Neonode, Inc. and from the sole inventor, Magnus Goertz.  Graves Decl. ¶2.; Ex. 3, 8:15 – 9:21, 12:16 – 13:9.  The Court granted defendants leave to take this discovery as well.  Graves Decl. ¶2.; Ex. 3, 12:4-9, 18:10-21.

The parties then commenced discovery on the specified subjects.  In response to defendants' discovery requests, NNI and another third party, Soquel Group, produced 778 pages of responsive documents to Apple and Samsung in late January 2021.  Graves Decl. ¶3.  Apple and Samsung then deposed two NNI witnesses, Ulf Martensson and Joseph Shain, concerning NNI's organizational structure, assignments and licenses concerning the '993 and '879 Patents, and the like on February 2, 2021.  Graves Decl. ¶4.  These depositions were taken in both the Apple and Samsung actions, and Samsung's counsel actively participated.  Graves Decl. ¶4.

Subsequently, the parties commenced efforts to obtain discovery from Magnus Goertz, the inventor, and his then-business partner Thomas Eriksson, in Sweden.  On April 19, 2021, Samsung moved for issuance of a Letter of Request pursuant to the Hague Evidence Convention, seeking documents from and depositions of Goertz and Eriksson in Sweden.  Dkt. 45.  The Court granted Samsung's motion on April 21, 2020.  Ex. 4.  In the meantime, the Court granted similar motions that Neonode and Apple had filed in the Apple case.  Graves Decl. ¶5.

The parties then pursued discovery of Goertz and Eriksson in the Stockholm District Court, which initially rejected the parties' discovery requests.  Graves Decl. ¶6.  Neonode appealed the Stockholm District Court's ruling to the Swedish Court of Appeal, which reversed the lower court and ordered that the requested discovery be permitted.  *Id*.  Apple then sought additional discovery

from Neonode related to Goertz and Eriksson, in response to which Neonode produced an additional 1,108 pages of documents to Apple and Samsung on May 5, 2022. Graves Decl. ¶7.

Finally, the parties deposed Goertz on June 2, 2022, and Eriksson on June 3, 2022, in Stockholm, Sweden. Graves Decl. ¶8. Counsel were permitted to inquire into a broad range of topics, including the development of the technology claimed in the '879 and '993 Patents, the sales and marketing of the original N1 and N2 phones incorporating the patented technology that were sold by Neonode Sweden AB in the mid-2000s, and the license agreement for the patented technology that Samsung entered into with Neonode Sweden AB in 2005. *Id.* Samsung's counsel actively participated in these depositions. *Id.*

Accordingly, substantial discovery has already been undertaken in this case. This factor weighs against reimposition of a stay.

### 3. Reimposition of a Stay Will Not be Likely to Further Simplify the Issues

The parties agree that whether the requested stay will simplify the issues in the case "is the most important factor in the stay analysis." *Sonrai*, 2022 WL 2307475, at *3. This factor strongly disfavors reimposing a stay pending resolution of the Federal Circuit appeals.

First, Samsung argues that continued litigation concerning the '993 Patent claims would be wasteful because the Federal Circuit may affirm the PTAB's Decision finding those claims unpatentable. This concern may be addressed by severing Neonode's cause of action for infringement of the '993 Patent (Count II of the Complaint, Dkt. 1) from this case pursuant to Rule 21, and maintaining the stay in the severed case as against the '993 Patent pending resolution of Neonode's appeal of the PTAB's Judgment in IPR2021-00145. *Intellectual Ventures II LLC v. BITCO General Insurance Corp.*, 2018 WL 9596640, at *3 (E.D. Tex. June 21, 2018); *Papst Licensing GmbH & Co., KG v. Apple, Inc.*, 2018 WL 3656491, at *6 (Aug. 1, 2018); *Intellectual*

8

*Ventures I*, 2018 WL 11176495, at *3; *Realtime Data*, 2018 WL 3608544, at *4. This would resolve Samsung's concern regarding the '993 Patent claims while avoiding the prejudice that would be imposed on Neonode by a stay of its claim for infringement of the '879 Patent, the claims of which were confirmed by the PTAB. *IOENGINE,* 2020 WL 6270776, at *3 (by representing that it would proceed only on claims not found unpatentable by the PTAB, the patentee had "taken that issue [concerning claims that were found unpatentable] off the table.").

