**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| NEONODE SMARTPHONE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 6:20-cv-00507-ADA |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD, and | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | **JURY TRIAL DEMANDED** |
| INC., | § | |
| Defendant. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY CASE**
**PENDING APPEAL OF *INTER PARTES* REVIEW FINAL WRITTEN DECISIONS**

In its Opposition, Neonode *agrees* with Samsung that the case would be simplified if it is stayed at least as to the '993 patent, indicating that the most practical and efficient course of action is to stay this matter in its entirety.  Dkt. No. 67 ("Opposition" or "Opp.") at 8.  As for the only other asserted patent, the '879 patent, Neonode states no legitimate reason that it will be prejudiced by a further stay of these proceedings because there is none.  Indeed, Neonode has already agreed to stay this case twice, undercutting any prejudice argument.  Dkt. No. 66 ("Motion" or "Mot.") at 7.  Neonode will not be prejudiced by a further stay of this case.

Neonode is also wrong that significant discovery has taken place.  Neonode admits that the parties have not engaged in claim construction, any general written discovery, or depositions of party witnesses given the Court's previous stay of this case.  Opp. at 6-8.  Instead, the parties have only conducted limited foreign third-party discovery.  This is far from significant discovery, especially given that fact discovery does not even open until June 2023.  Mot. at 3.

Neonode also agrees with Samsung that the most important factor in the Court's stay analysis is the simplification of the issues.  Opp. at 8.  Here, because Neonode has suggested that the Court could stay the case as to the '993 patent claims, further simplification could occur from a stay of this case pending the Federal Circuit's review of the FWDs, especially given that the patents are closely related and the IPR proceedings involve overlapping prior art.  Mot. at 5-6.

## I.    The Simplification of Issues Warrants a Stay of This Case

In agreeing that the simplification of issues factor is the most important in the Court's analysis, Neonode has already admitted that the case would be simplified by a stay of at least the '993 patent infringement count.  Neonode otherwise fails to refute that the case will likely further simplify following a stay in its entirety.

First, Neonode acknowledges the benefit of avoiding wasted concurrent litigation

pending its appeal of the PTAB's judgment on the '993 patent and the value in the PTAB simplifying issues in this litigation. Opp. at 8-9. Neonode next argues that the possibility of the Federal Circuit reversing the PTAB's '879 patent decisions is too speculative to be given much weight. *Id*. at 9. However, Neonode glosses over important facts that increase the likelihood of reversal by the Federal Circuit. For example, there are two FWDs as to the '879 patent that are likely subject to appeal, increasing the likelihood that at least one of the decisions of patentability will be reversed by the Federal Circuit. Further, here, the PTAB has already found the claims of the related '993 patent unpatentable. Mot. at 1. Neonode does not contest the similarities of the '993 and '879 patents. *Id*. at 5. Neonode's citation to *IOENGINE* regarding the likelihood of Federal Circuit reversal is also misleading. Opp. at 10. In that case, disposition of the case required the reversal of two PTAB decisions on two separate patents. Here, in contrast, there are two PTAB decisions subject to reversal on the *same* patent. *IOENGINE, LLC v. PayPal Holdings, Inc*., No. CV 18-452-WCB, 2020 WL 6270776, at *1, *3 (D. Del. Oct. 26, 2020).

Neonode also attempts to downplay the opportunity for guidance that may result from Federal Circuit review of claim construction issues regarding the appeal of the '879 patent decisions. Opp. at 10. Neonode argued in both '879 patent IPRs that the scope of the claim term "gliding" excluded a "drag" and a "flick," but Neonode now argues that construction of the term is immaterial to "infringement, invalidity or any other issue in this case." *Id.*; *see also* Mot. at 5-6. Such a dispute on claim scope is certainly material to the present action, and Neonode has acknowledged through its IPR briefing that it is material to at least invalidity.

A stay through the appeal of the '879 patent decisions would allow for the full benefit of any Federal Circuit claim construction guidance at the outset of any claim construction briefing in this case—and would avoid inconsistent rulings—rather than belatedly considering such

2

guidance in jury instructions before trial as suggested by Neonode.  Opp. at 10.  To do otherwise would create inefficiencies that would otherwise be obtained after receiving a Federal Circuit opinion as to both patents.  For example, Federal Circuit guidance on claim construction could be material to invalidity because if the Federal Circuit vacates the FWD in one or both of Samsung's IPRs, Samsung would no longer be estopped from asserting the prior art it relied upon in its IPR petitions while awaiting a decision by the PTAB on remand.  *See, e.g.*, *Gen. Access Sols., Ltd. v. Sprint Spectrum L.P.*, No. 2:20-CV-00007-RWS, 2020 WL 12572917, at *2 (E.D. Tex. Dec. 1, 2020) (holding IPR estoppel attaches only to claims subject to Final Written Decision, not claims awaiting Final Written Decision on remand).  The USPTO's Standard Operating Procedure 9 states "[t]he Board has established a goal to issue decisions on remanded cases within six months of the Board's receipt of the Federal Circuit's mandate."  Ex. A, Patent Trial and Appeal Board, *Standard Operating Procedure 9* (last visited Feb. 13, 2023). Therefore, if estimating that one or both of the'879 IPR decisions are vacated in the spring of 2024, Samsung would not be estopped under 35 U.S.C. § 315(e) from using patent and printed publication invalidity defenses and would further consider those reference in light of any claim construction guidance from the Federal Circuit.  If the case is not stayed, such a scenario would occur before trial in June 2024 and could greatly impact the case.  If the case is stayed, however, the scenario is avoided and the parties can proceed in light of any Federal Circuit guidance.

