# EXHIBIT A

**PATENT TRIAL AND APPEAL BOARD**

**STANDARD OPERATING PROCEDURE 9**

**Procedure for Decisions Remanded from the Federal Circuit for Further Proceedings**

This Standard Operating Procedure (SOP) addresses the procedure for handling all decisions on cases remanded from the Court of Appeals for the Federal Circuit (Federal Circuit) to the Patent Trial and Appeal Board (Board) for further proceedings. This SOP creates internal norms for the administration of the Board to promote consistency. It also provides guidance to the parties, the public, and the Board regarding Board decisions remanded from the Federal Circuit. This SOP does not create any legally enforceable rights. The procedures described in this SOP are part of the Board's deliberative process.

The Board has established a goal to issue decisions on remanded cases within six months of the Board's receipt of the Federal Circuit's mandate. The mandate makes the judgment of the Federal Circuit final and releases jurisdiction of the remanded case to the Board.

The Chief Administrative Patent Judge (Chief Judge) and the Deputy Chief Administrative Patent Judge (Deputy Chief Judge) believe that identifying and discussing potential issues soon after the Federal Circuit's opinion will facilitate timely issuance of decisions on remand. Thus, the Chief Judge and/or the Deputy Chief Judge will discuss each remanded case with the panel before the issuance of the mandate, and before the panel expends substantial effort on the case. The Chief Judge and Deputy Chief Judge request that the panel schedule a meeting within thirty days of receiving notice of the Federal Circuit's decision.[1] The panel

---

[1] Please note that this meeting is expected to occur *before* the mandate issues from the Federal Circuit. Under Rule 41(b) of the Federal Rules of Appellate Procedure, a mandate "must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Because there is a 30-day period under Fed. Cir. R. 40(e) for filing a rehearing petition, the mandate usually issues **37 days** after judgment if no party seeks rehearing or a stay of the mandate. However, in cases in which the Director

may arrange for the meeting by contacting the Chief Judge's or Deputy Chief Judge's administrative assistant.

The Chief Judge and/or Deputy Chief Judge may assign delegate(s) to meet with the panel in lieu of, or in addition to, the Chief Judge and Deputy Chief Judge. The Chief Judge may also elect to expand the panel assigned to the remanded case in accordance with SOP 1.  The Chief Judge, however, expects panel expansion to be a rare occurrence.

Panels should be prepared to discuss the issues presented by the Federal Circuit's decision, as well as the expected procedure for preparing a remand decision.  Specific guidance for panels regarding preparing for remand meetings can be found in **Appendix 1** to this SOP.  Given the early timing of the meeting in the remand process, the meeting is not intended to address the likely substantive outcome.

The parties should expect the remand process to vary somewhat depending on the type of case and the issues presented.  **Appendix 2** to this SOP provides guidance to parties on remand procedures, plus illustrative examples from recent cases.  Notably, certain scenarios may necessitate an extension of the six-month goal for issuing a remand decision.

---

has intervened, Rule 40 of the Federal Rules of Appellate Procedure allows for 45 days for any party to petition for rehearing.  Thus, when no party petitions, the mandate will issue **52 days** after judgment in those cases.

**PATENT TRIAL AND APPEAL BOARD**

**STANDARD OPERATING PROCEDURE 9**

**APPENDIX 1**

**Guidance for Panels in Preparing for Remand Meetings with the Chief Judge and/or Deputy Chief Judge**

This Appendix to SOP 9 provides guidance to panels in preparing for the remand meetings discussed in SOP 9.  The Chief Judge and Deputy Chief Judge expect that a remand meeting will occur in every remanded case.  As noted in SOP 9, the Chief Judge or Deputy Chief Judge may assign delegate(s) to meet with the panel in lieu of, or in addition to, the Chief Judge and Deputy Chief Judge. The Chief Judge also may elect to expand the panel assigned to the remanded case for the specific reasons articulated in SOP 1 (e.g., to address an issue of importance).

