IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **NEONODE SMARTPHONE LLC,**<br>Plaintiff,<br><br>*v.*<br><br>**SAMSUNG ELECTRONICS CO. LTD, and SAMSUNG ELECTRONICS AMERICA, INC.,**<br>Defendants. | 6:20-cv-00507-ADA |

**ORDER SEVERING CASE AND DENYING SAMSUNG'S MOTION TO STAY
PENDING APPEAL OF *INTER PARTES* REVIEW FINAL WRITTEN DECISIONS**

Before the Court is Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.'s Motion to Stay Pending Appeal of *Inter Partes* Review Final Written Decisions. ECF No. 66 (the "Motion"). Plaintiff Neonode Smartphone LLC ("Neonode") filed an opposition on February 10, 2023, ECF No. 67, to which Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") replied on February 17, 2023, ECF No. 68. As explained below, the Court denies Samsung's Motion to Stay, but the Court severs and stays Neonode's claims for infringement of the '993 Patent against Samsung pending resolution of the appeal from the PTAB's Final Written Decision in IPR2021-00145.

**I. BACKGROUND**

On June 8, 2020, Neonode sued Samsung for infringing two patents, U.S. Patent No. 8,095,879 ("the '879 Patent") and U.S. Patent No. 8,812,993 ("the '993 Patent"). On November 6, 2020, Apple Inc. ("Apple") and Samsung (collectively, "Petitioners") jointly filed IPR2021-00144 against the '879 Patent and IPR2021-00145 against the '993 Patent. On June 14, 2021, Google LLC ("Google") filed IPR2021-01041 against the '879 Patent. *See* ECF Nos. 62, 63.

1

On August 11, 2021, Neonode and Samsung filed a Stipulation to Stay Case Pending Final Written Decisions in Certain Inter Partes Review Proceedings. ECF No. 51. Pursuant to this filing, Neonode and Samsung stipulated to stay this case, except for any work related to discovery in Sweden, pending the final written decision in IPR2021-00145 and, if rehearing was granted in IPR2021-00144, a final written decision in IPR2021-00144. *Id.* Subsequently, the Patent Trial and Appeal Board ("PTAB") granted rehearing in IPR2021-00144. On April 22, 2022, this Court entered an order granting the parties' stipulation and staying this case "pending the final written decision in IPR2021-00145 and, if rehearing is granted in IPR2021-00144, a final written decision in IPR2021-00144." ECF No. 55. The Court ordered that "[t]he parties shall file a joint motion to lift the stay within one week of the stay condition becoming fulfilled." *Id.*

On June 15, 2022, the PTAB issued a final written decision in IPR2021-00145, finding that Apple and Samsung had shown that claims 1–8 of the '993 Patent are unpatentable. Neonode filed a Notice of Appeal from that decision on August 15, 2022. IPR2021-00145, Paper No. 74. On December 1, 2022, the PTAB issued a final written decision in IPR2021-00144, finding that "claims 1–6 and 12–17 of the '879 patent have not been shown to be unpatentable." Samsung and Apple filed a Notice of Appeal from that decision on January 31, 2023. IPR2021-00144, Paper No. 61.

On December 9, 2022, the parties filed a Joint Status Report Regarding IPR Proceedings in which they informed the Court of the final written decisions issued by the PTAB. ECF No. 62. The parties also informed the Court of the second IPR filed by non-party Google against the '879 Patent, IPR2021-01041, and that a final written decision was due to be issued in that proceeding by no later than January 13, 2023. *Id.* The parties jointly requested that the Court extend the stay through issuance of a final written decision in IPR2021-01041. *Id.* On January 11, 2023, the PTAB

issued a final written decision in IPR2021-01041, finding that petitioner Google had failed to show that any claims of the '879 Patent are unpatentable.

Because final written decisions had been issued in IPR2021-00144, IPR2021-00145, and IPR2021-01041, the Court's stay conditions being satisfied for that stay, the parties filed their Joint Motion to Lift Stay Pursuant to This Court's August 11, 2021, Order. ECF No. 63. Samsung notified the Court of its intent to file this motion to continue the stay during the appeals to the Federal Circuit of the final written decisions. *Id.* The Court issued a Scheduling Order on January 27, 2023. ECF No. 65. The Markman Hearing is scheduled for June 23, 2023. Fact discovery is not scheduled to close until January 26, 2024, and trial is not scheduled until June 28, 2024.

## II. LEGAL STANDARD

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also CyWee Grp. Ltd. V. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.). The factors applicable to a stay pending appeal from an IPR final written decision are the same as those applicable to a stay pending IPR. *See Intell. Ventures I LLC v. HCC Ins. Holdings, Inc.*, 2018 WL 11176495, at *2 (E.D. Tex. June 26, 2018). In general, however, "the case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay." *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2020 WL 6270776, at *4 (Oct. 26, 2020) (Bryson, J.) (collecting cases).

## III. ANALYSIS

A.     **Undue Prejudice to the Non-moving Party**

The Court finds that a stay would inflict undue prejudice upon non-movant Neonode for at least the following two reasons.

