# EXHIBIT 3

Attorney's Docket No.: <u>NEONODE.P004</u>    *PATENT*

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In Re Patent Application of: | Examiner:  Ryan F. Pitaro |
| Magnus Goertz | Art Unit:   2174 |
| Application No: 10/315,250 | |
| Filed:  December 10, 2002 | |
| For:  USER INTERFACE FOR MOBILE HANDHELD COMPUTER UNIT | |

Mail Stop AMENDMENT
Commissioner for Patents
P. O. Box 1450
Alexandria, VA   22313-1450

## AMENDMENT AND RESPONSE TO OFFICE ACTION
## UNDER 37 C.F.R. §1.111

Sir:

In response to the Final Office Action dated May 28, 2010, applicant respectfully requests that the above-identified application be amended as follows.

IN THE CLAIMS:

Please substitute the following claims for the pending claims with the same number:

**1.** (currently amended)   A <u>non-transitory</u> computer readable medium storing a computer program with computer program code, which, when read by a mobile handheld computer unit, allows the computer to present a user interface for the mobile handheld computer unit, the user interface comprising:

a touch sensitive area in which ~~representations~~ <u>a representation</u> of ~~at least one~~ <u>a</u> function ~~are displayed, and each function of said at least one function being mapped to a corresponding location in the touch sensitive area at which the representation of the function is displayed, and being~~ <u>is provided, wherein the representation consists of only one option for activating the function and wherein the function is</u> activated by a multi-step operation comprising (i) an object touching the ~~corresponding~~ <u>touch sensitive area at a</u> location <u>where the representation is provided</u> and then (ii) the object gliding along the touch sensitive area away from the touched location.

**2.** (currently amended)   The computer readable medium of claim **1**, wherein ~~one function from~~ the ~~at least one~~ function, when activated, causes the user interface to display icons representing different services or settings for a currently active application.

**3.** (previously presented)   The computer readable medium of claim **2**, wherein the user interface is characterised in, that a selection of a

preferred service or setting is done by tapping on a display icon corresponding to the preferred service or setting.

**4.** (currently amended)    The computer readable medium of claim **1**, wherein ~~one function from at least one~~ the function, when activated, causes the user interface to display a keyboard and a text field.

**5.** (previously presented)    The computer readable medium of claim **4**, wherein said text field is used for inputting and editing of text through said keyboard.

**6.** (currently amended)    The computer readable medium of claim **1**, wherein ~~one function from~~ the ~~at least one~~ function, when activated, causes the user interface to display a list with a library of available applications and files on the mobile handheld computer unit.

**7.** (previously presented)    The computer readable medium of claim **6**, wherein the user interface is characterised in, that a selection of an application or file is done by gliding the object along said touch sensitive area so that a representation of a desired one of said application or file is highlighted, raising said object from said touch sensitive area, and then tapping on said touch sensitive area.

**8.** (previously presented)    The computer readable medium of claim **7**, wherein the user interface is characterised in, that at any given time said list presents only files or only applications, and that an area of said list presents a field through which said list can be changed from presenting

files to presenting applications, or from presenting applications to presenting files.

**9.** (previously presented)    The computer readable medium of claim **7**, wherein the user interface is characterised in, that, one item in said list is highlighted by a moveable marking, and the user interface enables list navigation whereby gliding the object along the touch sensitive area in a direction towards the top of said list or towards the bottom of said list causes said marking to move in the same direction without scrolling the list.

**10.** (previously presented)    The computer readable medium of claim **9**, wherein the user interface is characterised in, that, if the number of applications or files in said list exceeds the number of applications or files that can be presented on said touch sensitive area as content, and if the object is (i) glided along said touch sensitive area to the top or bottom of said touch sensitive area, then (ii) raised above said touch sensitive area, then (iii) replaced on said touch sensitive area, and then (iv) again glided along said touch sensitive area to the top or bottom of said touch sensitive area, said list navigation pages the content of said list up or down by one whole page.

**11.** (previously presented)    The computer readable medium of claim **10**, wherein the user interface is characterised in, that if the object is raised from any first position on said touch sensitive area and then replaced on any second position on said touch sensitive area, said list navigation can be continued from said second position.

