# EXHIBIT 6

Trials@uspto.gov
571-272-7822

Paper # 50
Entered: November 17, 2022

UNITED STATES PATENT AND TRADEMARK OFFICE

———

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———

GOOGLE LLC,
Petitioner,

v.

NEONODE SMARTPHONE LLC,
Patent Owner.

———

IPR2021-01041
Patent 8,095,879 B2

———

Record of Oral Hearing
Held: October 17, 2022

———

BEFORE: KARA L. SZPONDOWSKI, CHRISTOPHER L. OGDEN, and SCOTT B. HOWARD, Administrative Patent Judges.

IPR2021-01041
Patent 8,095,879 B2


A P P E A R A N C E S

ON BEHALF OF THE PETITIONER:

    KEVIN D. RODKEY, ESQUIRE
    ERIKA ARNER, ESQUIRE
    YI YU, ESQUIRE
    FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, LLP
    271 17th Street, NW
    Atlanta, Georgia 30363-6209


ON BEHALF OF THE PATENT OWNER:

    PARHAM HENDIFAR, ESQUIRE
    LOWENSTEIN & WEATHERWAX LLP
    Santa Monica, California 90405


    The above-entitled matter came on for hearing on Monday, October 17, 2022, commencing at 1:02 p.m. EST at the San Jose, California USPTO Regional Office.

507SAM_00065059

IPR2021-01041
Patent 8,095,879 B2

1  why gliding away is any movement or, at a minimum, why it

2  encompasses a flick and an insert gesture.

3       The petition provided no claim construction on what

4  gliding away is, let alone show it is any movement.

5       Slide 24. They presented no other evidence, no

6  dictionary definitions, no industry usage, no common usage,

7  nothing, not one word on why glide is any generic movement

8  with a direction that is just added in our argument now.

9       Going to Slide 25. The reason they didn't try that

10 is that they couldn't. Any cursory review of any dictionary

11 definition, any other extrinsic evidence will clearly show

12 that a glide is a distinct gesture from a flick.

13      Now, Slide 25, as I mentioned already, we have

14 provided dictionary definitions, not just from today but

15 from back in 1993, around the time of Robertson, all showing

16 consistently that a flick is a light, sharp, jerky stroke or

17 movement. A light, quick, low jerk or touch. A sudden

18 sharp movement.

19      Now, that's nothing like a glide, which again

20 consistently requires a smooth, continues, and effortless

21 movement.

22      So based on the plain meaning of these terms, as our

23 evidence shows and that there's no contradicting evidence, I

24 want to emphasize that, a glide and a flick, and their

25  flicks are distinct movements.

46

507SAM_00065103

IPR2021-01041
Patent 8,095,879 B2

1   required for the claim, and I'll get to those slides.
2          We are not proposing that the representation of a
3   function can only be activated with one gesture. And that's
4   Petitioner's unsupported construction, but that's not how we
5   are construing the claim.
6          So even if Neonode's phone, that representation at
7   the bottom would be activated by both a gliding away and a
8   flick, we don't believe that would fall outside of the scope
9   of the claim.
10         JUDGE HOWARD: So you're saying the claim needs --
11  something that's covered by the claim would need to determine
12  the speed in which to determine whether or not something is a
13  flick or a glide in order to be covered by the claim? Am I
14  understanding that correctly?
15         MR. HENDIFAR: So we are saying that the
16  representation should at least be activated by a gliding
17  away. Whether it can also be activated by a flick, it may or
18  may not be. The claim doesn't require one way or another.
19         JUDGE HOWARD: It seems to me you want your cake and
20  eat it, too. You want a glide when you want a glide, but for
21  purposes of prior art you want smooth, and it seems to me you
22  want to reserve the right to, well, if it's a fast, quick
23  movement, we still won't allow that in terms for
24  infringement.
25         Shouldn't you just have one claim that's there? I

48

IPR2021-01041
Patent 8,095,879 B2

1  activating by a flick, and there is no gliding away in
2  Robertson.
3        JUDGE HOWARD: Okay. But my point is that I'm not
4  sure there's a difference between a flick or a glide if
5  you're saying that in order to practice the claim you don't
6  need to keep track of the speed.
7        If you need --
8        MR. HENDIFAR: I didn't say that.
9        JUDGE HOWARD: -- to keep track of the speed --
10 well, let me ask you.
11       In order to practice the claim, does something have
12 to keep track of the speed and determine whether it's a
13 smooth motion or a quick motion?
14       MR. HENDIFAR: You have to keep track of the
15 characteristics of the motion, whether it's speed or
16 acceleration or distance. That was not an issue -- I mean,
17 because all the different systems can keep track of different
18 characteristics.
19       But, yes, you do have to keep track of the
20  characteristics that would make it a gliding as opposed to a
21  flick.
22       JUDGE HOWARD: Right. And if it's a flick, it's not
23 going to make the function activate because there's only one
24 way to make the function activate.
25       I mean, I'm just reading the words. The words are

