# EXHIBIT 13

Attorney's Docket No.: <u>NEONODE.P004</u>        *PATENT*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In Re Patent Application of: | ) | Examiner:  Ryan F. Pitaro |
| | ) | |
| Magnus Goertz | ) | |
| | ) | Art Unit:    2174 |
| Application No: 10/315,250 | ) | |
| | ) | |
| Filed:      December 10, 2002 | ) | |
| | ) | |
| For:      USER INTERFACE FOR | ) | |
|            MOBILE HANDHELD | ) | |
|            COMPUTER UNIT | ) | |
| | ) | |

Mail Stop AMENDMENT
Commissioner for Patents
P. O. Box 1450
Alexandria, VA   22313-1450

## AMENDMENT AND RESPONSE TO OFFICE ACTION
## UNDER 37 C.F.R. §1.111

Sir:

          In response to the Office Action dated November 24, 2009, applicant respectfully requests that the remarks below be taken into consideration.

NEONODE0000490

<u>IN THE CLAIMS</u>:

Please substitute the following claims for the pending claims with the same number:

**1.** (currently amended)      A computer readable medium storing a computer program with computer program code, which, when read by a mobile handheld computer unit, allows the computer to present a user interface for the mobile handheld computer unit, the user interface comprising:

a touch sensitive area in which representations of at least one function are displayed, and each function of said at least one function being mapped to a corresponding location in the touch sensitive area at which the representation of the function is displayed, and being activated by <u>a multi-step operation comprising (i)</u> an object touching the corresponding location and then <u>(ii) the object</u> gliding along the touch sensitive area away from the touched location.

**2.** (previously presented)      The computer readable medium of claim **1**, wherein one function from the at least one function, when activated, causes the user interface to display icons representing different services or settings for a currently active application.

**3.** (previously presented)      The computer readable medium of claim **2**, wherein the user interface is characterised in, that a selection of a preferred service or setting is done by tapping on a display icon corresponding to the preferred service or setting.

NEONODE0000491

**4.** (previously presented)      The computer readable medium of claim **1**, wherein one function from at least one function, when activated, causes the user interface to display a keyboard and a text field.

**5.** (previously presented)      The computer readable medium of claim **4**, wherein said text field is used for inputting and editing of text through said keyboard.

**6.** (previously presented)      The computer readable medium of claim **1**, wherein one function from the at least one function, when activated, causes the user interface to display a list with a library of available applications and files on the mobile handheld computer unit.

**7.** (previously presented)      The computer readable medium of claim **6**, wherein the user interface is characterised in, that a selection of an application or file is done by gliding the object along said touch sensitive area so that a representation of a desired one of said application or file is highlighted, raising said object from said touch sensitive area, and then tapping on said touch sensitive area.

**8.** (previously presented)      The computer readable medium of claim **7**, wherein the user interface is characterised in, that at any given time said list presents only files or only applications, and that an area of said list presents a field through which said list can be changed from presenting files to presenting applications, or from presenting applications to presenting files.

NEONODE0000492

**9.** (previously presented)     The computer readable medium of claim **7**, wherein the user interface is characterised in, that, one item in said list is highlighted by a moveable marking, and the user interface enables list navigation whereby gliding the object along the touch sensitive area in a direction towards the top of said list or towards the bottom of said list causes said marking to move in the same direction without scrolling the list.

**10.** (previously presented)     The computer readable medium of claim **9**, wherein the user interface is characterised in, that, if the number of applications or files in said list exceeds the number of applications or files that can be presented on said touch sensitive area as content, and if the object is (i) glided along said touch sensitive area to the top or bottom of said touch sensitive area, then (ii) raised above said touch sensitive area, then (iii) replaced on said touch sensitive area, and then (iv) again glided along said touch sensitive area to the top or bottom of said touch sensitive area, said list navigation pages the content of said list up or down by one whole page.

**11.** (previously presented)     The computer readable medium of claim **10**, wherein the user interface is characterised in, that if the object is raised from any first position on said touch sensitive area and then replaced on any second position on said touch sensitive area, said list navigation can be continued from said second position.

**12.** (previously presented)     The computer readable medium of claim **1**, wherein the user interface is characterised in, that an active application, function, service or setting is advanced one step by gliding the object

NEONODE0000493

along the touch sensitive area from left to right, and that the active application, function, service or setting is closed or backed one step by gliding the object along the touch sensitive area from right to left.

