# EXHIBIT 19

Trials@uspto.gov                                              Paper 55
571-272-7822                                    Entered: October 12, 2022

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————

SAMSUNG ELECTRONICS CO. LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. & APPLE, INC.,
Petitioner

v.

NEONODE SMARTPHONE LLC,
Patent Owner.

———————

IPR2021-00144
Patent 8,095,879 B2

————

Record of Oral Hearing
Held: September 6, 2022

————

Before KARA L. SZPONDOWSKI, CHRISTOPHER L. OGDEN, and
SCOTT B. HOWARD, *Administrative Patent Judges*.

507SAM_00052367

IPR2021-00144
Patent 8,095,879 B2


APPEARANCES:

ON BEHALF OF THE PETITIONER:

      KARL RENNER, ESQ.
      DAVID HOLT, ESQ.
      Fish & Richardson
      axf-ptab@fr.com
      holt2@fr.com

      TIFFANY MILLER, ESQ.
      DLA Piper
      tiffany.miller@dlapiper.com

ON BEHALF OF THE PATENT OWNER:

      NATHAN LOWENSTEIN, ESQ.
      KENNETH WEATHERWAX, ESQ.
      PARHAM HENDIFAR, ESQ.
      ROBERT PISTONE, ESQ.
      Lowenstein & Weatherwax, LLP
      lowenstein@lowensteinwatherwax.com
      weatherwax@lowensteinweatherwax.com
      hendifar@lowensteinweatherwax.com
      pistone@lowensteinweatherwax.com


    The above-entitled matter came on for hearing Tuesday, September 6, 2022, commencing at 1:00 p.m. EDT, via Videoconference.

2

507SAM_00052368

IPR2021-00144
Patent 8,095,879 B2

1    JUDGE HOWARD: But at the end of the day even that amendment
2    wasn't enough. It wasn't until the examiner issued his examiner's amendment
3    at the end ending in the last wherein clause that the claims got allowed.
4    You see, I'm -- so I'm trying to figure out is gliding just that last
5    wherein clause? Is that the difference?
6    MR. LOWENSTEIN: I don't think so.
7    JUDGE HOWARD: Or is it just there's nothing that you could
8    actually do to describe the difference to me?
9    MR. LOWENSTEIN: It's a seamless, effortless movement, gliding
10   away like a figure skater. It's not dragging something. And I think if we all
11   think back to the style of the old 1990s, I'm trying to drag the icon get it into
12   the right space, that's not the same sort of movement.
13   That's why in prosecution we showed the examiner the video. And we
14   encourage Your Honors to please watch the video because it will tell you as
15   it told the examiners precisely what sort of seamless, effortless movement
16   we are talking about as opposed to the drag. Did I select the icon? Did I
17   move it to the precise location? Because that's the difference between an
18   iPhone and, you know, some reference like Hirayama. It's all about a
19   seamless user interface.
20   That's what was getting praised. And so if you overlook that
21   distinction we just assume that a dragging, drag, drag, drag, drag, drag in
22   Hirayama, a user can only -- can only activate what you activate by dragging
23   the pen. That's what Hirayama says.
24   JUDGE HOWARD: Well, I think at the time you were, the applicant
25   was trying to distinguish over Hoshino. How does Hoshino describe its
26   motion?

40

507SAM_00052406

IPR2021-00144
Patent 8,095,879 B2

1       MR. LOWENSTEIN: Okay. So --

2       JUDGE HOWARD: And Petitioner showed where you, in fact, I'm

3   looking now at Page 170 in the file history, where you've offered a thing

4   where you've described Hoshino as glide and that the difference seemed to

5   be the argument that you were making is does the glide become before

6   activation or after activation, not that it was a glide was the distinguishing

7   point.

8       MR. LOWENSTEIN: May I defer the question on Hoshino to my

9   colleague Mr. Hendifar because he is going to address the disclaimer? And

10  we will address that just momentarily, Your Honor, so just bear with me. I

11  will try to get through my slides very quickly and then I'll turn it over to Mr.

12  Hendifar who will ask -- answer that question, if I may?

13      So let's go to Slide 23. We can skip 23. Let's go to 24. Again, you

14  can't just assume dragging and gliding are the same thing. They have to

15  prove it. They have not.

