# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAMSUNG ELECTRONICS CO. LTD.<br>and SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>　　　　　　　　　Defendants. | Civil Action No. 6:20-cv-00507-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN
SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S CLAIMS OF WILLFUL INFRINGEMENT**

Plaintiff Neonode Smartphone LLC ("Neonode") hereby notifies the Court and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") of supplemental authority in support of Plaintiff's Opposition To Defendants' Motion To Dismiss Plaintiff's Claims Of Willful Infringement As To Both Patents-In-Suit And Plaintiff's Claims Of Indirect Infringement And Direct Infringement As To U.S. Patent No. 8,812,993 (Dkt. #25) ("Opposition"). The authorities identified below post-date the Opposition, which was filed on October 23, 2020.

In support of its Motion to Dismiss, Samsung argued that Neonode's allegations of Samsung's pre-suit knowledge of Neonode's United States Patent No. 8,095,879 (the "'879 Patent")—including that Samsung had licensed (and therefore knew of) the underling patent application, that Samsung was involved in litigation with Apple to which the '879 Patent was relevant, and that Samsung monitored industry press (which had publicized the issuance of the '879 Patent)—were insufficient to plead a viable willful infringement claim. *See* Dkt. #12 at 2-4; Dkt. #29 at 1-4. Subsequent to the close of the parties' briefing on Samsung's motion, the Court, in *VoIP-Pal.com, Inc. v. Facebook, Inc.*, considered the sufficiency of comparable allegations that defendant had been informed about the underlying patent application, that there had been patent litigation between the parties, and that defendant monitored plaintiff's patent portfolio. *See* No. 6:21-CV-00665-ADA, 2022 WL 1394550, at *1 (W.D. Tex. May 3, 2022). The Court found such allegations adequate to plead pre-suit knowledge of plaintiff's patent. *See id.* at *2.

In its reply brief, Samsung argued that Neonode had failed to adequately plead post-complaint willful infringement of the '879 Patent. *See* Dkt. #29 at 4. Subsequent to the close of the parties' briefing, the Court held in *BillJCo, LLC v. Apple Inc.* that "[s]erving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So

long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will … sufficiently plead a post-filing/post-suit willful infringement claim." 583 F. Supp. 3d 769, 778 (W.D. Tex. 2022). Here, Neonode alleged in its complaint that Samsung is continuing to infringe the '879 Patent. *See* Dkt. #1, ¶¶ 5, 11, 52; Dkt. #1, Prayer for Relief, ¶ A.

Finally, in support of its Motion to Dismiss, Samsung faulted Neonode for purportedly failing to allege "an 'egregious case[ ] of culpable behavior,' conduct that has been described as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'" Dkt. #12 at 4-5 (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016)). Neonode responded that "Samsung [had] conflate[d] the pleading requirements for willful infringement with the standard of proof for enhancement of damages." Dkt. #25 at 11. Neonode also cited *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018), as supporting the conclusion that a plaintiff need not plead "egregious" conduct to state a viable willful infringement claim. *See* Dk. #25 at 12. Subsequent to the close of the parties' briefing, the Federal Circuit clarified that "the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323 (Fed. Cir. 2021). According to the Federal Circuit, "egregiousness" is something for a court to consider in exercising its discretion to enhance damages *after* the jury finds willfulness. *See SRI Int'l, Inc.*, 14 F.4th at 1329–30 ("To eliminate the confusion created by our reference to the language 'wanton, malicious, and bad-faith' in *Halo*, we clarify that it was not our intent to create a heightened requirement for willful infringement. Indeed, that sentence from *Halo* refers to 'conduct warranting enhanced damages,' not conduct warranting a finding of willfulness."). In addition, this Court stated in *BillJCo* that it "will follow *Välinge* in refusing to impose an egregiousness pleading requirement." 583 F. Supp. 3d at 779.

DATED:  April 18, 2023 		Respectfully submitted,


		*/s/ Greer N. Shaw*
		Philip J. Graves *(Pro Hac Vice)*
		CA State Bar No. 153441
		pgraves@gravesshaw.com
		Greer N. Shaw *(Pro Hac Vice)*
		CA State Bar No. 197960
		gshaw@gravesshaw.com
		**GRAVES & SHAW LLP**
		355 S. Grand Ave., Suite 2450
		Los Angeles, CA 90071
		Telephone: (213) 204-5101

		Craig D. Cherry (State Bar No. 24012419)
		ccherry@cjsjlaw.com
		Mark D. Siegmund (State Bar No. 24117055)
		msiegmund@cjsjlaw.com
		**CHERRY JOHNSON SIEGMUND JAMES LLC**
		400 Austin Avenue, Suite 903
		Waco, Texas 76701
		Telephone: (254) 732-2242

		*Counsel for Plaintiff Neonode Smartphone LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Greer N. Shaw*
Greer N. Shaw
