IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| NEONODE SMARTPHONE LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil No. 6:20-cv-00507-ADA |
| SAMSUNG ELECTRONICS CO. LTD, and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

**SAMSUNG'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS OF WILLFUL INFRINGEMENT**

Pursuant to the Court's April 19, 2023, Order, Defendants (collectively "Samsung") hereby (1) respond to Plaintiff's Notice of Supplemental Authority in Support of Opposition to Defendants' Motion to Dismiss (Dkt. 72) ("Notice") concerning Neonode's willful infringement claim regarding U.S. Patent No. 8,095,879 ("'879 patent") and (2) respectfully submit additional supplemental authority supporting Samsung's Motion to Dismiss (Dkt. 12) ("Motion").

First, Plaintiff asserts the complaint in the *VoIP-Pal.com* case recited "comparable allegations" that were found by the Court to adequately allege willful infringement. Notice at 2. However, the allegations in *VoIP-Pal.com* are distinguishable from those in the present case for at least the following reasons:

- In *VoIP-Pal.com*, the plaintiff sent "notice letters that identif[ied] the [first asserted patent] and a patent application that ultimately led to [the second asserted patent]." *VoIP-Pal.com, Inc. v. Facebook, Inc.*, No. 6:21-CV-00665-ADA, 2022 WL 1394550, at *1-*3 (W.D. Tex. May 3, 2022). Here, Plaintiff sent no such notice letters to Samsung and Plaintiff cites no evidence that Samsung otherwise had actual knowledge of the '879 patent, much less actual knowledge that Samsung allegedly infringed the patent. *See* Compl. at ¶¶ 17, 20-23, 25-28; Motion at 2-4.

- In *VoIP-Pal.com*, the plaintiff alleged "the parties' ongoing litigation" regarding a different patent was evidence the defendants were monitoring the plaintiff's patent portfolio. *VoIP-Pal.com*, 2022 WL 1394550 at *1. Here, there was no prior litigation between Plaintiff and Samsung.

- In *VoIP-Pal.com*, plaintiff alleged that "based on this letter and as a result of ongoing patent litigation between the parties, the Defendants allegedly monitored Plaintiff's patent portfolio." *Id.* Neonode makes no such allegation in its Complaint because there were no such prior notice letters or previous patent litigation between the parties. *See* Compl. at ¶¶ 17, 20-23, 25-28; Motion at 2-4.

Accordingly, Plaintiff's reliance on *VoIP-Pal.com* is misplaced.

Second, while Plaintiff cites the Court's *BillJCo* decision, Plaintiff fails to note that the Court *dismissed* the plaintiff's pre-suit willfulness claim because the complaint in that case, as is the case here, failed to allege facts showing the defendant had actual pre-suit knowledge of the alleged infringement (even though the defendant in that case had actual knowledge, through a

-1-

notice letter, of all but one of the asserted patents). *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 775-777 (W.D. Tex. 2022).

Third, the Notice fails to address many recent decisions by this Court that support granting Samsung's Motion on the ground that the facts alleged by Plaintiff cannot constitute pre-suit knowledge of the '879 patent or knowledge of its alleged infringement. *See RFCyber Corp. v. Apple, Inc.*, No. 6:21-CV-00916-ADA, at 3 (W.D. Tex. Sept. 12, 2022) (knowledge of applications later issuing as asserted patents insufficient to plead pre-suit knowledge for pre-suit willful infringement); *Flypsi, Inc. v. Google LLC*, No. 6:22-CV-0031-ADA, 2022 WL 3593053, at *5 (W.D. Tex. Aug. 22, 2022) ("knowledge of patent applications generally without more is insufficient to satisfy the knowledge requirement" to plead pre-suit willful infringement claims); *Atlas Glob. Techs., LLC v. Sercomm Corp.*, No. 6-21-CV-00818-ADA, 2022 WL 16557650, at *5 (W.D. Tex. Oct. 31, 2022) (in granting motion to dismiss pre-suit willful infringement claim, stating that "[m]ultiple district courts, post-*Halo*, have held that general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent") (quoting *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021)).

This Court also has emphasized that knowledge of infringement is a "distinct element" from knowledge of the asserted patent, "and without more factual allegations supporting knowledge of infringement, the pleading standard is not met." *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021). As detailed in Samsung's Motion, Neonode failed to adequately plead knowledge of infringement. Motion at 2-3; Dkt. 29 (Motion Reply Brief) at 2.

-3-

Dated: April 26, 2023

Respectfully submitted,

DLA PIPER LLP (US)

By: */s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
**DLA PIPER LLP (US**)
303 Colorado Street, Suite 3000
Austin, TX 78701-4653
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@dlapiper.com

Mark K. Fowler (Pro hac vice)
Bar No. 124235
mark.fowler@dlapiper.com
Erik Fuehrer (Pro hac vice)
Bar No. 252578
Erik.fuehrer@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Tiffany Miller (Pro hac vice)
Tiffany.miller@dlapiper.com
**DLA PIPER LLP (US)**
401 B St., Ste. 1700
San Diego, CA 92101
Tel: 619.699.2700
Fax: 619.699.2701

Zachary Loney (Pro hac vice)
**DLA Piper LLP (US)**
303 Colorado St., Suite 3000
Austin, TX 78701
Tel: 512.457.7000
Zachary.loney@us.dlapiper.com

Benjamin Mueller (Pro hac vice)
Benjamin.mueller@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089

-4-

      Tel: 312.368.4000
      Fax: 312.236.7516

***ATTORNEYS FOR SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.***

-5-

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on April 26, 2023 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna
