# Exhibit 7

Trials@uspto.gov                                              Paper # 50
571-272-7822                                  Entered: November 17, 2022

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

GOOGLE LLC,
Petitioner,

v.

NEONODE SMARTPHONE LLC,
Patent Owner.

_____

IPR2021-01041
Patent 8,095,879 B2

_____

Record of Oral Hearing
Held: October 17, 2022

_____

BEFORE: KARA L. SZPONDOWSKI, CHRISTOPHER L. OGDEN, and
SCOTT B. HOWARD, Administrative Patent Judges.

IPR2021-01041
Patent 8,095,879 B2


A P P E A R A N C E S

ON BEHALF OF THE PETITIONER:

   KEVIN D. RODKEY, ESQUIRE
   ERIKA ARNER, ESQUIRE
   YI YU, ESQUIRE
   FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
   271 17th Street, NW
   Atlanta, Georgia 30363-6209


ON BEHALF OF THE PATENT OWNER:

   PARHAM HENDIFAR, ESQUIRE
   LOWENSTEIN & WEATHERWAX LLP
   Santa Monica, California 90405


    The above-entitled matter came on for hearing on Monday, October 17, 2022, commencing at 1:02 p.m. EST at the San Jose, California USPTO Regional Office.

507SAM_00065059

IPR2021-01041
Patent 8,095,879 B2

1   why gliding away is any movement or, at a minimum, why it
2   encompasses a flick and an insert gesture.
3         The petition provided no claim construction on what
4   gliding away is, let alone show it is any movement.
5         Slide 24. They presented no other evidence, no
6   dictionary definitions, no industry usage, no common usage,
7   nothing, not one word on why glide is any generic movement
8   with a direction that is just added in our argument now.
9         Going to Slide 25. The reason they didn't try that
10  is that they couldn't. Any cursory review of any dictionary
11  definition, any other extrinsic evidence will clearly show
12  that a glide is a distinct gesture from a flick.
13        Now, Slide 25, as I mentioned already, we have
14  provided dictionary definitions, not just from today but
15  from back in 1993, around the time of Robertson, all showing
16  consistently that a flick is a light, sharp, jerky stroke or
17  movement. A light, quick, low jerk or touch. A sudden
18  sharp movement.
19        Now, that's nothing like a glide, which again
20  consistently requires a smooth, continues, and effortless
21  movement.
22        So based on the plain meaning of these terms, as our
23  evidence shows and that there's no contradicting evidence, I
24  want to emphasize that, a glide and a flick, and their
25   flicks are distinct movements.

46

507SAM_00065103

1   required for the claim, and I'll get to those slides.
2        We are not proposing that the representation of a
3   function can only be activated with one gesture. And that's
4   Petitioner's unsupported construction, but that's not how we
5   are construing the claim.
6        So even if Neonode's phone, that representation at
7   the bottom would be activated by both a gliding away and a
8   flick, we don't believe that would fall outside of the scope
9   of the claim.
10       JUDGE HOWARD: So you're saying the claim needs --
11  something that's covered by the claim would need to determine
12  the speed in which to determine whether or not something is a
13  flick or a glide in order to be covered by the claim? Am I
14  understanding that correctly?
15       MR. HENDIFAR: So we are saying that the
16  representation should at least be activated by a gliding
17  away. Whether it can also be activated by a flick, it may or
18  may not be. The claim doesn't require one way or another.
19       JUDGE HOWARD: It seems to me you want your cake and
20  eat it, too. You want a glide when you want a glide, but for
21  purposes of prior art you want smooth, and it seems to me you
22  want to reserve the right to, well, if it's a fast, quick
23  movement, we still won't allow that in terms for
24  infringement.
25       Shouldn't you just have one claim that's there? I

507SAM_00065105

Case 6:20-cv-00507-ADA   Document 781-23   Filed 05/19/23   Page 6 of 10

1  activating by a flick, and there is no gliding away in
2  Robertson.
3        JUDGE HOWARD: Okay. But my point is that I'm not
4  sure there's a difference between a flick or a glide if
5  you're saying that in order to practice the claim you don't
6  need to keep track of the speed.
7        If you need --
8        MR. HENDIFAR: I didn't say that.
9        JUDGE HOWARD: -- to keep track of the speed --
10 well, let me ask you.
11        In order to practice the claim, does something have
12 to keep track of the speed and determine whether it's a
13 smooth motion or a quick motion?
14        MR. HENDIFAR: You have to keep track of the
15 characteristics of the motion, whether it's speed or
16 acceleration or distance. That was not an issue -- I mean,
17 because all the different systems can keep track of different
18 characteristics.
19        But, yes, you do have to keep track of the
20  characteristics that would make it a gliding as opposed to a
21  flick.
22        JUDGE HOWARD: Right. And if it's a flick, it's not
23 going to make the function activate because there's only one
24 way to make the function activate.
25        I mean, I'm just reading the words. The words are

