**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| NEONODE SMARTPHONE LLC, <br><br> PLAINTIFF, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO.LTD <br> And SAMSUNG ELECTRONICS <br> AMERICA, INC., <br><br> DEFENDANTS. | Civil Action No. 6:20-cv-00507 <br><br> **JURY TRIAL DEMANDED** |

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.'s ("SEA's") (collectively, "Samsung" or "Defendants") answer Neonode Smartphone LLC's ("Plaintiff" or "Neonode") Complaint for Patent Infringement ("Complaint") as follows

**I.        NATURE OF THE ACTION**

**Complaint No. 1:**  This is a patent infringement action for damages and other appropriate remedies for Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.'s ("SEA's") (collectively, "Samsung" or "Defendants") unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products incorporating Plaintiff's patented inventions.

**Answer to Complaint No. 1:**  Defendants admit that Plaintiff's Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code but deny infringement and any and all relief Plaintiff is seeking.

**Complaint No. 2:**  Neonode is the owner of all right, title, and interest in and to United States Patent Nos. 8,095,879 (the "'879 Patent"), issued January 10, 2012 and titled "User

Interface for Mobile Handheld Computer Unit." A true and correct copy of the '879 Patent is attached hereto as Exhibit A.

**Answer to Complaint No. 2:**  Defendants admit that the '879 patent appears on its face to have issued on January 10, 2012, and is entitled "User Interface for Mobile Handheld Computer Unit."  Defendants admit that a document that purports to be a copy of the '879 patent is attached as Exhibit A to the Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint, and therefore deny them.

**Complaint No. 3:**  Neonode is also the owner of all right, title, and interest in and to United States Patent Nos. 8,812,993 (the "'993 Patent"), issued August 19, 2014 and titled "User Interface." A true and correct copy of the '993 Patent is attached hereto as Exhibit B.

**Answer to Complaint No. 3:**  As the '993 Patent is no longer a patent-in-suit in this case, no response is required.  *See* Dkt. No. 70 (Order severing and staying Neonode's claims for infringement of the '993 Patent).  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 3 of the Complaint.

**Complaint No. 4:**  Samsung manufactures, provides, sells, offers for sale, imports, and/or distributes products that directly infringe the '879 and '993 Patents. Further, Samsung indirectly infringes the '879 and '993 Patents by inducing and contributing to infringement by others, including users of Samsung devices.

**Answer to Complaint No. 4:**  Denied.

**Complaint No. 5:**  Neonode seeks monetary damages, prejudgment interest, injunctive relief, and other relief for Samsung's past and continuing infringement of the '879 and '993 Patents.

900738003

**Answer to Complaint No. 5:**  Paragraph 5 alleges legal conclusions to which no response is required, and therefore Defendants deny them.  Defendants deny that Plaintiff is entitled to any relief.

## II.      PARTIES

**Complaint No. 6:**  Plaintiff Neonode is a Wyoming limited liability company having a principal place of business at 30 N. Gould St., Suite R, Sheridan, WY 82801.

**Answer to Complaint No. 6:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore deny them.

**Complaint No. 7:**  Upon information and belief, Defendant SEC is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon, 443-742, South Korea.

**Answer to Complaint No. 7:**  Admitted.

**Complaint No. 8:**  Upon information and belief, SEA is a wholly owned subsidiary of SEC and is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

**Answer to Complaint No. 8:**  Admitted.

### III. JURISDICTION AND VENUE

**Complaint No. 9:**  This is an action for patent infringement, which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 282, 284, and 285. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Complaint No. 9:**  Defendants admit that Plaintiff's Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code and that this Court has

subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), but denies infringement and any and all relief Plaintiff is seeking.

**Complaint No. 10:**  This Court has personal jurisdiction over Samsung because Samsung has committed acts giving rise to this action within Texas and within this judicial district. Defendants regularly do business or solicit business in this District and in Texas, engage in other persistent courses of conduct and derive substantial revenue from products and services provided in this District and in Texas, and have purposefully established substantial, systematic, and continuous contacts within this District and should reasonably expect to be sued in a court in this District. For example, Samsung has offices within this district. The website www.samsung.com solicits sales of infringing products to consumers in this District and in Texas. Given these contacts, the Court's exercise of jurisdiction over Samsung will not offend traditional notions of fair play and substantial justice.

**Answer to Complaint No. 10:**  Defendants do not contest, at this time, and solely for the purpose of the present litigation, whether Defendants are subject to this Court's specific personal jurisdiction.  Defendants admit that SEA sells certain products through the website www.samsung.com/us, but denies that any such products are infringing. The remaining allegations in paragraph 10 of the Complaint constitute conclusions of law and no response of Defendants is required. To the extent an answer is required, Defendants deny the allegations. Defendants also deny infringement and any and all relief Plaintiff is seeking. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 10.

**Complaint No. 11:**  Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and l400(b) because Samsung has regular and established places of business in this District, including at 12100 Samsung Boulevard, Austin, Texas, has committed

4

acts within this judicial district giving rise to this action, and continues to conduct business in this judicial district, including multiple acts of making, selling, using, importing and/or offering for sale infringing products in this District.

**Answer to Complaint No. 11:**  Defendants do not contest, at this time, and solely for the purpose of the present litigation, whether venue over it properly lies in this district. However, Defendants deny that venue in this district is convenient. Defendants further deny that Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc. has a regular or established place of business located at 12100 Samsung Boulevard, Austin, Texas. Defendants further deny that Samsung is making, using, importing and/or offering for sale infringing products in this District. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 11.

## IV.     THE PATENTS-IN-SUIT

**Complaint No. 12:**  Magnus Goertz, the named inventor of both the '879 and '993 Patents, cofounded Neonode AB in or about 2001. Neonode AB and its affiliated and successor entities developed and commercialized the Neonode N1 and N2 mobile phones. The N1 and N2 incorporated the company's zForce and Neno touchscreen and interface technologies, which enabled production of a phone small enough to fit in the palm of your hand and allowed the user to navigate menus and functions with simple finger-based taps and swipes. Patents covering these technologies were later issued in the United States to Neonode Inc. As of 2020, the zForce technology had been incorporated into at least 73 million products worldwide.

