**PUBLIC VERSION**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO. LTD.<br>and SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>          Defendants. | Civil Action No. 6:20-cv-00507<br><br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Neonode Smartphone LLC ("Neonode"), by and through its attorneys, hereby alleges the following:

### I.   NATURE OF THE ACTION

1.  This is a patent infringement action for damages and other appropriate remedies for Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.'s ("SEA's") (collectively, "Samsung" or "Defendants") unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products incorporating Plaintiff's patented inventions.

2.  Neonode is the owner of all right, title, and interest in and to United States Patent Nos. 8,095,879 (the "'879 Patent"), issued January 10, 2012 and titled "User Interface for Mobile Handheld Computer Unit."  A true and correct copy of the '879 Patent is attached hereto as Exhibit A.

3.  Samsung manufactures, provides, sells, offers for sale, imports, and/or distributes

products that directly infringe the '879 Patent.  Further, Samsung indirectly infringes the '879 Patent by inducing and contributing to infringement by others, including users of Samsung devices.

4.      Neonode seeks monetary damages, prejudgment interest, and other relief for Samsung's past and continuing infringement of the '879 Patent.

## II.      PARTIES

5.      Plaintiff Neonode is a Wyoming limited liability company having a principal place of business at 30 N. Gould St., Suite R, Sheridan, WY 82801.

6.      Upon information and belief, Defendant SEC is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon, 443-742, South Korea.

7.      Upon information and belief, SEA is a wholly owned subsidiary of SEC and is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

## III.      JURISDICTION AND VENUE

8.      This is an action for patent infringement, which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 282, 284, and 285.  The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Samsung because Samsung has committed acts giving rise to this action within Texas and within this judicial district. Defendants regularly do business or solicit business in this District and in Texas, engage in other persistent courses of conduct and derive substantial revenue from products and services provided in this District and in Texas, and have purposefully established substantial, systematic, and continuous contacts within this District and should reasonably expect to be sued in a court in this District.  For example, Samsung has offices within this district.

9.      The website www.samsung.com solicits sales of infringing products to consumers in this District and in Texas.  Given these contacts, the Court's exercise of jurisdiction over

- 2 -

Samsung will not offend traditional notions of fair play and substantial justice.

10.     Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and l400(b) because Samsung has regular and established places of business in this District, including at 12100 Samsung Boulevard, Austin, Texas; has committed acts within this judicial district giving rise to this action; and continues to conduct business in this judicial district, including multiple acts of making, selling, using, importing and/or offering for sale infringing products in this District.

## IV.     THE PATENT-IN-SUIT

11.     Magnus Goertz, the named inventor of the '879 Patent, co- founded Neonode AB in or about 2001.  Neonode AB and its affiliated and successor entities developed and commercialized the Neonode N1, N1m and N2 mobile phones.  The N1, N1m and N2 devices incorporated the company's Neno interface technology, which allowed the user to navigate menus and functions with simple finger-based taps and swipes.  Patents covering this technology were later issued in the United States to Neonode Inc.

12.     The '879 Patent relates to the Neno technology for presenting and interacting with a user interface of a mobile handheld computer unit that includes a touch sensitive display.

13.     The specification of the '879 Patent identifies technical problems in the prior art and discloses solutions to these problems.  For instance, the specification explains that there was a recognized problem in the prior art as of 2002, the priority date of the patent, providing an interface on mobile handheld computers that was "adapted to handle a large amount of information and different kinds of traditional computer-related applications on a small handheld computer unit." ('879 Patent, col. 1:49-52)  It was also "a problem to provide a small handheld computer unit with an easily accessible text input function."  ('879 Patent, col. 1:56-57)  It was "also a problem to provide a simple way to make the most commonly used functions for navigation and management

available in the environment of a small handheld computer unit." ('879 Patent, col. 1:58-61)

14.     In order to overcome these problems, the '879 Patent taught, among other things, that a mobile device with a touch sensitive display could be configured to provide a user interface presenting multiple representations of predefined functions, each of which could be activated when the device detects a particular type of movement of an object on the display, such as, for example, a user's finger touching the display and gliding away from the touched location. This teaching was novel, and, among other things, enabled more effective use of the limited space available on the touch sensitive display of a mobile computer unit such as a smartphone.

