PUBLIC VERSION

███████████████

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |
|---|---|
| NEONODE SMARTPHONE LLC, | |
| PLAINTIFF, | Civil Action No. 6:20-cv-00507 |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO.LTD And SAMSUNG ELECTRONICS AMERICA, INC., | ███████████████ |
| DEFENDANTS. | |

**ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.'s ("SEA's") (collectively, "Samsung" or "Defendants") answer Neonode Smartphone LLC's ("Plaintiff" or "Neonode") First Amended Complaint for Patent Infringement[1] ("Amended Complaint") as follows:

## I.    NATURE OF THE ACTION

**Complaint No. 1:**  This is a patent infringement action for damages and other appropriate remedies for Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.'s ("SEA's") (collectively, "Samsung" or "Defendants") unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products incorporating Plaintiff's patented inventions.

---

[1] On January 31, 2025, Neonode filed, without authorization, the Amended Complaint and Exhibits B and C on the public docket, which include Samsung Designated Material under the Protective Order in this case.  Dkt. 111.  On February 3, 2025, the Amended Complaint was sealed on the docket after Samsung's counsel informed Neonode's counsel of the incorrect filing.

**Answer to Complaint No. 1:**  Defendants admit that Plaintiff's Amended Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code but deny infringement and all relief Plaintiff is seeking.

**Complaint No. 2:**  Neonode is the owner of all right, title, and interest in and to United States Patent Nos. 8,095,879 (the "'879 Patent"), issued January 10, 2012 and titled "User Interface for Mobile Handheld Computer Unit." A true and correct copy of the '879 Patent is attached hereto as Exhibit A.

**Answer to Complaint No. 2:**  Defendants admit that the '879 Patent appears on its face to have issued on January 10, 2012, and is entitled "User Interface for Mobile Handheld Computer Unit."  Defendants admit that a document that purports to be a copy of the '879 Patent is attached as Exhibit A to the Amended Complaint.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 2.

**Complaint No. 3:**  Samsung manufactures, provides, sells, offers for sale, imports, and/or distributes products that directly infringe the '879 Patent. Further, Samsung indirectly infringes the '879 Patent by inducing and contributing to infringement by others, including users of Samsung devices.

**Answer to Complaint No. 3:**  Denied.

**Complaint No. 4:**  Neonode seeks monetary damages, prejudgment interest, and other relief for Samsung's past and continuing infringement of the '879 Patent.

**Answer to Complaint No. 4:**  Paragraph 4 alleges legal conclusions to which no response is required, and therefore Defendants deny them.  Defendants deny that Plaintiff is entitled to any relief.

1616957124

## II.      PARTIES

**Complaint No. 5:**  Plaintiff Neonode is a Wyoming limited liability company having a principal place of business at 30 N. Gould St., Suite R, Sheridan, WY 82801.

**Answer to Complaint No. 5:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint, and therefore deny them.

**Complaint No. 6:**  Upon information and belief, Defendant SEC is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon, 443-742, South Korea.

**Answer to Complaint No. 6:**  Admitted.

**Complaint No. 7:**  Upon information and belief, SEA is a wholly owned subsidiary of SEC and is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

**Answer to Complaint No. 7:**  Admitted.

## III. JURISDICTION AND VENUE

**Complaint No. 8:**  This is an action for patent infringement, which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 282, 284, and 285. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Samsung because Samsung has committed acts giving rise to this action within Texas and within this judicial district. Defendants regularly do business or solicit business in this District and in Texas, engage in other persistent courses of conduct and derive substantial revenue from products and services provided in this District and in Texas, and have purposefully established substantial, systematic, and continuous contacts

within this District and should reasonably expect to be sued in a court in this District. For

example, Samsung has offices within this district.

**Answer to Complaint No. 8:** Defendants admit that Plaintiff's Amended Complaint

purports to arise under the patent laws of the United States, Title 35 of the United States Code

and that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and

1338(a), but denies infringement and any and all relief Plaintiff is seeking.

**Complaint No. 9:** The website www.samsung.com solicits sales of infringing products

to consumers in this District and in Texas. Given these contacts, the Court's exercise of

jurisdiction over Samsung will not offend traditional notions of fair play and substantial justice.

**Answer to Complaint No. 9:** Defendants admit that Plaintiff's Amended Complaint

purports to arise under the patent laws of the United States, Title 35 of the United States Code

and that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and

1338(a), but denies infringement and any and all relief Plaintiff is seeking.

**Complaint No. 10:** Venue in the Western District of Texas is proper pursuant to 28 U.S.C.

§§1391(b), (c) and l400(b) because Samsung has regular and established places of business in this

District, including at 12100 Samsung Boulevard, Austin, Texas; has committed acts within this

judicial district giving rise to this action; and continues to conduct business in this judicial district,

including multiple acts of making, selling, using, importing and/or offering for sale infringing

products in this District..

**Answer to Complaint No. 10:** Defendants do not contest, at this time, and solely for the

purpose of the present litigation, whether venue over it properly lies in this district.  However,

Defendants deny that venue in this district is convenient.  Defendants further deny that Samsung

Electronics Co., Ltd. or Samsung Electronics America, Inc. has a regular or established place of

business located at 12100 Samsung Boulevard, Austin, Texas. Defendants further deny that Samsung is making, using, importing and/or offering for sale infringing products in this District. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 10.

## IV.    THE PATENTS-IN-SUIT

**Complaint No. 11:** Magnus Goertz, the named inventor of the '879 Patent, co-founded Neonode AB in or about 2001. Neonode AB and its affiliated and successor entities developed and commercialized the Neonode N1, N1m and N2 mobile phones. The N1, N1m and N2 devices incorporated the company's Neno interface technology, which allowed the user to navigate menus and functions with simple finger-based taps and swipes. Patents covering this technology were later issued in the United States to Neonode Inc.

**Answer to Complaint No. 11:** Defendants admit that Magnus Goertz appears on the face of the '879 Patent to be the named inventor, but lack knowledge or information to form a belief as to the truth of inventorship of the '879 Patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Amended Complaint, and therefore deny them.

**Complaint No. 12:** The '879 Patent relates to the Neno technology for presenting and interacting with a user interface of a mobile handheld computer unit that includes a touch sensitive display.

**Answer to Complaint No. 12:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint, and therefore deny them.

**Complaint No. 13:** The specification of the '879 Patent identifies technical problems in the prior art and discloses solutions to these problems. For instance, the specification explains that there was a recognized problem in the prior art as of 2002, the priority date of the patent,

providing an interface on mobile handheld computers that was "adapted to handle a large amount of information and different kinds of traditional computer-related applications on a small handheld computer unit." ('879 Patent, col. 1:49-52) It was also "a problem to provide a small handheld computer unit with an easily accessible text input function." ('879 Patent, col. 1:56-57) It was "also a problem to provide a simple way to make the most commonly used functions for navigation and management available in the environment of a small handheld computer unit." ('879 Patent, col. 1:58-61).

**Answer to Complaint No. 13:**  Defendants admit that paragraph 13 quotes from selective portions of the '879 Patent specification and Defendants refer to the '879 Patent for its true and complete contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and legal conclusions in paragraph 13 of the Amended Complaint, and therefore deny them.

