# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No. 6:20-cv-00507<br>**JURY TRIAL DEMANDED** |

## JOINT MOTION TO VACATE CLAIM CONSTRUCTION ORDER AND TO DISMISS WITH PREJUDICE

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and the terms of a confidential settlement agreement, Plaintiff Neonode Smartphone LLC and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") have agreed (1) to seek vacatur of this Court's Final Claim Constructions of the Court (Dkt. #94) and Memorandum in Support of Claim Construction Order (Dkt. #95) entered on July 14, 2023 (collectively, "Claim Construction Order") and (2) to dismiss this case, and all claims, counterclaims and affirmative defenses asserted therein, with prejudice.

"[A] district court may vacate its own claim construction order upon settlement." *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. 2d 828, 830 (E.D. Tex. 2008) (granting settling parties' unopposed motion to vacate claim construction orders); *see also Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1328–29 (Fed.Cir.2003) (Dyk, J., concurring) (discussing the mechanism through which parties can prevent interim decision in the litigation from having a collateral estoppel effect in future litigations and suggesting the parties move the district court to vacate its earlier decisions as part of a settlement). This Court has vacated its own claim construction order after the parties

have settled their case. *See Smart Mobile Tech. LLC v. Samsung Electronics Co.*, et al, No. 6:21-cv-00701-ADA, Dkt. No. 174 (W.D. Tex. July 15, 2024) (vacating claim construction order upon settlement).

In assessing a motion to vacate, a court should consider: (1) the public interest in the orderly operation of the federal judicial system; (2) the parties' desire to avoid any potential preclusive effect; (3) the court's resources that will be expended if the case continues; and (4) the parties' interest in conserving their resources. *See Cisco Sys.*, 590 F. Supp. 2d at 830. Here, each factor favors granting the parties' joint request to vacate the Claim Construction Order.

First, as in *Cisco*, although "[t]here is a general public interest in final decisions that may guide future action," "[i]n this case only a claim construction order has been entered. Claim construction orders are not final and may be altered by the court prior to, or during, trial." *Cisco Sys.*, 590 F. Supp. 2d at 830. In addition, "courts have reasoned that settlements and non-appealed claim construction rulings are not final judgments for collateral estoppel purposes." *Id.* at 831. Because "[i]n this case there has been no final determination on the merits," there is "less reason to give [the Claim Construction Order] precedential value." *Id.*

Second, as in *Cisco Sys.*, it is the parties' intent that the claim construction order (Dkt. #95) shall have no preclusive effect in any other litigation. "The strong public interest in the settlement of this litigation and the conservation of judicial resources outweigh the benefit of the limited collateral estoppel effect of the [Claim Construction Order]. Whether the [Claim Construction Order] is vacated or not will have little impact on patent jurisprudence in general, or the patents in this litigation in particular. The factors of public interest and the parties' desire to avoid any preclusive effect favor granting the vacatur." *Cisco Sys.*, 590 F. Supp. 2d at 831.

Third, as in *Cisco Sys.*, although the Court spent significant resources in construing the

claims as reflected in the Claim Construction Order, the Court will "expend[] even more resources prior to and during trial. The court [will] rule[] on motions in limine, motions for summary judgment, apprise[] itself of the technology at issue, and confer[] with the parties multiple times. Court personnel [will] devote significant time which could be expended to try other cases." *Cisco Sys.*, 590 F. Supp. 2d at 831–82. Because the Court "will expend significant resources if the parties try this case," "this factor weighs in favor of granting the motion to vacate." *Id.* at 832.

Finally, as in *Cisco Sys.*, "the parties would necessarily expend time and money if settlement stalls and the parties try the case. … The parties have expressed their intent to conserve their resources by engaging in and reaching a settlement. This factor favors granting a vacatur." *Cisco Sys.*, 590 F. Supp. 2d at 832.

The parties, therefore, move this Court to vacate the Claim Construction Order and to dismiss this case with prejudice, with each party to bear its own costs, expenses (including but not limited to expert expenses), and attorneys' fees. A proposed Order accompanies this motion.

DATED: August 29, 2025

By: */s/ Brian Melton*
Philip J. Graves (Pro Hac Vice)
(CA State Bar #153441)
Greer N. Shaw (Pro Hac Vice)
(CA State Bar #197960)
**GRAVES & SHAW LLP**
355 S. Grand Ave., Suite 2450 Los
Angeles, CA 90071
Telephone: (213) 204-5101
Email: pgraves@gravesshaw.com
Email: gshaw@gravesshaw.com

Brian D. Melton, **Attorney-in-charge**
(TX Bar #24010620)
Kalpana Srinivasan (CA Bar # 237460)
Rocco Magni (TX Bar # 24092745)
Michael Brightman (TX Bar #24106660)
Jeff Melsheimer (TX Bar #24126417)
Xue Li (CA Bar #333826)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7807
Facsimile: (713) 654-6666
bmelton@susmangodfrey.com
ksrinivasan@susmangodfrey.com
rmagni@susmangodfrey.com
mbrightman@susmangodfrey.com
ali@susmangodfrey.com
jmelsheimer@susmangodfrey.com

*Counsel for Plaintiff Neonode Smartphone LLC*

By: */s/ John M. Guaragna*
John Michael Guaragna DLA
Piper LLP
401 Congress Suite 2500
Austin, TX 78701
(512) 457-7125
Fax: 512/457-7001
John.Guaragna@dlapiper.com

Benjamin Mueller
DLA Piper LLP
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-4000
Fax: (312) 236-7516
Benjamin.Mueller@dlapiper.com

Mark D. Fowler
Erik R. Fuehrer
DLA Piper LLP
2000 University Avenue
East Palo Alto, CA 94303-2214 (650)
833-2000
Fax: (650) 833-2001
Mark.Fowler@dlapiper.com
Erik.Fuehrer@dlapiper.com

Susan Acquista
Tiffany C. Miller
DLA Piper LLP
401 B Street, Suite 1700 San
Diego , CA 92101 (619) 699-
2700
Fax: (619) 699-2701
Susan.Acquista@dlapiper.com
tiffany.miller@dlapiper.com

*Counsel for Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

/s/ Brian Melton
Brian Melton