Second, Samsung asserts that there is "a possibility" that the Federal Circuit will reverse the PTAB's ruling that the '879 Patent claims were not proven unpatentable in IPR2021-00144 and IPR2021-01041. However, "the mere ***possibility***" that the Federal Circuit might reverse the PTAB's decision in those IPRs "is too speculative to be given much weight." *Dermafocus LLC v. Ulthera, Inc.*, 2018 WL 5113960, *2 (D. Del. Oct. 19, 2018) (emphasis in original); *Elm 3DS Innovations, LLC v. Samsung Electronics Co., Ltd*., 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018); *IOENGINE,* 2020 WL 6270776, at *3; *Intellectual Ventures II*, 2018 WL 9596640, at *3; *Network-1 Security*, 2015 WL 11439060, at *3; *Intellectual Ventures I*, 2018 WL 11176495, at *3; *Realtime Data*, 2018 WL 3608544, at *3; *Acqis,* 2016 WL 4250245, at *2; *Milwaukee Electric Tool Corporation v. Hilti, Inc*., 2016 WL 7495808, at *2 (E.D. Wis. Dec. 30, 2016); *Personal Audio*, 230 F. Supp. 3d at 629. None of Samsung's cases suggest otherwise.[3]

The statistics concerning Federal Circuit reversals of decisions from the U.S. Patent and Trademark Office ("USPTO") bear this out. The most recent Federal Circuit statistics concerning Appeals Filed, Terminated and Pending, for the twelve month period ending September 30, 2022,

---

[3] *Kirsch Research and Dev., LLC v. IKO Induss., Inc*., 2021 WL 4555610 (W.D. Tex. Oct. 4, 2021) and *NFC Tech. LLC v. HTC Am., Inc*., 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) both involve a stay pending IPR. *Flash-Control LLC v. Intel Corp*., No. 6:20-cv-00360-ADA, Dkt. No. 14 (W.D. Tex. Aug. 20, 2020) involved a joint motion to stay.

the Federal Circuit reversed only 10% of the matters appealed from the USPTO.  Ex. 5. Accordingly, it is exceedingly unlikely that the Federal Circuit's rulings on the appeals filed from the PTAB's judgments in IPR2021-00144 and IPR2021-01041 will effect any additional simplification of issues.  Samsung has offered no reason to believe that the Federal Circuit will treat these appeals any differently.  *IOENGINE,* 2020 WL 6270776, at *3 ("In order for a decision on appeal to end these cases altogether, the Federal Circuit would have to reverse the outcome in two separate IPR proceedings involving three separate claims. Purely as a matter of statistics, that outcome would be expected to occur no more than about six percent of the time."); *Acqis,* 2016 WL 4250245, at *2 ("historically, the Federal Circuit has rarely overturned PTAB decisions, and EMC has not offered a compelling reason why this case will be any different.").

Samsung also suggests that the Federal Circuit could provide guidance on "critical claim construction issues" related to the claims of the '879 Patent.  Dkt. 66, p. 5.  However, neither the parties nor the PTAB proposed any explicit construction of "gliding" or any other terms of the '879 Patent," Dkt. 66-3, p. 10; Dkt. 66-2, p. 11, and Samsung fails to explain why a construction of "gliding" would be material to infringement, invalidity or any other issue in this case. Moreover, if Samsung is correct that the Federal Circuit appellate rulings are likely to be issued ahead of the June 2024 trial date, then any useful claim construction guidance could be incorporated into the jury instructions in advance of trial.  *Zoll Medical Corporation v. Respironics, Inc*., 2015 WL 4126741, at *1, n.2 (July 8, 2015 D. Del.).

Accordingly, there is no plausible reason to conclude that the Federal Circuit appeals are likely to further simplify the issues.  This factor therefore disfavors reimposition of a stay.

III.  **CONCLUSION**

For the reasons set forth above, the Court should deny Samsung's motion.

Respectfully submitted,

By /s/ *Mark D. Siegmund*
Philip J. Graves *(Pro Hac Vice)*
CA State Bar No. 153441
Greer N. Shaw *(Pro Hac Vice)*
CA State Bar No. 197960
**GRAVES & SHAW LLP**
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: (213) 204-5101
Email: pgraves@gravesshaw.com
Email: gshaw@gravesshaw.com

**STECKLER WAYNE CHERRY & LOVE, PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689
**CRAIG D. CHERRY**
State Bar No. 24012419
Email: craig@swclaw.com
**MARK D. SIEGMUND**
State Bar No. 24117055
Email:  mark@swclaw.com

**COUNSEL FOR PLAINTIFF NEONODE SMARTPHONE LLC**

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this 10th day of February, 2023.

\s\ *Mark D. Siegmund*
MARK D. SIEGMUND

11