Finally, if the Court agrees with the parties that the case would be simplified by a stay of at least the '993 patent count, then it follows that the most efficient procedure for both the Court and the parties is to stay the action in its entirety.  For example, the Ren article prior art reference is at issue in both the '879 and '993 IPR proceedings.  Dkt. 66-1, 66-2.  A stay of only the '993 patent may therefore lead to inconsistent rulings between the Federal Circuit and the '879 patent

in this case.  Severing the case also creates the potential for Samsung to have to separately litigate two matters relating to the same claimed technology and same accused products, complicating the issues before the parties rather than simplifying them.  *See, e.g.*, *Thompson v. Capstone Logistics, LLC*, No. 4:15-CV-2464, 2018 WL 560407, at *6 (S.D. Tex. Jan. 25, 2018).  Retaining a single action favors judicial economy as both claims involve common questions of law and fact, and trying the two patents in one action further avoids additional party expenses.  The more efficient route is to stay the case in its entirety.  Therefore, the most important factor— simplification of issues—strongly favors stay, to which Neonode agrees at least in part.

## II.  The Early Stage of Proceedings Favors a Stay

Neonode does not dispute that the case is in its infancy, acknowledging that no claim construction briefing has occurred.  Opp. at 6.  Indeed, (i) no claim construction briefing or *Markman* hearing has taken place; (ii) fact discovery has not commenced; (iii) neither initial disclosures nor written discovery has been exchanged; and (iv) no party depositions have taken place.  Instead, Neonode clings to the fact that some foreign discovery has been taken and cites to a case that is inapposite.  *Id*. at 6-7.  The *Sonrai* case that Neonode cites in its Opposition did not concern foreign discovery—rather, this Court reasoned the case was "no longer in its early stages," including because the *Markman* hearing had occurred and fact discovery closed in three months.  *Sonrai Memory Ltd. v. LG Elecs. Inc*., No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *3 (W.D. Tex. June 27, 2022).  Neonode also cites to *Realtime Data LLC* as an alleged example supporting this factor.  Opp. at 1.  However, like *Sonrai Memory Ltd.*, *Realtime* did not concern foreign discovery, and infringement and invalidity contentions had already been served.  *Realtime Data LLC v. Hewlett Packard Enter. Co*., No. 6:16-CV-00086-RWS, 2018 WL 3608544, at *3 (E.D. Tex. July 27, 2018).  As such, this case law is inapposite.  The early stage

4

of the proceedings favors stay.

## III.   There Remains No Undue Prejudice to Neonode from a Stay

Neonode states no legitimate reason that it will be prejudiced by a further stay of these proceedings because there is none.  Neonode *admits* that it is a non-practicing entity that does not compete with Samsung.  Opp. at 5.  As stated in the case law in Samsung's motion, this indicates that Neonode would not be unduly prejudiced by a further stay.  Mot. at 8.  Further, Neonode does not deny that it has not sought an injunction in this case, another factor weighing against any alleged undue prejudice to Neonode.  *Id.*

Moreover, Neonode's previous agreements to stay this case on two occasions belie its argument now that a stay would "unquestionably materially impair" the enforcement of its patent rights, as it already agreed to stays resulting in pausing this matter for over two years.  *Id.* at 7; Opp. at 3.  Neonode cannot now credibly argue that an additional stay of approximately 13.5 months (Mot. at 6 (citing Ex. D))—a period roughly half as long as the amount of time that Plaintiff has already agreed to stay this case—would now constitute undue prejudice, especially given the potential simplification of issues that would result from a stay.  Mot. at 5-6.  As such, Neonode's claims that it has an interest in the "timely enforcement of its patent rights" despite its prior agreements ring hollow.  Opp. at 3.  Nor can Neonode claim surprise of the PTAB granting rehearing in IPR2021-00144 when the stipulation for the second stay explicitly contemplated the grant of the rehearing and stay through a FWD in that IPR, as Neonode notes.  *Id.* at 4-5.  This requested stay would not unduly prejudice Neonode.

## IV.   Conclusion

Samsung respectfully requests that this Court stay the case in its entirety pending resolution of the appeals of the FWDs in IPR2021-01041, IPR2021-00144, and IPR2021-00145.

Date:  February 17, 2023

Respectfully submitted,

DLA PIPER LLP (US)

*/s/ John M. Guaragna*

By:  John M. Guaragna
Texas Bar No 24043308
DLA PIPER LLP (US)
303 Colorado Street, Suite 3000
Austin, TX 78701-4653
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@dlapiper.com

Mark D. Fowler *(Pro hac vice)*
Bar No. 124235
mark.fowler@dlapiper.com
Erik Fuehrer *(Pro hac vice)*
Bar No. 252578
Erik.fuehrer@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:   650.833.2000
Fax:  650.833.2001

Tiffany Miller *(Pro hac vice)*
Tiffany.miller@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Zachary Loney (*Pro hac vice)*
**DLA Piper LLP (US)**
303 Colorado St., Suite 3000
Austin, TX 78701
Tel: 512.457.7000
Zachary.loney@us.dlapiper.com

Benjamin Mueller *(Pro hac vice)*
Benjamin.mueller@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368.4000
Fax: 312.236.7516

6

*ATTORNEYS FOR SAMSUNG*
*ELECTRONICS CO. LTD. and SAMSUNG*
*ELECTRONICS AMERICA, INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above document was served

on February 17, 2023 to all counsel of record via ECF.

*/s/ John M. Guaragna*
JOHN M. GUARAGNA

7