The topics to be discussed at a remand meeting depend on the facts and circumstances of each case.  In preparing for the meeting the panel should consider the following general topics, if relevant to their particular remand.  The panel is welcome—although not required—to provide to the meeting participants a short (e.g., not to exceed two pages), informal summary addressing these and/or other issues in advance of the meeting.  The likely substantive outcome need not be determined or discussed at this early stage.

**Potential Topics for Remand Meetings**

The **procedural history**, including the procedural history prior to the appeal to Federal Circuit, as well as the outcome and rationale of the Federal Circuit decision, as well as the procedural history of any related appeals.

The **issues on remand**, including any specific procedural instructions from the Federal Circuit and the substantive issues the panel may need to address.

Any contemplated **procedures for the proceedings on remand**, including whether the panel anticipates additional briefing from the parties, an additional oral hearing, and/or reopening the record to permit introduction of additional evidence.

The panel should consider whether to recommend that the Chief Judge expand the panel, taking into account the factors expressed in SOP 1.

Any possible **policy considerations**, including whether the Federal Circuit's decision highlights any novel, evolving, or contentious issues of law or policy (i.e., issues not limited to the particular case) or raises any issues of particular importance to the Office or the patent community.  The panel should contemplate whether a decision on remand, which involves such an issue, might be considered for precedential designation.

**PATENT TRIAL AND APPEAL BOARD**

**STANDARD OPERATING PROCEDURE 9**

**APPENDIX 2**

**Guidance for Parties Regarding Remand Procedures**

This Appendix to SOP 9 provides guidance to the parties on procedural issues.  The procedure and pace of a remand following a Federal Circuit decision will vary depending on the type of case, the legal and factual issues involved, the specific instructions from the Federal Circuit, the recommendations of the parties, and any other particularities of the case.  Considerations guiding remand procedures and common remand scenarios based on a non-exhaustive sample of remanded cases are discussed below.

Parties in remanded **trial cases** are to contact the Board within **ten (10)** business days after the mandate issues to arrange a teleconference with the panel. Before the teleconference, the Parties shall meet and confer in a reasonable and good faith attempt to propose a procedure on remand.  Parties are encouraged to seek agreement, if possible, on remand procedures including, but not limited to: (1) whether additional briefing is necessary; (2) subject matter limitations on briefing; (3) length of briefing; (4) whether the parties should file briefs concurrently or sequentially; (5) if briefs are filed sequentially, which party should open the briefing; (6) whether a second brief from either party should be permitted; (7) the briefing schedule; (8) whether either party should be permitted to supplement the evidentiary record; (9) limitations, if any, on the type of additional evidence that will be submitted; (10) the schedule for submitting additional evidence, if any; and (11) any other relevant procedural issues.  Teleconferences with the panel should take place within the first month after the mandate.

**Considerations Guiding Remand Procedures in Trials**

Although the panel shall consider procedures proposed by the parties, the panel ultimately will decide the procedures to be followed on remand.  For example, the panel will decide whether to permit additional briefing and additional evidence (testimonial and documentary) or hold additional hearings following a remand.

5

The panel will consider the scope of the remand, as determined from the reasoning and instructions provided by the Federal Circuit, as well as "the effect . . . on the economy, the integrity of the patent system, the efficient administration of the Office, and the ability of the Office to timely complete proceedings." *See* 35 U.S.C. §§ 316(b), 326(b) (setting forth considerations for prescribing regulations under the AIA). Although no statutory time limit exists for completion of a re-opened proceeding following remand, the Board recognizes that delays caused by re-opening the record after remand may be inconsistent with the Board's stated goal of issuing a remand decision within 6 months from the mandate. The panel also will consider the time and expense involved that permitting additional briefing and new evidence will add to the proceeding. This approach is consistent with the expression of Board policy in 37 C.F.R. § 42.1(b): "This part shall be construed to secure the just, speedy, and inexpensive resolution of every proceeding."