First, Neonode has an interest in the timely enforcement of its patent rights, which will be further undermined by the additional stay requested by Samsung. *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d at 627 ("This court routinely upholds a plaintiff's interest in timely enforcement of its patent rights."); *Intell. Ventures I*, 2018 WL 11176495, at *3. Samsung's own evidence indicates that the median time to disposition in Federal Circuit appeals from the Patent and Trademark Office is 15 months,[1] ECF No. 66-4, and of course there is no guarantee that the appeals at issue here would not extend longer than that. Moreover, Samsung's requested stay would encompass any appeal that Google might file from the adverse final written decision in IPR2021-01041. Google filed its Notice of Appeal in that case on March 13, 2023. *See* IPR2021-00141, Paper No. 54. So, were Samsung's stay to be entered, and assuming that the appeals lasted no longer than the median, this action would be stayed for more than sixteen months from the date of Samsung's motion. Courts have found such a delay to disfavor a stay. *See Allvoice Developments US, LLC v. Microsoft Corp.*, 2010 WL 11469800, at *4 (ten months).

The prejudice to Neonode would be compounded by the fact that it would have no definite duration. The parties' appeals to the Federal Circuit are not constrained by statutory deadlines. Also, if the Federal Circuit were to vacate one or more of the FWDs and send them back to the

---

[1] As pointed out by Neonode, Samsung represents that "[r]ecent Federal Circuit data shows that the median time to disposition of Patent and Trademark Office appeals is 13.5 months," ECF No. 66 at 6, but this is incorrect. Samsung's "recent" data aggregates the median time to disposition for the past ten years. The data for the most recent fiscal year, per Samsung's own exhibit, shows a median time to disposition of 15 months.

PTAB for further proceedings, that could result in yet more delay. This disfavors reimposition of a stay. *IOENGINE*, 2020 WL 6270776, at *7; *Acqis, LLC v. EMC Corp.*, 2016 WL 4250245, at *2 (D. Mass. Aug. 10, 2016).

Although Samsung makes much of the fact that Neonode is a non-practicing entity and does not compete with Samsung, this fact is given less weight where (as here) the PTAB has already spoken concerning the validity of the patents in suit. *Dermafocus LLC v. Ulthera, Inc.*, 2018 WL 5113960, *3 (D. Del. Oct. 19, 2018). None of Samsung's cited cases provide useful guidance because they address only an initial stay pending resolution of an IPR or Covered Business Method Patents review, not an additional stay for the pendency of an appeal.

Second, a stay risks the loss of testimonial and documentary evidence potentially valuable to Neonode's case. *See Allvoice*, 2010 WL 11469800, at *4 (holding that a stay of ten months would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (holding that delay also risks making witnesses harder to find).

Accordingly, this factor weighs against granting a stay.

### B.      Stage of the Proceedings

The stage of the proceedings slightly favors granting a stay. "[I]f the protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay. *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595 (2014).

Simply put, full fact discovery and claim construction have not even begun and trial is 15 months away. Considerable work remains, including invalidity contentions, claim construction

briefing, the Markman hearing, and then the trial itself. But Neonode responds that "there has been considerable pre-Markman discovery in this matter." ECF No. 67 at 6. Neonode demonstrates the considerable discovery that has already taken place and the significant effort that has been expended getting this discovery. *See* ECF No. 67 at 6–8.

The Court agrees with Samsung but finds that this factor only slightly favors staying this case pending resolution of the appeal of the final written decisions in the IPRs. Neonode does not dispute that the case is in its infancy, acknowledging that no claim construction briefing has occurred. Indeed, (i) no claim construction briefing or Markman hearing has taken place; (ii) full fact discovery has not commenced; (iii) neither initial disclosures nor written discovery has been exchanged; and (iv) no party depositions have taken place. Instead, Neonode clings to the fact that some foreign discovery has been taken and cites to a case that is inapposite. ECF No. 67 at 6–7. The *Sonrai* case that Neonode cites in its Opposition did not concern foreign discovery—rather, this Court reasoned the case was "no longer in its early stages," including because the Markman hearing had occurred and fact discovery closed in three months. *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *3 (W.D. Tex. June 27, 2022). Neonode also cites to *Realtime Data LLC* as an alleged example supporting this factor. However, like *Sonrai Memory Ltd.*, *Realtime* did not concern foreign discovery, and infringement and invalidity contentions had already been served. *Realtime Data LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-00086-RWS, 2018 WL 3608544, at *3 (E.D. Tex. July 27, 2018). Thus, the Court finds this case law unpersuasive. But the Court will still give some weight to the considerable foreign discovery that has already taken place in this proceeding.

Given the foregoing, this factor weighs slightly in favor of stay.

### C.  Simplification of Issues

Simplification of the issues is the "most important factor" in the stay analysis. *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 4, 2021); *see also LG*, 2022 WL 2307475, at *3. But this factor "weighs less heavily in favor of a stay after the PTAB has issued its decision, both as a general matter and in these cases in particular." *IOENGINE*, 2020 WL 6270776, at *2. As explained below, this factor disfavors-in-part reimposing a stay pending resolution of the Federal Circuit appeals.