NEONODE0000537

**12.** (previously presented)    The computer readable medium of claim **1**, wherein the user interface is characterised in, that an active application, function, service or setting is advanced one step by gliding the object along the touch sensitive area from left to right, and that the active application, function, service or setting is closed or backed one step by gliding the object along the touch sensitive area from right to left.

**13.** (currently amended)    The computer readable medium of claim **1**, wherein the user interface is characterised in, that said ~~representations~~ representation of said ~~at least one~~ function [[are]] is located at the bottom of said touch sensitive area.

**14.** (previously presented)    The computer readable medium of claim **1**, wherein the touch sensitive area is 2-3 inches in diagonal dimension.

**15.** (previously presented)    An enclosure adapted to cover the mobile handheld computer unit according to Claim **1**, characterised in, that said enclosure is provided with an opening for said touch sensitive area.

**16.** (previously presented)    The enclosure according to Claim **15**, characterised in, that said enclosure is removable and exchangeable.

**17.** (cancelled)

**18.** (previously presented)    The computer readable medium of claim **1**, characterised in, that said computer program code is adapted to function as a shell upon an operating system.

**19.** – **47.** (cancelled)

       Please add the following new claims.

**48.** (new)   The computer readable medium of claim **1**, wherein the representation is finger-sized.

**49.** (new)   The computer readable medium of claim **1**, wherein the location where the representation is provided does not provide touch functionality for a different function.

REMARKS

Applicant has carefully studied the outstanding Office Action. The present amendment is intended to place the application in condition for allowance and is believed to overcome all of the objections and rejections made by the Examiner. Favorable reconsideration and allowance of the application are respectfully requested.

Applicant has amended claim **1**, **2**, **4**, **6** and **13** and added new claims **48** and **49** to properly claim the present invention. No new matter has been introduced. Support for the new and amended claims is provided hereinbelow. Claims **1 – 16**, **18**, **48** and **49** are presented for examination.

In Paragraphs 2 and 3 of the Office Action, the Examiner has rejected claim **1** under 35 U.S.C. §103(a) as being unpatentable over Nakajima et al., U.S. Patent No. 6,346,935 ("Nakajima") in view of Hoshino et al., U.S. Publ. No. 2004/0021643 ("Hoshino") in view of Hirshberg, U.S. Publ. No. 2002/0027549 ("Hirshberg").

In Paragraph 4 of the Office Action, the Examiner has rejected claims **2 – 11**, **14 – 16** and **18** under 35 U.S.C. §103(a) as being unpatentable over Nakajima and Hoshino in view of Hirshberg in view of Pogue, Palm Pilot: The Ultimate Guide, 2nd Edition ("Pogue").

In Paragraph 5 of the Office Action, the Examiner has rejected claims **12** and **13** under 35 U.S.C. §103(a) as being unpatentable over Nakajima in view of Pogue, in view of Hoshino, in view of Hirshberg, in view of O'Rourke, US Patent No. 7,225,408 ("O'Rourke").

NEONODE0000540

**Brief Discussion of Prior Art**

Nakajima, Rogue and O'Rourke are discussed in applicant's response filed on July 13, 2009. Hoshino is discussed in applicant's response filed on February 22, 2010.

Hirshberg describes a touch screen user interface for a compact multi-functional keypad that is operated using a finger. Hirshberg addresses the problem of how to provide the 40 – 60 different keys required for a full alphanumeric keypad on a small surface that cannot reasonably accommodate so many keys (Hirschberg/ par. [0050]). Hirshberg describes grouping several characters (typically 4 – 6 characters) in a single key. As such, the number of required keys is reduced, and can fit in the available display area on a handheld device (Hirshberg/ par. [0051]).

To enter a character, a user first touches a key representing several characters, and then drags his finger in a specific direction to select one of the several characters. Thus, at par. [0055], Hirshberg recites:

> In multi-function key [sic] the first touch on the key activate [sic] the key and the relative trace … is selecting the appropriate function among the functions associated with the selected key.

**Response to Examiner's Arguments**

In rejecting independent claim **1** in Paragraph 3 of the Office Action, the Examiner has cited par. [0031] of Hirshberg as teaching a multi-step operation comprising an object touching a corresponding location and then the object gliding along the touch sensitive area away from the touched location.

Applicant respectfully submits that Hirshberg teaches a touch and glide operation only for keys that comprise several characters.

On the contrary, <u>for single character keys Hirshberg teaches using a conventional touch operation without a glide</u> (Hirshberg/ pars. [0055] and [0074]). Thus, at par. [0055], Hirshberg recites:

> In the case of one function a regular touch operation activate [sic] the function.

Further, at par. [0074], Hirshberg recites:

> ... a single-function mode wherein a single function is elected on contact with a given key, independent of the direction of motion.

In distinction, the claimed invention <u>uses a multi-step touch-and-glide operation for representations that consist of only one option for activating a function</u>.

In order to further distinguish the claimed invention over Hirshberg, applicant has amended claim **1** to include the limitation that the representation of the function consists of only one option for activating the function.

The rejections of the claims **1 – 16** and **18** in paragraphs 2 - 5 of the Office Action will now be dealt with specifically.

As to amended independent claim **1** for a computer readable medium, applicant respectfully submits, as indicated hereinabove, that the limitation in claim **1** of

*"wherein the representation* **consists of only one option for activating the function** *and wherein the function is activated by* **a multi-step operation** *comprising (i) an object* **touching** *the touch sensitive area at a location where the representation is provided and then (ii) the object* **gliding along the touch sensitive area away from the touched location**"

is neither shown nor suggested in Nakajima, Hoshino, Hirshberg, Pogue or O'Rourke.

Because claims **2 – 16**, **18**, **48** and **49** depend from claim **1** and include additional features, applicant respectfully submits that claims **2 – 16**, **18**, **48** and **49** are not anticipated or rendered obvious by Nakajima, Hoshino, Hirshberg, Pogue, O'Rourke, or a combination of Nakajima, Hoshino, Hirshberg, Pogue and O'Rourke.

Accordingly claims **1**, **2 – 16**, **18**, **48** and **49** are deemed to be allowable.

**<u>Support for New and Amended Claims in Original Specification</u>**

Independent claim **1** for a computer readable medium has been amended to include the limitation of a representation consisting of only one option for activating a function. This limitation is supported in the original specification at least by the Abstract, by representations 21 – 23 of FIG. 1, by FIG. 2 and its description at pars. [0045] – [0047] and by par. [0068].

Applicant notes that each representation 21 – 23, shown in FIG. 1 of the original specification, <u>consists of only one option</u> for activating its corresponding function. Indeed, element 21 consists of the one option of displaying icons as appropriate for a currently active application, as described at par. [0048] and shown in FIG. 3 of the original specification. Element 22 consists of the one option of opening a keypad and text window, as described at par. [0052] and shown in FIG. 5 of the original specification. Element 23 consists of the one option of opening a list of computer system applications and files, as described at par. [0058] and shown in FIG. 6 of the original specification. Moreover, each of these one-option elements is activated by a multi-step touch-and-glide operation, as described at pars. [0016] and [0047] of the original specification.

NEONODE0000543

New dependent claim **48** includes the limitation that the representation of the function is finger-sized. This limitation is supported in the original specification at least at par. [0047] and FIG. 2, which shows that a representation 21, 22 or 23 is activated by a user's thumb; and at FIG. 5, which shows that representations 21, 22 and 23 are approximately the same size as the numeral keys of keyboard 221.

New dependent claim **49** includes the limitation that the location where the representation is provided does not provide touch functionality for a different function. This limitation is supported in the original specification at least at FIG. 1, which shows that the locations of the representations 21, 22, 23 are non-overlapping.

For the foregoing reasons, applicant respectfully submits that the applicable objections and rejections have been overcome and that the claims are in condition for allowance.

If any matters can be resolved by telephone, applicant requests that the Patent and Trademark Office please contact the applicant at the telephone number listed below.

Respectfully submitted,

Dated: June 30, 2010

/Marc A. Berger/
Marc A. Berger
Reg. No. 44,029

P.O. Box 691
Soquel, CA   95073
(831) 426-8200