50

IPR2021-01041
Patent 8,095,879 B2

1   also incorrect to say that our expert even suggested such a
2   thing.
3          What Dr. Rosenberg explained was whether a specific
4   movement is a swipe/glide or a flick depends on the context.
5          So for example, if you have a screen that is
6   20 inches wide, as opposed to a screen that is 3 inches
7   wide, a specific movement that may be a flick in one may not
8   be a flick in the other. So it's a context-dependent
9   distinction depending on various factors such as the size of
10  the screen.
11         That doesn't make our distinction arbitrary, as
12  evidenced by the fact that everybody in the industry is able
13  to distinguish between those two movements.
14         JUDGE OGDEN: Well, it does make it difficult for us
15  to understand the difference between a flick and a glide. It seems like we
16  may have to make that
17  distinction.
18         So what sort of guidance do we have, especially in
19  the patent itself?
20         MR. HENDIFAR: Yes. So you actually don't have to
21  delineate the actual distinction between a flick and a glide.
22  This is not the case where we have a specific movement with a
23  given characteristic.
24         So this is not the case where we have a reference
25  that says here's a movement with this speed, this

61

IPR2021-01041
Patent 8,095,879 B2

1   do I slide left, what gesture do I implement to the user so

2   that I get the action that I want.

3         Now, going to Slide 59. The applicant distinguished

4   Hirshberg because it said Hirshberg teaches a touch and

5   glide operation only for keys that comprise several

6   characters, meaning only for keys that give the users

7   several options on what to do, depending on the input

8   gestures.

9         In distinction, the claimed invention uses a

10   multistep touch and glide operation for representation that

11   consists of only one option for activating a function.

12         Going to Slide 60. And I think Judge Ogden raised

13   this point. Robertson in this respect is indistinguishable

14   from Hirshberg.

15         Now, Petitioner tries to overcome that by playing

16   with the mapping. They remapped the function to this, they

17   mapped it to that. But the reality of the matter is,

18   Robertson has an X button that gives the user multiple

19   options on what to do, depending on the input gestures,

20   exactly like Hirshberg, which gave the user multiple options

21   on as what to do depending on the user gesture.

22         So we submit that Robertson is exactly like

23   Hirshberg with respect to the point that was actually

24   distinguished from in the prosecution.

25         JUDGE OGDEN: Counsel, I see a little bit of tension

71

IPR2021-01041
Patent 8,095,879 B2

1   perhaps between what you're arguing that the prosecution
2   history means and the plain language of the claim.
3       Because if we put aside the prosecution history for
4   a moment and just looked at the plain language, it seems like
5   it could be read to say that a representation could have
6   multiple functions and that there's only one option for
7   activating each of the functions that could be associated
8   with that representation.
9       Is that a tension and does the prosecution history
10  explain that so that a person of ordinary skill in the art
11  would have understood that the prosecution history is sort
12  of modifying what the literal language of the claim is
13  trying to say?
14      MR. HENDIFAR: So, first, we can't disregard the
15  prosecution history. Case after case holds that you must
16  construe the claims in light of the intrinsic record, a part
17  of which is the prosecution history, and whereas here, the
18  limitation was specifically added for a specific purpose to
19  disclaim, distinguish. However you guys -- Your Honors want
20  to phrase that -- I apologize -- the fact is that limitation
21  was added for that purpose so we can't disregard the
22  prosecution history.
23      But we are not arguing that the representation must
24  only have one function. That's not what we're arguing. So
25  if Your Honors would go to Slide No. 65.

507SAM_00065129

IPR2021-01041
Patent 8,095,879 B2

1           Petitioner is correct insofar as, in the
2   specification, a representation can at different times have
3   multiple functions. Yes.
4           The point is, at any given time, the user is given
5   only one option in terms of what gesture to put in and what
6   action to take. So the user -- let me step back.
7           So one of the features that the Neonode phone was
8   praised for was the simplicity. So you don't have to
9   memorize 20 different gestures from Robertson and, when you
10  try to activate something, think, okay, do I have to go up,
11  or left, or button, or do I do a caret? You don't have to
12  memorize any of that. It's a simple one-option activation.
13          You swipe, the device activates what it activates.
14  It can be one function or a different function, but the user
15  is given only one option in terms of what to activate and
16  what option to take.
17          So we submit that it's not proper to review the
18  claim language divorced from the prosecution history. To
19  the extent Your Honors would like to review that as a
20  disclaimer or a modification of the claim language, that's
21  fine, but the prosecution history is clear in that respect.
22          JUDGE OGDEN: So your initial 45 minutes are up, but
23  if you want to continue, you can continue as long as you'd
24  like.
25          MR. HENDIFAR: Thank you. I'll go for another maybe

73