**13.** (previously presented)    The computer readable medium of claim **1**, wherein the user interface is characterised in, that said representations of said at least one function are located at the bottom of said touch sensitive area.

**14.** (previously presented)    The computer readable medium of claim **1**, wherein the touch sensitive area is 2-3 inches in diagonal dimension.

**15.** (previously presented)    An enclosure adapted to cover the mobile handheld computer unit according to Claim **1**, characterised in, that said enclosure is provided with an opening for said touch sensitive area.

**16.** (previously presented)    The enclosure according to Claim **15**, characterised in, that said enclosure is removable and exchangeable.

**17.** (cancelled)

**18.** (previously presented)    The computer readable medium of claim **1**, characterised in, that said computer program code is adapted to function as a shell upon an operating system.

**19. – 47.** (cancelled)

NEONODE0000494

<u>REMARKS</u>

Applicant expresses appreciation to the Examiner for the courtesy of an interview granted to applicant's representative Marc A. Berger (Reg. No. 44,029) and to Yossi Shain.  The interview was held by telephone on Monday, February 22, 2010.  The substance of the interview concerned the amendments to claim **1**.

Applicant has carefully studied the outstanding Office Action.  The present amendment is intended to place the application in condition for allowance and is believed to overcome all of the objections and rejections made by the Examiner.  Favorable reconsideration and allowance of the application are respectfully requested.

Applicant has amended claim **1** to properly claim the present invention.  No new matter has been introduced.  Claims **1** – **16** and **18** are presented for examination.

In Paragraphs 2 and 3 of the Office Action, the Examiner has rejected claim **1** under 35 U.S.C. §103(a) as being unpatentable over Nakajima et al., U.S. Patent No. 6,346,935 ("Nakajima") in view of Hoshino et al., U.S. Publ. No. 2004/0021643 ("Hoshino").

In Paragraph 4 of the Office Action, the Examiner has rejected claims **2** – **11**, **14** – **16** and **18** under 35 U.S.C. §103(a) as being unpatentable over Nakajima in view of Hoshino, and in view of Rogue, Palm Pilot: The Ultimate Guide, 2nd Edition ("Rogue").

In Paragraph 5 of the Office Action, the Examiner has rejected claims **12** and **13** under 35 U.S.C. §103(a) as being unpatentable over Nakajima in view of Rogue, in view of Hoshino, and in view of O'Rourke, US Patent No. 7,225,408 ("O'Rourke").

NEONODE0000495

**Brief Discussion of Prior Art**

Nakajima, Rogue and O'Rourke are discussed in applicant's response filed on July 13, 2009.

Hoshino describes a touch screen user interface with two distinct user operations; namely, (1) touch, and (2) drag.  Since a drag operation begins with an initial touch, in order to distinguish between these operations (1) and (2), it is necessary to discriminate between a touch operation and the initial touch of a drag operation.  To do so, Hoshino uses a pressure sensor, in addition to a touch sensor.  The pressure sensor discriminates between three states; namely, (a) no touch, (b) a light touch, and (c) a hard touch, corresponding to respective pressure levels 0, P1 and P2 (Hoshino/ pars. 10, 57, 79 – 81, 91 and 92; step 103 of FIG. 7, step 205 of FIG. 12, step 305 of FIG. 15, step 406 of FIG. 18 and step 506 of FIG. 21).

Hoshino associates a drag operation with a soft initial touch, and associates a touch operation with a hard touch.  Hoshino is thereby able to discriminate between a touch operation and the initial touch of a drag operation.  Hoshino activates a function in response to a hard touch, but does not activate a function in response to a soft touch.

**Response to Examiner's Arguments**

In rejecting independent claim **1** in Paragraph 3 of the Office Action, the Examiner has cited pars. 92 and 93 of Hoshino as teaching a function being activated in response to an object touching a corresponding location and then gliding along the touch sensitive area away from the location.  Applicant respectfully submits that, unlike the claimed invention, Hoshino activates the function <u>solely in response to a</u>

NEONODE0000496

push-in operation; i.e., a hard touch, and not in response to a drag operation.  Indeed, at par. 92 Hoshino recites

> When P >= P2, an operation for activating the function may be performed in a manner similar to steps 104 – 107 in FIG. 7.

Applicant notes that in FIG. 7, from step 100 (START) through step 107, function activation occurs solely in response to a hard touch on an associated icon, irrespective of whether or not a drag is performed.

In distinction, the claimed invention activates a function in response to a multi-step touch-and-glide operation.  Thus in particular, referring to the illustration below, the claimed invention responds to a (hard) touch followed by a glide differently than Hoshino.  Specifically, the claimed invention activates a function after the glide, whereas Hoshino activates the function after the (hard) touch.



Function activation operation of claimed invention vs. that of Hoshino

The table below summarizes some of the salient distinctions between the claimed invention and Hoshino.

| Some distinctions between claimed invention and Hoshino | | |
|---|---|---|
| | **Claimed invention** | **Hoshino** |
| **Objective** | Novel touch-and-glide user interface operation | Discriminate between two conventional operations; namely, (1) touch, and (2) drag-and-drop |
| **Hardware** | Touch screen | Touch screen with pressure sensor |
| **Function Activation** | In response to both steps of a multi-step operation; namely, (1) touch, followed by (2) a glide | In response to hard touch |

NEONODE0000497

In order to further distinguish the claimed invention over the prior art, applicant has amended claim **1** to include the limitation of a multi-step operation comprising (1) a touch, followed by (2) a glide away from the touched position.

The rejections of the claims **1 – 16** and **18** in paragraphs 2 - 5 of the Office Action will now be dealt with specifically.

As to amended independent claim **1** for a computer readable medium, applicant respectfully submits, as indicated hereinabove, that the limitation in claim **1** of

"*each function … being activated by a multi-step operation comprising (i) an object touching the corresponding location and then (ii) the object gliding along the touch sensitive area away from the touched location*"

is neither shown nor suggested in Nakajima, Hoshino, Rogue or O'Rourke.

In Paragraph 3 of the Office Action, the Examiner has indicated that it would have been obvious to combine the teaching of Hoshino with the medium of Nakajima.  Applicant respectfully disagrees. Hoshino does not teach gliding a finger away from an icon.  Instead, Hoshino teaches a drag-and-drop operation for moving an icon.  In Nakajima the icons are either carve-outs in a frame surrounding a touch pad, or icons on an overlay of the touch pad.  It is not possible to move the icons of Nakajima.  As such, even the combination of Hoshino and Nakajima does not suggest the touch-and-glide operation of the claimed invention.

Moreover, for the sake of argument, even if one were somehow able to introduce the drag operation of Hoshino into Nakajima, the lack of a pressure sensor in Nakajima would cause Nakajima to activate a function upon the initial touch of the drag, and ignore the drag

NEONODE0000498

altogether.  In fact Hoshino, at pars. 7 – 9, teaches away from trying to support a drag-and-drop operation on a touch screen that does not have a pressure sensor.

The table below summarizes reasons why it is non-obvious to combine Nakajima and Hoshino.

| Some reasons why it is non-obvious to combine Nakajima with Hoshino | |
| --- | --- |
| **Nakajima** | **Hoshino** |
| Touch sensitive surface is opaque and static | Requires dynamic video display to animate drag-and-drop of icons |
| Icon is stationary (carve-out in frame surrounding screen, or on overlay sheet) | Requires software generated icon |
| Touch screen does not have pressure sensor | Requires pressure sensor. |

Because claims **2 – 16** and **18** depend from claim **1** and include additional features, applicant respectfully submits that claims **2 – 16** and **18** are not anticipated or rendered obvious by Nakajima, Hoshino, Rogue, O'Rourke, or a combination of Nakajima, Hoshino, Rogue and O'Rourke.

Accordingly claims **1 – 16** and **18** are deemed to be allowable.

**<u>Support for Amended Claims in Original Specification</u>**

Independent claim **1** for a computer readable medium has been amended to include the limitation of a multi-step operation comprising (1) a touch, followed by (2) a glide.  This limitation is supported in the original specification at least by the Abstract, by FIG. 2, where the arrow at A indicates a touch and the arrow at B indicates a glide, and by the description thereof at par. 47.

NEONODE0000499

For the foregoing reasons, applicant respectfully submits that the applicable objections and rejections have been overcome and that the claims are in condition for allowance.

If any matters can be resolved by telephone, applicant requests that the Patent and Trademark Office please contact the applicant at the telephone number listed below.

Respectfully submitted,

Dated: February 22, 2010

/Marc A. Berger/
Marc A. Berger
Reg. No. 44,029

P.O. Box 691
Soquel, CA   95073
(831) 426-8200

NEONODE0000500