16      They have, Slide 25, no claim construction of gliding away. They

17  have no claim construction of gliding away. They say dragging is gliding but

18  they don't say why. They don't offer you a claim construction.

19      And let's go to Slide 26. We asked Dr. Bederson through his reply

20  declaration, question, "What is the difference between the plain meaning of

21  gliding a pen opposed to dragging the pen? Answer, "I don't recall

22  performing an analysis distinguishing between any possible difference in the

23  meanings of the terms gliding and dragging in my reports."

24      They have the burden of proof. They must prove to you that dragging

25  in Hirayama is gliding. They did not explain why in their petition. They did

41

507SAM_00052407

IPR2021-00144
Patent 8,095,879 B2

1    not grapple with the fact that the only movement disclosed in Hirayama 307

2    is dragging. That's the only way.

3           They did not offer you a claim construction. And when we asked their

4    expert in deposition is there any reason why these are not the same thing?

5    He said I didn't do any analysis. That's a complete failure of proof. I think

6    they lose the case right now.

7           JUDGE HOWARD: Isn't it possible, sorry. This is Judge Howard

8    again. Isn't it possible he's saying I didn't do anything to distinguish them

9    because they're the same?

10          MR. LOWENSTEIN: Well --

11          JUDGE HOWARD: That's just, sort of, one way of reading what he

12   just said.

13          MR. LOWENSTEIN: Well but go back to their petition. Let's see

14   what they say. Gliding away, drags with -- why is it dragging away? We're

15   not going to tell you.

16          Well, what exactly is making that in Hirayama.

17          JUDGE HOWARD: Again, you're looking at one part of what they

18   said in their petition and then you don't read the rest. You read everything it

19   says, it says Hirayama 307 further discloses quote, "then if the user moves,

20   i.e., drags the point of pen three to the display position on the surface of the

21   input tablet without being separated therefrom and having touched the

22   desired icon 41 with the point of the pen three and takes the point of the pen

23   three off from the surface of the input tablet two." And it goes on from there.

24          So they've described more than dragging. They've described putting

25   the stylus down, moving it to the location that you want it and picking it up.

26   They described the motion. They said that's a glide.

42

IPR2021-00144
Patent 8,095,879 B2

1    Now, it's up for us to go and determine whether or not that is a glide

2    or not, but isn't it a little disingenuous to say they haven't done anything

3    besides just say drag?

4    MR. LOWENSTEIN: No. Oh, okay. So whatever they say, Hirayama

5    is clear about what it says because it says drag, drag, drag, drag, drag, 14

6    times. I don't care they say because that's what Hirayama discloses.

7    JUDGE HOWARD: But that wasn't, again, that's not what they said.

8    They were quoting Hirayama. It's describing the movement, the drag, as a

9    movement without the stylus being separated.

10    Now, it's for us as the judges to go determine whether or not that's a

11    glide, but they have done more than just say drag.

12    MR. LOWENSTEIN: Okay. Let me address that, and I touched upon

13    it a bit, but if we go to 27, I think they moved in their reply to more of a

14    movement, any movement is glide.

15    Well, first of all, why would that be? Why do -- we would have just

16    said movement if we meant any movement. We said gliding away

17    specifically.

18    Now, we talked about this a bit, but Slide 28 the claims originally said

19    moving from to. Slide 29, we said, no. Please watch the video. That's what

20    we're talking about. Pease watch video. That's, sort of, that's what we're

21    trying to get here.

22    Slide 30 the examiner said and when I did the video I can see the

23    difference. But your limitations are too broad.

24    Slide 31, we change moving from to to gliding away. So that's what

25    we're talking about gliding away, not any movement.

43

IPR2021-00144
Patent 8,095,879 B2

1        Slide 32, the Federal Circuit says, quote, "[W]hen a word is changed

2    during prosecution, [like moving from to to gliding away,] the change tends

3    to suggest that the new word differs in meaning in some way from the

4    original word."

5        So --

6        JUDGE OGDEN: Mr. Lowenstein, my question is, are you trying to

7    make a distinction in order to say that in a drag-and-drop operation you're

8    saying that the beginning and ending point is significant, whereas in a glide

9    operation the endpoint is not significant?

10        MR. LOWENSTEIN: That's an aspect of it. I think first and foremost

11    I'm arguing a failure of proof, but I think you're making a point, Judge

12    Ogden, that my colleague Mr. Hendifar will touch upon which is a major

13    distinction between Hirayama 307 and just a simple glide as you're selecting

14    an icon then you're moving it to a precise location.

15        And I do think that is a distinction because it makes it, it's hard to say

16    that's a seamless glide where you're selecting icon then you're moving to a

17    precise location. So I don't want to steal his thunder, but I do believe that's a

18    point we're going to address as well.

19        So Slide 33, additionally we equated the touch and glide thumb

20    movement to swiping so I think that's another touchstone of what it is we're

21    talking about. So we showed the examiner the video. I really do encourage,

22    it sounds like you've all watched it anyways but I encourage you to just

23    watch it again.

24        We equated it with swiping. And again, I would submit to Your

25    Honors that there's a fundamental failure of proof as we, sort of, sum up in

507SAM_00052410

IPR2021-00144
Patent 8,095,879 B2

1    Slide 35. And I'm aware of my time, so unless there are further questions for

2    me, I will turn it over to my colleague Mr. Hendifar.

3        MR. HENDIFAR: Good afternoon, Your Honors. Parham Hendifar

4    for Patent Owner. And I want to follow up on where Your Honor asked a

5    question about if the glide and the drag is really about what the screen shows

6    or whether there is an actual difference in the movement.

7        And it has in our position two sides. One is that first Petitioner has to

8    show when it's relying on plain and ordinary meaning why is the plain and

9    order meaning of glide is the same as a drag? And Mr. Lowenstein pointed

10   out that they haven't shown and on that basis alone Your Honors don't

11   actually need to construe a glide and drag.

12       The point of the Petitioner should be Petitioner uses two different

13   words where which they have different plain and ordinary meanings and

14   they haven't shown why they're the same. And that's the end of the inquiry.

15       But if you want to go further, the difference between a glide and a

16   drag is not just what is shown on the screen but is in the nature of the

17   movement. So if you go to Slide 33, the applicant during prosecution, it's

18   what we go because some things are not really easy to explain in words,

19   such as what is a swipe. And if you would go back to 2002, which is when

20   the patent was filed, many people may not have known what a swipe is.

21       Today you have swipe left, swipe right, all the stuff. But in 2002, if

22   you recall, you had the Nokia phones with the keypad. You didn't have

23   swipe phones really so it may have been hard to describe it, but we showed

24   the examiner through a video and we actually just said that the gliding can

25   be the slide or a swipe.

45

507SAM_00052411

IPR2021-00144
Patent 8,095,879 B2

1    So and I submit that a person of ordinary skill wouldn't think that a

2    swipe motion of a finger is the same as a dragging motion. A dragging is

3    much more intensive, harder and laborious, whereas a glide is much more

4    seamless and effortless.

5    So it's not really just about what's shown on the screen but it's also

6    about the nature of a movement. And again, the applicant said the gliding is

7    a swipe, so I request that you would just consult is a swipe the same as a

8    drag? It's really not.

9    Now, we didn't have to actually provide a construction per se because

10   that's not our burden, but even based on a plain and ordinary meaning of

11   swipe or a glide, which is anonymous based on what the applicant said, are

12   not really a dragging motion regardless of what may or may not be shown on

13   the screen. Does that answer Your Honors questions on this point?

14   JUDGE HOWARD: This is Judge Howard. I guess it doesn't answer

15   mine because I still don't know how to look at the description of the actual

16   movement in the reference and determine whether it's a slider or a glide or

17   not.

18   MR. HENDIFAR: Then may I submit --

19   JUDGE HOWARD: And in that you're trying to destroy distinction

20   between a glide and a drag.

21   MR. LOWENSTEIN: Let me just say, Your Honor, briefly if you

22   can't tell, if the record doesn't allow you to tell that should mean that they

23   lose because they --

24   JUDGE HOWARD: Yeah. Well, it could just be that they mean the

25   same thing, that the description of the glide that is a movement of something

26   along the touchscreen is a glide. That seems like the plain and ordinary

507SAM_00052412

IPR2021-00144
Patent 8,095,879 B2

1    meaning. I mean, you're telling me that's a drag and I'm trying to figure out,

2    well, how is that not a glide?

3         MR. HENDIFAR: Let me just --

4         JUDGE HOWARD: They've described a motion. The motion, you

5    know, will determine whether or not it is, but it's something that at least

6    plausibly could be implied. If you're telling me that there's some distinction I

7    can look at to determine whether based on the prosecution history that, no,

8    glides aren't meant to cover drags and this is what a drag is so you could tell

9    the difference, then that would be, you know, potentially useful.

10        If there's not a specific difference between the two then they're

11   synonymous, which is helpful in a different way.

12        MR. HENDIFAR: So let me then approach it differently, Your Honor.

13   Judge Howard you mentioned that look at the petition. They say dragging

14   discloses gliding. It can be two things.

15        One is that they're both the same thing because they are movements,

16   or two, they're different thing but the petition fails to show what the

17   distinction is and they fail on the basis of failure to prove.

18        Now, we can eliminate conclusively the first possibility which is

19   simply because glide and a drag are both movements then they are the same

20   thing. We can conclusively eliminate that.

21        So then we are left with Petitioners failing to show what the

22   distinction is. And the way we can conclusively eliminate --

23        JUDGE HOWARD: Conclusively distinguished it. I might see that if

24   there's a difference. I'm just trying to understand what the difference is.

25        MR. HENDIFAR: There is.

47

507SAM_00052413

IPR2021-00144
Patent 8,095,879 B2

1    But going to Slide 40, the Federal Circuit has held that there is no

2    support -- no support for the proposition that a prosecution disclaimer

3    applies only when applicants attempt to overcome a claim rejection. Rather,

4    any statement that the applicant makes to characterize the invention may

5    give rise to prosecution disclaimer.

6    Going to Slide 41, the --

7    JUDGE OGDEN: Counsel, Mr. Hendifar, just to let you know, you've

8    got about five minutes in your initial time.

9    MR. HENDIFAR: Yes.

10   JUDGE HOWARD: This is Judge Howard again. I'm not necessarily

11   disagreeing with your point that drag and drop has been disclaimed. My

12   whole point is I'm trying to understand what the difference is between the

13   drag and drop that's been disclaimed, if it has been disclaimed, and what's

14   left besides the fact that in drag and drop, as the name implies, you're

15   physically or electronically in this case dragging something along and

16   dropping it in new location which is then what eventually got incorporated

17   in by the wherein clause.

18   I'm just trying to understand is there a difference between the

19   disclaimer and the wherein clause?

20   MR. HENDIFAR: Yes, because the wherein clause does not

21   necessarily mean a drag and drop. It only includes a drag. It doesn't address

22   an issue of a drop operation.

23   Also, you could hypothetically, and I'd have to think about it, but you

24   could have a gliding motion where the icon moves with you. I think the issue

25   with the drag in terms of the nature of movement is that in other devices

52

507SAM_00052418

IPR2021-00144
Patent 8,095,879 B2

1    when you are dragging you have to really do an effort, go really slowly, pick

2    a specific location, whereas a glide was a much more seamless effort.

3         Now, I need to think about whether you could have a gliding that also

4    has an icon moving with it or not. But the --

5         JUDGE HOWARD: So I think I've now got an answer that I've been

6    trying to get to. So the difference is in the type of the effort that's being

7    applied, so it's something that would be visible, for example. You could --

8         MR. HENDIFAR: One aspect is --

9         JUDGE HOWARD: -- look at something and determine if it's, sort of,

10   sweeping along that's a glide and if it's a more harder, slower movement that

11   would be --

12        MR. HENDIFAR: Absolutely.

13        JUDGE HOWARD: -- not a glide. So is that what you're trying to get

14   to?

15        MR. HENDIFAR: That's one aspect, absolutely. Also other aspects

16   maybe there. As Judge Ogden said there may be an aspect about the specific

17   location in a drag that you have to choose whereas a swipe or a glide is a

18   much more generic movement. But again, it comes out to Petitioners have to

19   point out what is a glide on whether drag discloses it, but that aside, Your

20   Honor is correct that the nature of the movement is distinct between the two.

21        JUDGE HOWARD: Right. And I understand Petitioners' eventual

22   burden, but if you're claiming there's a disclaimer I need to, sort of,

23   understand what the distinction, or the panel needs to understand what that

24   disclaimer is so that we could go and see whether or not Petitioner met its

25   burden.

26        MR. HENDIFAR: Thank you.

507SAM_00052419