507SAM_00065107

1  also incorrect to say that our expert even suggested such a
2  thing.
3           What Dr. Rosenberg explained was whether a specific
4  movement is a swipe/glide or a flick depends on the context.
5           So for example, if you have a screen that is
6  20 inches wide, as opposed to a screen that is 3 inches
7  wide, a specific movement that may be a flick in one may not
8  be a flick in the other. So it's a context-dependent
9  distinction depending on various factors such as the size of
10 the screen.
11          That doesn't make our distinction arbitrary, as
12 evidenced by the fact that everybody in the industry is able
13 to distinguish between those two movements.
14          JUDGE OGDEN: Well, it does make it difficult for us
15 to understand the difference between a flick and a glide. It seems like we
16 may have to make that
17 distinction.
18          So what sort of guidance do we have, especially in
19 the patent itself?
20          MR. HENDIFAR: Yes. So you actually don't have to
21 delineate the actual distinction between a flick and a glide.
22 This is not the case where we have a specific movement with a
23 given characteristic.
24          So this is not the case where we have a reference
25 that says here's a movement with this speed, this

IPR2021-01041
Patent 8,095,879 B2

1  do I slide left, what gesture do I implement to the user so
2  that I get the action that I want.
3      Now, going to Slide 59. The applicant distinguished
4  Hirshberg because it said Hirshberg teaches a touch and
5  glide operation only for keys that comprise several
6  characters, meaning only for keys that give the users
7  several options on what to do, depending on the input
8  gestures.
9      In distinction, the claimed invention uses a
10 multistep touch and glide operation for representation that
11 consists of only one option for activating a function.
12     Going to Slide 60. And I think Judge Ogden raised
13 this point. Robertson in this respect is indistinguishable
14 from Hirshberg.
15     Now, Petitioner tries to overcome that by playing
16 with the mapping. They remapped the function to this, they
17 mapped it to that. But the reality of the matter is,
18 Robertson has an X button that gives the user multiple
19 options on what to do, depending on the input gestures,
20 exactly like Hirshberg, which gave the user multiple options
21 on as what to do depending on the user gesture.
22     So we submit that Robertson is exactly like
23 Hirshberg with respect to the point that was actually
24 distinguished from in the prosecution.
25     JUDGE OGDEN: Counsel, I see a little bit of tension

71

IPR2021-01041
Patent 8,095,879 B2

1    perhaps between what you're arguing that the prosecution
2    history means and the plain language of the claim.
3           Because if we put aside the prosecution history for
4    a moment and just looked at the plain language, it seems like
5    it could be read to say that a representation could have
6    multiple functions and that there's only one option for
7    activating each of the functions that could be associated
8    with that representation.
9           Is that a tension and does the prosecution history
10   explain that so that a person of ordinary skill in the art
11   would have understood that the prosecution history is sort
12   of modifying what the literal language of the claim is
13   trying to say?
14          MR. HENDIFAR: So, first, we can't disregard the
15   prosecution history. Case after case holds that you must
16   construe the claims in light of the intrinsic record, a part
17   of which is the prosecution history, and whereas here, the
18   limitation was specifically added for a specific purpose to
19   disclaim, distinguish. However you guys -- Your Honors want
20   to phrase that -- I apologize -- the fact is that limitation
21   was added for that purpose so we can't disregard the
22   prosecution history.
23          But we are not arguing that the representation must
24   only have one function. That's not what we're arguing. So
25   if Your Honors would go to Slide No. 65.

IPR2021-01041
Patent 8,095,879 B2

1        Petitioner is correct insofar as, in the
2 specification, a representation can at different times have
3 multiple functions. Yes.
4        The point is, at any given time, the user is given
5 only one option in terms of what gesture to put in and what
6 action to take. So the user -- let me step back.
7        So one of the features that the Neonode phone was
8 praised for was the simplicity. So you don't have to
9 memorize 20 different gestures from Robertson and, when you
10 try to activate something, think, okay, do I have to go up,
11 or left, or button, or do I do a caret? You don't have to
12 memorize any of that. It's a simple one-option activation.
13        You swipe, the device activates what it activates.
14 It can be one function or a different function, but the user
15 is given only one option in terms of what to activate and
16 what option to take.
17        So we submit that it's not proper to review the
18 claim language divorced from the prosecution history. To
19 the extent Your Honors would like to review that as a
20 disclaimer or a modification of the claim language, that's
21 fine, but the prosecution history is clear in that respect.
22        JUDGE OGDEN: So your initial 45 minutes are up, but
23 if you want to continue, you can continue as long as you'd
24 like.
25        MR. HENDIFAR: Thank you. I'll go for another maybe

73

507SAM_00065130