**Answer to Complaint No. 12:**  Defendants admit that Magnus Goertz appears on the face of the '879 patent to be the named inventor, but lack knowledge or information form a belief as to the truth of inventorship of the '879 patent.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint, and therefore deny them.

900738003

**Complaint No. 13:**  The '879 and '993 Patents relate to the Neno technology for presenting and interacting with a user interface of a mobile handheld computer unit that includes a touch sensitive display.

**Answer to Complaint No. 13:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore deny them.

**Complaint No. 14:**  The specification common to both the '879 Patent and the '993 Patent identifies technical problems in the prior art and discloses solutions to these problems. For instance, the specification explains that there was a recognized problem in the prior art as of 2002, the priority date of both patents, providing an interface on mobile handheld computers that was "adapted to handle a large amount of information and different kinds of traditional computer-related applications on a small handheld computer unit." ('879 Patent, col. 1:49-52; '993 Patent, col. 1:59-62) It was also "a problem to provide a small handheld computer unit with an easily accessible text input function." ('879 Patent, col. 1:56-57; '993 Patent, col. 1:66-67) It was "also a problem to provide a simple way to make the most commonly used functions for navigation and management available in the environment of a small handheld computer unit." ('879 Patent, col. 1:58-61; '993 Patent, col. 2:1-4)

**Answer to Complaint No. 14:**  Defendants admit that the '879 Patent and '993 Patent, which is no longer a patent-in-suit, share a common specification.  Defendants admit that paragraph 14 quotes from selective portions of the '879 Patent specification and Defendants refer to the '879 Patent for its true and complete contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and legal conclusions in paragraph 14 of the Complaint, and therefore deny them.

**Complaint No. 15:** In order to overcome these problems, the '879 and '993 Patents taught, among other things, that a mobile device with a touch sensitive display could be configured to provide a user interface presenting multiple representations of predefined functions, each of which could be activated when the device detects a particular type of movement of an object on the display, such as, for example, a user's finger touching the display and gliding away from the touched location. This teaching was novel, and, among other things, enabled more effective use of the limited space available on the touch sensitive display of a mobile computer unit such as a smartphone.

**Answer to Complaint No. 15:** The allegations in paragraph 15 of the Complaint constitute conclusions of law and no response of Defendants is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions in paragraph 15 of the Complaint, and therefore deny them.

## V.   SAMSUNG'S KNOWLEDGE OF THE PATENTS-IN-SUIT

**Complaint No. 16:** On information and belief, Samsung has known of the '879 Patent since shortly after it issued, on January 10, 2012.

**Answer to Complaint No. 16:** Defendants admit that Samsung became aware of the '879 Patent in early 2012.

**Complaint No. 17:** On or about July 13, 2005, Neonode Sweden AB entered into a Research & Development and License Agreement with Samsung Electronics Co., Ltd. ("the Samsung Agreement"). Pursuant to this agreement, Neonode Sweden AB licensed certain patent applications "and the patents into which they may mature" in the zForce and Neno portfolios to Samsung; one of those applications, specifically identified in the Samsung Agreement, was U.S.

Application No. 10/315,250, which later issued as the '879 Patent. On information and belief, the Samsung Agreement terminated according to its terms by no later than early 2009.

**Answer to Complaint No. 17:**  Defendants admit that on or about July 13, 2005, Neonode Sweden AB entered into a Research & Development and License Agreement with Samsung Electronics Co., Ltd. ("the 2005 Agreement") and Defendants refer to the 2005 Agreement for its true and complete contents. The remaining allegations in paragraph 17 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 17.

**Complaint No. 18:**  On or about February 8, 2012, Apple Inc. filed a complaint against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, entitled *Apple Inc. v. Samsung Electronics Co., Ltd.*, et al., in the U.S. District Court for the Northern District of California, Case No. 12-CV-00630-LHK ("the *Apple v. Samsung* litigation"). In the *Apple v. Samsung* litigation, Apple alleged that the defendant Samsung entities had infringed and were infringing a number of Apple patents. Among the Apple patents asserted in this action were U.S. Patent No. 8,046,721, entitled "Unlocking a device by performing gestures on an unlock image." On information and belief, this patent became widely known as the "swipe to unlock" or "slide to unlock" patent.

**Answer to Complaint No. 18:**  Defendants admit that on or about February 8, 2012, Apple Inc. filed a complaint against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, entitled *Apple Inc. v. Samsung Electronics Co., Ltd.*, et al., in the U.S. District Court for the Northern District of California, Case No. 12-CV-00630-LHK.  Defendants admit that Apple alleged infringement of a number of patents, including

U.S. Patent No. 8,046,721, and admit that U.S. Patent No. 8,046,721 is titled "Unlocking a device by performing gestures on an unlock image." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and/or legal conclusions in paragraph 18 of the Complaint, and therefore deny them.

**Complaint No. 19:** On information and belief, Samsung and/or its litigation counsel regularly monitored industry press relating to the subject matter of the litigation against Apple and undertook substantial research and investigative efforts to obtain information pertinent to the subject matter of the litigation against Apple, on an ongoing basis from at least February 2012 forward.

**Answer to Complaint No. 19:** Defendants admit that Samsung has previously received press relating to the wireless industry, but deny that Samsung "regularly monitored industry press relating to the subject matter of the *Apple v. Samsung* litigation." The remaining allegations in paragraph 19 of the Complaint are directed to subject matter that is subject to attorney-client privilege and/or attorney work-product protection and Defendants' response would require the disclosure of privileged information. Defendants, therefore, do not respond to the remaining allegations in paragraph 19, and on that basis deny them.

**Complaint No. 20:** On or about February 22, 2012, an article entitled "Neonode Beat Apple By Three Years With The Swipe-To-Unlock Patent" was published in the online journal The Tech Journal, https://thetechjournal.com/tech-news/industry-news/neonode-beat-apple-by-three-years-with-the-swipe-to-unlock-patent.xhtml. The article stated, among other things, that "[a] small but feisty Swedish company, Neonode figured out how to integrate a slide to unlock feature in its phones, long before Apple even considering making an iPhone." The article further stated:

> Apparently, in July 2004, Neonode introduced to the market a small phone called N1 that
> had the unlock feature. Neonode already had patented a slide to unlock feature, without
> the associated graphics and obtained the patent in December 2002 (the US patent
> number: 8095879).

*Id.* The article included images of Figures 11 and 12 from the '879 Patent. On information and
belief, Samsung became aware of this article shortly after it was published.

**Answer to Complaint No. 20:**  Defendants admit, upon information and belief, that a blog
post entitled "Neonode Beat Apple By Three Years With The Swipe-To-Unlock Patent A Swedish
Company Claims It Owns A Swipe Patent Used By Apple" is available at the website link
reproduced in the first sentence of paragraph 20.  Defendants admit that paragraph 20 quotes from
selective portions of the cited blog post, admit that the blog post appears to reproduce images of
Figures 11 and 12 from the '879 patent, and refer to the cited blog post for its true and complete
contents.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 20.

**Complaint No. 21:**  On or about February 27, 2012, an article entitled "A Swedish
Company Claims It Owns A Swipe Patent Used By Apple" was published in the online journal
Tech Crunch, https://techcrunch.com/2012/02/27/a-swedish-company-claims-it-owns-a-swipe-
patent-that-is-used-by-apple/. The article stated, among other things:

> Another front has opened in the multi-faceted story of patent battles: Neonode, an optical
> touchscreen tech company based in Sweden, says that it has been granted a patent in the
> U.S. that covers the touch-and-glide gesture that it claims is used on devices like the
> iPhone and iPad.
>
> The patent is notable not only because Neonode says the patent covers functions like the
> horizontal touch gesture that Apple uses between screens on its iOS devices, as well as in

the slide-to-unlock feature. But also because slide-to-unlock is the same feature that

Apple has been citing in its own patent lawsuits against Android device makers Motorola

and Samsung.

*Id*. The article identified the patent by number – "number 8,095,879 from the U.S. Patent and

Trademark Office." *Id*. On information and belief, Samsung became aware of this article shortly

after it was published.

**Answer to Complaint No. 21:**  Defendants admit, upon information and belief, that an

article entitled "A Swedish Company Claims It Owns A Swipe Patent Used By Apple" is available

at the website link reproduced in the first sentence of paragraph 21.  Defendants admit that

paragraph 21 quotes from selective portions of the cited article and refer to the cited article for its

true and complete contents.  Except as expressly admitted, Defendants deny all remaining

allegations in paragraph 21.

**Complaint No. 22:**  On or about February 28, 2012, an article entitled "Swedish

company claims rights to 'slide to unlock' with new UI patent" was published in the online

journal "appleinsider,"

https://appleinsider.com/articles/12/02/28/swedish_company_claims_rights_to_slide_to_unlock_

with_new_ui_patent. The article stated, among other things, that "Neonode says it was issued

U.S. Patent No. 8,095,879 which covers gesture-based interaction with a touch sensitive surface,

a description that is similar to Apple's "slide to unlock" patent," and that:

If Apple is indeed sued over the '879 patent, it wouldn't be the first time the company has

seen Neonode in a court hearing. In August 2011, Samsung trotted out a relatively

obscure device made by the Swedish company in defense of an Apple suit regarding

"slide to unlock" functionality.

*Id.* The article included images of Figures 10-12 from the '879 Patent. On information and belief, Samsung became aware of this article shortly after it was published.

**Answer to Complaint No. 22:**  Defendants admit, upon information and belief, that an article entitled "Swedish company claims rights to 'slide to unlike' with new UI patent" it is available at the website link reproduced in the first sentence of paragraph 22.  Defendants admit that paragraph 22 quotes from selective portions of the cited article, admit that the article appears to reproduce images of Figures 10-12 of the '879 patent, and refer to the cited article for its true and complete contents. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 22.

**Complaint No. 23:**  On March 19, 2012, Joseph Shain, Neonode Inc.'s Vice President of Intellectual Property, and well as Bjorn Thomas Eriksson, CEO of Neonode Technologies AB and Neonode Inc., were deposed by counsel for Apple and Motorola Mobility, Inc. in the action entitled *Motorola Mobility, Inc. v. Apple, Inc*., in the U.S District Court for the Southern District of Florida, Case No. 1:10cv023580-Civ-UU. In the course of this deposition, the '879 Patent was marked as an exhibit, and counsel for both Apple and Motorola asked Mr. Shain numerous questions relating to the patent. The law firm of Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") served as counsel for Motorola in this action and appeared on behalf of Motorola at this deposition; Quinn Emanuel also served as counsel for Samsung in the concurrently-pending *Apple Inc. v. Samsung* litigation.

**Answer to Complaint No. 23:**  Defendants admit that attorneys from the law firm of Quinn Emanuel Urquhart & Sullivan LLP served as counsel for Samsung in the *Apple v. Samsung* litigation in or around 2012.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint, and therefore

deny them. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 23.

**Complaint No. 24:**  On information and belief, Samsung has known of the '993 Patent since shortly after it issued, on August 19, 2014.

**Answer to Complaint No. 24:**  As the '993 Patent is no longer a patent-in-suit, no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 24 of the Complaint.

**Complaint No. 25:**  On or about July 8, 2013, Samsung filed "Samsung's Reduction of Invalidity References," Dkt. No. 671, in the *Apple v. Samsung* litigation. Samsung's Reduction of Invalidity References identified "Neonode N1 Quickstart Guide V0.5" as a reference against Apple's "swipe to unlock" patent. On information and belief, to the extent that Samsung was not already aware of the '879 Patent, the process of undertaking research and investigation regarding prior art references pertinent to Apple's "swipe to unlock" patent, in combination with articles previously published concerning the '879 Patent, as well as the interrogation by Samsung's counsel at the March 19, 2012 deposition, caused Samsung to become aware of the existence of the '879 Patent prior to submitting this filing.

**Answer to Complaint No. 25:**  Defendants admit that on or about July 8, 2013, the Samsung parties to the *Apple v. Samsung* litigation filed a document that was titled "Samsung's Reduction of Invalidity References," and that this document was assigned Docket No. 671. Defendants further admit that the document identified "Neonode N1 Quickstart Guide V0.5" as a prior art reference with respect to asserted U.S. Patent No. 8,046,721.  Defendants deny the allegations in the last paragraph of paragraph 25.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 25.

**Complaint No. 26:**  After a 13-day trial in the *Apple v. Samsung* litigation, the jury found the asserted claims of Apple's "swipe to unlock" patent infringed and not invalid. Samsung appealed the finding that the patent was not invalid. In an opinion issued on or about February 26, 2016, the Federal Circuit held that Apple's "swipe to unlock" patent would have been obvious over a combination that included the Neonode N1 Quickstart Guide. In a second opinion issued on or about October 7, 2016, the Federal Circuit, sitting en banc, held that there was substantial evidence to support the jury's finding that Apple's "swipe to unlock" patent was not obvious over the cited combination, and affirmed and reinstated the district court judgment.

**Answer to Complaint No. 26:**  Defendants admit that after a trial in the *Apple v. Samsung* litigation, the jury found the asserted claims of U.S. Patent No. 8,046,721 infringed and not invalid; admit that Samsung appealed the district court's post-trial judgment in the *Apple v. Samsung* litigation; admit that, in an opinion issued on or about February 26, 2016, the Federal Circuit determined that U.S. Patent No. 8,046,721 would have been obvious over a combination of prior art that included, among other things, the Neonode N1 Quickstart Guide; and admit that, in an opinion issued on or about October 7, 2016, the Federal Circuit, sitting *en banc*, affirmed and reinstated the district court judgment.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and/or legal conclusions in paragraph 26 of the Complaint, and therefore deny them. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 26.

**Complaint No. 27:**  On information and belief, to the extent that Samsung was not already aware of the '879 and '993 Patents, Samsung's reliance on the Neonode N1 Quickstart Guide as a principal prior art reference over several years of litigation that included a jury trial, an appeal to the Federal Circuit and two issued Federal Circuit opinions on the merits, combined

with Samsung's knowledge of the '879 Patent – from which the '993 Patent descended as a continuation – from at least early 2012, caused Samsung to become aware of the '993 Patent as a result of, inter alia, the work of its counsel in connection with the *Apple v. Samsung* litigation.

**Answer to Complaint No. 27:**  As the '993 Patent is no longer a patent-in-suit, no response is required. To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 27 of the Complaint.

**Complaint No. 28:**  Samsung was again made aware of the '879 and '993 Patents on or about September 24, 2015, when Mr. Shain informed Claude Stern, an attorney with Quinn Emanuel, that John Quinn was authorized to explore Samsung's interest in Neonode Inc.'s patent portfolio. On or about October 22, 2015, Stern informed Mr. Shain that Samsung had told Quinn that it was uninterested.

**Answer to Complaint No. 28:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to the alleged communications between Mr. Shain and Claude Stern in paragraph 28 of the Complaint, and therefore deny them. The remaining allegations in paragraph 28 of the Complaint are directed to subject matter that is subject to attorney-client privilege and/or attorney work-product protection and Defendants' response would require the disclosure of privileged information. Defendants, therefore, do not respond to the allegations in paragraph 28, and on that basis deny them.

## VI.    THE INFRINGING SAMSUNG DEVICES

**Complaint No. 29:**  The Samsung Galaxy S line of smartphones was released for sale in the United States in or about June 2010. Although the Galaxy S line ran the Android operating system, from the beginning the devices used a proprietary user interface designed and developed by Samsung, initially called TouchWiz, later rebranded as Samsung Experience and still later as

One UI. The code for executing Samsung's proprietary interface was also loaded onto Samsung's Galaxy Note, Galaxy Tab, and Galaxy A series devices, among others.

**Answer to Complaint No. 29:**  Defendants admit that certain Samsung Galaxy S products have been sold in the United States as early as June 2010. Defendants further admit that certain Galaxy S products use versions of Google's Android operating system. Defendants admit that versions of the Galaxy Note, Galaxy Tab, and Galaxy A series devices sold in the United States use the Android operating system.  Defendants admit that the code for executing Samsung's proprietary interface was loaded onto certain versions of Samsung's Galaxy Note, Galaxy Tab, and Galaxy A series devices. Defendants deny all remaining allegations in paragraph 29 of the Complaint not expressly admitted.

**Complaint No. 30:  Swipe Typing**. On information and belief, beginning in or about October 2012, Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices running version 4.2 and later versions of the Android operating system provided users a functionality that Samsung branded as "Continuous Input." Continuous Input was a "swipe typing" functionality that provided users the ability to enter text on a keyboard by gliding an object (such as the user's finger) across the keys on a keyboard rather than tapping each key individually:



**Answer to Complaint No. 30:**  Defendants admit that certain Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices sold in the United States as early as October 2012 ran version 4.2 or later versions of the Android operating system. Defendants lack knowledge or information regarding the source of the image produced in paragraph 30 of the Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 30 based on the contents of this image, and therefore deny them. Defendants deny that the remaining allegations in paragraph 30 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. Defendants deny all remaining allegations in paragraph 30 of the Complaint not expressly admitted.

**Complaint No. 31:**  On information and belief, Samsung believed that its Continuous Input functionality favorably differentiated Samsung's mobile devices from competing devices sold by Apple Inc., which for several years following the introduction of Continuous Input lacked a native keyboard with swipe-typing functionality:

900738003



**Answer to Complaint No. 31:**  Defendants deny the allegations in paragraph 31 of the Complaint. Defendants lack knowledge or information regarding the source of the image produced in paragraph 31 of the Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 31 based on the contents of this image, and therefore deny them.

**Complaint No. 32:  Incoming Call Interface**. On information and belief, since at least around 2013, Samsung Galaxy S and Galaxy A devices, Galaxy Note devices, and at least some models of Galaxy Tab devices have presented the user with an "Incoming call" interface that requires the user to, e.g., accept an incoming voice call by touching a green "phone" icon and swiping away from the icon, or decline an incoming voice call and send the caller to voicemail by touching a red "phone" icon and swiping away from that icon:

900738003



**Answer to Complaint No. 32:** Defendants admit that certain Samsung Galaxy S and Galaxy A devices, Galaxy Note devices, and some models of Galaxy Tab devices, sold in the United States since around 2013, have included an "Incoming call" interface. Defendants lack knowledge or information regarding the source of the image produced in paragraph 32 of the Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 32 based on the contents of this image, and therefore deny them. Defendants deny that the remaining allegations in paragraph 32 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. Defendants deny all remaining allegations in paragraph 32 of the Complaint not expressly admitted.

**Complaint No. 33: Lock Screen**. On information and belief, since at least around 2014, Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices have included code for

presenting the user with a Lock Screen that includes the legend "Swipe to unlock" or "Swipe to open" in the lower center portion of the display. For example, the Lock Screen interface on a Galaxy S10 with the "Screen lock type" set to PIN and biometric security not enabled presents this display:



Following execution of a swiping gesture across the display, the Lock Screen as displayed above transitions to, e.g., a passcode or PIN entry screen.

**Answer to Complaint No. 33:**  Defendants admit that certain Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices sold in the United States since around 2014 have included a lock screen interface in the lower center portion of the display. Defendants lack knowledge or information regarding the source of the image produced in paragraph 33 of the Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth

of any allegations in paragraph 33 based on the contents of this image, and therefore deny them.

Defendants deny that the remaining allegations in paragraph 33 of the Complaint concerning

Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis

denies them. Defendants deny all remaining allegations in paragraph 33 of the Complaint not

expressly admitted.

Complaint No. 34:  On information and belief, since at least around 2014, the Lock

Screen presented by Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices has

included one or more Lock Screen shortcuts, typically depicted as one or more icons in the lower

portion of the display. For example, the Lock Screen shortcuts in the screen shot of the Galaxy

S10 shown above are for the phone application (in the lower left corner of the display) and the

camera application (in the lower right corner of the display). Lock Screen shortcuts are activated

by a swiping gesture that begins at the location of the icon and glides away from the icon along

the display.

Answer to Complaint No. 34:  Defendants deny that the allegations in paragraph 34 of the

Complaint concerning Plaintiff's characterization of certain Samsung products are complete or

accurate, and on that basis denies them. The allegations in paragraph 34 of the Complaint contain

conclusions of law that require no response. To the extent an answer is required, Defendants deny

the allegations.

Complaint No. 35:  On information and belief, in or about April 2017, Samsung released

the Galaxy S8 and Galaxy S8+ devices in the United States. One of the new features touted for

the devices was the incorporation of facial recognition security. This feature was incorporated

into subsequent models of Samsung Galaxy S devices, as well as into Galaxy Note, Galaxy A,

and Galaxy Tab devices. In order to prevent accidental unlocking of the devices that included the

new feature, they were configured to stay on the Lock Screen following use of the facial

recognition feature to unlock the device, presenting an "opened padlock" graphic across the

upper center of the display, until the user executes a swiping gesture across the display. For

example, the Lock Screen interface on a Galaxy S10 with the "Screen lock type" set to PIN and

facial recognition security enabled presents this display:



**Answer to Complaint No. 35:**  Defendants admit that Samsung released the Galaxy S8 and

Galaxy S8+ devices in the United States in 2017. Defendants lack knowledge or information

regarding the source of the image produced in paragraph 35 of the Complaint. Defendants therefore

are without sufficient knowledge or information to form a belief as to the truth of any allegations in

paragraph 35 based on the contents of this image, and therefore deny them. Defendants deny that

the allegations in paragraph 36 of the Complaint concerning Plaintiff's characterization of certain

Samsung products are complete or accurate, and on that basis denies them. The remaining allegations in paragraph 36 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 35 of the Complaint not expressly admitted.

**Complaint No. 36:**  Following execution of a swiping gesture across the display, the display transitions to the Home Screen. With facial recognition security configured for use on the devices, executing a swipe downward from the location where the "opened padlock" graphic is presented will not cause the display to transition to the Home Screen until after the "opened padlock" graphic has been instantiated on the display.

**Answer to Complaint No. 36:**  Defendants deny that the allegations in paragraph 36 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The remaining allegations in paragraph 36 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 36 of the Complaint not expressly admitted.

## COUNT I: INFRINGEMENT OF THE '879 PATENT

**Complaint No. 37:**  Neonode incorporates paragraphs 1 through 36 herein by reference.

**Answer to Complaint No. 37:**  Defendants incorporate their responses to the preceding paragraphs 1-36 of this Complaint as if fully set forth herein.

**Complaint No. 38:**  Samsung has been and is presently directly infringing at least claim 1 of the '879 Patent by making, using, selling, or offering for sale within the United States, and/or importing into the United States, Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices (collectively, "the Samsung Galaxy Devices.").

**Answer to Complaint No. 38:**  Denied.

**Complaint No. 39:**  As one non-limiting example of the claims of the '879 Patent that are infringed by the Samsung Galaxy Devices, claim 1 of the '879 Patent recites:

> 1. A non-transitory computer readable medium storing a computer program with computer program code, which, when read by a mobile handheld computer unit, allows the computer to present a user interface for the mobile handheld computer unit, the user interface comprising:
>
>   a touch sensitive area in which a representation of a function is provided, wherein the representation consists of only one option for activating the function and wherein the function is activated by a multi-step operation comprising (i) an object touching the touch sensitive area at a location where the representation is provided and then (ii) the object gliding along the touch sensitive area away from the touched location, wherein the representation of the function is not relocated or duplicated during the gliding.

**Answer to Complaint No. 39:**  Defendants deny that Samsung Galaxy Devices infringe claim 1 of the '879 patent.  Defendants admit only that claim 1 of the '879 patent recited the claim language reproduced in paragraph 39 of the Complaint and refer to the '879 patent for its true and complete contents.  Defendants deny any remaining allegations or legal conclusions in paragraph 39 of the Complaint not expressly admitted.

**Complaint No. 40:**  The Samsung Galaxy Devices are mobile handheld computer units, and include a memory storing code which, when read by a processor, allows the devices to present a user interface as described below.

**Answer to Complaint No. 40:**  Defendants deny that the allegations in paragraph 40 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 40 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 40 of the Complaint not expressly admitted.

**Complaint No. 41:**  The Samsung Galaxy Devices include a display that is touch sensitive, in which one or more representations of functions are provided.

**Answer to Complaint No. 41:**  Defendants deny that the allegations in paragraph 41 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 41 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 41 of the Complaint not expressly admitted.

**Complaint No. 42:  Direct Infringement – Lock Screen:** The Samsung Galaxy Devices present a Lock Screen, from which a user may transition to, e.g., a passcode entry screen:



**Answer to Complaint No. 42:**  Defendants deny that the allegations in paragraph 42 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. Defendants lack knowledge or information regarding the source of the image produced in paragraph 42 of the Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 42 based on the contents of this image, and therefore deny them. The allegations in paragraph 42 of the Complaint contain conclusions of law that require no response. To the extent an answer is

required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 42 of the Complaint not expressly admitted.

**Complaint No. 43:**  In the display as set forth above, the "Swipe to unlock" legend is a representation of a function, the representation consists of only one option for activating the function, and the function is activated by a multi-step operation comprising (i) an object (such as a user's finger) touching the display at the location of the "Swipe to unlock" representation and (ii) gliding along the display away from the touched location. The "Swipe to unlock" representation is not relocated or duplicated during the gliding.

**Answer to Complaint No. 43:**  Defendants deny that the allegations in paragraph 43 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 43 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 43 of the Complaint not expressly admitted.

**Complaint No. 44:**  By way of additional example, the Samsung Galaxy Devices present a Lock Screen from which a user may transition to the Home Screen:



**Answer to Complaint No. 44:**  Defendants deny that the allegations in paragraph 44 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. Defendants lack knowledge or information regarding the source of the image produced in paragraph 44 of the Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 44 based on the contents of this image, and therefore deny them. The allegations in paragraph 44 of the Complaint contain conclusions of law that require no response. To the extent an answer is

required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 44 of the Complaint not expressly admitted.

**Complaint No. 45:**  In the display as set forth above, the "Swipe to open" legend is a representation of a function, the representation consists of only one option for activating the function, and the function is activated by a multi-step operation comprising (i) an object (such as a user's finger) touching the display at the location of the "Swipe to open" representation and (ii) gliding along the display away from the touched location. The "Swipe to open" representation is not relocated or duplicated during the gliding.

**Answer to Complaint No. 45:**  Defendants deny that the allegations in paragraph 41 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 45 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 45 of the Complaint not expressly admitted.

**Complaint No. 46:**  By way of additional example, the Lock Screen shortcut icons depicted on the Lock Screen display of the Samsung Galaxy Devices are representations of functions, each of which consists of only one option for activating the function, and the functions are activated by a multi-step operation comprising (i) an object (such as a user's finger) touching the display at the location of the icon and (ii) gliding along the display away from the touched location. The icons are not relocated or duplicated during the gliding.

**Answer to Complaint No. 46:**  Defendants deny that the allegations in paragraph 41 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 46 of the Complaint contain

900738003

conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 46 of the Complaint not expressly admitted.

**Complaint No. 47:  Direct Infringement – Swipe Typing:** By way of additional example, the Samsung Galaxy Devices present a "keyboard" display enabling text entry into a text field:





**Answer to Complaint No. 47:**  Defendants deny that the allegations in paragraph 47 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. Defendants lack knowledge or information regarding the

source of the image produced in paragraph 47 of the Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 47 based on the contents of this image, and therefore deny them. The allegations in paragraph 47 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 47 of the Complaint not expressly admitted.

**Complaint No. 48:**  In the display as set forth above, each of the "key" icons of the virtual keyboard is a representation of a function, each of the key icons consist of only one option for activating the function (i.e., one letter), and the function may be activated by a multi-step operation comprising (i) an object (such as a user's finger) touching the display at the location of the key and (ii) gliding along the display away from the touched location. Keys are not relocated or duplicated during the gliding.

**Answer to Complaint No. 48:**  Defendants deny that the allegations in paragraph 48 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 48 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Samsung denies the allegations. Defendants deny all remaining allegations in paragraph 48 of the Complaint not expressly admitted.

**Complaint No. 49:  Direct Infringement – Incoming Call:** By way of additional example, the Samsung Galaxy Devices present the following display when the device receives an incoming call:



**Answer to Complaint No. 49:**  Defendants deny that the allegations in paragraph 49 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. Defendants lack knowledge or information regarding the source of the image produced in paragraph 49 of the Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 49 based on the contents of this image, and therefore deny them. The allegations in paragraph 49 of the Complaint contain conclusions of law that require no response. To the extent an answer is

required, Samsung denies the allegations. Defendants deny all remaining allegations in paragraph 49 of the Complaint not expressly admitted.

**Complaint No. 50:**  Each of the two "telephone" icons (one green, one red) in the lower portion of the display is a representation of a function, each of them consist of only one option for activating the function, and the function is activated by a multi-step operation comprising (i) an object (such as a user's finger) touching the display at the location of the icon and (ii) gliding along the display away from the touched location. The telephone icons are not relocated or duplicated during the gliding.

**Answer to Complaint No. 50:**  Defendants deny that the allegations in paragraph 50 of the Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 50 of the Complaint contain conclusions of law that require no response. To the extent an answer is required, Samsung denies the allegations. Defendants deny all remaining allegations in paragraph 50 of the Complaint not expressly admitted.

**Complaint No. 51:**  Samsung has never been, and is not now, licensed under the '879 Patent, and has never been authorized by any owner of the '879 Patent to engage in the acts alleged herein.

**Answer to Complaint No. 51:**  Paragraph 51 alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and/or legal conclusions in paragraph 51 of the Complaint. Defendants deny all remaining allegations in paragraph 51 of the Complaint not expressly admitted.

**Complaint No. 52:**  Samsung's infringement of the '879 Patent has been and continues to be willful. On information and belief, based on at least the facts alleged at paragraphs 16-28

above, Samsung has known of the '879 Patent since at least February 22, 2012. Samsung is a large corporation with a large and experienced legal department, and highly sophisticated in-house and outside intellectual property counsel. Samsung knew or should have known that its conduct in making, using, selling, offering for sale, and/or importing the Samsung Galaxy Devices has infringed and does infringe the '879 Patent, yet proceeded to engage in such conduct despite a high likelihood that a court would find the products to be infringing.

**Answer to Complaint No. 52:**  Denied.

**Complaint No. 53:**  The '879 Patent is not invalid and is enforceable.

**Answer to Complaint No. 53:**  Denied.

**Complaint No. 54:**  Neonode has sustained significant damages as a direct and proximate result of Samsung's infringement of the '879 Patent.

**Answer to Complaint No. 54:**  Denied.

## COUNT II: INFRINGEMENT OF THE '993 PATENT

**Complaint No. 55:**  Neonode incorporates paragraphs 1 through 54 herein by reference.

**Answer to Complaint No. 55:**  Defendants incorporate their responses to the preceding paragraphs 1-54 of this Complaint as if fully set forth herein.

**Complaint No. 56:  Direct Infringement:** Samsung has been and is presently directly infringing at least claim 1 of the '993 Patent by making, using, selling, or offering for sale within the United States, and/or importing into the United States, Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices that include or included code for enabling the device to stay on the Lock Screen following use of facial recognition security (collectively, "the Infringing '993 Devices").

900738003

**Answer to Complaint No. 56:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 56 of the Complaint.

**Complaint No. 57:**  As one non-limiting example of the claims of the '993 Patent that are infringed by the Infringing '993 Devices, claim 1 of the '993 Patent recites:

> 1. A non-transitory computer readable medium storing instructions, which, when executed by a processor of an electronic device having a touch-sensitive display screen, cause the processor to enable a user interface of the device, the user interface comprising at least two states, namely, (a) a tap-present state, wherein a plurality of tap-activatable icons for a respective plurality of pre-designated system functions are present, each system function being activated in response to a tap on its respective icon, and (b) a tap-absent state, wherein tap-activatable icons are absent but an otherwise-activatable graphic is present in a strip along at least one edge of the display screen for transitioning the user interface from the tap-absent state to the tap-present state in response to a multi-step user gesture comprising (i) an object touching the display screen within the strip, and (ii) the object gliding on the display screen away from and out of the strip.

**Answer to Complaint No. 57:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 57 of the Complaint.

**Complaint No. 58:**  The Infringing '993 Devices are electronic devices having a touch sensitive display screen and include a memory storing code which, when executed by a processor, causes the processor to present a user interface as outlined below.

**Answer to Complaint No. 58:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 58 of the Complaint.

**Complaint No. 59:**  The user interface of the Infringing '993 Devices includes at least one tap-present state, in which a plurality of tap-activatable icons for a plurality of pre-

designated system functions are present, each system function of which is activated in response to a tap on its respective icon, including at least the following.

**Answer to Complaint No. 59:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 59 of the Complaint.

**Complaint No. 60:**  The Home Screen interface of the Infringing '993 Devices includes tap-activatable icons for a plurality of pre-designated system functions, such as a telephone function, an email function, a browser function and a camera function. For example, the Home Screen interface on a Galaxy S10 presents multiple such tap-activatable icons:



     **Answer to Complaint No. 60:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 60 of the Complaint.

     **Complaint No. 61:**  The user interface of the Infringing '993 Devices includes a Lock Screen in which tap-activatable icons are absent, but in which at least one otherwise-activatable graphic is present, consisting of an "opened padlock" graphic in the upper center of the display. For example, the Lock Screen interface on a Galaxy S10 presents this otherwise-activatable graphic:

900738003



Neither the telephone icon in the lower left, nor the camera icon in the lower right, nor any of the icons in the upper right corner of the display, of the Lock Screen are tap-activatable.

**Answer to Complaint No. 61:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 61 of the Complaint.

**Complaint No. 62:**  When setting up facial recognition security on an Infringing '993 Device, the user is presented with an option to "Stay on Lock Screen," which configures the device to stay on the Lock Screen after the device has been unlocked with facial recognition until

the user swipes across the display. This option is enabled by default. With facial recognition security configured for use on an Infringing '993 Device, and with the "Stay on Lock screen" option enabled, the interface will transition from the Lock Screen to the Home Screen after, e.g., the user touches the location where the "opened padlock" graphic is presented and glides downward on the display.

**Answer to Complaint No. 62:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 62 of the Complaint.

**Complaint No. 63:**  The instructions that cause the processor to enable configuration of the Infringing '993 Devices to use facial recognition security, and to stay on the Lock Screen following unlocking of the device using facial recognition security until the user has executed a swipe across the display, is present on the devices when they are made, used, sold, or offered for sale within the United States, and/or imported into the United States, by or for Samsung.

**Answer to Complaint No. 63:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 63 of the Complaint.

**Complaint No. 64:  Indirect Infringement:** Samsung has been and is presently indirectly infringing at least claim 1 of the '993 Patent, including by inducing users of Samsung devices to use devices that infringe the '993 Patent.

**Answer to Complaint No. 64:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 64 of the Complaint.

**Complaint No. 65:**  Samsung has induced and continues to induce users of Samsung devices to use products that infringe the '993 Patent by, among other things, prompting and encouraging users of Samsung Galaxy S, Galaxy A, Galaxy Note, and Galaxy Tab devices to enable facial recognition security, and setting "Stay on Lock screen" as enabled by default. For example, Samsung's website, at https://www.samsung.com/us/support/answer/ANS00062630/ and https://www.samsung.com/us/support/answer/ANS00083151/, provides detailed instructions to users of Infringing '993 Devices concerning how to enable facial recognition security and unlock their devices using facial recognition security.

**Answer to Complaint No. 65:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 65 of the Complaint.

**Complaint No. 66:**  Users of the Infringing '993 Devices have committed and continue to commit acts of direct infringement by way of their past and ongoing configuring of the devices for facial recognition security and their use of the devices to perform the functionality alleged above.

**Answer to Complaint No. 66:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 66 of the Complaint.

**Complaint No. 67:**  On information and belief, based on at least the facts alleged at paragraphs 16-28 above, Samsung has known of the '993 Patent since shortly after it issued on August 19, 2014.

**Answer to Complaint No. 67:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 67 of the Complaint.

**Complaint No. 68:**  On information and belief, Samsung has intended, and does intend, that users of Infringing '993 Devices use the devices to perform the functionality alleged above. On information and belief, Samsung has known and knows that, or has acted and acts with willful blindness to the likelihood that, the acts of users of Samsung devices in using the devices to perform the functionality alleged above constitutes infringement of the '993 Patent.

**Answer to Complaint No. 68:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 68 of the Complaint.

**Complaint No. 69:**  Samsung has never been, and is not now, licensed under the '993 Patent, and has never been authorized by any owner of the '993 Patent to engage in the acts alleged herein.

**Answer to Complaint No. 69:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 69 of the Complaint.

**Complaint No. 70:**  Samsung's infringement of the '993 Patent has been and continues to be willful. On information and belief, based on at least the facts alleged at paragraphs 16-28 above, Samsung has known of the '993 Patent since shortly after it issued. Samsung is a large corporation with a large and experienced legal department, and highly sophisticated in-house and outside intellectual property counsel. Samsung knew or should have known that the Infringing

'993 Devices infringe the '993 Patent, yet proceeded to engage in such conduct despite a high likelihood that a court would find the products to be infringing.

**Answer to Complaint No. 70:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 70 of the Complaint.

**Complaint No. 71:**  The '993 Patent is not invalid and is enforceable.

**Answer to Complaint No. 71:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 71 of the Complaint.

**Complaint No. 72:**  Neonode has sustained significant damages as a direct and proximate result of Samsung's infringement of the '993 Patent.

**Answer to Complaint No. 72:**  As the '993 Patent is no longer a patent-in-suit, no response is required.  To the extent any response is required, Defendants deny the allegations and/or legal conclusions in paragraph 72 of the Complaint.

## DEMAND FOR JURY TRIAL

**Complaint No. 73:**  Neonode demands a trial by jury of all issues triable of right before a jury.

**Answer to Complaint No. 73:**  The jury demand requires no response.

## PRAYER FOR RELIEF

The Prayer for Relief requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief requested or any other relief whatsoever.

### First Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**
**(Invalidity)**

Upon information and belief, the '879 Patent is invalid because it fails to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116 and/or because it fails to claim patentably distinct subject matter under the judicially created doctrine of obviousness-type double patenting (or non-statutory double patenting).

**Third Defense**
**(Non-Infringement)**

Defendants have not and do not infringe the '879 Patent, either directly or indirectly, literally, or under the doctrine of equivalents.

**Fourth Defense**
**(35 U.S.C. § 286)**

Plaintiff's recovery for alleged infringement of the '879 Patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

**Fifth Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those alleged damages occurring only after sufficient notice of infringement.

**Sixth Defense**
**(Prosecution History Estoppel and Disclaimer)**

Plaintiff's claims are barred in whole or in part by prosecution history estoppel and/or prosecution disclaimer.

900738003

**Seventh Defense**
**(Ensnarement)**

Plaintiff's claims are barred in whole or in part by the doctrine of ensnarement.

**Eighth Defense**
**(Prosecution Laches)**

Plaintiff's claims are barred in whole or in part because the '879 patent is equitably

unenforceable under the doctrine of prosecution laches.

**Ninth Defense**
**(Equitable Estoppel)**

Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

**Tenth Defense**
**(License)**

Upon information and belief, Plaintiff's claims are barred in whole or part by a license,

express or implied, to the '879 Patent and to other related Neonode technology.

**Eleventh Defense**
**(Settlement, Agreement, Release and Waiver)**

Upon information and belief, Plaintiff's claims are barred in whole or part by a

settlement, agreement, release or waiver by Neonode.


**RESERVATION OF RIGHTS**

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that

may now or in the future be available based on discovery or any other factual investigation

concerning this case or any related action.

**DEFENDANTS' DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury on all issues triable by right of jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

(a)     Dismissing Plaintiff's Complaint with prejudice and ordering that Plaintiff is entitled to no recovery on the Complaint;

(b)     That no damages or royalties are due or owing for any of the acts alleged by Plaintiff in its Complaint;

(c)     For an entry of judgment declaring that each of the asserted claims of the '879 Patent is invalid, void, and without force and effect;

(d)     For an entry of judgment declaring that Defendants have not infringed and do not infringe, either directly, contributorily or through inducement, any of the claims of the '879 Patent;

(e)     Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding Defendants their attorney fees and full costs of suit; and

(f)     Awarding Defendants such other and further relief as this Court deems just and appropriate.


Dated: November 5, 2024

                                        Respectfully submitted,

                            By:    DLA PIPER LLP (US)

                                   */s/ John M. Guaragna*
                                   John M. Guaragna
                                   Texas Bar No 24043308
                                   Brian Erickson
                                   Texas Bar No 24012594
                                   DLA PIPER LLP (US)
                                   303 Colorado Street, Suite 3000
                                   Austin, TX 78701-4653
                                   Tel: 512.457.7125
                                   Fax: 512.457.7001
                                   john.guaragna@dlapiper.com

Mark D. Fowler *(Pro hac vice)*
Bar No. 124235
mark.fowler@dlapiper.com
Erik Fuehrer *(Pro hac vice)*
Bar No. 252578
Erik.fuehrer@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:   650.833.2000
Fax:  650.833.2001

Tiffany Miller *(Pro hac vice)*
Tiffany.miller@dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel: 858.677.1400
Fax: 858.677.1401

Zachary Loney (*Pro hac vice)*
**DLA Piper LLP (US)**
303 Colorado St., Suite 3000
Austin, TX 78701
Tel: 512.457.7000
Zachary.loney@us.dlapiper.com

Benjamin Mueller *(Pro hac vice)*
Benjamin.mueller@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368.4000
Fax: 312.236.7516

***ATTORNEYS FOR SAMSUNG
ELECTRONICS CO. LTD. and SAMSUNG
ELECTRONICS AMERICA, INC.***

900738003

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on November 5, 2024 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna

900738003