## V.     SAMSUNG'S KNOWLEDGE OF THE PATENT-IN-SUIT

15.     Samsung admits that "Samsung became aware of the '879 Patent in early 2012":

**Complaint No. 16:** On information and belief, Samsung has known of the '879 Patent since shortly after it issued, on January 10, 2012.

**Answer to Complaint No. 16:** Defendants admit that Samsung became aware of the '879 Patent in early 2012.

Answer, Dkt. 104 at 7 ¶ 16.

16.     When Neonode alleged that Samsung learned of the '879 Patent through an AppleInsider article in March 2012, Samsung denied that allegation in its November 2024 answer. Answer, Dkt. 104 at 12 ¶ 22.

17.     Indeed, Samsung's knowledge of the Patent in Suit stretches back earlier than March 2012. On July 13, 2005, Samsung entered into a Research & Development and License Agreement with Neonode Sweden AB ("the Samsung Agreement").

18.     U.S. Application No. 10/315,250 issued as the '879 Patent on January 10, 2012. Thus, while Samsung admits that it learned of the '879 Patent in March 2012, Samsung's knowledge of the relevant patent application in fact dates back to 2005.

19.     The Samsung Agreement terminated according to its terms by no later than early 2009.

20.     Samsung also learned of the '879 Patent through other means. On February 8, 2012, Apple Inc. sued Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, in the U.S. District Court for the Northern District of California. *Apple Inc. v. Samsung Electronics Co., Ltd*., No. 12-CV-00630-LHK (N.D. Cal. 2012) ("the *Apple v. Samsung* litigation").  Apple alleged that Samsung infringed on several Apple patents, including U.S. Patent No. 8,046,721, entitled "Unlocking a device by performing gestures on an unlock image."

21.     On or about July 8, 2013, Samsung filed "Samsung's Reduction of Invalidity References," Dkt. 671, in the *Apple v. Samsung* litigation.  Samsung's Reduction of Invalidity References identified "Neonode N1 Quickstart Guide V0.5" as a reference against Apple's "swipe to unlock" patent.  Samsung was thus aware of the '879 Patent before it submitted this filing.

22.     Samsung identified the '879 Patent as prior art in defending against infringement claims asserted by Apple in multiple venues.

23.     After a 13-day trial in the *Apple v. Samsung* litigation, the jury found the asserted claims of Apple's "swipe to unlock" patent infringed and not invalid.  Samsung appealed the finding that the patent was not invalid.  In a February 26, 2016, opinion, the Federal Circuit held that Apple's "swipe to unlock" patent would have been obvious over a combination that included the Neonode N1 Quickstart Guide. *Apple Inc. v. Samsung Elecs. Co.*, 816 F.3d 788 (Fed. Cir. 2016).  In a second opinion issued on October 7, 2016, the Federal Circuit, sitting en banc, held that there was substantial evidence to support the jury's finding that Apple's "swipe to unlock"

patent was not obvious over the cited combination, and affirmed and reinstated the district court judgment. *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034 (Fed. Cir. 2016).

24.    On information and belief, Samsung and/or its litigation counsel regularly monitored industry press relating to the subject matter of the litigation against Apple and undertook substantial research and investigative efforts to obtain information pertinent to the subject matter of the litigation against Apple, on an ongoing basis from at least February 2012 forward.

25.    On or about February 22, 2012, an article entitled "Neonode Beat Apple By Three Years With The Swipe-To-Unlock Patent" was published in the online journal The Tech Journal, https://thetechjournal.com/tech-news/industry-news/neonode-beat-apple-by-three-years-with-the-swipe-to-unlock-patent.xhtml.  The article stated, among other things, that "[a] small but feisty Swedish company, Neonode figured out how to integrate a slide to unlock feature in its phones, long before Apple even considering making an iPhone."  The article further stated:

> Apparently, in July 2004, Neonode introduced to the market a small phone called N1 that had the unlock feature. Neonode already had patented a slide to unlock feature, without the associated graphics and obtained the patent in December 2002 (the US patent number: 8095879).

*Id.*  The article included images of Figures 11 and 12 from the '879 Patent.  On information and belief, Samsung became aware of this article shortly after it was published.

26.    On or about February 27, 2012, an article entitled "A Swedish Company Claims It Owns A Swipe Patent Used By Apple" was published in the online journal Tech Crunch, https://techcrunch.com/2012/02/27/a-swedish-company-claims-it-owns-a-swipe-patent-that-is-used-by-apple/.  The article stated, among other things:

> Another front has opened in the multi-faceted story of patent battles: Neonode, an optical touchscreen tech company based in Sweden, says that it has been granted a patent in the U.S. that covers the touch-and-glide gesture that it claims is used on devices like the iPhone and iPad.
>
> The patent is notable not only because Neonode says the patent covers functions

like the horizontal touch gesture that Apple uses between screens on its iOS
devices, as well as in the slide-to-unlock feature. But also because slide-to-unlock
is the same feature that Apple has been citing in its own patent lawsuits against
Android device makers Motorola and Samsung.

*Id*.  The article identified the patent by number – "number 8,095,879 from the U.S. Patent and

Trademark Office."  *Id*.  On information and belief, Samsung became aware of this article shortly

after it was published.

27.    On or about February 28, 2012, an article entitled "Swedish company claims rights to

'slide to unlock' with new UI patent" was published in the online journal "appleinsider,"

https://appleinsider.com/articles/12/02/28/swedish_company_claims_rights_to_slide_to_unlock_with_n

ew_ui_patent.  The article stated, among other things, that "Neonode says it was issued U.S. Patent

No. 8,095,879 which covers gesture-based interaction with a touch sensitive surface, a

description that is similar to Apple's "slide to unlock" patent," and that:

If Apple is indeed sued over the '879 patent, it wouldn't be the first time the company
has seen Neonode in a court hearing. In August 2011, Samsung trotted out a
relatively obscure device made by the Swedish company in defense of an Apple suit
regarding "slide to unlock" functionality.

*Id*.  The article included images of Figures 10-12 from the '879 Patent.

28.    On March 19, 2012, Joseph Shain, Neonode Inc.'s Vice President of Intellectual

Property, and Bjorn Thomas Eriksson, CEO of Neonode Technologies AB and Neonode Inc., were

deposed by counsel for Apple and Motorola Mobility, Inc. in *Motorola Mobility, Inc. v. Apple,

Inc.*, in the U.S District Court for the Southern District of Florida, Case No. 1:10cv023580-Civ-

UU.  During Mr. Shain's deposition, the '879 Patent was marked as an exhibit, and counsel for

both Apple and Motorola asked Mr. Shain numerous questions relating to the patent.  The law firm

of Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") served as counsel for Motorola

in this action and appeared on behalf of Motorola at this deposition; Quinn Emanuel also served

as counsel for Samsung in the concurrently-pending *Apple Inc. v. Samsung* litigation. At least

Quinn Emanuel attorneys Edward J. DeFranco, Richard Erwine, David A. Nelson, and Charles K.

Verhoeven represented Motorola in *Motorola Mobility, Inc. v. Apple, Inc*. and represented Samsung in the *Apple v. Samsung* litigation.

29.    Samsung was again made aware of the '879 Patent on or about September 24, 2015, when Mr. Shain informed Claude Stern, then an attorney with Quinn Emanuel, that John Quinn – a Quinn Emanuel attorney who represented Samsung in the *Apple v. Samsung* case – was authorized to explore Samsung's interest in Neonode Inc.'s patent portfolio, which included the '879 Patent. On or about October 22, 2015, Stern informed Mr. Shain that Samsung had told Quinn that it was uninterested.

## VI.    THE INFRINGING SAMSUNG DEVICES

30.    The Samsung Galaxy S line of smartphones was released for sale in the United States in or about June 2010.  Although the Galaxy S line ran the Android operating system, from the beginning the devices used a proprietary user interface designed and developed by Samsung, initially called TouchWiz, later rebranded as Samsung Experience and still later as One UI.  The code for executing Samsung's proprietary interface was also loaded onto Samsung's Galaxy Note, Galaxy Tab, Galaxy A, and Galaxy J series devices, among other Samsung devices.

31.    **Incoming Call** Interface:  On information and belief, since at least around 2015, certain Samsung devices, including but not limited to Galaxy devices storing code for TouchWiz 6.0 or later versions of TouchWiz, or for Samsung Experience or One UI software, including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02, A02s, A03, A03s, A04, A04e, A04s, A05, A05s, A06, A10e, A11, A12, A13, A13 5G, A14, A14 5G, A15, A15 5G, A16, A16 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A23, A23 5G, A24, A25 5G, A30, A30s, A31, A32, A32 5G, A33 5G, A34 5G, A35 5G, A40, A41, A42, A42 5G, A50, A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A53 5G, A54 5G, A55 5G, A60, A70, A70s, A71, A71 5G, A71 5G UW, A72, A73 5G, A80, A82 5G, A90 5G, Note 3, Note Neo, Note 4, Note

Edge, Note 5, Note 7, Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20 Ultra, S3, S3 Mini, S3 Neo, S4, S4 Mini, S5, S5 Mini, S5 Neo, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+, S10, S10+, S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra 5G, S20 5G UW, S21, S21+, S21 Ultra, S21 FE, S22, S22+, S22 Ultra, S23, S23+, S23 Ultra, S23 FE, S24, S24+, S24 Ultra, S24 FE, Tab A 8.0, Tab A 8.4, Tab A 9.7, Tab A 10.1, Tab A 10.5, Tab A7, Tab A7 Lite, Tab A8, Tab A9, Tab A9+, Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab S3, Tab S4, Tab S5e, Tab S6, Tab S6 Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+ 5G, Tab S7 FE, Tab S8, Tab S8+, Tab S8 Ultra, Tab S9, Tab S9+, Tab S9 Ultra, Tab S9 FE, Tab S9 FE+, Tab S10+, Tab S10 Ultra, Tab Pro 8.4, Tab Pro 10.1, Tab Pro 12.2, XCover Pro, XCover 5, XCover 6, Z Flip, Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Fold, Z Fold2, Z Fold 3, Z Fold 4, Z Fold 5, Z Fold 6, J2, J2 Pro, J2 Prime, J2 Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core, J5, J5 Prime, J6, J6+, J7, J7 Prime, J7 V, J7 Max, J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8, On5 devices ("Accused Incoming Call Interface Devices"), have presented the user with an "Incoming call" interface that requires the user to, e.g., accept an incoming voice call by touching a green "phone" icon and swiping away from the icon, or decline an incoming voice call and send the caller to voicemail by touching a red "phone" icon and swiping away from that icon:



32.    Neither the green nor the red telephone icon is relocated or duplicated during the gliding process.

33.    **Lock Screen Shortcuts**:  On information and belief, since at least around 2012, certain Samsung devices, including but not limited to Galaxy devices storing code for TouchWiz Nature UX or later versions of TouchWiz, or for Samsung Experience or One UI software (up to and including, on information and belief, One UI 4.0), including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02, A02s, A03, A03s, A10e, A11, A12, A13 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A30, A30s, A31, A32, A32 5G, A40, A41, A42, A42 5G, A50, A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A60, A70, A70s, A71, A71 5G, A71 5G UW, A72, A80, A82 5G, A90 5G, Note 3, Note Neo, Note 4, Note Edge, Note 5,

Note 7, Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20 Ultra, S3, S3 Mini, S3 Neo, S4, S4 Mini, S5, S5 Mini, S5 Neo, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+, S10, S10+, S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra 5G, S20 5G UW, S21, S21+, S21 Ultra, S21 FE, Tab A 8.0, Tab A 8.4, Tab A 9.7, Tab A 10.1, Tab A 10.5, Tab A7, Tab A7 Lite, Tab A8, Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab S3, Tab S4, Tab S5e, Tab S6, Tab S6 Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+ 5G, Tab S7 FE, Tab Pro 8.4, Tab Pro 10.1, Tab Pro 12.2, XCover Pro, XCover 5, Z Flip, Z Flip 3, Fold, Z Fold2, Z Fold 3, J2, J2 Pro, J2 Prime, J2 Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core, J5, J5 Prime, J6, J6+, J7, J7 Prime, J7 V, J7 Max, J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8, On5 devices ("Accused Lock Screen Shortcut Devices"), have presented the user with an interface in which two icons ("Lock Screen shortcuts") are presented, one at the lower left and one at the lower right of the display.  For example, the Lock Screen shortcuts in the screen shot of the Galaxy S24 shown below are for the phone application (in the lower left corner of the display) and the camera application (in the lower right corner of the display).  The user may activate a function associated with each Lock Screen shortcut by touching the display at the location of the icon and swiping away from that location:



34.    The Lock Screen Shortcut icons are not relocated or duplicated during the gliding

process.

35.    **Lock Screen Security**:  On information and belief, since at least around 2012,

certain Samsung devices, including but not limited to Galaxy devices storing code for TouchWiz

Nature UX or later versions of TouchWiz, or for Samsung Experience or One UI software,

including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02,

A02s, A03, A03s, A04, A04e, A04s, A05, A05s, A06, A10e, A11, A12, A13, A13 5G, A14, A14

5G, A15, A15 5G, A16, A16 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A23, A23 5G,

A24, A25 5G, A30, A30s, A31, A32, A32 5G, A33 5G, A34 5G, A35 5G, A40, A41, A42, A42

5G, A50, A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A53 5G, A54 5G, A55 5G, A60, A70,

A70s, A71, A71 5G, A71 5G UW, A72, A73 5G, A80, A82 5G, A90 5G, Note 3, Note Neo, Note 4, Note Edge, Note 5, Note 7, Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20 Ultra, S3, S3 Mini, S3 Neo, S4, S4 Mini, S5, S5 Mini, S5 Neo, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+, S10, S10+, S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra 5G, S20 5G UW, S21, S21+, S21 Ultra, S21 FE, S22, S22+, S22 Ultra, S23, S23+, S23 Ultra, S23 FE, S24, S24+, S24 Ultra, S24 FE, Tab A 8.0, Tab A 8.4, Tab A 9.7, Tab A 10.1, Tab A 10.5, Tab A7, Tab A7 Lite, Tab A8, Tab A9, Tab A9+, Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab S3, Tab S4, Tab S5e, Tab S6, Tab S6 Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+ 5G, Tab S7 FE, Tab S8, Tab S8+, Tab S8 Ultra, Tab S9, Tab S9+, Tab S9 Ultra, Tab S9 FE, Tab S9 FE+, Tab S10+, Tab S10 Ultra, Tab Pro 8.4, Tab Pro 10.1, Tab Pro 12.2, XCover Pro, XCover 5, XCover 6, Z Flip, Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Fold, Z Fold2, Z Fold 3, Z Fold 4, Z Fold 5, Z Fold 6, J2, J2 Pro, J2 Prime, J2 Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core, J5, J5 Prime, J6, J6+, J7, J7 Prime, J7 V, J7 Max, J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8, On5 devices ("Accused Lock Screen Security Devices"), have included code for presenting the user with a Lock Screen that includes the legend "Swipe to unlock" or "Swipe to open" in the lower center portion of the display. For example, when facial recognition security is configured and enabled, and the "Stay on Lock screen" setting is not deselected, following unlocking of the device using facial recognition security, the program code stored on the device causes a "Swipe to open" legend to appear on the Lock Screen:



36.     Following execution of a swiping gesture on the display, the Lock Screen as displayed above transitions to the Home Screen.

37.     As another example, for Accused Lock Screen Security Devices storing code for TouchWiz Nature UX or later versions of TouchWiz, or for Samsung Experience or One UI software (up to and including, on information and belief, One UI 3.0), when PIN, Password or Pattern is selected as the Screen lock type, a "Swipe to unlock" legend and "locked padlock" graphic in combination appears on the Lock Screen:



38.    Following execution of a swiping gesture on the display, the Lock Screen as displayed above transitions to, e.g., a PIN, passcode or pattern entry screen.

39.    As another example, when Swipe is selected as the Screen lock type, a "Swipe to unlock" (with no "locked padlock" graphic) or "Swipe to open" legend appears on the Lock Screen:





40.    Following execution of a swiping gesture on the display, the Lock Screen as displayed above transitions to the Home Screen.

41.    Neither the "Swipe to open" nor the "Swipe to unlock" (with or without a "locked padlock" graphic) legend is relocated or duplicated during the gliding process.

42.    **Edge Panel**:  On information and belief, since at least around 2015, certain Samsung devices, including but not limited to Galaxy devices storing code for TouchWiz 6.0 or later versions of TouchWiz, or for Samsung Experience or One UI software, including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02, A02s, A03,

A03s, A04, A04e, A04s, A05, A05s, A06, A10e, A11, A12, A13, A13 5G, A14, A14 5G, A15,

A15 5G, A16, A16 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A23, A23 5G, A24, A25

5G, A30, A30s, A31, A32, A32 5G, A33 5G, A34 5G, A35 5G, A40, A41, A42, A42 5G, A50,

A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A53 5G, A54 5G, A55 5G, A60, A70, A70s, A71,

A71 5G, A71 5G UW, A72, A73 5G, A80, A82 5G, A90 5G, Note 4, Note Edge, Note 5, Note 7,

Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20

Ultra, S5, S5 Mini, S5 Neo, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+,

S10, S10+, S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra

5G, S20 5G UW, S21, S21+, S21 Ultra, S21 FE, S22, S22+, S22 Ultra, S23, S23+, S23 Ultra, S23

FE, S24, S24+, S24 Ultra, S24 FE, Tab A 8.0, Tab A 8.0 (Kids Edition), Tab A 8.4, Tab A 9.7,

Tab A 10.1, Tab A 10.5, Tab A7, Tab A7 Lite, Tab A8, Tab A9, Tab A9+, Tab A9 (Kids Edition),

Tab A9+ (Kids Edition), Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab S3, Tab S4, Tab S5e,

Tab S6, Tab S6 Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+ 5G, Tab S7 FE, Tab S8,

Tab S8+, Tab S8 Ultra, Tab S9, Tab S9+, Tab S9 Ultra, Tab S9 FE, Tab S9 FE+, Tab s10+, Tab

S10 Ultra, Tab Pro 8.4, Tab Pro 10.1, Tab Pro 12.2, XCover Pro, XCover 5, XCover 6, Z Flip, Z

Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Fold, Z Fold2, Z Fold 3, Z Fold 4, Z  Fold 5, Z Fold 6, J2, J2

Pro, J2 Prime, J2 Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core, J5, J5 Prime, J6, J6+, J7, J7 Prime,

J7 V, J7 Max, J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8, and On5 devices ("Accused Edge Panel

Devices"), have included code for presenting  the user with an interface that includes a visible

vertical graphic along the right upper edge of the display, which represents the Edge Panel

function. The vertical graphic representing the Edge Panel function is provided on at least the

Lock Screen, the Home Screen and the display presented by the Accused Products when executing

code for an application or function:



43.    A user may open the Edge Panel by touching the display at the location of the Edge Panel graphic and gliding along the display away from that location.    The Edge Panel graphic is not relocated or duplicated during the gliding process.

44.    **Notifications**:    On information and belief, since at least around 2018, certain Samsung devices, including but not limited to Galaxy devices storing code for Samsung Experience 9.0 (and, on information and belief, earlier versions of Samsung Experience) or One UI software, including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02, A02s, A03, A03s, A04, A04e, A04s, A05, A05s, A06, A10e, A11, A12, A13, A13 5G, A14, A14 5G, A15, A15 5G, A16, A16 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A23, A23 5G, A24,

A25 5G, A30, A30s, A31, A32, A32 5G, A33 5G, A34 5G, A35 5G, A40, A41, A42, A42 5G, A50, A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A53 5G, A54 5G, A55 5G, A60, A70, A70s, A71, A71 5G, A71 5G UW, A72, A73 5G, A80, A82 5G, A90 5G, Note 5, Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20 Ultra, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+, S10, S10+, S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra 5G, S20 5G UW, S21, S21+, S21 Ultra, S21 FE, S22, S22+, S22 Ultra, S23, S23+, S23 Ultra, S23 FE, S24, S24+, S24 Ultra, S24 FE, Tab A 8.0, Tab A 8.4, Tab A 9.7, Tab A 10.1, Tab A 10.5, Tab A7, Tab A7 Lite, Tab A8, Tab A9, Tab A9+, Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab S3, Tab S4, Tab S5e, Tab S6, Tab S6 Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+ 5G, Tab S7 FE, Tab S8, Tab S8+, Tab S8 Ultra, Tab S9, Tab S9+, Tab S9 Ultra, Tab S9 FE, Tab S9 FE+, Tab S10+, Tab S10 Ultra, XCover Pro, XCover 5, XCover 6, Z Flip, Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Fold, Z Fold2, Z Fold 3, Z Fold 4, Z Fold 5, Z Fold 6, J2, J2 Pro, J2 Prime, J2 Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core, J5, J5 Prime, J6, J6+, J7, J7 Prime, J7 V, J7 Max, J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8 devices ("Accused Notifications Devices"), have included code for presenting the user with an interface that includes a horizontal combination of graphics in the upper middle portion of the display:



45.     The program code stored in the memory of the Accused Devices causes the device to open the Notification Panel if an object touches the touchscreen at the location where the Notification Panel representation is provided and glides on the touchscreen away from the touched location. The Notification Panel graphic is not relocated or duplicated during the gliding process.

## COUNT I:  INFRINGEMENT OF THE '879 PATENT

46.     Neonode incorporates herein the paragraphs set forth above.

47.     Samsung has been and is presently directly infringing at least claim 1 of the '879 Patent by making, using, selling, or offering for sale within the United States, and/or importing into the United States, the Accused Incoming Call Interface Devices, Accused Lock Screen Shortcut Devices, Accused Lock Screen Security Devices, Accused Edge Panel Devices, and Accused Notifications Devices (collectively, "the Accused Devices.").

48.     As one non-limiting example of the claims of the '879 Patent that are infringed by the Accused Devices, claim 1 of the '879 Patent recites:

> 1. A non-transitory computer readable medium storing a computer program with computer program code, which, when read by a mobile handheld computer unit, allows the computer to present a user interface for the mobile handheld computer unit, the user interface comprising:
> a touch sensitive area in which a representation of a function is provided, wherein the representation consists of only one option for activating the function and wherein the function is activated by a multi-step operation comprising (i) an object touching the touch sensitive area at a location where the representation is provided and then (ii) the object gliding along the touch sensitive area away from the touched location, wherein the representation of the function is not relocated or duplicated during the gliding.

49.     The Accused Devices are mobile handheld computer units, and include a memory storing code which, when read by a processor, allows the devices to present a user interface as described below.

50.     The Accused Devices include a display that is touch sensitive, in which one or more representations of functions are provided.

51.     The Accused Devices present a display in which a representation of a function, including the functions referenced at paragraphs 26-41 above, is provided, each of which consists of only one option for activating the function.

52.     Each of the represented functions may be activated by a multi-step operation comprising (i) an object (such as a user's finger) touching the display at the location of the representation and (ii) gliding along the display away from the touched location.

53.    None of the representations are relocated or duplicated during the gliding process.

54.    Samsung has never been, and is not now, licensed under the '879 Patent.

55.    Samsung's infringement of the '879 Patent has been and continues to be willful. Samsung has known of the '879 Patent since at least March 1, 2012. Samsung is a large corporation with a large and experienced legal department, and highly sophisticated in-house and outside intellectual property counsel. Samsung knew or should have known that its conduct in making, using, selling, offering for sale, and/or importing the Accused Devices has infringed and does infringe the '879 Patent, yet proceeded to engage in such conduct despite a high likelihood that a court would find the products to be infringing.

56.    In addition, following execution of the Samsung Agreement in July 2005, ▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮





57.     On information and belief, Samsung, with knowledge of U.S. Application No. 10/315,250 and, later, the '879 Patent that issued from it, incorporated the patented touch and glide functionality of the N1 device into Samsung's 3G phone, which functionality was subsequently copied into the Accused Devices.

58.     The '879 Patent is not invalid and is enforceable.

59.     Neonode has never made, sold, offered for sale or imported within or into the United States any article covered by the '879 Patent.  On information and belief, Neonode Inc. has marked under the '879 Patent any article covered by the '879 Patent that has been made, sold, offered for sale or imported within or into the United States.  On information and belief, no predecessor in interest to Neonode Inc. made, sold, offered for sale or imported within or into the United States any article covered by the '879 Patent subsequent to the issuance of the '879 Patent. Neither Neonode nor, on information and belief, any predecessor in interest has licensed the '879

Patent to any third party, nor has any third party made, sold, offered for sale or imported within or into the United States any article covered by the '879 Patent under a license to the '879 Patent.

60.    Neonode has sustained significant damages as a direct and proximate result of Samsung's infringement of the '879 Patent.

## DEMAND FOR JURY TRIAL

61.    Neonode demands a trial by jury of all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Neonode respectfully requests that the Court enter judgment as follows:

A.    That Samsung has infringed and continues to infringe the '879 Patent;

B.    Awarding Neonode damages adequate to compensate it for Samsung's infringement of the '879 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the claimed inventions by them;

C.    Trebling all damages awarded to Neonode;

D.    Finding this case exceptional and awarding Neonode its reasonable attorneys' fees and non-taxable costs incurred in prosecuting its claims;

E.    Awarding Neonode pre-judgment and post-judgment interest at the maximum rate permitted by law;

F.    Awarding Neonode its taxable costs;

G.    Such further and additional relief as the Court determines to be just and proper.

Dated: January 31, 2025

Respectfully submitted,

By: /s/ Philip J. Graves
Philip J. Graves *(Pro Hac Vice)*
CA State Bar No. 153441
Greer N. Shaw *(Pro Hac Vice)*
CA State Bar No. 197960
**GRAVES & SHAW LLP**
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: (213) 204-5101
Email: pgraves@gravesshaw.com
Email: gshaw@gravesshaw.com

By: */s/ Brian D. Melton*
Brian D. Melton, ***Attorney-in-charge***
(TX Bar #24010620)
Kalpana Srinivasan (CA Bar # 237460)
Rocco Magni (TX Bar # 24092745)
Michael Brightman (TX Bar # 24106660)
Xue Li (CA Bar #333826)
Jeff Melsheimer (TX Bar #24126417)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7807
Facsimile: (713) 654-6666
bmelton@susmangodfrey.com
ksrinivasan@susmangodfrey.com
rmagni@susmangodfrey.com
mbrightman@susmangodfrey.com
ali@susmangodfrey.com
jmelsheimer@susmangodfrey.com

**COUNSEL FOR PLAINTIFF NEONODE
SMARTPHONE LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of February 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Brian Melton*_____
Brian Melton