**Complaint No. 14:**  In order to overcome these problems, the '879 Patent taught, among other things, that a mobile device with a touch sensitive display could be configured to provide a user interface presenting multiple representations of predefined functions, each of which could be activated when the device detects a particular type of movement of an object on the display, such as, for example, a user's finger touching the display and gliding away from the touched location. This teaching was novel, and, among other things, enabled more effective use of the limited space available on the touch sensitive display of a mobile computer unit such as a smartphone.

**Answer to Complaint No. 14:**  The allegations in paragraph 14 of the Amended Complaint constitute conclusions of law and no response of Defendants is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations and legal conclusions in paragraph 14 of the Amended

Complaint, and therefore deny them.

## V.    SAMSUNG'S KNOWLEDGE OF THE PATENTS-IN-SUIT

**Complaint No. 15:**  Samsung admits that "Samsung became aware of the '879 Patent in

early 2012":



Answer, Dkt. 104 at 7 ¶ 16.

**Answer to Complaint No. 15:**  Defendants admit Plaintiff accurately quotes paragraph 16

of the Answer, Dkt. 104, and has annotated the response with highlight. Except as expressly

admitted, Defendants deny all remaining allegations in paragraph 15.

**Complaint No. 16:**  When Neonode alleged that Samsung learned of the '879 Patent

through an AppleInsider article in March 2012, Samsung denied that allegation in its November

2024 answer.  Answer, Dkt. 104 at 12 ¶ 22. ███████████████████████

████████████████████

███████████████████████████████

███████████████████████████.

**Answer to Complaint No. 16:**  Defendants admit Plaintiff accurately quotes Exhibit B and

has annotated the response with highlight, which is an excerpt of Samsung's December 16, 2024

Response to Interrogatory No. 19, which responded to Interrogatory No. 19 with information that

1616957124

PUBLIC VERSION

████████████████

Samsung had identified as of the date of that interrogatory response. Except as expressly

admitted, Defendants deny all remaining allegations in paragraph 16.

**Complaint No. 17:**  Indeed, Samsung's knowledge of the Patent in Suit stretches back

earlier than March 2012. On July 13, 2005, Samsung entered into a Research & Development

and License Agreement with Neonode Sweden AB ("the Samsung Agreement").  ████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

PUBLIC VERSION

**Answer to Complaint No. 17:**  Defendants admit that on or about July 13, 2005, Neonode Sweden AB entered into a Research & Development and License Agreement with Samsung Electronics Co., Ltd. ("the 2005 Agreement") and Defendants refer to the 2005 Agreement for its true and complete contents.  Defendants admit that Exhibit C to the Amended Complaint appears to be an accurate copy of the 2005 Agreement.  Defendants admit that paragraph 17 appears to include annotated screenshots of portions of the 2005 Agreement.  The remaining allegations in paragraph 17 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.

**Complaint No. 18:**  U.S. Application No. 10/315,250 issued as the '879 Patent on January 10, 2012. Thus, while Samsung admits that it learned of the '879 Patent in March 2012, Samsung's knowledge of the relevant patent application in fact dates back to 2005.

**Answer to Complaint No. 18:**  Defendants admit that according to the face of the '879 Patent, the Application No. is 10/315,250 and the patent issued January 10, 2012.  Defendants admit that it learned of the '879 Patent in March 2012.  Defendants further admit that Application No. 10/315,250 appears in the 2005 Agreement.  Defendants deny all remaining allegations in paragraph 18.

**Complaint No. 19:**  The Samsung Agreement terminated according to its terms by no later than early 2009.

**Answer to Complaint No. 19:**  Defendants refer to the 2005 Agreement for its true and complete contents.  The remaining allegations in paragraph 19 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.

1616957124

PUBLIC VERSION

**Complaint No. 20:** Samsung also learned of the '879 Patent through other means. On February 8, 2012, Apple Inc. sued Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, in the U.S. District Court for the Northern District of California. *Apple Inc. v. Samsung Electronics Co., Ltd*., No. 12-CV-00630-LHK (N.D. Cal. 2012) ("the *Apple v. Samsung* litigation"). Apple alleged that Samsung infringed on several Apple patents, including U.S. Patent No. 8,046,721, entitled "Unlocking a device by performing gestures on an unlock image."

**Answer to Complaint No. 20:** Defendants admit that on or about February 8, 2012, Apple Inc. filed a complaint against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, entitled *Apple Inc. v. Samsung Electronics Co., Ltd*., et al., in the U.S. District Court for the Northern District of California, Case No. 12-CV-00630-LHK.  Defendants admit that Apple alleged infringement of a number of patents, including U.S. Patent No. 8,046,721, and admit that U.S. Patent No. 8,046,721 is titled "Unlocking a device by performing gestures on an unlock image."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and/or legal conclusions in paragraph 20 of the Amended Complaint, and therefore deny them.

**Complaint No. 21:** On or about July 8, 2013, Samsung filed "Samsung's Reduction of Invalidity References," Dkt. 671, in the *Apple v. Samsung* litigation. Samsung's Reduction of Invalidity References identified "Neonode N1 Quickstart Guide V0.5" as a reference against Apple's "swipe to unlock" patent. Samsung was thus aware of the '879 Patent before it submitted this filing.

**Answer to Complaint No. 21:** Defendants admit that on or about July 8, 2013, the Samsung parties to the *Apple v. Samsung* litigation filed a document that was titled "Samsung's

PUBLIC VERSION

Reduction of Invalidity References," and that this document was assigned Docket No. 671.

Defendants further admit that the document identified "Neonode N1 Quickstart Guide V0.5" as a

prior art reference with respect to asserted U.S. Patent No. 8,046,721. Defendants admit that

they were aware of the '879 Patent as of July 8, 2013 as admitted in Samsung's response to

paragraph 16 of the Answer, Dkt. 104. Except as expressly admitted, Defendants deny all

remaining allegations in paragraph 21.

**Complaint No. 22:** Samsung identified the '879 Patent as prior art in defending against

infringement claims asserted by Apple in multiple venues.

**Answer to Complaint No. 22:** Defendants admit that Samsung included the '879 Patent

in a list of prior art in Samsung's Patent Local Rule 3-3 and 3-4 disclosures in the case titled

*Apple Inc. v. Samsung Electronics Co., Ltd*., et al., Case No. 12-CV-00630-LHK (N.D. Cal.).

Except as expressly admitted, Defendants deny all remaining allegations in paragraph 22.

**Complaint No. 23:** After a 13-day trial in the *Apple v. Samsung* litigation, the jury found

the asserted claims of Apple's "swipe to unlock" patent infringed and not invalid. Samsung

appealed the finding that the patent was not invalid. In a February 26, 2016, opinion, the Federal

Circuit held that Apple's "swipe to unlock" patent would have been obvious over a combination

that included the Neonode N1 Quickstart Guide. *Apple Inc. v. Samsung Elecs. Co.*, 816 F.3d 788

(Fed. Cir. 2016). In a second opinion issued on October 7, 2016, the Federal Circuit, sitting *en

banc*, held that there was substantial evidence to support the jury's finding that Apple's "swipe to

unlock" patent was not obvious over the cited combination, and affirmed and reinstated the

district court judgment. *Apple Inc. v. Samsung Elecs. Co*., 839 F.3d 1034 (Fed. Cir. 2016).

**Answer to Complaint No. 23:** Defendants admit that after a trial in the *Apple v.

Samsung* litigation, the jury found the asserted claims of U.S. Patent No. 8,046,721 infringed and

1616957124

PUBLIC VERSION

not invalid; admit that Samsung appealed the district court's post-trial judgment in the *Apple v. Samsung* litigation; admit that, in an opinion issued on or about February 26, 2016, the Federal Circuit determined that U.S. Patent No. 8,046,721 would have been obvious over a combination of prior art that included, among other things, the Neonode N1 Quickstart Guide; and admit that, in an opinion issued on or about October 7, 2016, the Federal Circuit, sitting *en banc*, affirmed and reinstated the district court judgment.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and/or legal conclusions in paragraph 23 of the Amended Complaint, and therefore deny them. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 23.

**Complaint No. 24:**  On information and belief, Samsung and/or its litigation counsel regularly monitored industry press relating to the subject matter of the litigation against Apple and undertook substantial research and investigative efforts to obtain information pertinent to the subject matter of the litigation against Apple, on an ongoing basis from at least February 2012 forward.

**Answer to Complaint No. 24:**  Defendants admit that Samsung has previously received press relating to the wireless industry, but deny that Samsung "regularly monitored industry press relating to the subject matter of the *Apple v. Samsung* litigation."  The remaining allegations in paragraph 24 of the Amended Complaint are directed to subject matter that is subject to attorney-client privilege and/or attorney work-product protection and Defendants' response would require the disclosure of privileged information.  Defendants, therefore, do not respond to the remaining allegations in paragraph 24, and on that basis deny them.

**Complaint No. 25:**  On or about February 22, 2012, an article entitled "Neonode Beat Apple By Three Years With The Swipe-To-Unlock Patent" was published in the online journal

PUBLIC VERSION
████████████████

The Tech Journal, https://thetechjournal.com/tech-news/industry-news/neonode-beat-apple-by-three-years-with-the-swipe-to-unlock-patent.xhtml. The article stated, among other things, that "[a] small but feisty Swedish company, Neonode figured out how to integrate a slide to unlock feature in its phones, long before Apple even considering making an iPhone." The article further stated:

> Apparently, in July 2004, Neonode introduced to the market a small phone called N1 that had the unlock feature. Neonode already had patented a slide to unlock feature, without the associated graphics and obtained the patent in December 2002 (the US patent number: 8095879).

*Id.* The article included images of Figures 11 and 12 from the '879 Patent. On information and belief, Samsung became aware of this article shortly after it was published.

      **Answer to Complaint No. 25:** Defendants admit, upon information and belief, that a blog post entitled "Neonode Beat Apple By Three Years With The Swipe-To-Unlock Patent A Swedish Company Claims It Owns A Swipe Patent Used By Apple" is available at the website link reproduced in the first sentence of paragraph 25. Defendants admit that paragraph 25 quotes from selective portions of the cited blog post, admit that the blog post appears to reproduce images of Figures 11 and 12 from the '879 Patent, and refer to the cited blog post for its true and complete contents. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 25.

      **Complaint No. 26:** On or about February 27, 2012, an article entitled "A Swedish Company Claims It Owns A Swipe Patent Used By Apple" was published in the online journal Tech Crunch, https://techcrunch.com/2012/02/27/a-swedish-company-claims-it-owns-a-swipe-patent-that-is-used-by-apple/. The article stated, among other things:

> Another front has opened in the multi-faceted story of patent battles: Neonode, an optical touchscreen tech company based in Sweden, says that it has been granted a patent in the U.S. that covers the touch-and-glide gesture that it claims is used on devices like the iPhone and iPad.

PUBLIC VERSION

████████████████

> The patent is notable not only because Neonode says the patent covers
> functions like the horizontal touch gesture that Apple uses between
> screens on its iOS devices, as well as in the slide-to-unlock feature. But
> also because slide-to-unlock is the same feature that Apple has been citing
> in its own patent law-suits against Android device makers Motorola and
> Samsung.

*Id*. The article identified the patent by number – "number 8,095,879 from the U.S. Patent and

Trademark Office." *Id*. On information and belief, Samsung became aware of this article shortly

after it was published.

**Answer to Complaint No. 26:**  Defendants admit, upon information and belief, that an

article entitled "A Swedish Company Claims It Owns A Swipe Patent Used By Apple" is available

at the website link reproduced in the first sentence of paragraph 26.  Defendants admit that

paragraph 26 quotes from selective portions of the cited article and refer to the cited article for its

true and complete contents.  Except as expressly admitted, Defendants deny all remaining

allegations in paragraph 26.

**Complaint No. 27:**  On or about February 28, 2012, an article entitled "Swedish

company claims rights to 'slide to unlock' with new UI patent" was published in the online

journal "appleinsider,"

https://appleinsider.com/articles/12/02/28/swedish_company_claims_rights_to_slide_to_unlock_

with_n ew_ui_patent. The article stated, among other things, that "Neonode says it was issued

U.S. Patent No. 8,095,879 which covers gesture-based interaction with a touch sensitive surface,

a description that is similar to Apple's "slide to unlock" patent," and that:

> If Apple is indeed sued over the '879 patent, it wouldn't be the first
> time the company has seen Neonode in a court hearing. In August
> 2011, Samsung trot-ted out a relatively obscure device made by the
> Swedish company in defense of an Apple suit regarding "slide to
> unlock" functionality.

*Id*. The article included images of Figures 10-12 from the '879 Patent.

**Answer to Complaint No. 27:**  Defendants admit, upon information and belief, that an article entitled "Swedish company claims rights to 'slide to unlike' with new UI patent" is available at the website link reproduced in the first sentence of paragraph 27.  Defendants admit that paragraph 27 quotes from selective portions of the cited article, admit that the article appears to reproduce images of Figures 10-12 of the '879 Patent, and refer to the cited article for its true and complete contents.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 27.

**Complaint No. 28:**  On March 19, 2012, Joseph Shain, Neonode Inc.'s Vice President of Intellectual Property, and Bjorn Thomas Eriksson, CEO of Neonode Technologies AB and Neonode Inc., were deposed by counsel for Apple and Motorola Mobility, Inc. in *Motorola Mobility, Inc. v. Apple, Inc.,* in the U.S District Court for the Southern District of Florida, Case No. 1:10cv023580-Civ-UU. During Mr. Shain's deposition, the '879 Patent was marked as an exhibit, and counsel for both Apple and Motorola asked Mr. Shain numerous questions relating to the patent. The law firm of Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") served as counsel for Motorola in this action and appeared on behalf of Motorola at this deposition; Quinn Emanuel also served as counsel for Samsung in the concurrently-pending *Apple Inc. v. Samsung* litigation. At least Quinn Emanuel attorneys Edward J. DeFranco, Richard Erwine, David A. Nelson, and Charles K. Verhoeven represented Motorola in *Motorola Mobility, Inc. v. Apple, Inc.* and represented Samsung in the *Apple v. Samsung* litigation.

**Answer to Complaint No. 28:**  Defendants admit that attorneys from the law firm of Quinn Emanuel Urquhart & Sullivan LLP served as counsel for Samsung in the *Apple v. Samsung* litigation in or around 2012.  Defendants admit that according to public records, it appears Quinn Emanuel attorneys Edward J. DeFranco, Richard Erwine, David A. Nelson, and

PUBLIC VERSION

Charles K. Verhoeven entered appearances on behalf of Motorola during the course of the

*Motorola Mobility, Inc. v. Apple, Inc.* at some point in time and represented Samsung in the

*Apple v. Samsung* litigation.  Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 28 of the Amended

Complaint, and therefore deny them.  Except as expressly admitted, Defendants deny all

remaining allegations in paragraph 28.

**Complaint No. 29:**  Samsung was again made aware of the '879 Patent on or about

September 24, 2015, when Mr. Shain informed Claude Stern, then an attorney with Quinn

Emanuel, that John Quinn – a Quinn Emanuel attorney who represented Samsung in the *Apple v.*

*Samsung* case – was authorized to explore Samsung's interest in Neonode Inc.'s patent portfolio,

which included the '879 Patent. On or about October 22, 2015, Stern informed Mr. Shain that

Samsung had told Quinn that it was uninterested.

**Answer to Complaint No. 29:**  Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations as to the alleged communications

between Mr. Shain and Claude Stern in paragraph 29 of the Amended Complaint, and therefore

deny them.  The remaining allegations in paragraph 29 of the Amended Complaint are directed

to subject matter that is subject to attorney-client privilege and/or attorney work-product

protection and Defendants' response would require the disclosure of privileged information.

Defendants, therefore, do not respond to the allegations in paragraph 29, and on that basis deny

them.

## VI.    THE INFRINGING SAMSUNG DEVICES

**Complaint No. 30:**  The Samsung Galaxy S line of smartphones was released for sale in

the United States in or about June 2010. Although the Galaxy S line ran the Android operating

system, from the beginning the devices used a proprietary user interface designed and developed

16

PUBLIC VERSION

by Samsung, initially called TouchWiz, later rebranded as Samsung Experience and still later as One UI. The code for executing Samsung's proprietary interface was also loaded onto Samsung's Galaxy Note, Galaxy Tab, Galaxy A, and Galaxy J series devices, among other Samsung devices.

**Answer to Complaint No. 30:** Defendants admit that certain Samsung Galaxy S products have been sold in the United States as early as June 2010. Defendants further admit that certain Galaxy S products use versions of Google's Android operating system. Defendants admit that versions of the Galaxy Note, Galaxy Tab, Galaxy A, and Galaxy J series devices sold in the United States use the Android operating system. Defendants admit that the code for executing Samsung's proprietary interface was loaded onto certain versions of Samsung's Galaxy Note, Galaxy Tab, Galaxy A, and Galaxy J series devices. Defendants deny all remaining allegations in paragraph 30 of the Amended Complaint not expressly admitted.

**Complaint No. 31: Incoming Call** Interface: On information and belief, since at least around 2015, certain Samsung devices, including but not limited to Galaxy devices storing code for TouchWiz 6.0 or later versions of TouchWiz, or for Samsung Experience or One UI software, including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02, A02s, A03, A03s, A04, A04e, A04s, A05, A05s, A06, A10e, A11, A12, A13, A13 5G, A14, A14 5G, A15, A15 5G, A16, A16 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A23, A23 5G, A24, A25 5G, A30, A30s, A31, A32, A32 5G, A33 5G, A34 5G, A35 5G, A40, A41, A42, A42 5G, A50, A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A53 5G, A54 5G, A55 5G, A60, A70, A70s, A71, A71 5G, A71 5G UW, A72, A73 5G, A80, A82 5G, A90 5G, Note 3, Note Neo, Note 4, Note Edge, Note 5, Note 7, Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20 Ultra, S3, S3 Mini, S3 Neo, S4, S4 Mini, S5, S5

PUBLIC VERSION

██████████

Mini, S5 Neo, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+, S10, S10+,

S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra 5G, S20

5G UW, S21, S21+, S21 Ultra, S21 FE, S22, S22+, S22 Ultra, S23, S23+, S23 Ultra, S23 FE,

S24, S24+, S24 Ultra, S24 FE, Tab A 8.0, Tab A 8.4, Tab A 9.7, Tab A 10.1, Tab A 10.5, Tab

A7, Tab A7 Lite, Tab A8, Tab A9, Tab A9+, Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab

S3, Tab S4, Tab S5e, Tab S6, Tab S6 Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+

5G, Tab S7 FE, Tab S8, Tab S8+, Tab S8 Ultra, Tab S9, Tab S9+, Tab S9 Ultra, Tab S9 FE, Tab

S9 FE+, Tab S10+, Tab S10 Ultra, Tab Pro 8.4, Tab Pro 10.1, Tab Pro 12.2, XCover Pro,

XCover 5, XCover 6, Z Flip, Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Fold, Z Fold2, Z Fold 3, Z

Fold 4, Z Fold 5, Z Fold 6, J2, J2 Pro, J2 Prime, J2 Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core,

J5, J5 Prime, J6, J6+, J7, J7 Prime, J7 V, J7 Max, J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8,

On5 devices ("Accused Incoming Call Interface Devices"), have presented the user with an

"Incoming call" interface that requires the user to, e.g., accept an incoming voice call by

touching a green "phone" icon and swiping away from the icon, or decline an incoming voice

call and send the caller to voicemail by touching a red "phone" icon and swiping away from that

icon:



**Answer to Complaint No. 31:** Defendants deny that the allegations in paragraph 31 of

the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are

complete or accurate, and on that basis denies them.  Defendants lack knowledge or information

regarding the source of the image produced in paragraph 31 of the Amended Complaint.

Defendants therefore are without sufficient knowledge or information to form a belief as to the

truth of any allegations in paragraph 31 based on the contents of this image, and therefore deny

them.  Defendants deny that the remaining allegations in paragraph 31 of the Amended

Complaint concerning Plaintiff's characterization of certain Samsung products are complete or

accurate, and on that basis denies them.  The allegations in paragraph 31 of the Amended

PUBLIC VERSION

Complaint contain conclusions of law that require no response.  Defendants deny all remaining allegations in paragraph 31 of the Amended Complaint not expressly admitted.

**Complaint No. 32:**  Neither the green nor the red telephone icon is relocated or duplicated during the gliding process.

**Answer to Complaint No. 32:**  Defendants deny that the allegations in paragraph 32 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  The allegations in paragraph 32 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.

**Complaint No. 33:  Lock Screen Shortcuts**: On information and belief, since at least around 2012, certain Samsung devices, including but not limited to Galaxy devices storing code for TouchWiz Nature UX or later versions of TouchWiz, or for Samsung Experience or One UI software (up to and including, on information and belief, One UI 4.0), including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02, A02s, A03, A03s, A10e, A11, A12, A13 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A30, A30s, A31, A32, A32 5G, A40, A41, A42, A42 5G, A50, A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A60, A70, A70s, A71, A71 5G, A71 5G UW, A72, A80, A82 5G, A90 5G, Note 3, Note Neo, Note 4, Note Edge, Note 5, Note 7, Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20 Ultra, S3, S3 Mini, S3 Neo, S4, S4 Mini, S5, S5 Mini, S5 Neo, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+, S10, S10+, S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra 5G, S20 5G UW, S21, S21+, S21 Ultra, S21 FE, Tab A 8.0, Tab A 8.4, Tab A 9.7, Tab A 10.1, Tab A 10.5, Tab A7, Tab A7 Lite, Tab A8, Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab S3, Tab S4, Tab S5e, Tab S6, Tab S6

PUBLIC VERSION

Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+ 5G, Tab S7 FE, Tab Pro 8.4, Tab Pro

10.1, Tab Pro 12.2, XCover Pro, XCover 5, Z Flip, Z Flip 3, Fold, Z Fold2, Z Fold 3, J2, J2 Pro,

J2 Prime, J2 Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core, J5, J5 Prime, J6, J6+, J7, J7 Prime, J7

V, J7 Max, J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8, On5 devices ("Accused Lock Screen

Shortcut Devices"), have presented the user with an interface in which two icons ("Lock Screen

shortcuts") are presented, one at the lower left and one at the lower right of the display. For

example, the Lock Screen shortcuts in the screen shot of the Galaxy S24 shown below are for the

phone application (in the lower left corner of the display) and the camera application (in the

lower right corner of the display). The user may activate a function associated with each Lock

Screen shortcut by touching the display at the location of the icon and swiping away from that

location:



**Answer to Complaint No. 33:** Defendants deny that the allegations in paragraph 33 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. Defendants lack knowledge or information regarding the source of the image produced in paragraph 33 of the Amended Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 33 based on the contents of this image, and therefore deny them. The allegations in paragraph 33 of the Amended Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations.

PUBLIC VERSION

███████████████

**Complaint No. 34:** The Lock Screen Shortcut icons are not relocated or duplicated during the gliding process.

**Answer to Complaint No. 34:** Defendants deny that the allegations in paragraph 34 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 34 of the Amended Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations.

**Complaint No. 35: Lock Screen Security**: On information and belief, since at least around 2012, certain Samsung devices, including but not limited to Galaxy devices storing code for TouchWiz Nature UX or later versions of TouchWiz, or for Samsung Experience or One UI software, including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02, A02s, A03, A03s, A04, A04e, A04s, A05, A05s, A06, A10e, A11, A12, A13, A13 5G, A14, A14 5G, A15, A15 5G, A16, A16 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A23, A23 5G, A24, A25 5G, A30, A30s, A31, A32, A32 5G, A33 5G, A34 5G, A35 5G, A40, A41, A42, A42 5G, A50, A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A53 5G, A54 5G, A55 5G, A60, A70, A70s, A71, A71 5G, A71 5G UW, A72, A73 5G, A80, A82 5G, A90 5G, Note 3, Note Neo, Note 4, Note Edge, Note 5, Note 7, Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20 Ultra, S3, S3 Mini, S3 Neo, S4, S4 Mini, S5, S5 Mini, S5 Neo, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+, S10, S10+, S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra 5G, S20 5G UW, S21, S21+, S21 Ultra, S21 FE, S22, S22+, S22 Ultra, S23, S23+, S23 Ultra, S23 FE, S24, S24+, S24 Ultra, S24 FE, Tab A 8.0, Tab A 8.4, Tab A 9.7, Tab A 10.1, Tab A 10.5, Tab A7, Tab A7 Lite, Tab A8, Tab A9, Tab A9+, Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab

PUBLIC VERSION

S3, Tab S4, Tab S5e, Tab S6, Tab S6 Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+

5G, Tab S7 FE, Tab S8, Tab S8+, Tab S8 Ultra, Tab S9, Tab S9+, Tab S9 Ultra, Tab S9 FE, Tab

S9 FE+, Tab S10+, Tab S10 Ultra, Tab Pro 8.4, Tab Pro 10.1, Tab Pro 12.2, XCover Pro,

XCover 5, XCover 6, Z Flip, Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Fold, Z Fold2, Z Fold 3, Z

Fold 4, Z Fold 5, Z Fold 6, J2, J2 Pro, J2 Prime, J2 Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core,

J5, J5 Prime, J6, J6+, J7, J7 Prime, J7 V, J7 Max, J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8,

On5 devices ("Accused Lock Screen Security Devices"), have included code for presenting the

user with a Lock Screen that includes the legend "Swipe to unlock" or "Swipe to open" in the

lower center portion of the display. For example, when facial recognition security is configured

and enabled, and the "Stay on Lock screen" setting is not deselected, following unlocking of the

device using facial recognition security, the program code stored on the device causes a "Swipe

to open" legend to appear on the Lock Screen:

1616957124

PUBLIC VERSION



**Answer to Complaint No. 35:**  Defendants deny that the allegations in paragraph 35 of

the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are

complete or accurate, and on that basis denies them.  Defendants lack knowledge or information

regarding the source of the image produced in paragraph 35 of the Amended Complaint.

Defendants therefore are without sufficient knowledge or information to form a belief as to the

truth of any allegations in paragraph 35 based on the contents of this image, and therefore deny

them.  The allegations in paragraph 35 of the Amended Complaint contain conclusions of law

PUBLIC VERSION

███████████████

that require no response.  To the extent an answer is required, Defendants deny the allegations.

Defendants deny all remaining allegations in paragraph 35 of the Amended Complaint not

expressly admitted.

**Complaint No. 36:**  Following execution of a swiping gesture on the display, the Lock

Screen as displayed above transitions to the Home Screen.

**Answer to Complaint No. 36:**  Defendants deny that the allegations in paragraph 36 of

the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are

complete or accurate, and on that basis denies them.  The allegations in paragraph 36 of the

Amended Complaint contain conclusions of law that require no response.  To the extent an

answer is required, Defendants deny the allegations.

**Complaint No. 37:**  As another example, for Accused Lock Screen Security Devices

storing code for TouchWiz Nature UX or later versions of TouchWiz, or for Samsung

Experience or One UI software (up to and including, on information and belief, One UI 3.0),

when PIN, Password or Pattern is selected as the Screen lock type, a "Swipe to unlock" legend

and "locked padlock" graphic in combination appears on the Lock Screen:

PUBLIC VERSION



**Answer to Complaint No. 37:**  Defendants deny that the allegations in paragraph 37 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  Defendants lack knowledge or information regarding the source of the image produced in paragraph 37 of the Amended Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 37 based on the contents of this image, and therefore deny them.  The allegations in paragraph 37 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.

PUBLIC VERSION

Defendants deny all remaining allegations in paragraph 37 of the Amended Complaint not expressly admitted.

**Complaint No. 38:**  Following execution of a swiping gesture on the display, the Lock Screen as displayed above transitions to, e.g., a PIN, passcode or pattern entry screen.

**Answer to Complaint No. 38:**  Defendants deny that the allegations in paragraph 38 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  The allegations in paragraph 38 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.

**Complaint No. 39:**  As another example, when Swipe is selected as the Screen lock type, a "Swipe to unlock" (with no "locked padlock" graphic) or "Swipe to open" legend appears on the Lock Screen:

1616957124

PUBLIC VERSION



1616957124

PUBLIC VERSION



**Answer to Complaint No. 39:**  Defendants deny that the allegations in paragraph 39 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  Defendants lack knowledge or information regarding the source of the images produced in paragraph 39 of the Amended Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 39 based on the contents of the images, and therefore deny

1616957124

them.  The allegations in paragraph 39 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.

**Complaint No. 40:**  Following execution of a swiping gesture on the display, the Lock Screen as displayed above transitions to the Home Screen.

**Answer to Complaint No. 40:**  Defendants deny that the allegations in paragraph 40 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  The allegations in paragraph 40 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.

**Complaint No. 41:**  Neither the "Swipe to open" nor the "Swipe to unlock" (with or without a "locked padlock" graphic) legend is relocated or duplicated during the gliding process.

**Answer to Complaint No. 41:**  Defendants deny that the allegations in paragraph 41 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  The allegations in paragraph 41 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.

**Complaint No. 42:  Edge Panel**: On information and belief, since at least around 2015, certain Samsung devices, including but not limited to Galaxy devices storing code for TouchWiz 6.0 or later versions of TouchWiz, or for Samsung Experience or One UI software, including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02, A02s, A03, A03s, A04, A04e, A04s, A05, A05s, A06, A10e, A11, A12, A13, A13 5G, A14, A14 5G, A15, A15 5G, A16, A16 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A23, A23 5G, A24, A25 5G, A30, A30s, A31, A32, A32 5G, A33 5G, A34 5G, A35 5G, A40, A41, A42, A42 5G, A50,

PUBLIC VERSION

████████████████

A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A53 5G, A54 5G, A55 5G, A60, A70, A70s, A71, A71 5G, A71 5G UW, A72, A73 5G, A80, A82 5G, A90 5G, Note 4, Note Edge, Note 5, Note 7, Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20 Ultra, S5, S5 Mini, S5 Neo, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+, S10, S10+, S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra 5G, S20 5G UW, S21, S21+, S21 Ultra, S21 FE, S22, S22+, S22 Ultra, S23, S23+, S23 Ultra, S23 FE, S24, S24+, S24 Ultra, S24 FE, Tab A 8.0, Tab A 8.0 (Kids Edition), Tab A 8.4, Tab A 9.7, Tab A 10.1, Tab A 10.5, Tab A7, Tab A7 Lite, Tab A8, Tab A9, Tab A9+, Tab A9 (Kids Edition), Tab A9+ (Kids Edition), Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab S3, Tab S4, Tab S5e, Tab S6, Tab S6 Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+ 5G, Tab S7 FE, Tab S8, Tab S8+, Tab S8 Ultra, Tab S9, Tab S9+, Tab S9 Ultra, Tab S9 FE, Tab S9 FE+, Tab s10+, Tab S10 Ultra, Tab Pro 8.4, Tab Pro 10.1, Tab Pro 12.2, XCover Pro, XCover 5, XCover 6, Z Flip, Z Flip 3, Z Flip 4, Z Flip 5, Z Flip 6, Fold, Z Fold2, Z Fold 3, Z Fold 4, Z Fold 5, Z Fold 6, J2, J2 Pro, J2 Prime, J2 Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core, J5, J5 Prime, J6, J6+, J7, J7 Prime, J7 V, J7 Max, J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8, and On5 devices ("Accused Edge Panel Devices"), have included code for presenting the user with an interface that includes a visible vertical graphic along the right upper edge of the display, which represents the Edge Panel function. The vertical graphic representing the Edge Panel function is provided on at least the Lock Screen, the Home Screen and the display presented by the Accused Products when executing code for an application or function:

PUBLIC VERSION



**Answer to Complaint No. 42:**  Defendants deny that the allegations in paragraph 42 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  Defendants lack knowledge or information regarding the source of the image produced in paragraph 42 of the Amended Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 42 based on the contents of this image, and therefore deny them.  To the extent an answer is required, Defendants deny the allegations.  Defendants deny all remaining allegations in paragraph 42 of the Amended Complaint not expressly admitted.

PUBLIC VERSION

**Complaint No. 43:** A user may open the Edge Panel by touching the display at the location of the Edge Panel graphic and gliding along the display away from that location. The Edge Panel graphic is not relocated or duplicated during the gliding process.

**Answer to Complaint No. 43:** Defendants deny that the allegations in paragraph 43 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 43 of the Amended Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations.

**Complaint No. 44: Notifications**: On information and belief, since at least around 2018, certain Samsung devices, including but not limited to Galaxy devices storing code for Samsung Experience 9.0 (and, on information and belief, earlier versions of Samsung Experience) or One UI software, including but not limited to Galaxy A5, A6, A6+, A6s, A7, A8, A8+, A8s, A9, A9 Pro, A01, A02, A02s, A03, A03s, A04, A04e, A04s, A05, A05s, A06, A10e, A11, A12, A13, A13 5G, A14, A14 5G, A15, A15 5G, A16, A16 5G, A20, A20e, A20s, A21, A21s, A22, A22 5G, A23, A23 5G, A24, A25 5G, A30, A30s, A31, A32, A32 5G, A33 5G, A34 5G, A35 5G, A40, A41, A42, A42 5G, A50, A50s, A51, A51 5G, A52, A52 5G, A52s 5G, A53 5G, A54 5G, A55 5G, A60, A70, A70s, A71, A71 5G, A71 5G UW, A72, A73 5G, A80, A82 5G, A90 5G, Note 5, Note 7 FE, Note 8, Note 9, Note 10, Note 10+, Note 10+ 5G, Note 10 Lite, Note 20, Note 20 Ultra, S6, S6 Edge, S6 Active, S7, S7 Edge, S7 Active, S8, S8+, S9, S9+, S10, S10+, S10e, S10 5G, S10 Lite, S20, S20 5G, S20+, S20+ 5G, S20 FE, S20 FE 5G, S20 Ultra 5G, S20 5G UW, S21, S21+, S21 Ultra, S21 FE, S22, S22+, S22 Ultra, S23, S23+, S23 Ultra, S23 FE, S24, S24+, S24 Ultra, S24 FE, Tab A 8.0, Tab A 8.4, Tab A 9.7, Tab A 10.1, Tab A 10.5, Tab A7, Tab A7 Lite, Tab A8, Tab A9, Tab A9+, Tab S 8.4, Tab S 10.5, Tab S2 8.0, Tab S2 9.7, Tab

PUBLIC VERSION

███████████████

S3, Tab S4, Tab S5e, Tab S6, Tab S6 Lite, Tab S6 5G, Tab S7, Tab S7+, Tab S7 5G, Tab S7+

5G, Tab S7 FE, Tab S8, Tab S8+, Tab S8 Ultra, Tab S9, Tab S9+, Tab S9 Ultra, Tab S9 FE, Tab

S9 FE+, Tab S10+, Tab S10 Ultra, XCover Pro, XCover 5, XCover 6, Z Flip, Z Flip 3, Z Flip 4,

Z Flip 5, Z Flip 6, Fold, Z Fold2, Z Fold 3, Z Fold 4, Z Fold 5, Z Fold 6, J2, J2 Pro, J2 Prime, J2

Core, J2 Pure, J3, J3 Prime, J4, J4+, J4 Core, J5, J5 Prime, J6, J6+, J7, J7 Prime, J7 V, J7 Max,

J7 Nxt, J7 Pro, J7+, J7 Prime 2, J7 Duo, J8 devices ("Accused Notifications Devices"), have

included code for presenting the user with an interface that includes a horizontal combination of

graphics in the upper middle portion of the display:

PUBLIC VERSION



**Answer to Complaint No. 44:**  Defendants deny that the allegations in paragraph 44 of

the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are

complete or accurate, and on that basis denies them.  Defendants lack knowledge or information

regarding the source of the image produced in paragraph 44 of the Amended Complaint.

Defendants therefore are without sufficient knowledge or information to form a belief as to the

truth of any allegations in paragraph 44 based on the contents of this image, and therefore deny

1616957124

them.  To the extent an answer is required, Defendants deny the allegations.  Defendants deny all remaining allegations in paragraph 44 of the Amended Complaint not expressly admitted.

**Complaint No. 45:**  The program code stored in the memory of the Accused Devices causes the device to open the Notification Panel if an object touches the touchscreen at the location where the Notification Panel representation is provided and glides on the touchscreen away from the touched location. The Notification Panel graphic is not relocated or duplicated during the gliding process.

**Answer to Complaint No. 45:**  Defendants deny that the allegations in paragraph 45 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  The allegations in paragraph 45 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.

## COUNT I: INFRINGEMENT OF THE '879 PATENT

**Complaint No. 46:**  Neonode incorporates herein the paragraphs set forth above.

**Answer to Complaint No. 46:**  Defendants incorporate their responses to the preceding paragraphs 1-45 of the Amended Complaint as if fully set forth herein.

**Complaint No. 47:**  Samsung has been and is presently directly infringing at least claim 1 of the '879 Patent by making, using, selling, or offering for sale within the United States, and/or importing into the United States, the Accused Incoming Call Interface Devices, Accused Lock Screen Shortcut Devices, Accused Lock Screen Security Devices, Accused Edge Panel Devices, and Accused Notifications Devices (collectively, "the Accused Devices.").

**Answer to Complaint No. 47:**  Denied.

**Complaint No. 48:**  As one non-limiting example of the claims of the '879 Patent that are infringed by the Accused Devices, claim 1 of the '879 Patent recites:

1. A non-transitory computer readable medium storing a computer program with computer program code, which, when read by a mobile handheld computer unit, allows the computer to present a user interface for the mobile handheld computer unit, the user interface comprising:

a touch sensitive area in which a representation of a function is provided, wherein the representation consists of only one option for activating the function and wherein the function is activated by a multi-step operation comprising (i) an object touching the touch sensitive area at a location where the representation is provided and then (ii) the object gliding along the touch sensitive area away from the touched location, wherein the representation of the function is not relocated or duplicated during the gliding.

**Answer to Complaint No. 48:**  Defendants deny that the Accused Devices infringe claim 1 of the '879 Patent.  Defendants admit only that claim 1 of the '879 Patent is reproduced in paragraph 48 of the Amended Complaint and refer to the '879 Patent for its true and complete contents.  Defendants deny any remaining allegations or legal conclusions in paragraph 48 of the Amended Complaint not expressly admitted.

**Complaint No. 49:**  The Accused Devices are mobile handheld computer units, and include a memory storing code which, when read by a processor, allows the devices to present a user interface as described below.

**Answer to Complaint No. 49:**  Defendants deny that the allegations in paragraph 49 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them. The allegations in paragraph 49 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.  Defendants deny all remaining allegations in paragraph 49 of the Amended Complaint not expressly admitted.

**Complaint No. 50:**  The Accused Devices include a display that is touch sensitive, in which one or more representations of functions are provided.

PUBLIC VERSION

**Answer to Complaint No. 50:**  Defendants deny that the allegations in paragraph 50 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  The allegations in paragraph 50 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.  Defendants deny all remaining allegations in paragraph 50 of the Amended Complaint not expressly admitted.

**Complaint No. 51:**  The Accused Devices present a display in which a representation of a function, including the functions referenced at paragraphs 26-41 above, is provided, each of which consists of only one option for activating the function.

**Answer to Complaint No. 51:**  Defendants deny that the allegations in paragraph 51 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  The allegations in paragraph 51 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.  Defendants deny all remaining allegations in paragraph 51 of the Amended Complaint not expressly admitted.

**Complaint No. 52:**  Each of the represented functions may be activated by a multi-step operation comprising (i) an object (such as a user's finger) touching the display at the location of the representation and (ii) gliding along the display away from the touched location.

**Answer to Complaint No. 52:**  Defendants deny that the allegations in paragraph 52 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  The allegations in paragraph 52 of the Amended Complaint contain conclusions of law that require no response.  To the extent an

answer is required, Defendants deny the allegations. Defendants deny all remaining allegations in paragraph 52 of the Amended Complaint not expressly admitted.

**Complaint No. 53:**  None of the representations are relocated or duplicated during the gliding process.

**Answer to Complaint No. 53:**  Defendants deny that the allegations in paragraph 53 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  The allegations in paragraph 53 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.  Defendants deny all remaining allegations in paragraph 53 of the Amended Complaint not expressly admitted.

**Complaint No. 54:**  Samsung has never been, and is not now, licensed under the '879 Patent.

**Answer to Complaint No. 54:**  Paragraph 54 alleges legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations and/or legal conclusions in paragraph 54 of the Amended Complaint.  Defendants deny all remaining allegations in paragraph 54 of the Amended Complaint not expressly admitted.

**Complaint No. 55:**  Samsung's infringement of the '879 Patent has been and continues to be willful. Samsung has known of the '879 Patent since at least March 1, 2012. Samsung is a large corporation with a large and experienced legal department, and highly sophisticated in-house and outside intellectual property counsel. Samsung knew or should have known that its conduct in making, using, selling, offering for sale, and/or importing the Accused Devices has infringed and does infringe the '879 Patent, yet proceeded to engage in such conduct despite a high likelihood that a court would find the products to be infringing.

PUBLIC VERSION

███████████████████

**Answer to Complaint No. 55:** Denied.

**Complaint No. 56:** In addition, following execution of the Samsung Agreement in July

2005, ████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████



1616957124

PUBLIC VERSION



**Answer to Complaint No. 56:**  Defendants admit that Samsung Electronics Co., Ltd. entered into the 2005 Agreement with Neonode Sweden, A.B. in July 2005.  Defendants deny that the allegations in paragraph 56 of the Amended Complaint concerning Plaintiff's characterization of certain Samsung products are complete or accurate, and on that basis denies them.  Defendants lack knowledge or information regarding the source of the images produced in paragraph 56 of the Amended Complaint. Defendants therefore are without sufficient knowledge or information to form a belief as to the truth of any allegations in paragraph 56 based on the contents of this image, and therefore deny them.  The allegations in paragraph 56 of the Amended Complaint contain conclusions of law that require no response.  To the extent an answer is required, Defendants deny the allegations.  Defendants deny all remaining allegations in paragraph 56 of the Amended Complaint not expressly admitted.

42

PUBLIC VERSION

**Complaint No. 57:** On information and belief, Samsung, with knowledge of U.S. Application No. 10/315,250 and, later, the '879 Patent that issued from it, incorporated the patented touch and glide functionality of the N1 device into Samsung's 3G phone, which functionality was subsequently copied into the Accused Devices.

**Answer to Complaint No. 57:** Defendants deny that the characterizations in the allegations in paragraph 57 of the Amended Complaint are complete or accurate, and on that basis denies them. The allegations in paragraph 57 of the Amended Complaint contain conclusions of law that require no response. To the extent an answer is required, Defendants deny the allegations.

**Complaint No. 58:** The '879 Patent is not invalid and is enforceable.

**Answer to Complaint No. 58:** Denied.

**Complaint No. 59:** Neonode has never made, sold, offered for sale or imported within or into the United States any article covered by the '879 Patent. On information and belief, Neonode Inc. has marked under the '879 Patent any article covered by the '879 Patent that has been made, sold, offered for sale or imported within or into the United States. On information and belief, no predecessor in interest to Neonode Inc. made, sold, offered for sale or imported within or into the United States any article covered by the '879 Patent subsequent to the issuance of the '879 Patent. Neither Neonode nor, on information and belief, any predecessor in interest has licensed the '879 Patent to any third party, nor has any third party made, sold, offered for sale or imported within or into the United States any article covered by the '879 Patent under a license to the '879 Patent.

**Answer to Complaint No. 59:** The allegations in paragraph 59 of the Amended Complaint contain conclusions of law that require no response. To the extent an answer is

43

PUBLIC VERSION

required, Defendants deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of certain of the allegations in paragraph 59 of the Amended Complaint, and therefore deny them. Defendants deny all remaining allegations in paragraph 59 of the Amended Complaint not expressly admitted.

**Complaint No. 60:**  Neonode has sustained significant damages as a direct and proximate result of Samsung's infringement of the '879 Patent.

**Answer to Complaint No. 60:**  Denied.

## DEMAND FOR JURY TRIAL

**Complaint No. 61:**  Neonode demands a trial by jury of all issues triable of right before a jury.

**Answer to Complaint No. 61:**  The jury demand requires no response.

## PRAYER FOR RELIEF

The Prayer for Relief requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief requested or any other relief whatsoever.

### First Defense
### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense
### (Invalidity)

Upon information and belief, the '879 Patent is invalid because it fails to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116 and/or because it fails to claim patentably distinct subject matter under the judicially created doctrine of obviousness-type double patenting (or non-statutory double patenting).

44

**Third Defense**
**(Non-Infringement)**

Defendants have not and do not infringe the '879 Patent, either directly or indirectly,

literally, or under the doctrine of equivalents.

**Fourth Defense**
**(35 U.S.C. § 286)**

Plaintiff's recovery for alleged infringement of the '879 Patent, if any, is limited to any

alleged infringement committed no more than six years prior to the filing of its Complaint

pursuant to 35 U.S.C. § 286.

**Fifth Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287

to those alleged damages occurring only after sufficient notice of infringement.  Specifically,

Plaintiff failed to provide Samsung actual notice of alleged infringement of the '879 patent prior

to the filing of the Complaint and neither Plaintiff nor Plaintiff's predecessors-in-interest have

complied with the patent marking requirements set forth in Section 287.

**Sixth Defense**
**(Prosecution History Estoppel and Disclaimer)**

Plaintiff's claims are barred in whole or in part by prosecution history estoppel and/or

prosecution disclaimer.

**Seventh Defense**
**(Ensnarement)**

Plaintiff's claims are barred in whole or in part by the doctrine of ensnarement.

**Eighth Defense**
**(Prosecution Laches)**

1616957124

PUBLIC VERSION

Plaintiff's claims are barred in whole or in part because the '879 Patent is equitably

unenforceable under the doctrine of prosecution laches.

### Ninth Defense
### (Equitable Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

### Tenth Defense
### (License)

Upon information and belief, Plaintiff's claims are barred in whole or part by a license,

express or implied, to the '879 Patent and to other related Neonode technology

### Eleventh Defense
### (Settlement, Agreement, Release and Waiver)

Upon information and belief, Plaintiff's claims are barred in whole or part by a

settlement, agreement, release or waiver by Neonode.

### Twelfth Defense
### (Lack of Standing)

Plaintiff lacks standing to bring or maintain its claims in this lawsuit pursuant to 35

U.S.C. § 281 and/or U.S. Const. art. III.

## RESERVATION OF RIGHTS

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that

may now or in the future be available based on discovery or any other factual investigation

concerning this case or any related action.

## DEFENDANTS' DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues triable by right of jury.

1616957124

PUBLIC VERSION

███████████████

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

(a)    Dismissing Plaintiff's Amended Complaint with prejudice and ordering that Plaintiff is entitled to no recovery on the Amended Complaint;

(b)    That no damages or royalties are due or owing for any of the acts alleged by Plaintiff in its Amended Complaint;

(c)    For an entry of judgment declaring that each of the asserted claims of the '879 Patent is invalid, void, and without force and effect;

(d)    For an entry of judgment declaring that Defendants have not infringed and do not infringe, either directly, contributorily or through inducement, any of the claims of the '879 Patent;

(e)    Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding Defendants their attorney fees and full costs of suit; and

(f)    Awarding Defendants such other and further relief as this Court deems just and appropriate.


Dated: February 14, 2025            Respectfully submitted,

                                By:    DLA PIPER LLP (US)

                                    */s/ John M. Guaragna*
                                    John M. Guaragna
                                    Texas Bar No 24043308
                                    Brian Erickson
                                    Texas Bar No 24012594
                                    DLA PIPER LLP (US)
                                    303 Colorado Street, Suite 3000
                                    Austin, TX 78701-4653
                                    Tel: 512.457.7125
                                    Fax: 512.457.7001
                                    john.guaragna@dlapiper.com

                                    Mark D. Fowler *(Pro hac vice)*

47

PUBLIC VERSION

███████████████

Bar No. 124235
mark.fowler@dlapiper.com
Erik Fuehrer *(Pro hac vice)*
Bar No. 252578
Erik.fuehrer@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:   650.833.2000
Fax:  650.833.2001

Tiffany Miller *(Pro hac vice)*
Tiffany.miller@dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel: 858.677.1400
Fax: 858.677.1401

Zachary Loney (*Pro hac vice)*
**DLA Piper LLP (US)**
303 Colorado St., Suite 3000
Austin, TX 78701
Tel: 512.457.7000
Zachary.loney@us.dlapiper.com

Benjamin Mueller *(Pro hac vice)*
Benjamin.mueller@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368.4000
Fax: 312.236.7516

***ATTORNEYS FOR SAMSUNG***
***ELECTRONICS CO. LTD. and SAMSUNG***
***ELECTRONICS AMERICA, INC.***

48

PUBLIC VERSION

████████████████

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on February 14, 2025 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna

1616957124