*Additional briefing*

In deciding whether to allow additional briefing by the parties, the panel will take into account whether the parties already have had an adequate opportunity to address the issues raised by the remand. For example, a new or revised claim construction not previously considered may lead the panel to seek additional briefing from the parties. *See Microsoft Corp. v. Proxyconn, Inc.*, Case No. IPR2012-00026 (Paper 77) (PTAB Sept. 1, 2015). A change in the law usually would justify additional briefing to ensure that the parties' positions under the changed authority are presented and considered. Additional briefing, when permitted, will normally be limited to the specific issues raised by the remand. *See Proxyconn*, *supra*; *see also Dell Inc., v. Acceleron, LLC*, Case No. IPR2013-00440 (Paper 46) (PTAB May 26, 2016).

*Additional evidence*

In most cases, it will not be necessary to re-open the evidentiary record to new testimonial or documentary evidence. A party seeking to re-open the evidentiary record should be prepared to demonstrate why the evidence already before the Board is inadequate and show good cause why additional evidence is necessary. The panel will take into account whether the parties have already had

6

an adequate opportunity to address the issues raised by the remand with the evidence already of record.  The panel will also consider whether additional briefing is sufficient without the submission of additional evidence.

The panel will also consider how much additional time will be necessary to develop a new evidentiary record.  For example, opening the record to new documentary evidence may require additional briefing to establish a proper foundation for the evidence and resolve any objections.  *See SAS Inst., Inc. v. ComplementSoft, LLC*, Case No. IPR2013-00226 (Paper 55) (PTAB Jan. 18, 2017).  The Board's discovery rules govern testimonial evidence and cross-examination.  *See id.*

*Additional Oral Argument*

In most cases, an additional oral hearing will not be authorized.  Normally, the existing record and previous oral argument will be sufficient.  However, in those situations where new evidence is permitted, the panel may authorize additional oral argument.

7

*Default Trial Procedures for Common Remand Scenarios\**

The chart below reflects the likelihood of the Board permitting additional briefing, evidence, or oral argument for various types of issues addressed on remand.  The circumstances of any particular case may justify different outcomes.

| Remand Scenario | Additional Briefing | Additional Evidence | Oral Argument |
|---|---|---|---|
| Erroneous Claim Interpretation | Yes, unless the claim interpretation to be applied on remand was proposed by one of the parties and the effect thereof has been fully briefed | No, unless evidence of record is insufficient to afford due process | No |
| Failure to Consider the Evidence | Yes, unless the evidence was fully briefed on the record | No | No |
| Inadequate Explanation by the Board | No, unless the briefing on the issues is inadequate for the Board to have made a decision in the first instance | No | No |
| Erroneous Application of Law | Yes, unless the law was fully briefed on the record but not reflected in Board decision | No | No |
| Lack of Due Process/Denial of APA rights | Yes | Yes, for parties whose rights have been violated, unless additional briefing on evidence of record is sufficient to afford due process | Yes, if necessary to afford due process |
| Improper Consideration of the Arguments | Yes, unless argument is fully briefed in the record | No | No |

*These particular remand scenarios are provided for exemplary guidance only and do not reflect all scenarios that have been or may result from remands by the Federal Circuit.

**Considerations Guiding Remand Procedures in Ex Parte and Reexamination Appeals**

In ex parte appeals and reexamination appeals, reversals at the Federal Circuit are considered to be remanded cases to the PTO for further action. Either the Board or the examiner will take up remanded cases depending upon (1) whether the Federal Circuit directed a particular part of the Office to act upon remand, (2) whether the outstanding rejections can be further addressed by the Board either with further explanation of a finding of fact or conclusion of law or with a new ground of rejection based on further findings of fact or reasoning based on the current record, and/or (3) whether a reversal requires a need for further prior art searching by the examiner and/or issuance of a patent or reexamination certificate. Although expected to be a rare occurrence, the Board may ask the appellant or parties to provide further briefing on a matter of law or fact raised by the Federal Circuit. For example, in the case of intervening Federal Circuit law, the Board may seek appellant's or the parties' positions on the application of such law to the particular facts already of record. Additional evidence is only permitted upon reopening of prosecution before the examiner.

*Default Appeals Procedures for Common Remand Scenarios*

These procedures are default and circumstances not contemplated may necessitate a different procedure.

| Remand Scenario | Prosecution/Reexamination Reopened |
|---|---|
| Erroneous Claim Interpretation | No, unless alternative claim interpretation renders the present rejection(s) moot |
| Failure to Consider the Evidence | No, unless the evidence of record is deemed entirely insufficient to support the present rejection(s) |
| Inadequate Explanation | No – the Board provides additional explanation or reverses on the present record |
| Erroneous Application of Law | No, unless the correct application of the law renders the present rejection(s) moot |
| Lack of Due Process/Denial of APA rights | Yes – typically in the form of a new ground of rejection |
| Improper Consideration of the Arguments | No – arguments that were not sufficiently briefed before the Board are deemed waived |

9

**Specific Examples of Common Remand Scenarios**

1. **Remand for erroneous claim interpretation**

In **trials**, some panels have permitted additional briefing on remand limited to the Federal Circuit's claim interpretation. New evidence was not permitted in those cases. *See, e.g.*, *Microsoft Corp. v. Proxyconn, Inc.*, Case Nos. IPR2012-00026, IPR2013-00109 (Paper 77) (PTAB Sept. 1, 2015) (after remand due to unreasonably broad claim interpretation, the Board authorized simultaneous briefing, but not new evidence or the use of prior art not previously considered in the Board's final written decision); *Straight Path IP Grp., Inc. v. Sipnet EU S.R.O.*, Case No. IPR2013-00246 (Paper 70) (PTAB Mar. 29, 2016) (after a remand finding error in the Board's claim interpretation, the Board authorized briefing directed to the impact of the decision on the trial proceeding, but did not authorize new evidence or new argument); *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, Case No. IPR2013-00342 (Paper 55) (PTAB Aug. 4, 2016) (after remand due to unreasonably broad claim interpretation, the Board denied requests for additional briefing where the requests addressed new issues not related to claim interpretation).

In **ex parte and reexamination appeals**, the Board has taken up the case and issued a new Decision on Appeal where the record is clear upon remand. *See, e.g.*, Application No. 11/610,411 (after remand for consideration of PTO policy on "configured to" claim language, the Board issued an affirmance decision); Reexamination Control Nos. 90/008,326, 90/011,287 (after remand for consideration of District Court's alternative claim construction of the same patent, the Board maintained its claim interpretation under the PTO's broadest reasonable interpretation standard); Reexamination Control No. 90/012,366 (the Board entered a new ground of rejection based on prior art already of record in light of alternative claim interpretation); Reexamination Control Nos. 95/001,305, 95/001,548, 95/001,939 (the Board considered the rejection anew in light of the Federal Circuit's claim interpretation and entered a new ground of rejection based on new reasoning in light of the new claim interpretation).

However, cases have been taken up by or have been remanded to the examiner for further consideration in situations where a new claim interpretation

renders moot all maintained rejections before the Board, or upon specific order by the Federal Circuit. *See, e.g.*, Application No. 12/392,192 (for an anticipation rejection rendered moot by the Federal Circuit's claim interpretation, the Board remanded to the examiner for additional findings directed to the new claim interpretation); Reexamination Control No. 90/012,364 (the Board remanded to the examiner for consideration of claim interpretation under a different standard after the patent had expired); Reexamination Control Nos. 95/001,715, 95/001,716 (administrative remand to the examiner because the Federal Circuit "directed the examiner to reevaluate the prior art based on the court's claim construction"); Reexamination Control No. 95/002,169 (after reversal at Federal Circuit for "unreasonably broad" claim interpretation, examiner issued Reexamination Certificate); Application No. 10/906,508 (after remand for failing to give patentable weight to the preamble, the Board remanded to the examiner for further action).

2. **Remand for a failure to properly consider the evidence**

In **trials**, the Board has authorized additional briefing related to the evidence, but not the admission of new evidence. *See, e.g.*, *Ariosa Diagnostics v. Verinata Health, Inc.*, Case No. IPR2013-00276, IPR2013-00277 (Paper 49) (PTAB Jan. 13, 2016) (after remand for failure to sufficiently consider a piece of evidence, the Board permitted additional briefing about that evidence, but did not allow admission of additional evidence).

However, where the Board was able to further consider briefing and evidence already of record, the Board did not allow further briefing. *See PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, Case No. IPR2013-00340 (Paper 85) (PTAB Aug. 4, 2016) (after remand for failure to make factual findings regarding certain limitations, the Board denied requests for additional briefing and evidence and decided the issues on remand based on the arguments and evidence already of record).

In **ex parte and reexamination appeals**, when evidence is lacking in the record or the Examiner made insufficient factual findings based on the evidence, cases have been taken up by or have been remanded to the examiner for further consideration. *See*, *e.g.*, Reexamination Control Nos. 95/001,166, 95/000,166,

95/001,122, 95/001,401 (after reversal based on lack of supporting evidence, the examiner took action directly to issue Reexamination Certificate); Application No. 09/874,423 (after reversal for insufficient evidence to support the Board's findings, the Board administratively remanded to the examiner for further consideration); Application No. 10/529,984 (after remand for insufficient evidence, the examiner took action in issuing a new rejection); Application No. 11/645,067 (after remand for insufficient evidence to support rejection, the Board administratively remanded the case to the examiner for reconsideration of anticipation rejection); Application 12/762,841 (after remand for failure to consider overlooked amendments and evidence, the Board administratively remanded to the examiner for a first consideration).

However, the Board has considered sufficiently examined and briefed, yet overlooked, evidence on remand, and has considered the evidence of record again when specifically instructed by the Federal Circuit's decision to do so. *See, e.g.*, Reexamination Control Nos. 95/000,326, 95/000,378 (the Board issued a new decision with further detailed explanation after Federal Circuit's remand for failure to consider the general knowledge of the skilled artisan); Reexamination Control No. 95/001,134 (after Federal Circuit's determination that substantial evidence did not support the Board's findings of a lack of nexus and that the secondary consideration evidence was not commensurate in scope with the claims, the Board entered a new ground of rejection with further explanation); Reexamination Control No. 95/000,067 (after Federal Circuit's remand for relying on facts without considering the facts in light of the Board's new claim interpretation, the Board included additional fact finding from the record consistent with the Board's interpretation); Application No. 10/529,984 (after remand for failure to properly consider specific factual findings, the Board issued a decision discussing the particular findings and reversing the rejection); Application No. 10/991,878 (after vacating the Board's decision for failure to identify evidence supporting its findings and remanding for the Board to "consider whether the evidence of record is sufficient to maintain the Examiner's rejection," the Board issued a decision reversing the rejection for lack of evidence).

3. **Remand for the Board's failure to adequately explain its reasoning**

In **trials**, some panels have authorized limited additional briefing, but not new evidence. *See, e.g.*, *Cutsforth, Inc. v. MotivePower, Inc.*, Case No. IPR2013–00274 (Paper 37) (PTAB Mar. 31, 2016) (after remand for failure to adequately describe its reasoning for its obviousness determination, the Board authorized additional briefing limited to design choice as a reason to modify the art); *In re Warsaw Orthopedic, Inc.*, Case Nos. IPR2013-00206, IPR2013-00208 (Paper 73) (PTAB Nov. 16, 2016) (after remand for failure to explain how the prior art discloses a claim limitation, the Board authorized additional briefing but not new evidence).

In **ex parte and reexamination appeals**, the Board has added further explanation without remanding to the examiner when the record is sufficient to do so. *See, e.g.*, Reexamination Control No. 95/000,443 (after remand for consideration of what reason, if any, to combine prior art, the Board reconsidered its obviousness decision on the record already present).

4. **Remand for erroneous application of the law**

In **trials**, a remand has warranted additional briefing and a supplemental motion to amend. *See, e.g.*, *Veritas Techs. LLC v. Veeam Software Corp.*, Case No. IPR2014-00090 (Papers 40, 42) (PTAB Jan. 27, 2017) (after remand for improperly denying a motion to amend, the Board authorized Patent Owner to refile its motion to amend (and supporting arguments) as a supplemental motion, Petitioner to file a supplemental opposition, and Patent Owner to file a supplemental reply).

In **ex parte and reexamination appeals**, the examiner has taken up cases or the Board has remanded cases to the examiner for further consideration where the Federal Circuit's decision renders moot all the rejections before the Board. *See, e.g.*, Reexamination Control Nos. 95/000,072, 95/001,001, 95/000,153 (after reversal due to the Board's error in obviousness determination, the examiner took action directly to issue a Reexamination Certificate); Reexamination Control No. 95/001,469 (after remand to consider original claims after a patent expired with pending claim amendments, the Board entered an administrative remand to the examiner to consider the original patent claims in light of the evidence of record);

13

Application No. 11/578,646 (after vacating the rejection and remanding for insufficient legal reasoning in an obviousness determination, the Board remanded to the examiner for reconsideration in light of Federal Circuit's decision); Application No. 10/868,312 (after vacating the rejection and remanding for error in applying the printed matter doctrine, the Board remanded to the examiner for reconsideration in light of Federal Circuit's decision); Application No. 12/825,505 (after reversal of obviousness rejection, the Board administratively remanded to the examiner for further consideration).

However, the Board has addressed the legal issue upon remand when sufficiently briefed on the record.  *See, e.g.*, Reexamination Control No. 95/000,196 (after remand for application of wrong priority date for one of the claims, the Board entered new grounds of rejection based on later prior art also of record); Reexamination Control Nos. 95/001,188, 95/001,169 (after remand for consideration of Federal Circuit decision in a related case, the Board entered a new ground of rejection); Application No. 10/378,261 (after reversal due to Board error in an obviousness determination, the Board issued a new decision reconsidering the evidence of record, pursuant to the Federal Circuit decision, and reversing the obviousness rejection); Application No. 08/478,995 (after remand on PTO's motion due to intervening case law in obviousness-type double patenting rejection, the Board issued a new decision properly addressing the secondary consideration evidence of record); Application No. 09/832,440 (after remand for failure to engage in a proper enablement analysis, the Board entered a new decision applying the missing analysis and affirming the rejections on appeal).

5.  **Remand for lack of due process or a denial of a party's procedural rights under the Administrative Procedure Act (APA)**

In **trials**, some panels have authorized additional briefing and additional evidence.  *See, e.g.*, *SAS Inst., Inc. v. ComplementSoft, LLC*, Case No. IPR2013-00226 (Paper 55) (PTAB Jan. 18, 2017) (authorizing briefing and additional declaratory evidence, where Federal Circuit found that final written decision violated APA notice requirements by adopting a new claim interpretation "midstream").

However, other panels have not authorized submission of additional evidence where additional briefing was sufficient to provide a fair opportunity for a party to respond. *See Dell Inc. v. Acceleron, LLC*, Case No. IPR2013-00440 (Paper 46) (PTAB May 26, 2016) (after remand for denying the Patent Owner a fair opportunity to respond to arguments raised by a Petitioner for the first time at oral argument and subsequently adopted by the Board in its final written decision, the Board permitted additional briefing on the untimely raised issue).

In **ex parte and reexamination appeals**, the Board has addressed due process concerns by entering a new ground of rejection and offering the opportunity for the applicant or patent owner to respond accordingly. *See, e.g.*, Reexamination Control No. 95/001,134 (after remand for improper burden shifting and relying on new reasoning that constituted a new ground of rejection, the Board addressed the issues in a new decision entering a new ground of rejection); Reexamination Control Nos. 95/000,067, 95/001,702 (after remand for further consideration of rejections not addressed by the Board in the first decision, the Board issued a new decision with new grounds of rejection); Application Nos. 10/306,057, 10/868,312 (after remand because the Board's decision introduced a new ground of rejection, the Board issued a new decision designating the affirmance in the original decision as a new ground of rejection); Application No. 10/770,937 (after remand for the Board's decision introducing new ground of rejection, the Board issued a second decision on request for rehearing designating the original decision as a new ground of rejection).

Where a new issue was not considered by the examiner in the first instance, the Board has remanded the appeal to the examiner. *See, e.g.*, Reexamination Control No. 95/001,555 (after remand for failure to consider certain proposed rejections that were not addressed by the examiner, the Board entered an administrative remand to the examiner for a first consideration).

6. **Remands for failure to properly consider the arguments before the Board, such as misapprehending arguments, overlooking arguments, improperly considering arguments that were untimely raised, or improperly considering timely arguments as untimely**

In **trials**, additional briefing has been permitted.  *See Dell Inc. v. Acceleron, LLC*, Case No. IPR2013-00440 (Paper 46) (PTAB May 26, 2016) (after remand for denying the Patent Owner a fair opportunity to respond to arguments raised by a Petitioner for the first time at oral argument and subsequently adopted by the Board in its final written decision, the Board permitted additional briefing on the untimely raised issue).

In **ex parte appeals and reexaminations**, the Board has reviewed arguments that were overlooked but were properly briefed on appeal.  *See, e.g.*, Reexamination Control No. 90/010,278 (after remand on PTO's motion acknowledging failure to address an argument on appeal, the Board issued a new decision on appeal); Application No. 11/811,156 (after remand for failure to address arguments related to analogous art, the Board issued a new decision considering the overlooked arguments and affirming the rejections).

**Petition for a writ of certiorari filed in the Supreme Court**

In **all cases**, absent good cause, proceedings on remand generally will not be stayed once the Federal Circuit has issued its mandate, even when a party has petitioned the Supreme Court for a writ of certiorari.[2]  In **trials**, a party may

---

[2] Parties are encouraged to review the Federal Rules of Appellate Procedure, the Federal Circuit Rules of Practice, and the Rules of the Supreme Court of the United States for specific timing requirements.  *See, e.g.*, Sup. Ct. R. 13(1) ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").  The time period to petition the Supreme Court is separate from the Federal Circuit's issuance of the mandate to the Board.  Parties are reminded that the Federal Circuit may entertain motions to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court under Rule 41(d) of the Federal Rules of Appellate Procedure.

contact the Board to request authorization to file a motion for a stay of proceedings on remand.  The Board will consider such requests on a case-by-case basis.  The Board may require briefing on a motion to stay the remand proceedings, or, for convenience, the issue may be discussed and decided in a conference call.  In deciding whether to stay remand proceedings, the Board's primary consideration is whether the Supreme Court's judgment would impact the Board's decision on remand.  *See, e.g.*, *Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, Case No. IPR2013-00132 (Paper 54) (PTAB Aug. 12, 2016) (the Board, *sua sponte*, staying remand proceedings after petition for writ of certiorari filed), (Paper 60) (Oct. 14, 2016) (maintaining stay after briefing because the Board was persuaded that a Supreme Court decision could impact the Board's assessment of the remanded issue); *SAS Inst., Inc. v. ComplementSoft, LLC*, Case No. IPR2013-00226 (Paper 48) (PTAB Dec. 15, 2016) (denying stay request after a conference call), (Paper 57) (PTAB Feb. 8, 2017) (denying request to stay because the issue on remand was separable from, and not influenced by, the question presented in the petition for a writ of certiorari).  The Board's decision not to stay remand proceedings does not affect the right of a party to apply to the Supreme Court for a writ of certiorari.