   1. Simplification as it pertains to the '993 Patent

Samsung argues that continued litigation concerning the '993 Patent claims would be wasteful because the Federal Circuit may affirm the PTAB's Decision finding those claims unpatentable. Neonode responds that this concern may be addressed by severing Neonode's cause of action for infringement of the '993 Patent (Count II of the Complaint, ECF No. 1) from this case pursuant to Rule 21 and maintaining the stay in the severed case as against the '993 Patent pending resolution of Neonode's appeal of the PTAB's Judgment in IPR2021-00145.

The Court finds that Neonode's proposal to sever its claims for infringement of the '993 Patent would resolve Samsung's concern regarding the '993 Patent claims while avoiding the prejudice that would be imposed on Neonode by a stay of its claim for infringement of the '879 Patent, the claims of which were confirmed by the PTAB. *See IOENGINE*, 2020 WL 6270776, at *3 (by representing that it would proceed only on claims not found unpatentable by the PTAB, the patentee had "taken that issue [concerning claims that were found unpatentable] off the table.").

   2. Simplification as it pertains to the '879 Patent

Samsung asserts that there is "a possibility" that the Federal Circuit will reverse the PTAB's ruling that the '879 Patent claims were not proven unpatentable in IPR2021-00144 and IPR2021-01041. But "the mere possibility" that the Federal Circuit might reverse the PTAB's

decision in those IPRs "is too speculative to be given much weight." *Dermafocus*, 2018 WL 5113960 at *2 (emphasis in original). Neonode points out that recent statistics on the Federal Circuit concerning Appeals Filed, Terminated and Pending, for the twelve-month period ending September 30, 2022, the Federal Circuit reversed only 10% of the matters appealed from the USPTO. ECF No. 67 at 9–10.

Accordingly, it is exceedingly unlikely that the Federal Circuit's rulings on the appeals filed from the PTAB's judgments in IPR2021-00144 and IPR2021-01041 will affect any additional simplification of issues. Samsung has offered no reason to believe that the Federal Circuit will treat these appeals any differently. *IOENGINE*, 2020 WL 6270776, at *3 ("In order for a decision on appeal to end these cases altogether, the Federal Circuit would have to reverse the outcome in two separate IPR proceedings involving three separate claims. Purely as a matter of statistics, that outcome would be expected to occur no more than about six percent of the time."); *Acqis*, 2016 WL 4250245, at *2 ("historically, the Federal Circuit has rarely overturned PTAB decisions, and EMC has not offered a compelling reason why this case will be any different.").

Samsung also suggests that the Federal Circuit could provide guidance on "critical claim construction issues" related to the claims of the '879 Patent. ECF No. 66 at 5. However, neither the parties nor the PTAB proposed any explicit construction of "gliding" or any other terms of the '879 Patent, ECF No. 66-3 at 10; ECF No. 66-2 at 11, and Samsung fails to explain why a construction of "gliding" would be material to infringement, invalidity, or any other issue in this case. Moreover, if Samsung is correct that the Federal Circuit appellate rulings are likely to be issued ahead of the June 2024 trial date, then any useful claim construction guidance could be incorporated into the jury instructions in advance of trial. *See, e.g.*, *Zoll Med. Corp. v. Respironics, Inc.*, 2015 WL 4126741, at *1, n.2 (July 8, 2015 D. Del.).

Therefore, this factor weighs against a stay.

## IV. CONCLUSION

The Court finds that only one factor slightly favors reimposing a stay in this case. Neonode would be prejudiced by delay of this trial, slated to occur around the time when the Federal Circuit may issue an opinion in the appeals of the IPRs discussed above. Although this Action is not in an advanced stage, Samsung has failed to support its claims about simplification of issues regarding the '879 Patent. But Court agrees with the parties that this action would be simplified with the severing and staying of Neonode's claims for infringement of the '993 Patent.

**IT IS THEREFORE ORDERED** that Samsung's Motion to Stay, ECF No. 66, is therefore **DENIED**.

**IT IS FURTHER ORDERED** that Neonode's claims for infringement of the '993 Patent against Samsung are hereby **SEVERED** and **STAYED** pending resolution of the appeal from the PTAB's Final Written Decision in IPR2021-00145. The Court's Clerk is directed to sever all claims for infringement of the '993 Patent against Samsung, but all claims for infringement of the '879 Patent against Samsung remain pending in this Action and not stayed. In the severed action with the '993 Patent, the Court's Clerk is directed to include Plaintiff's Complaint (ECF No. 1), Notice of Filing of Patent/Trademark Form (ECF No. 3), Samsung's Motion to Dismiss (ECF No. 12), Notice of Joint Case Readiness Status Report (ECF No. 22), Rule 7 Disclosure Statement (ECF No. 23), and this order. The Court's Clerk is directed to stay the severed action pending resolution of the appeal from the PTAB's Final Written Decision in IPR2021-00145.

**SIGNED** this 22nd day of March, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE